UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| CYMBIDIUM RESTORATION TRUST, | CASE NO. 2:24-CV-00025 |
| Plaintiff, | MINUTE ORDER |
| v. | |
| AMERICAN HOMEOWNER PRESERVATION TRUST SERIES AHP SERVICING, it's Trustee, U.S. BANK TRUST, N.A.; AHP CAPITAL MANAGEMENT, LLC; AMERICAN HOMEOWNER PRESERVATION SERIES 2015+; its Trustee, U.S. BANK TRUST NATIONAL ASSOCIATION; AHP SERVICING, LLC, and JORGE NEWBERY, | |
| Defendants. | |
| AMERICAN HOMEOWNER PRESERVATION TRUST SERIES AHP SERVICING, AHP CAPITAL MANAGEMENT, LLC; AMERICAN HOMEOWNER PRESERVATION TRUST SERIES 2015A+; and AHP SERVICING, LLC, | |
| Counter-Plaintiffs, | |

|   |
|---|
| v. |
| CYMBIDIUM RESTORATION RUST, |
| Counter-Defendant. |
| AMERICAN HOMEOWNER PRESERVATION TRUST SERIES AHP SERVICING; AHP CAPITAL MANAGEMENT, LLC; AMERICAN HOMEOWNER PRESERVATION TRUST SERIES 2015A+; and AHP SERVICING, LLC, |
| Third-Party Plaintiff, |
| v. |
| OAK HARBOR CAPITAL, LLC; ATLANTICA, LLC; LAND HOME FINANCIAL SERVICES, INC.; WWR MANAGEMENT, LLC; SOUTH WATUPPA, LP; MAGERICK, LLC; and WEINSTEIN & RILEY, PS, |
| Third-Party Defendants. |

The following Minute Order is made by direction of the Court, the Honorable Jamal N. Whitehead, United States District Judge. Defendants/Counter-Plaintiffs/Third-Party Plaintiffs American Homeowner Preservation Trust Series AHP Servicing, American Homeowner Preservation Trust Series 2015A+'s, AHP Capital Management, LLC, and AHP Servicing, LLC ("AHP Entities") moved for leave to file the Mortgage Loan Sale Agreement with Repurchase Obligation ("MLSA") and the First Amendment to the MLSA under seal. Dkt. No. 31.

MINUTE ORDER - 2

"There is a strong presumption of public access to the court's files," which may be overcome in some cases. LCR 5(g); *see also Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003) ("In this circuit, we start with a strong presumption in favor of access to court records."). Among other things, a party moving to file a document under seal must meet and confer with "*all other parties* in an attempt to reach agreement on the need to file the document under seal, to minimize the amount of material filed under seal, and *to explore redaction and other alternatives to filing under seal.*" LCR 5(g)(3)(A) (emphasis added).

Through counsel, AHP Entities spoke with Plaintiff/Counter-Defendant Cymbidium Restoration Trust generally about the confidential nature of the contract documents during the parties' Rule 26(f) conference. *See* Dkt. No. 31-1. But the parties—all parties—have not met and conferred about the appropriateness of filing these documents under seal or whether less restrictive means, such as redaction, will suffice.

Accordingly, the Court denies the motion without prejudice because the meet and confer requirement has not been satisfied. *See* LCR 5(g).

The Court directs AHP Entities to meet and confer with all parties before refiling the motion. The Court also reminds the parties that failure to respond to a good faith meet-and-confer request may warrant sanctions.

Dated this 23rd day of February 2024.

MINUTE ORDER - 3

Ravi Subramanian

Clerk

*/s/Kathleen Albert*

Deputy Clerk

MINUTE ORDER - 4