UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| CYMBIDIUM RESTORATION TRUST,<br><br>        Plaintiff,<br><br>  v.<br><br>AMERICAN HOMEOWNER PRESERVATION TRUST SERIES AHP SERVICING, it's Trustee, U.S. BANK TRUST, N.A.; AHP CAPITAL MANAGEMENT, LLC; AMERICAN HOMEOWNER PRESERVATION SERIES 2015+; its Trustee, U.S. BANK TRUST NATIONAL ASSOCIATION; AHP SERVICING, LLC, and JORGE NEWBERY,<br><br>        Defendants.<br><br>AMERICAN HOMEOWNER PRESERVATION TRUST SERIES AHP SERVICING, AHP CAPITAL MANAGEMENT, LLC; AMERICAN HOMEOWNER PRESERVATION TRUST SERIES 2015A+; and AHP SERVICING, LLC,<br><br>        Counter-Plaintiffs,<br><br>  v.<br><br>CYMBIDIUM RESTORATION TRUST,<br><br>        Counter-Defendants. | CASE NO. 2:24-CV-25<br><br>ORDER DENYING MOTION TO SEAL |

ORDER DENYING MOTION TO SEAL - 1

AMERICAN HOMEOWNER
PRESERVATION TRUST SERIES AHP
SERVICING, AHP
CAPITAL MANAGEMENT, LLC;
AMERICAN HOMEOWNER
PRESERVATION TRUST
SERIES 2015A+; and AHP SERVICING,
LLC,

                Third-Party Plaintiffs,

    v.

OAK HARBOR CAPITAL, LLC;
ATLANTICA, LLC; LAND HOME
FINANCIAL SERVICES, INC.; WWR
MANAGEMENT, LLC; SOUTH
WATUPPA,LP; MAGERICK, LLC; and
WEINSTEIN & RILEY, PS,

                Third-Party Defendants.

## 1. INTRODUCTION

Defendants/Counter-Plaintiffs/Third-Party Plaintiffs American Homeowner Preservation Trust Series AHP Servicing, American Homeowner Preservation Trust Series 2015A+, AHP Capital Management, LLC, and AHP Servicing, LLC ("AHP Entities") wish to file the Mortgage Loan Sale Agreement with Repurchase Obligation ("MLSA") and an amendment to the MLSA ("First Amendment") under seal in support of their motion to dismiss. Dkt. Nos. 6, 40. Because AHP Entities have not provided a compelling reason to file the documents under seal, the Court denies their motion.

ORDER DENYING MOTION TO SEAL - 2

## 2.  BACKGROUND

This lawsuit is "center[ed] around a contract executed between" 2015A+ Trust, AHP Servicing Trust, and Cymbidium. Dkt. No. 40 at 2. The MLSA was executed on October 7, 2022, and the First Amendment was entered on March 15, 2023. Dkt. No. 40 at 2.

The MLSA and First Amendment contain statements about pricing and business information specific to the parties. Before signing the MLSA and First Amendment, the parties agreed that these documents would be confidential. The MLSA contains a confidentiality provision which states in part:

> [T]he Seller and the Purchaser acknowledge and agree that the terms of this Agreement and any information whether oral, written or otherwise provided by the Seller to the Purchaser pursuant to this Agreement or the transactions completed herein shall be kept confidential, shall not be divulged to any party other than those that have a need to know such information in order to complete the transaction contemplated herein…

Dkt. No. 40 at 3. It also states that "each party shall hold and use all Confidential Information, as hereinafter defined, in compliance with Subtitle A of Title V of the Gramm-Leach-Bliley Act…" *Id.* AHP Entities claim that treating the MLSA and First Amendment as nonconfidential is a breach of the parties' agreement. Dkt. No. 40-1.

Because they failed to satisfy LCR 5(g)'s meet and confer requirement, the Court denied AHP Entities' earlier motion to seal the MLSA and First Amendment. Dkt. Nos. 31, 36 at 3. AHP Entitles have amended and renewed their motion. Dkt. No. 40. Before filing their renewed request, AHP Entities satisfied the meet and

confer requirement by holding a telephone conference with Cymbidium. Cymbidium opposes filing the MLSA and First Amendment under seal. Dkt. No. 40-2 at 2.

### 3.  DISCUSSION

**3.1  Legal Standard.**

"There is a strong presumption of public access to the court's files." LCR 5(g). This presumption, however, "is not absolute and can be overridden given sufficiently compelling reasons for doing so." *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003). A party seeking to seal "bears the burden of overcoming this strong presumption by meeting the compelling reasons standard. That is, the party must articulate compelling reasons supported by specific factual findings that outweigh the general history of access and the public policies favoring disclosure[.]" *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178–79 (9th Cir. 2006) (cleaned up) (emphasis added). The Court must "'base its decision on a compelling reason and articulate the factual basis for its ruling, without relying on hypothesis or conjecture.'" *Id.* (quoting *Hagestad v. Tragesser*, 49 F.3d 1430, 1434 (9th Cir. 1995)).

There is no "carve[ ] out" to this rule for documents attached to dispositive motions—they are subject to the same "compelling reasons" standard. *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1097 (9th Cir. 2016). This is because such documents are more than tangentially related to the underlying cause of action, and thus carry a stronger interest in public access. *Id.*

Under the Local Rules, a party moving to seal must provide:

a specific statement of the applicable legal standard and the reasons for keeping a document under seal, including an explanation of: (i) the legitimate private or public interests that warrant the relief sought; (ii) the injury that will result if the relief sought is not granted; and (iii) *why a less restrictive alternative to the relief sought is not sufficient.*

LCR 5(g)(3)(B) (emphasis added).

### 3.2   AHP Entities fail to provide a compelling reason to file the MLSA and First Amendment under seal.

AHP Entities provide several reasons why the MLSA and First Amendment should be filed under seal, but none of them are compelling. First, they argue the documents themselves require that the salient terms remain confidential. But the fact "that a contract contains certain confidential terms does not itself justify sealing of the entire contract," and "requests to seal entire contracts are frequently overbroad." *Cypress Semiconductor Corp. v. Fujitsu Semiconductor Ltd.*, No. 20-CV-00193-LHK, 2020 WL 11567020, at *2 (N.D. Cal. Feb. 26, 2020).

Next, they argue that the agreements contain confidential consumer information about mortgages located throughout the United States. They explain that this information is "fundamentally confidential" under the Gramm-Leach-Bliley Act, 15 U.S.C. § 6801 et seq. It then argues that the proprietary business information it contains is unavailable in the public domain. And that dissemination of this information would give the public, specifically their competitors, access to their business practices.

This information, however, can "be redacted with minimal effort" and can hardly be said to "constitute[ ] 'good cause,' let alone a compelling reason, … to overcome the strong presumption in favor of public access." *Foltz*, 331 F.3d at 1137.

Indeed, Cymbidium has already filed a redacted version of the MLSA and First Amendment striking pricing and identifying information about borrowers, demonstrating that target redactions are possible. See Dkt. No. 42 at 5-43.

Contrary to the Local Civil Rules, AHP Entities provide no explanation why a less restrictive alternative to the relief sought—like redactions—is insufficient protection for the MLSA and First Amendment. Thus, their motion fails.

### 4. CONCLUSION

In sum, AHP Entities' motion to seal is DENIED because they have offered no compelling reason for filing the documents under seal when less restrictive means (i.e., redactions) are available to protect any sensitive information.

Dated this 28th day of June, 2024.

Jamal N. Whitehead
United States District Judge