UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| CYMBIDIUM RESTORATION TRUST,<br><br>Plaintiff,<br><br>v.<br><br>AMERICAN HOMEOWNER PRESERVATION TRUST SERIES AHP SERVICING, it's Trustee, U.S. BANK TRUST, N.A.; AHP CAPITAL MANAGEMENT, LLC; AMERICAN HOMEOWNER PRESERVATION SERIES 2015+; its Trustee, U.S. BANK TRUST NATIONAL ASSOCIATION; AHP SERVICING, LLC, and JORGE NEWBERY,<br><br>Defendants. | CASE NO. 2:24-CV-25<br><br>ORDER GRANTING MOTION TO DISMISS |
| AMERICAN HOMEOWNER PRESERVATION TRUST SERIES AHP SERVICING, AHP CAPITAL MANAGEMENT, LLC; AMERICAN HOMEOWNER PRESERVATION TRUST SERIES 2015A+; and AHP SERVICING, LLC,<br><br>Counter-Plaintiffs,<br><br>v.<br><br>CYMBIDIUM RESTORATION TRUST,<br><br>Counter-Defendants. | |

ORDER DENYING MOTION TO SEAL - 1

```
 1
 2   AMERICAN HOMEOWNER
     PRESERVATION TRUST SERIES AHP
 3   SERVICING, AHP
     CAPITAL MANAGEMENT, LLC;
 4   AMERICAN HOMEOWNER
     PRESERVATION TRUST
 5   SERIES 2015A+; and AHP SERVICING,
     LLC,
 6
                       Third-Party Plaintiffs,
 7
            v.
 8
     OAK HARBOR CAPITAL, LLC;
 9   ATLANTICA, LLC; LAND HOME
     FINANCIAL SERVICES, INC.; WWR
10   MANAGEMENT, LLC; SOUTH
     WATUPPA,LP; MAGERICK, LLC; and
11   WEINSTEIN & RILEY, PS,
12                     Third-Party Defendants.
13
```

## 1.  INTRODUCTION

This matter comes before the Court on Defendant Jorge Newbery's motion to dismiss Plaintiff Cymbidium Restoration Trust's Complaint for lack of personal jurisdiction. Dkt. No. 6. The Court has considered the papers submitted in support of and opposition to the motion, as well as the records on file. For the reasons stated below, the Court GRANTS the motion.

## 2.  BACKGROUND

The following factual allegations are taken from Cymbidium's complaint.

ORDER DENYING MOTION TO SEAL - 2

Newbery is an individual who resides in Illinois. Dkt. No. 1-2 at 3. He is the Chief Executive Officer ("CEO") of AHP Servicing, the manager and CEO of AHP 2015A+, and the manager and CEO of AHP Capital Management LLC. *Id.* Cymbidium is a Delaware Statutory Trust with its principal place of business in Washington. *Id.* at 2.

On October 7, 2022, Cymbidium, as purchaser, entered into a Mortgage Loan Sale Agreement ("MLSA") with AHP Trust Servicing and AHP 2015+ (collectively, "AHP Sellers"). *Id.* at 3–4. Under the MLSA, AHP Sellers sold, conveyed, and assigned to Cymbidium a group of mostly non-performing residential loans and the mortgages (or other lien interests) securing those loans. *Id.* at 4. At least two of the loans were to Washington residents secured by Washington residences. Dkt. Nos. 15 at 2; 23 at 8. The MSLA also obligated AHP Sellers to repurchase certain of the conveyed loans at a pre-determined price by January 7, 2023. Dkt. No. 15 at 2.

AHP Sellers did not repurchase the loans. *Id.* at 4. Cymbidium and AHP Sellers amended the MLSA by entering an agreement entitled, First Amendment to Mortgage Loan Sale Agreement with Repurchase Obligations ("First Amendment"). Among other things, the First Amendment eliminated AHP Sellers' repurchase obligations, conveyed additional loans to Cymbidium, and provided that Cymbidium would try to collect or realize a recovery on the loans. *Id.* at 4–5.

Cymbidium alleges AHP Sellers breached the MLSA and the First Amendment (collectively, the "Agreement"), as over 200 of the loans that were sold to Cymbidium were no longer outstanding. *Id.* Cymbidium claims Newbery directed

ORDER DENYING MOTION TO SEAL - 3

the proceeds to either be retained by AHP Sellers or utilized by Newbery to pay expenses regarding other affiliated entities he controlled. *Id.*

### 3. DISCUSSION

**3.1  Legal standard.**

The Court must dismiss an action if it lacks personal jurisdiction over the defendant. Fed. R. Civ. P. 12(b)(2). The plaintiff bears the burden of proving that the exercise of personal jurisdiction would be appropriate when a defendant moves to dismiss a case under Rule 12(b)(2). *Picot v. Weston*, 780 F.3d 1206, 1211 (9th Cir. 2015). "Although the court 'may not assume the truth of allegations in a pleading which are contradicted by affidavit,' the court resolves factual disputes in the plaintiff's favor." *Toy v. Honeywell Int'l Inc.*, No. 19-CV-00325-HSG, 2019 WL 1904215, at *3 (N.D. Cal. Apr. 29, 2019) (quoting *CollegeSource, Inc. v. AcademyOne, Inc.*, 653 F.3d 1066, 1073 (9th Cir. 2011)).

Because no federal statute authorizes personal jurisdiction, the district court applies the law of the state in which the district court sits. Fed. R. Civ. P. 4(k)(1)(A). Washington's long-arm statute (RCW 4.28.185) permits the exercise of jurisdiction to the full extent of the Due Process Clause of the United States Constitution. *Easter v. Am. W. Fin.*, 381 F.3d 948, 960 (9th Cir. 2004). Defendants must have "certain minimum contacts" with the relevant forum, "such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945).

If the defendant's motion is supported only by written materials, "the plaintiff need only make a *prima facie* showing of jurisdictional facts." *Sher v. Johnson*, 911 F.2d 1357, 1361 (9th Cir. 1990) (emphasis added). In this context, a "prima facie" showing means that the plaintiff has produced admissible evidence which, if believed, could establish the existence of personal jurisdiction. *See Harris Rutsky & Co. Ins. Servs. v. Bell & Clements Ltd.*, 328 F.3d 1122, 1129 (9th Cir. 2003). "The plaintiff cannot simply rest on the bare allegations of its complaint if an allegation is challenged by the defendant, but uncontroverted allegations in the complaint must be taken as true." *Corker v. Costco Wholesale Corp.*, 585 F. Supp. 3d 1284, 1289 (W.D. Wash. 2022) (cleaned up). Any conflicts between sworn statements must be resolved in favor of the plaintiff. *Am. Tel. & Tel. Co. v. Compagnie Bruxelles Lambert*, 94 F.3d 586, 588 (9th Cir.), *supplemented,* 95 F.3d 1156 (9th Cir. 1996).

### 3.2   Forum contacts of a corporate officer/director.

As a starting point, Newbery quotes the Ninth Circuit's opinion in *Forsythe v. Overmyer*, 576 F.2d 779 (9th Cir. 1978), for the proposition that a "'corporate officer who has contact with a forum only with regard to the performance of his official duties is not subject to personal jurisdiction in the forum.'" Dkt. No. 6 at 6–7 (quoting *Forsythe*). But this holding has been overturned by subsequent Supreme Court decisions that have "subject[ed] corporate employees to suit in exactly those circumstances." *Glob. Commodities Trading Grp., Inc. v. Beneficio de Arroz Choloma, S.A.*, 972 F.3d 1101, 1110 (9th Cir. 2020).

Under the correct standard, "[p]ersonal jurisdiction over an individual who acts as an agent of a third party must be assessed on the individual's actions alone." *Id.* at 1109; *see Calder v. Jones*, 465 U.S. 783, 790 (1984)) ("[E]ach defendant's contacts with the forum State must be assessed individually."). The Court cannot "impute a corporation's forum contacts to each of the corporation's employees." *Glob. Commodities Trading Grp., Inc.*, 972 F.3d at 1109. It must instead "assess whether each individual had minimum contacts with the forum such that the exercise of jurisdiction over that individual would comport with traditional notions of fair play and substantial justice." *Id.*

**3.3    The Court does not have general personal jurisdiction over Newbery.**

Newbery argues the Court lacks general personal jurisdiction over him and Cymbidium does not contest the point. Rightly so. "For general jurisdiction to exist, a defendant must engage in 'continuous and systematic general business contacts,' . . . that 'approximate physical presence' in the forum state[.]" *Mavrix Photo, Inc. v. Brand Techs., Inc.*, 647 F.3d 1218, 1223–24 (9th Cir. 2011) (internal citation omitted). Newbery is a citizen of Illinois. Dkt. No. 6 at 11. He does not have substantial, continuous, and systemic contacts in Washington. The only contacts Newbery has with the State of Washington were in his capacity as a corporate officer. *See id.* In his individual capacity, Newbery does not own property, maintain bank accounts, have employees, pay individual taxes, nor have a designated agent in the State of Washington. *Id.* at 12. Thus, this Court cannot exercise general jurisdiction over Newbery.

**3.4   The Court does not have specific personal jurisdiction over Newbery.**

Cymbidium argues instead that the Court has specific personal jurisdiction over Newbery. "The inquiry whether a forum State may assert specific jurisdiction over a nonresident defendant focuses on the relationship among the defendant, the forum, and the litigation." *Axiom Foods, Inc. v. Acerchem Int'l, Inc.*, 874 F.3d 1064, 1068 (9th Cir. 2017) (internal quotations omitted).

The Ninth Circuit applies a three-part test when analyzing specific jurisdiction over a non-resident defendant:

> (1) The non-resident defendant must purposefully direct his activities or consummate some transaction with the forum or resident thereof; or perform some act by which he purposefully avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws; (2) the claim must be one which arises out of or relates to the defendant's forum-related activities; and (3) the exercise of jurisdiction must comport with fair play and substantial justice, i.e. it must be reasonable.

*Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 802 (9th Cir. 2004).

Cymbidium bears the burden of satisfying the first two prongs of the test. *Id.* If it meets this requirement, the burden shifts to Newbery to "present a compelling case" that the exercise of jurisdiction would not be reasonable. *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 476–78 (1985).

**3.4.1   Purposeful direction.**

Because the Court has established that Newbery's contact with the forum on behalf of AHP Sellers can serve as the basis for exercising personal jurisdiction, the Court turns to the first prong of the personal jurisdiction analysis. *See Schwarzenegger*, 374 F.3d at 802.

|   |   |
|---|---|
| 1 | In tort cases, such as the conversion claim stated against Newbery, district |
| 2 | courts inquire "whether a defendant 'purposefully direct[ed] his activities' at the |
| 3 | forum state, applying an 'effects' test that focuses on the forum in which the |
| 4 | defendant's actions were felt, whether or not the actions themselves occurred within |
| 5 | the forum." *Mavrix Photo, Inc.*, 647 F.3d at 1228 (quoting *Yahoo! Inc. v. La Ligue |
| 6 | Contre Le Racisme Et L'Antisemitisme*, 433 F.3d 1199, 1206 (9th Cir. 2006) (internal |
| 7 | quotations omitted)). Under the effects test, "the defendant must have (1) |
| 8 | committed an intentional act, (2) expressly aimed at the forum state, (3) causing |
| 9 | harm that the defendant knows is likely to be suffered in the forum state." *Doe v. |
| 10 | WebGroup Czech Republic, A.S.*, 89 F.4th 1188, 1198 (9th Cir. 2024) (internal |
| 11 | quotations omitted). |
| 12 | First, Cymbidium must show that Newbery committed an intentional act; |
| 13 | that is, he acted with "an intent to perform an actual, physical act in the real world, |
| 14 | rather than an intent to accomplish a result or consequence of that act." |
| 15 | *Schwarzenegger*, 374 F.3d at 806. Cymbidium alleges that Newbery directed the |
| 16 | AHP Sellers to retain or use the proceeds of the loans that had already been sold to |
| 17 | Cymbidium in October 2022. Dkt. No. 1-2 at 6. Cymbidium also alleges that |
| 18 | Newbery continued to use the funds to pay expenses related to his other companies |
| 19 | after they entered the First Amendment. *Id.* Cymbidium alleges these acts |
| 20 | constitute conversion. Newbery contends that Cymbidium's allegations are too |
| 21 | conclusory and speculative, but Cymbidium has alleged sufficient "real world" acts |
| 22 | to satisfy the first prong of the effects test. |
| 23 |   |

Next, Cymbidium must show that Newbery "expressly aimed" his intentional acts at Washington, the forum state. *Schwarzenegger*, 374 F.3d at 806. On this score, Cymbidium alleges this requirement is met because Newbery expressly aimed his actions at Washington because he knew that Cymbidium was in Washington, and thus that the harm would be felt in Washington. Dkt. No. 14 at 11. It also identifies a choice-of-law provision within the contract between the parties. Additionally, Cymbidium points out that the portfolio contained loans to Washington residents secured by Washington residences.

Cymbidium relies on outdated case law, however, to support its contention that knowledge of its location is enough to satisfy the Court's "express aiming" inquiry. In 2014, the Supreme Court held in *Walden v. Fiore* that Courts must look "to the defendant's contacts with the forum State itself, not the defendant's contacts with persons who reside there." 571 U.S. 277, 285 (2014) (internal citation omitted). "Express aiming requires more than the defendant's awareness that the plaintiff it is alleged to have harmed resides in or has strong ties to the forum, because 'the plaintiff cannot be the only link between the defendant and the forum.'" *Ayla, LLC v. Alya Skin Pty. Ltd.*, 11 F.4th 972, 980 (9th Cir. 2021) (quoting *Walden*, 571 U.S. at 285). Indeed, "the Supreme Court ha[s] 'consistently rejected attempts to satisfy the defendant-focused 'minimum contacts' inquiry by demonstrating contacts between the plaintiff (or third parties) and the forum State.'" *Briskin v. Shopify, Inc.*, 87 F.4th 404, 416 (9th Cir. 2023), *reh'g en banc granted, opinion vacated,* 101 F.4th 706 (9th Cir. 2024) (quoting *Walden*, 571 U.S. at 284).

Here, Cymbidium neither alleges that Newbery's conduct was aimed toward Washington in particular, nor that the company's injury is tied to Washington in any meaningful way. Cymbidium's injury is personal to the company and would follow it whether it resided in Washington or elsewhere. *See Picot v. Weston*, 780 F.3d 1206, 1215 (9th Cir. 2015) ("[Plaintiff's] injury…is not tethered to California in any meaningful way. Rather, his injury is entirely personal to him and would follow him wherever he might choose to live or travel."). The Court cannot find express aiming based on Cymbidium's mere presence in Washington. Moreover, the fact that a few loans in the portfolio were issued to Washington residents does not suffice to show express aiming by Newbery since the Complaint contains no facts suggesting that AHP Sellers or Newbury created the loans in Washington or targeted Washington residents. Indeed, the portfolio contains loans made nationwide.

Because Newbery did not expressly aim any suit-related conduct toward Washington, the Court cannot exercise specific jurisdiction over Newbery.

## 4.  CONCLUSION

For the reasons stated above, Newbery's motion to dismiss is GRANTED. Dkt. No. 6.

Dated this 28th day of June, 2024.

Jamal N. Whitehead
United States District Judge

ORDER DENYING MOTION TO SEAL - 10