UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| CYMBIDIUM RESTORATION TRUST,<br><br>Plaintiff,<br><br>v.<br><br>AMERICAN HOMEOWNER PRESERVATION TRUST SERIES AHP SERVICING, it's Trustee, U.S. BANK TRUST, N.A.; AHP CAPITAL MANAGEMENT, LLC; AMERICAN HOMEOWNER PRESERVATION SERIES 2015+; its Trustee, U.S. BANK TRUST NATIONAL ASSOCIATION; AHP SERVICING, LLC, and JORGE NEWBERY,<br><br>Defendants. | CASE NO. 2:24-CV-25<br><br>ORDER GRANTING THIRD-PARTY DEFENDANTS' MOTION TO DISMISS |
| AMERICAN HOMEOWNER PRESERVATION TRUST SERIES AHP SERVICING, AHP CAPITAL MANAGEMENT, LLC; AMERICAN HOMEOWNER PRESERVATION TRUST SERIES 2015A+; and AHP SERVICING, LLC,<br><br>Counter-Plaintiffs,<br><br>v.<br><br>CYMBIDIUM RESTORATION TRUST,<br><br>Counter-Defendants. | |

ORDER DENYING MOTION TO SEAL - 1

AMERICAN HOMEOWNER
PRESERVATION TRUST SERIES AHP
SERVICING, AHP
CAPITAL MANAGEMENT, LLC;
AMERICAN HOMEOWNER
PRESERVATION TRUST
SERIES 2015A+; and AHP SERVICING,
LLC,

      Third-Party Plaintiffs,

  v.

OAK HARBOR CAPITAL, LLC;
ATLANTICA, LLC; LAND HOME
FINANCIAL SERVICES, INC.; WWR
MANAGEMENT, LLC; SOUTH
WATUPPA,LP; MAGERICK, LLC; and
WEINSTEIN & RILEY, PS,

      Third-Party Defendants.

## 1.   INTRODUCTION

Third-Party Defendants Oak Harbor Capital, LLC; Atlantica, LLC; Land Home Financial Services, Inc.; WWR Management, LLC; South Watuppa, LP; Magerick, LLC; and Weinstein & Riley, PS. (together, "Third-Party Defendants") move to dismiss Plaintiff Cymbidium Restoration Trust's Third-Party Complaint. Dkt. No. 41. They argue that they are third-parties providing services and therefore are not liable to AHP Trusts for all or any portion of Cymbidium's claims against the AHP Trusts. The Court agrees and thus grants Third-Party Defendants' motion.

## 2. BACKGROUND

AHP Trusts,[1] the seller, and Cymbidium, the purchaser, entered a Mortgage Sale Agreement with Repurchase Obligations ("MLSA"), including the First Amendment, for the sale of a debt portfolio of residential loans and the mortgages or other lien interests securing those loans. The Third-Party Defendants provided various services to Cymbidium or AHP Trusts for some of the mortgage loans that the MLSA covered, including servicing the loans, handling escrows regarding property sales, and providing real estate brokerage services.

AHP Trusts brought a third-party complaint against the Third-Party Defendants, alleging that they did an inadequate job servicing the loans or reselling them and, if they had done a better job, AHP Trusts would not have breached the MLSA. AHP Trusts allege that the Third-Party Defendants withheld vital information from them, converted assets and monies belonging to them for their own use, and repeatedly refused to provide an accounting. Dkt. No. 12 at 6. AHP Trusts allege breach of fiduciary duty, accounting, and violation of 12 U.S.C. § 2607 against Oak Harbor Capital, LLC. They also allege unjust enrichment against Atlantica, LLC; unjust enrichment and violations of 12 USCS § 2607 against WWR Management, LLC, and conversion, unjust enrichment, and violation of 12 U.S.C. §

---

[1] "AHP Trust" refers to defendants/third-party plaintiffs, American Homeowner Preservation Trust Series AHP Servicing; Its Trustee, U.S. Bank Trust N.A.; AHP Capital Management, LLC; American Homeowner Preservation Series 2015a+; Its Trustee, U.S. Bank Trust National Association; AHP Servicing, LLC.

2607 against Land Home Financial Services, Inc, unjust enrichment against South Watuppa, LP, and tortious interference with contract against Weinstein & Riley.

AHP Trusts allege that Oak Harbor divested them of hundreds of mortgage loans and real properties and deprived them of millions of dollars in consideration for, and revenue from, transferred assets and servicing fees that were not paid to them. Dkt. No. 12 at 8. They allege that Atlantica and Magerick transferred assets to its affiliates without consideration. *Id.* at 11, 13, 14. They allege that WWR Management and Land Home Financial Services received $1,500 for services that they never performed. *Id.* at 11–12, 14. They allege that Land Home has taken mortgage loans. *Id.* at 16. They allege that South Watuppa took a fee that was not commensurate with the services it performed. *Id.* at 18.

### 3. DISCUSSION.

**3.1  Legal standard.**

Under Fed. R. Civ. P. 14(a)(1), a defendant may bring a third party into an action, or implead, by "serv[ing] a summons and complaint on a nonparty who is or may be liable to it for all or part of the claim against it." "The purpose of this rule is to promote judicial efficiency by eliminating the necessity for the defendant to bring a separate action against a third individual who may be secondarily or derivatively liable to the defendant for all or part of the plaintiff's original claim." *Sw. Administrators, Inc. v. Rozay's Transfer*, 791 F.2d 769, 777 (9th Cir. 1986).

The third-party plaintiff must show the third-party defendant's liability "is in some way dependent on the outcome of the main claim and is secondary or

derivative thereto." *Stewart v. Am. Int'l Oil & Gas Co.*, 845 F.2d 196, 199 (9th Cir. 1988) (internal citation omitted). "The mere fact that the alleged third-party claim arises from the same transaction or set of facts as the original claim is not enough." *Id.* at 199–200 (internal quotations omitted) (citing 6 Fed. Prac. & Proc. § 1446 at 257 (1971 ed.))*; see also Se. Mortg. Co. v. Mullins*, 514 F.2d 747, 750 (5th Cir. 1975) ("The common thread running through [cases where impleader was denied], and our own, is that the right or duty alleged to have been violated in the third party complaint does not emanate from the main claim but exists wholly independent of it. In each, the nexus with the principal action is not that it establishes the right to relief, but merely the need for relief.").

"The crucial characteristic of a Rule 14 claim is that [the] defendant is attempting to transfer to the third-party defendant the liability asserted against [them] by the original plaintiff." *Stewart*, 845 F.2d at 200 (internal citation omitted)

"The decision to allow a third-party defendant to be impleaded under rule 14 is entrusted to the sound discretion of the trial court." *United States v. One 1977 Mercedes Benz, 450 SEL, VIN 11603302064538*, 708 F.2d 444, 452 (9th Cir. 1983).

### 3.2 AHP Trusts fails to show that Third-Party Defendants' liability is in some way dependent on the outcome of the main claim or secondary or derivative to the main claim.

AHP Trusts do not allege that the Third-Party Defendants are liable to them for all or any portion of Cymbidium's claims against AHP Trusts. *See Stewart*, 845 F.2d at 199. AHP Trusts' claims against the Third-Party Defendants arise out of the same underlying transaction, this fact alone is not enough to sustain impleader.

*Id.* at 199–200. The third-party claims are in no way dependent on AHP Trusts' ultimate liability. AHP Trusts do not seek to transfer or foist liability on the Third-Party Defendants for the claims asserted against them by Cymbidium. Put plainly, AHP Trusts' claims against the Third-Party Defendants are independent claims. In their opposition brief, AHP Trusts argue that but for the actions of the Third-Party Defendants, Cymbidium would have been paid what it was owed under the MLSA and that AHP Trusts would not have to pay any damages to Cymbidium for their breaches of the MLSA. Dkt. No. 48 at 8. But "to sustain a third-party action, the third-party defendant's alleged conduct must be more than merely a but-for cause of the plaintiff's harm." *Boddy v. Pourciau*, No. C18-1046JLR, 2019 WL 1979323, at *3 (W.D. Wash. May 3, 2019) (denying leave to file third-party complaint because the defendant's claims against proposed third-party defendant did not depend on or derive from the plaintiffs' underlying claims against defendants). Here, the Third-Party Defendants' actions may have impacted the damages AHP Trusts may ultimately be liable for, but this fact does not establish that the Third-Party Defendants' liability depends on the outcome of Cymbidium's claim or that they are secondarily liable.

Additionally, to the extent that the Third-Party Defendants' alleged misconduct is AHP Trusts' defense to liability, this also fails to satisfy Rule 14. *See Korzyk v. Swank Enters., Inc.*, No. CV-04-343-AAM, 2005 WL 1378758, at *3 n.2 (E.D. Wash. June 9, 2005) ("When a third party's conduct furnishes a complete defense against the defendant's liability, the defendant may raise that conduct defensively in his answer, but may not use it as a foundation for impleader.").

The Court concludes that AHP Trusts' third-party claims do not depend on or derive from Cymbidium's claims and thus are not proper under Rule 14.

### 3.3   The Third-Party Complaint is likely to confuse the jury and disadvantage the existing action.

The Court may also consider "(1) prejudice to the original plaintiff; (2) complication of issues at trial; (3) likelihood of trial delay; and (4) timeliness of the motion to implead." *Irwin v. Mascott*, 94 F. Supp. 2d 1052, 1056 (N.D. Cal. 2000) (citation omitted). Because the Court has determined that AHP Trusts' third-party complaint is improper, the Court need not reach the discretionary factors. But the Court will briefly discuss them to reinforce the impropriety of AHP Trusts' third-party complaint.

Impleading the Third-Party Defendants would unnecessarily complicate this case. The third-party complaint presents entirely different issues. Allowing in the third-party claims would complicate discovery and the trial. The claims would create burdensome factual and legal questions and could unduly delay and unnecessarily complicate this case. The claims may also confuse the jury. It is more appropriate for AHP Trusts to bring their claims against the Third-Party Defendants in a separate action.

## 4.   CONCLUSION

For this reason, the Court GRANTS the motion to dismiss. The Third-Party Complaint is DISMISSED without prejudice.

Dated this 28th day of June, 2024.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23

Jamal N. Whitehead
United States District Judge