1

2

3                          THE HONORABLE KIMBERLY K. EVANSON

4

5

6

7

8                              UNITED STATES DISTRICT COURT
                               WESTERN DISTRICT OF WASHINGTON
9                                        AT SEATTLE

CYMBIDIUM RESTORATION TRUST,                      Case No. 2:24-CV-00025-KKE
10
                    Plaintiff,                    **DEFENDANTS' AMERICAN**
11                                                **HOMEOWNER PRESERVATION**
                                                  **TRUST SERIES AHP SERVICING,**
       v.                                         **AHP CAPITAL MANAGEMENT,**
12                                                **LLC, AMERICAN HOMEOWNER**
AMERICAN HOMEOWNER                                **PRESERVATION TRUST SERIES**
13  PRESERVATION TRUST SERIES AHP                  **2015A+, AND AHP SERVICING,**
    SERVICING; its Trustee, U.S. BANK TRUST       **LLC'S ANSWER TO CYMBIDIUM'S**
14  N.A.; AHP CAPITAL MANAGEMENT, LLC;            **COMPLAINT, AMENDED**
    AMERICAN HOMEOWNER                            **AFFIRMATIVE DEFENSES AND**
15  PRESERVATION SERIES 2015A+; its              **COUNTERCLAIMS**
    Trustee, U.S. BANK TRUST NATIONAL
16  ASSOCIATION; AHP SERVICING, LLC; and
    JORGE NEWBERY,
17
                    Defendants.
18

19  AMERICAN HOMEOWNER
    PRESERVATION TRUST SERIES AHP
20  SERVICING.; AHP CAPITAL
    MANAGEMENT, LLC; AMERICAN
21  HOMEOWNER PRESERVATION SERIES
    2015A+; and; AHP SERVICING, LLC;
22
                    Counter-Plaintiffs,
23
       v.
24
CYMBIDIUM RESTORATION TRUST,
25

DEFENDANTS' ANSWER, AMENDED AFFIRMATIVE DEFENSES TO
PLAINTIFF'S COMPLAINT AND COUNTERCLAIMS - 1
[No. 2:24-CV-00025-KKE]

Counter-Defendant.

VAK CAPITAL TRUST I,

               Intervenor-Defendant and
               Counterclaim and
               Crossclaim Plaintiff,

     v.

CYMBIDIUM RESTORATION TRUST;

               Counter-Defendant; and

AHP CAPITAL MANAGEMENT, LLC; and
AMERICAN HOMEOWNER
PRESERVATION SERIES 2015A+;

               Cross-Defendants.

Defendants American Homeowner Preservation Trust Series AHP Servicing, AHP Capital Management, LLC, American Homeowner Preservation Trust Series 2015A+ (Incorrectly named as "American Homeowner Preservation Series 2015A+"), and AHP Servicing, (collectively, the "Defendants" or "AHP Entities"), by and through their attorneys, and for their Answer to Plaintiff Cymbidium Restoration Trust's ("Plaintiff" or "Cymbidium") Complaint, state as follows:

## I.     **PARTIES**

1.     Answering Paragraph 1, admit.

2.     Answering Paragraph 2, admit.

3.     Answering Paragraph 3, deny as to "American Homeowner Preservation Series 2015A+ ("AHP 2015A+")." To the extent the misnomer is corrected, as to American Homeowner Preservation Trust Series 2015A+, admit.

4.     Answering Paragraph 4, admit.

DEFENDANTS' ANSWER, AMENDED AFFIRMATIVE DEFENSES TO
PLAINTIFF'S COMPLAINT AND COUNTERCLAIMS - 2
[No. 2:24-CV-00025-KKE]

**CORR CRONIN LLP**
1015 Second Avenue, Floor 10
Seattle, Washington 98104-1001
Tel (206) 625-8600
Fax (206) 625-0900

5.      Answering Paragraph 5, Defendants deny that Jorge Newbery is CEO of AHP 2015A+, if properly named as American Homeowner Preservation Trust Series 2015A+. Defendants admit all remaining allegations as to AHP Servicing, AHP Capital Management, LLC, AHP Trust Servicing, and American Homeowner Preservation Trust Series 2015A+.

## II.      JURISDICTION AND VENUE

6.      Answering Paragraph 6, deny. Answering further, this Court has subject matter jurisdiction pursuant to 28 U.S.C § 1332.

**7.**      Answering Paragraph 7, deny. Answering further, venue is proper in United States District Court for the Western District of Washington pursuant to 28 U.S.C. § 1391(b) and 28 U.S.C. § 128(b).

8.      Answering Paragraph 8, deny.

## III.      FACTUAL ALLEGATIONS

9.      Answering Paragraph 9, Defendants admit only that American Homeowner Preservation Trust Series AHP Servicing and American Homeowner Preservation Trust Series 2015A+ entered into an agreement with Plaintiff on October 7, 2022, titled "MORTGAGE LOAN SALE AGREEMENT WITH REPURCHASE OBLIGATION" and that Defendants fulfilled their obligations under the Mortgage Loan Sale Agreement with Repurchase Obligations. Defendants deny any remaining allegations not expressly admitted.

10.      Answering Paragraph 10, deny.

11.      Answering Paragraph 11, Defendants admit only that American Homeowner Preservation Trust Series AHP Servicing and American Homeowner Preservation Trust Series

CORR CRONIN LLP
1015 Second Avenue, Floor 10
Seattle, Washington 98104-1001
Tel (206) 625-8600
Fax (206) 625-0900

2015A+ Amended their agreement with Plaintiff on March 15, 2023, and deny all remaining allegations contained in ¶ 11 not specifically admitted.

12.    Answering Paragraph 12, Defendants admit only that a guaranty agreement was executed. Defendants deny any remaining allegations and legal conclusions sought by Paragraph 11.

13.    Answering Paragraph 13, Defendants admit that the "MORTGAGE LOAN SALE AGREEMENT WITH REPURCHASE OBLIGATION" and "FIRST AMENDMENT TO MORTGAGE LOAN SALE AGREEMENT WITH REPURCHASE OBLIGATIONS" contain the aforementioned contractual provisions and deny all remaining allegations in ¶ 13 not specifically admitted.

14.    Answering Paragraph 14, including subparagraphs (a) through and including (d), deny.

## IV.    CAUSES OF ACTION

**A.    Breach of Contract**

15.    Answering Paragraph 15, Defendants incorporate by reference their previous answers to the allegations in paragraphs 1 through 14.

16.    Answering Paragraph 16, Defendants deny.

17.    Answering Paragraph 17, Defendants deny.

**B.    Conversion.**

18.    Answering Paragraph 18, Defendants incorporate by reference their previous answers to the allegations in paragraphs 1 through 17.

DEFENDANTS' ANSWER, AMENDED AFFIRMATIVE DEFENSES TO
PLAINTIFF'S COMPLAINT AND COUNTERCLAIMS - 4
[No. 2:24-CV-00025-KKE]

19.     Answering Paragraph 19, Defendants deny.

## V.    <u>PRAYER FOR RELIEF</u>

Answering Section V., Defendants American Homeowner Preservation Trust Series AHP Servicing, AHP Capital Management, LLC, American Homeowner Preservation Trust Series 2015A+ (Incorrectly named as "American Homeowner Preservation Series 2015A+"), and AHP Servicing, LLC deny that Plaintiff Cymbidium Restoration Trust is entitled to judgment against them in any amount whatsoever, request judgment in their favor and against Plaintiff, and request such further or other relief the Court deems just and proper.

### DEFENDANTS' AMENDED
### <u>AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT</u>

Defendants American Homeowner Preservation Trust Series AHP Servicing, AHP Capital Management, LLC, American Homeowner Preservation Trust Series 2015A+ (Incorrectly named as "American Homeowner Preservation Series 2015A+), and AHP Servicing, LLC (collectively, the "Defendants" or "AHP Entities"), and pleading in the alternative and without prejudice to the denials, objections, and other statements contained in these pleadings, states for its Affirmative Defenses to Plaintiff's Complaint the following:

### <u>FIRST AFFIRMATIVE DEFENSE</u>
### (Improper Damages)

1.     Plaintiff's Complaint seeks damages, including but not limited to attorney's fees, that are not provided under the Mortgage Sale Agreement, First Amendment, applicable state or federal law, or otherwise.

**CORR CRONIN LLP**
1015 Second Avenue, Floor 10
Seattle, Washington 98104-1001
Tel (206) 625-8600
Fax (206) 625-0900

1

2

## SECOND AFFIRMATIVE DEFENSE
### (Waiver)

3     2.     Plaintiff's claims are barred, in whole or in part, by the equitable doctrine of waiver.

4

5

## THIRD AFFIRMATIVE DEFENSE
### (Unjust Enrichment)

6     3.     Plaintiff's claims are barred, in whole or in part, due to unjust enrichment.

7

## FOURTH AFFIRMATIVE DEFENSE
### (Unclean Hands)

8

9     4.     Plaintiff's claims are barred, in whole or in part, by Plaintiff's unclean hands.

10

## FIFTH AFFIRMATIVE DEFENSE
### (Failure to Mitigate)

11

12     5.     If Plaintiff recovers any damages, such award much be reduced by all damages

13   attributable to Plaintiff's failure to take appropriate action and mitigate damages prior to and

14   subsequent to the institution of this action.

15

## SIXTH AFFIRMATIVE DEFENSE
### (Satisfied Terms, Conditions, Duties, and Obligations)

16

17     6.     Plaintiff's breach of contract claim (Count I) is barred, in whole or in part, because

18   Defendants complied with and satisfied all terms, conditions, duties, and obligations, of any and

19   all purported contracts or agreements, express or implied, to which they are a party.

20

## SEVENTH AFFIRMATIVE DEFENSE
### (Substantial Performance and *De Minimis* Harm)

21

22     7.     Alternatively, to the extent Plaintiff establishes a breach of the Mortgage Sale

23   Agreement and First Amendment, Plaintiff's Breach of Contract Claim (Count I) is barred in whole

24

25

**CORR CRONIN LLP**
1015 Second Avenue, Floor 10
Seattle, Washington 98104-1001
Tel (206) 625-8600
Fax (206) 625-0900

or in part because Defendant's nonperformance or partial nonperformance is excused due to its substantial performance and *de minimis* harm caused to Plaintiff.

### EIGHTH AFFIRMATIVE DEFENSE
**(Setoff)**

8.      To the extent that Plaintiff is entitled to damages, Defendants are entitled to a setoff for any consideration previously provided to Plaintiff.

### NINTH AFFIRMATIVE DEFENSE
**(Unidentifiable Amount of Purportedly Converted Money)**

9.      Plaintiff's claim for conversion  (Count II) is barred in whole or in part to the extent that its claim is based on the purported conversion of money.

### TENTH AFFIRMATIVE DEFENSE
**(Plaintiff's Material Breach of Contract)**

10.      Plaintiff's breach of contract claim (Count I) is barred to the extent that Plaintiff materially breached contract obligations owed to Defendants.

### ELEVENTH AFFIRMATIVE DEFENSE
**(Fraud in the Inducement)**

11.      Defendants were fraudulently induced to sign the Mortgage Sale Agreement and First Amendment on October 6, 2022 and March 15, 2023, respectively.

12.      The Mortgage Sale Agreement is fully titled "Mortgage Sale Agreement with Repurchase Obligation," requiring that American Homeowner Preservation Trust Series AHP Servicing and American Homeowner Preservation Trust Series 2015A+ (collectively "The Trusts")

DEFENDANTS' ANSWER, AMENDED AFFIRMATIVE DEFENSES TO
PLAINTIFF'S COMPLAINT AND COUNTERCLAIMS - 7
[No. 2:24-CV-00025-KKE]

**CORR CRONIN LLP**
1015 Second Avenue, Floor 10
Seattle, Washington 98104-1001
Tel (206) 625-8600
Fax (206) 625-0900

repurchase category B mortgage loans for a price determined by a formula prescribed in the Mortgage Sale Agreement.

13.    Prior to the execution of the Mortgage Sale Agreement, Defendant, through its agents or affiliates pre-negotiated the assignment of the loans to its affiliate Magerick, LLC and thereafter the exchange of category B mortgage loans by Magerick as collateral for a loan with Western Alliance Bank. Those actions encumbered the category B mortgage loans and made it impossible for The Trusts' to repurchase the category B mortgage loans.

14.    In order to induce The Trusts to execute the Mortgage Sale Agreement, Defendant, through itself, its agents, and or affiliates failed to mention that the category B mortgage loans would be encumbered and that in spite of the language of Mortgage Sale Agreement, and in particular, the repurchase obligation, the category B mortgage loans could not be repurchased.

15.    At that time, Defendant and its agents and affiliates knew that the category B mortgage loans were being used as collateral for a loan with Western Alliance Bank and that the representations made, that The Trusts would regain possession of the mortgage loans.

16.    Defendant also knew at the time it proposed the Mortgage Sale Agreement and at the time of execution that the mortgage loans were being pledged as collateral and could not be repurchased pursuant to the repurchase obligation. Those representations and omission were therefore false.

17.    The Trusts relied on those misrepresentations because had The Trusts known that there was no mechanism by which they could repurchase or otherwise regain possession of their

DEFENDANTS' ANSWER, AMENDED AFFIRMATIVE DEFENSES TO
PLAINTIFF'S COMPLAINT AND COUNTERCLAIMS - 8
[No. 2:24-CV-00025-KKE]

**CORR CRONIN LLP**
1015 Second Avenue, Floor 10
Seattle, Washington 98104-1001
Tel (206) 625-8600
Fax (206) 625-0900

loans worth approximately $84 million, they would not have executed the Mortgage Sale Agreement.

18.    On March 15, after The Trusts were unable to meet their repurchase obligation, the parties executed the First Amendment to Mortgage Loan Sale Agreement with Repurchase Obligation ("First Amendment").

19.    At the time of the execution of the First Amendment, The Trusts were still unaware that the category B mortgage loans were pledged as collateral for a loan from Western Alliance Bank.

20.    In spite of the foregoing and based on the false representations made by Plaintiff and its agents and affiliates, that The Trusts would receive the balance of the category B mortgage loans back after its obligations under the contract were met, The Trusts executed the First Amendment.

21.    The First Amendment also contained a waterfall provision that specified the payoff circumstances of the loans and the application of proceeds from the category B mortgage loans to the amounts owed by AHP.

22.    Defendants, and their agents and affiliates represented that once the terms of the waterfall provision and the surviving terms of the Mortgage Sale Agreement, The Trusts would receive the remainder of the category B mortgage loans bank.

23.    Those representations were false and Defendant, its agents and affiliates knew that those representations were false because they had no ability to return the remainder of the category B mortgage loans because the category B mortgage loans had either been sold to pay off the loan

**CORR CRONIN LLP**
1015 Second Avenue, Floor 10
Seattle, Washington 98104-1001
Tel (206) 625-8600
Fax (206) 625-0900

to Western Alliance Bank, transferred to affiliates of Cymbidium for no or little consideration, or remained pledged as collateral for the loan to Western Alliance Bank.

24.    The Trusts relied on those representations when they executed the First Amendment.

25.    The Trusts would not have executed the First Amendment had they known there was no mechanism by which they would be able to regain possession of the remainder of the category B mortgage loans.

## TWELFTH AFFIRMATIVE DEFENSE
### (Impossibility of Performance)

26.    The assignment of the category B mortgage loans and subsequent pledge of those loans as collateral for a loan made the adherence to the repurchase obligation in the MLSARO impossible.

27.    The assignment of the category B mortgage loans and subsequent pledge of those loans as collateral for a loan from Western Alliance Bank made the adherence to the waterfall provision and the return of residual mortgage loans as required in the First Amendment impossible.

## RESERVATION OF RIGHTS

28.    Defendants reserve the right to add additional defenses if warranted after discovery.

WHEREFORE, Defendants seek a judgment against Plaintiff and prays that the Court:

1.    Deny all relief sought by Plaintiff and dismissing the Complaint in its entirety, with prejudice;
2.    Enter judgment in favor of Defendants;
3.    Award Defendants their costs of suit incurred in defense of this action to the maximum extent permitted by law; and
4.    Grant Defendants any such other and further relief as the Court deems just and proper.

DEFENDANTS' ANSWER, AMENDED AFFIRMATIVE DEFENSES TO
PLAINTIFF'S COMPLAINT AND COUNTERCLAIMS - 10
[No. 2:24-CV-00025-KKE]

1    **DEFENDANTS' COUNTERCLAIMS AGAINST PLAINTIFF**

2    Defendants/Counter-Plaintiffs American Homeowner Preservation Trust Series AHP

3    Servicing, AHP Capital Management, LLC, American Homeowner Preservation Trust Series

4    2015A+ (Incorrectly named as "American Homeowner Preservation Series 2015A+), and AHP

5    Servicing, LLC (collectively, the "Counter-Plaintiffs"), and for their Counterclaims against

6    Plaintiff/Counter-Defendant    Cymbidium    Restoration    Trust    ("Counter-Defendant"    or

7    "Cymbidium"), state as follows:

8

9    **PARTIES, JURISDICTION, AND VENUE**

10    1.    Counter-Plaintiff AHP Servicing, LLC ("AHP Servicing") is a Delaware LLC with

11   its principal place of business in Chicago, Cook County, Illinois. AHP Servicing's sole member is

12   Neighborhoods United LLC, a Delaware Limited Liability Company with its principal place of

13   business in Chicago, Illinois.

14    2.    The members of Neighborhoods United, LLC are Echeverria Kelly and Jorge

15   Newbery.

16    a.    Echeverria Kelly is a resident of Barrington, Cook County, Illinois.

17    b.    Jorge Newbery is a resident of Barrington, Cook County, Illinois.

18    3.    Counter-Plaintiff American Homeowner Preservation Series 2015A+ ("2015A+

19   Trust") is a Delaware Statutory Trust with its principal place of business in Chicago, IL. Its

20   administrator is AHP Capital Management, LLC.

21    4.    AHP Capital Management, LLC ("AHP Capital") is an Ohio LLC with its principal

22   place of business in Chicago, Cook County, Illinois.

**CORR CRONIN LLP**
1015 Second Avenue, Floor 10
Seattle, Washington 98104-1001
Tel (206) 625-8600
Fax (206) 625-0900

5.      The sole member of AHP Capital is Neighborhoods United, LLC. *See* ¶ 2.

6.      The sole beneficiary of 2015A+ Trust is American Homeowner Preservation 2015 A+ LLC.

7.      The sole member of American Homeowner Preservation 2015A+ LLC is American Homeowner Preservation Management, LLC.

8.      The sole member of American Homeowner Preservation Management, LLC is Jorge Newbery, a resident of Cook County, Barrington, Illinois.

9.      Counter-Plaintiff American Homeowner Preservation Trust Series AHP Servicing ("AHP Servicing Trust") is a Delaware Statutory Trust with its principal place of business in Chicago, Cook County, Illinois.

10.     The sole beneficiary of AHP Servicing Trust is AHP Servicing, LLC. *See* ¶¶ 1 and 2.

11.     The administrator of AHP Servicing Trust is AHP Capital. *See* ¶¶ 4 and 5.

12.     Cymbidium is a Delaware Statutory Trust with its principal place of business in King County, Washington.

13.     Upon information and belief, the beneficial owner of Cymbidium is Cymbidium Restoration, LLC, a Delaware limited liability company with its principal place of business in Seattle, King County, Washington.

14.     Upon information and belief, the members of Cymbidium Restoration, LLC are Oak Harbor Capital, LLC and Adam Henderson.

a.      Adam Henderson is a resident of the State of Washington.

DEFENDANTS' ANSWER, AMENDED AFFIRMATIVE DEFENSES TO
PLAINTIFF'S COMPLAINT AND COUNTERCLAIMS - 12
[No. 2:24-CV-00025-KKE]

b.     Oak Harbor Capital, LLC is a Delaware limited liability company with its principal place of business in Seattle Washington. Its sole member is Oak Harbor Holdings, LLC.

15.     Oak Harbor Holdings, LLC is a Delaware limited liability company with its principal place of business in Seattle, Washington.

16.     Upon information and belief, the individual members of Oak Harbor Holdings are Courtney Dodd, a resident of the State of Texas and Ophrys, LLC (now known as Oak Harbor Capital, LLC, See ¶ 14b).

17.     Defendant U.S. Bank Trust N.A. ("USBT"), named as a nominal party in the State Court Action, is upon information and belief an abbreviation for U.S. Bank Trust National Association, a Delaware corporation with its principal place of business in Minneapolis, Minnesota.

18.     The above-entitled case is a civil action of which the United States District Court for the Western District of Washington has original jurisdiction under the provisions of 28 U.S.C. Section 1332 and is an action of a civil nature between citizens of different states, wherein the Counter- Plaintiffs have a good faith belief that the amount in controversy exceeds $75,000.00.

19.     Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) and 28 U.S.C. § 128(b). Under Local Civil Rule 3(e)(1), removal to the Western District of Washington at Seattle is proper because a substantial part of the alleged events or omissions that give rise to the claims occurred in King County.

CORR CRONIN LLP
1015 Second Avenue, Floor 10
Seattle, Washington 98104-1001
Tel (206) 625-8600
Fax (206) 625-0900

## **FACTS COMMON TO ALL COUNTERCLAIMS**

20.     On October 7, 2022, 2015A+ trust and AHP Servicing Trust entered into a Mortgage Loan Sale Agreement with Repurchase Obligation ("MLSA") with Cymbidium Restoration Trust. *See* MLSA to be filed under as <u>Exhibit A</u>.

21.     The MLSA was executed by AHP Capital, administrator of the 2105A+ Trust and AHP Servicing Trust.

22.     The MLSA was thereafter amended on or about March 15, 2023 ("First Amendment" and collectively with the MSLA, "MLSA and First Amendment"). *See* First Amendment to be filed under seal as <u>Exhibit A</u>.

23.     The MLSA and First Amendment transferred a sum of money to 2015A+ Trust and AHP Servicing Trust in consideration for the transfer to Cymbidium of certain rights over a designated group of residential loans held by 2015A+ Trust and AHP Servicing Trust.

24.     The First Amendment extinguished a repurchase obligation on the part of 2015A+ Trust and AHP Servicing Trust and in exchange, gave Cymbidium certain rights over additional loans.

25.     The MLSA and First Amendment prohibit Cymbidium from engaging in less than arm's length transactions.

26.     The MLSA and First Amendment required the parties execute those agreements in good faith.

**CORR CRONIN LLP**
1015 Second Avenue, Floor 10
Seattle, Washington 98104-1001
Tel (206) 625-8600
Fax (206) 625-0900

27.     2015A+ Trust and AHP Servicing Trust have fulfilled their obligations under the MLSA and First Amendment insofar as any debts and interest owed to Counter-Defendant has been paid by 2015A+ Trust and AHP Servicing Trust.

28.     The MLSA contains a provision that requires its terms remain confidential except in enumerated circumstances.

29.     In spite the requirement that the parties to the MLSA keep its terms confidential, Counter-Defendant, through its agents, has disseminated its terms by quoting them verbatim in its Complaint and disseminating the Complaint to third parties around the United States.

## COUNTERCLAIM # 1 FOR DECLARATORY RELIEF

30.     Counter-Plaintiffs restate and reallege paragraphs 1 through and including 29 as though fully set forth herein as paragraph 30.

31.     Counter-Plaintiffs have satisfied their obligations under the MLSA and First Amendment by their repayment of all debts and interest more fully described in the MLSA and First Amendment.

32.     A dispute exists between Counter-Plaintiffs and Cymbidium as to whether 2015 A+ Trust and AHP Servicing Trust satisfied their obligations owed to Cymbidium pursuant to the terms of the MLSA and First Amendment.

33.     Counter-Plaintiffs therefore seek a declaration that 2015A+ trust and AHP Servicing Trust satisfied all obligations allegedly owed to Cymbidium pursuant to the express terms of the MLSA and First Amendment.

**CORR CRONIN LLP**
1015 Second Avenue, Floor 10
Seattle, Washington 98104-1001
Tel (206) 625-8600
Fax (206) 625-0900

WHEREFORE, Counter-Plaintiffs respectfully request this Court enter an order declaring that American Homeowner Preservation Trust Series AHP Servicing, and American Homeowner Preservation Trust Series 2015A+ have satisfied their obligations under the MLSA and First Amendment.

## COUNTERCLAIM # 2 FOR ACCOUNTING

34.     Counter-Plaintiffs restate and reallege paragraphs 1 through and including 33 as though fully set forth herein as paragraph 34.

35.     Counter-Plaintiffs have repeatedly requested and offered to pay for an independent audit to:

a.     Confirm Plaintiff's allegations, that any obligations owed under the MLSA and First Amendment have been satisfied;

b.     Determine the value of assets transferred by Cymbidium to Cymbidium's owners or affiliates for no consideration to Counter-Plaintiffs;

c.     Determine the value of services engaged by Cymbidium via less than arm's length transactions; and

d.     Otherwise reconcile the consideration received by Cymbidium under the terms of the MLSA and First Amendment.

36.     Despite Counter-Plaintiff's requests, Cymbidium has refused to permit an independent audit of its records.

37.     The only way to determine, with specificity, the amount of money Counter-Defendants have been compensated under the terms of the MLSA and First Amendment is an accounting.

38.     To the extent there is no adequate remedy or means by which the amounts owed by Cymbidium to Counter-Plaintiffs can be quantified, Counter-Defendants seek a full accounting of

DEFENDANTS' ANSWER, AMENDED AFFIRMATIVE DEFENSES TO
PLAINTIFF'S COMPLAINT AND COUNTERCLAIMS - 16
[No. 2:24-CV-00025-KKE]

**CORR CRONIN LLP**
1015 Second Avenue, Floor 10
Seattle, Washington 98104-1001
Tel (206) 625-8600
Fax (206) 625-0900

Cymbidium and its owner/affiliates to whom monies have been transferred as a result of the MLSA and First Amendment.

WHEREFORE, Counter-Plaintiffs respectfully requests an order for an accounting of the books and records of Cymbidium and its owner/affiliates to whom monies have been transferred.

## COUNTERCLAIM # 3 FOR BREACH OF CONTRACT

39.     Counter-Plaintiffs restate and reallege paragraphs one (1) through and including 38 as though fully set forth herein as paragraph 39.

40.     2015 A+ trust, AHP Servicing Trust, and Cymbidium agreed to the terms set forth in the MLSA and First Amendment, which constitutes a valid and enforceable contract. Exhibit A and Exhibit B.

41.     2015 A+ trust and AHP Servicing Trust have at all material times hereto performed and complied with all conditions required to be performed by them under the MLSA and First Amendment.

42.     Despite its obligation to do so, Cymbidium breached the terms of the MLSA and First Amendment by knowingly failing to execute the MLSA and First Amendment in good faith and in particular:

    a.     Made assignment to entities affiliated with or owned by Cymbidium for no consideration;

    b.     Transacted with entities owned by or affiliated with Cymbidium for the servicing of loans that were the subject of the MLSA and First Amendment; and

    c.     Failed to adequately account for monies received by Cymbidium from the assignment, servicing, or other enumerated activities related to the loans as required by the MLSA and First Amendment.

DEFENDANTS' ANSWER, AMENDED AFFIRMATIVE DEFENSES TO
PLAINTIFF'S COMPLAINT AND COUNTERCLAIMS - 17
[No. 2:24-CV-00025-KKE]

**CORR CRONIN LLP**
1015 Second Avenue, Floor 10
Seattle, Washington 98104-1001
Tel (206) 625-8600
Fax (206) 625-0900

43.     As a direct and proximate result of Cymbidium's breach of the terms of the MLSA and First Amendment, Counter-Plaintiffs have been compelled to initiate this counterclaim and incur attorneys' fees, court costs, and other expenses in connection with this Counterclaim, and may be in the future compelled to incur additional liability, expenses, and fees.

WHEREFORE, Counter-Plaintiffs pray for the following relief:

1.     Judgment in favor of Counter-Plaintiffs and against Cymbidium on Counterclaim # 3.

2.     Award compensatory damages in an amount to be determined by the Court;

3.     Award reasonable attorneys' fees and costs of prosecuting this action;

4.     Interest on damages as allowed by law; and

5.     Such other and further relief as the Court deems just and appropriate.

## COUNTERCLAIM # 4 FOR BREACH OF CONTRACT

44.     Counter-Plaintiffs restate and reallege paragraphs 1 through and including 43 as though fully set forth herein as paragraph 44.

45.     2015 A+ trust, AHP Servicing Trust, and Cymbidium agreed to the terms set forth in the MLSA and First Amendment, which constitutes a valid and enforceable contract. Exhibit A & Exhibit B.

46.     2015 A+ trust and AHP Servicing Trust have at all material times hereto performed and complied with all conditions required to be performed by them under the MLSA and First Amendment.

DEFENDANTS' ANSWER, AMENDED AFFIRMATIVE DEFENSES TO
PLAINTIFF'S COMPLAINT AND COUNTERCLAIMS - 18
[No. 2:24-CV-00025-KKE]

**CORR CRONIN LLP**
1015 Second Avenue, Floor 10
Seattle, Washington 98104-1001
Tel (206) 625-8600
Fax (206) 625-0900

47.     Pursuant to the express terms of the MLSA and First Amendment, Cymbidium agreed to, *inter alia*, refrain from disclosing and/or disseminating the terms of the MLSA and First Amendment to any third party. Exhibit A.

48.     Cymbidium deliberately and maliciously disclosed and/or disseminated the terms of the MLSA and First Amendment to third parties, evidenced by the inclusion of said terms in its Complaint against Counter-Plaintiffs, which is public record. *See, e.g.*, Cymbidium's Complaint at ¶ 11.

49.     Cymbidium's disclosure and/or dissemination of the terms of the MLSA and First Amendment constitutes a material breach of the MLSA and First Amendment.

50.     Upon information and belief, Cymbidium disseminated copies of its Complaint, which expressly includes terms subject to the aforesaid confidentiality provision, to third parties throughout the United States.

51.     As a direct and proximate result of Cymbidium material breach of the MLSA and First Amendment, Counter-Plaintiffs have been compelled to initiate this counterclaim and incur attorneys' fees, court costs, and other expenses in connection with this Counterclaim, and may be in the future compelled to incur additional liability, expenses, and fees.

WHEREFORE, Counter-Plaintiffs pray for the following relief:

1.     Judgment in favor of Counter-Plaintiffs and against Cymbidium on Counterclaim # 4.

2.     Award compensatory damages in an amount to be determined by the Court;

3.     Award reasonable attorneys' fees and costs of prosecuting this action;

4.     Interest on damages as allowed by law; and

DEFENDANTS' ANSWER, AMENDED AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT AND COUNTERCLAIMS - 19
[No. 2:24-CV-00025-KKE]

5.      Such other and further relief as the Court deems just and appropriate.

## COUNTERCLAIM # 5 FOR CONVERSION

52.      Counter-Plaintiffs restate and reallege paragraphs one (1) through and including 51 as though fully set forth herein as paragraph 52.

53.      Due to inadvertence, Counter-Plaintiffs overpaid Cymbidium approximately $3,000,000.00 pursuant to their performance under the MLSA and LPA ("Overpayment").

54.      Counter-Plaintiffs own the Overpayment, and have a right to the return of those funds upon a demand.

55.      Cymbidium has no right to the Overpayment.

56.      Counter-Plaintiffs demanded that Cymbidium return the Overpayment, but Cymbidium refused.

57.      Cymbidium has improperly and intentionally taken and used the Overpayment with the intent to deprive Counter-Plaintiffs of the use and possession of the Overpayment.

58.      Cymbidium's conduct has caused Counter-Plaintiffs damage by the loss of the Overpayment, along with other damages to be proven at trial, including interest, attorney's fees, and costs to prosecute this Counterclaim.

WHEREFORE, Counter-Plaintiffs pray for the following relief:

1.      Judgment in favor of Counter-Plaintiffs and against Cymbidium on Counterclaim # 5.

2.      Award compensatory damages in an amount to be determined by the Court;

3.      Award reasonable attorneys' fees and costs of prosecuting this action;

4.      Interest on damages as allowed by law; and

DEFENDANTS' ANSWER, AMENDED AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT AND COUNTERCLAIMS - 20
[No. 2:24-CV-00025-KKE]

1    5.    Such other and further relief as the Court deems just and appropriate.

2
3                                                CORR CRONIN LLP

4                                                *s/ Jeffrey B. Coopersmith*
5                                                Jeffrey B. Coopersmith, WSBA No. 30954
                                                 1015 Second Avenue, Floor 10
6                                                Seattle, Washington 98104-1001
                                                 Ph: (206) 625-8600
7                                                jcoopersmith@corrcronin.com

8                                                KMA ZUCKERT LLP

9                                                *s/ Brian J. Benoit*
10                                               Brian J. Benoit (admitted *pro hac vice*)
                                                 227 West Monroe Street, Suite 3650
11                                               Chicago, Illinois 60606
                                                 Ph: (312) 345-3065
12                                               bbenoit@kmazuckert.com

13                                               *Attorneys for Defendants/Counter-Plaintiffs*

14

15

16

17

18

19

20

21

22

23

24

25

DEFENDANTS' ANSWER, AMENDED AFFIRMATIVE DEFENSES TO
PLAINTIFF'S COMPLAINT AND COUNTERCLAIMS - 21
[No. 2:24-CV-00025-KKE]