UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| CYMBIDIUM RESTORATION TRUST,<br><br>Plaintiff(s),<br>v.<br><br>AMERICAN HOMEOWNER PRESERVATION TRUST SERIES AHP SERVICING, et al.,<br><br>Defendant(s). | CASE NO. C24-0025-KKE<br><br>ORDER ON PENDING DISCOVERY MOTIONS |

There are three discovery motions pending in this case (Dkt. Nos. 86, 88, 92), which the Court will address together in this omnibus order. For the reasons explained herein, the Court defers ruling on the motion to compel non-party SN Trading, LLC (Dkt. No. 86), grants the motion to compel Plaintiff (Dkt. No. 88), and denies the motion to quash (Dkt. No. 92).

I.     FACTUAL BACKGROUND[1]

In fall 2022, Plaintiff Cymbidium Restoration Trust ("Cymbidium") entered into a Mortgage Loan Sale Agreement With Repurchase Obligation with Defendant American Homeowner Preservation Trust Series AHP Servicing and Defendant American Homeowner Preservation Series 2015A+ (the "Trusts"). Defendant AHP Servicing, LLC provided a guaranty of the AHP Sellers' obligations in connection with that transaction. The agreement, which was

---

[1] This section is based largely on the parties' joint status report. *See* Dkt. No. 73 at 2–4.

ORDER ON PENDING DISCOVERY MOTIONS - 1

amended effective March 15, 2023, is referred to herein as the "Mortgage Sale Agreement." Intervenor VAK entered into a Mortgage Loan Sale Agreement with American Homeowner Preservation Series 2015A+ to purchase mortgage loans, and Cymbidium claims to have previously purchased some of those mortgage loans from the Trusts.

Cymbidium claims that the Trusts breached the Mortgage Sale Agreement in multiple ways, and contends that it is still owed approximately $3–$4 million. The Trusts, on the other hand, contend they performed and complied with all conditions required of them under the Mortgage Sale Agreement, but that Cymbidium breached the agreement in multiple ways. The Trusts allege that Cymbidium was overpaid more than $3 million. VAK contends that Cymbidium has no rights to the mortgage loans it received from AHP Series 2015A+, or that, in the alternative, AHP Series 2015A+ failed to disclose that Cymbidium claimed a right to the loans.

Cymbidium filed an action against Defendants in King County Superior Court, which was removed to this Court by Defendants in January 2024. Dkt. No. 1. The litigation has proceeded since that time, and as the deadline for discovery motions approached, the parties filed the pending motions. Dkt. Nos. 86, 88, 92. The Court will address each in turn.

## II.  LEGAL STANDARDS ON DISCOVERY MOTIONS

In general, civil litigants are entitled to discovery of "any nonprivileged matter that is relevant to any party's claim or defense[.]" Fed. R. Civ. P. 26(b)(1). A court can, however, limit discovery for numerous reasons, including the fact that the discovery sought "can be obtained from some other source that is more convenient, less burdensome, or less expensive[.]" Fed. R. Civ. P. 26(b)(2)(C)(i).

These general discovery limitations apply with equal force to subpoenas to third parties. *Gonzales v. Google, Inc.*, 234 F.R.D. 674, 679–80 (N.D. Cal. 2006). A court may quash or modify a subpoena that does not seek information that falls within the broad scope of permissible

ORDER ON PENDING DISCOVERY MOTIONS - 2

discovery. *Id*. at 680. A party issuing a subpoena "must take reasonable steps to avoid imposing undue burden or expense" on the subpoena's target and the court from which the subpoena issues must enforce this restriction. Fed. R. Civ. P. 45(d)(1). The court must balance the relevance of the discovery sought, the requesting party's need for the information, and the hardship to the subpoena's target. *Gonzales*, 234 F.R.D. at 680.

In general, the Court retains "broad discretion … to permit or deny discovery, and its decision to deny discovery will not be disturbed except upon the clearest showing that denial of discovery results in actual and substantial prejudice to the complaining litigant." *Hallett v. Morgan*, 296 F.3d 732, 751 (9th Cir. 2002) (cleaned up).

### III.    ANALYSIS

**A.    The Court Defers Ruling on the Motion to Compel Non-Party SN Trading.**

The AHP Defendants[2] served a subpoena *duces tecum* on non-party SN Trading, LLC ("SN") on April 1, 2024, seeking documents related to SN's involvement with mortgage loans at issue in this lawsuit. Dkt. No. 87 ¶¶ 2–3. Despite several email exchanges and meet-and-confer conversations, SN has not produced documents responsive to the subpoena, nor has SN filed a motion to quash. Dkt. No. 86 at 4. The AHP Defendants thus moved to compel SN to produce responsive documents within seven days. *Id*. at 6.

SN filed an opposition, arguing that requiring it to comply with the subpoena would be unduly burdensome because the documents sought are in the possession of Cymbidium and its affiliates, and the AHP Defendants should not burden a non-party with requests for documents they could seek from a party. Dkt. No. 94 at 6. SN posits that if Cymbidium or its affiliates will not produce the documents, then the AHP Defendants can seek recourse against them. *Id*. at 7.

---

[2] This term refers to the Trusts as well as Defendants AHP Capital Management, LLC, and AHP Servicing, LLC. Dkt. No. 87 ¶ 1.

SN concludes by noting that it, despite its objections, is producing more than 2,000 pages in response to the subpoena. *Id*.

The AHP Defendants' reply brief acknowledges SN's December 26 production, but contends that what was produced is either non-responsive or consists of Excel spreadsheets that do not contain the information requested. Dkt. No. 102. The AHP Defendants also dispute that *all* of the documents sought are available from parties, although it concedes that it has received *some* of them from parties. *Id*. at 6. The AHP Defendants emphasize that "only SN can produce documents identifying loan tapes it sold on behalf of non-party Magerick that contained Mortgage Loans" and, likewise, "[o]nly SN can produce bids it received and its receipt of response to inquiries from bidders and sellers that do not include Cymbidium." *Id*.

Based on the briefing reviewed by the Court, it appears that the AHP Defendants and SN have made progress narrowing down the requests and identifying some with specificity that the AHP Defendants could not obtain from parties. *See* Dkt. No. 87 at 27–36. To the extent that the AHP Defendants also argue that SN's eventual production was not in a useful format, it is not clear whether SN subsequently provided the documents in the format requested. *See* Dkt. No. 103 at 8.

Given that SN did not file a motion to quash, and because it appears from the record before the Court that further discussion between the AHP Defendants and SN may resolve this dispute, the Court will defer ruling on the motion to compel and orders SN and the AHP Defendants to continue discussions in an attempt to resolve this dispute without Court intervention. If they cannot, they may file a statement of discovery dispute in accordance with this Court's chambers procedures.

**B.      The Court Denies Cymbidium's Motion to Quash Subpoena to Goldman Sachs.**

The AHP Defendants issued a subpoena to Goldman Sachs requesting several categories of documents related to loans Goldman Sachs made to Cymbidium, entities related to Cymbidium,

ORDER ON PENDING DISCOVERY MOTIONS - 4

or William Weinstein (who is involved in the operations and management of Cymbidium and its related companies). *See* Dkt. No. 92 at 6. Cymbidium contends that none of the documents requested are tied to loans related to the transaction at issue in this lawsuit, and it therefore argues that the subpoena should be quashed as overbroad, irrelevant, and unduly burdensome. *Id*. at 8–9. Moreover, Cymbidium contends that because the AHP Defendants can obtain the documents from Cymbidium and/or its related entities, Goldman Sachs should not be required to produce them. *Id*. at 9–10.

The AHP Defendants oppose the motion to quash, arguing that Cymbidium has no standing to object to a subpoena served on Goldman Sachs on overbreadth, relevance, or burden grounds. Dkt. No. 97. The Court agrees with the AHP Defendants on that point: a party generally lacks standing to challenge a third-party subpoena "absent a claim of privilege, proprietary interest, or personal interest in the subpoenaed matter." *DeVivo v. Sovereign Lending Grp. Inc.*, No. C22-5254RSM, 2022 17547270, at *2 (W.D. Wash. Dec. 9, 2022). Although Cymbidium's reply brief argues for the first time that its sensitive information would be revealed if Goldman Sachs were required to produce loan documents (Dkt. No. 107 at 6–7), the Court declines to consider an objection not directly raised in the motion itself. Because Cymbidium does not have standing to bring the objections listed in the motion, the Court will deny its motion to quash.

### C.     The Court Grants the AHP Defendants' Motion to Compel.

The parties essentially agree that in order to ultimately resolve the claims presented in this lawsuit, there must be an accounting of Cymbidium's recoveries minus certain allowable costs and fees, to determine the extent, if any, of Cymbidium's damages. *See* Dkt. No. 88 at 3–4, Dkt. No. 95 at 3–4. The AHP Defendants have requested such an accounting multiple times, and this motion is the result of the parties' disagreement as to what type of accounting is sufficient to support Cymbidium's computation of damages. According to the AHP Defendants, Cymbidium's

disclosures and responses are incomplete and it has produced only summary spreadsheets without the underlying documents used to create them. Dkt. No. 88 at 9.

Cymbidium contends that an updated reconciliation report provided on December 26, 2024 (the same day it filed its opposition to the motion to compel) is the best it can provide, because the individual supporting documents used to create it are not typically received or kept by Cymbidium or its investment manager, and requiring Cymbidium to produce all of the supporting documentation would be unduly burdensome. Dkt. No. 95 at 8. Cymbidium has offered what it characterizes as a "practical and reasonable way" for Defendants to "test the integrity of the spreadsheet summaries provided": AHP can select a random sampling of 20 loans, and then Cymbidium "would work with its vendors to get all of the underlying supporting documents for those properties and produce them." *Id*. at 4. Cymbidium complains that Defendants did not respond to this offer in the meet and confer process; Defendants' reply brief does respond to this offer, to explain why it should not have to accept a small sampling and trust Cymbidium on the remainder. Dkt. No. 100 at 4–5.

Given that there appears to be no dispute that Federal Rule of Civil Procedure 26(a)(1)(A)(iii) requires Cymbidium to disclose a computation for each form of damages claimed *and* make available the documents and other evidentiary material used to calculate the computation, and that it has not yet provided all of that documentation, the motion will be granted. Although Cymbidium emphasizes that it is "not required to articulate their entire theory of liability, premised on internal work-product, to better assist Defendant in preparing its defense" (Dkt. No. 95 at 10 (quoting *Sierra Club v. BNSF Ry. Co.*, No. C13-0967-JCC, 2016 WL 4528452, at *7 (W.D. Wash. Aug. 30, 2016))), this is not what the AHP Defendants are requesting. The AHP Defendants are requesting an accounting to explain Cymbidium's damages computation, and the *Sierra Club* court explicitly noted that plaintiffs are required to make documents accessible to the

defendant that "contain the factual information on which Plaintiffs have built their case." 2016 WL 4528452, at *7. Here, it appears Cymbidium has not yet produced/identified all of the documents it has relied on for its computation of damages. *See* Dkt. No. 96 ¶ 5 (indicating that Cymbidium has identified for Defendants, by Bates numbers, "*some* of the documents from its previous productions from which Cymbidium is relying on for its computation for damages" (emphasis added)). Accordingly, the AHP Defendants' motion to compel will be granted.

### IV.   CONCLUSION

For the reasons explained herein, the Court:

(1) DEFERS ruling on the AHP Defendants' motion to compel (Dkt. No. 86). SN and the AHP Defendants are ORDERED to meet and confer in good faith for the purpose of tailoring the AHP Defendants' request to only those documents not obtainable from a party to this case, and addressing the concerns regarding format. If the meet-and-confer process ultimately fails to entirely resolve this dispute, the parties may file a statement of discovery dispute for the Court's resolution in accordance with the Court's chambers procedures.

(2) DENIES Plaintiff's motion to quash (Dkt. No. 92).

(3) GRANTS Defendants' motion to compel (Dkt. No. 88), to the extent Cymbidium has possession or control of the responsive documents. Cymbidium is ordered to certify that any remaining documents are outside of the control of Cymbidium and its affiliates. To the extent that Cymbidium relies upon any previously produced documents to substantiate its claims, it must identify those documents via Bates number.

Dated this 19th day of February, 2025.

_____
Kymberly K. Evanson
United States District Judge