UNI UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| CYMBIDIUM RESTORATION TRUST,<br><br>            Plaintiff,<br><br>  v.<br><br>AMERICAN HOMEOWNER PRESERVATION TRUST SERIES AHP SERVICING, et al.,<br><br>            Defendants. | CASE NO. C24-0025-KKE<br><br>ORDER GRANTING IN PART AND DENYING IN PART THE MOTION TO CONTINUE |
| AMERICAN HOMEOWNER PRESERVATION TRUST SERIES AHP SERVICING, et al.,<br><br>            Counter-Plaintiffs,<br><br>  v.<br><br>CYMBIDIUM RESTORATION TRUST,<br><br>            Counter-Defendant. | |
| VAK CAPITAL TRUST I,<br><br>            Intervenor-Defendant/<br>            Counterclaim and<br>            Crossclaim Plaintiff, | |

ORDER GRANTING IN PART AND DENYING IN PART THE MOTION TO CONTINUE - 1

|   |   |
|---|---|
| 1 | v. |
| 2 | CYMBIDIUM RESTORATION TRUST, |
| 3 | Counter-Defendant, |
| 4 | and |
| 5 | AHP CAPITAL MANAGEMENT, LLC, et al., |
| 6 | Cross-Defendant. |

This case was removed from King County Superior Court in January 2024 and is currently set for trial in June 2025, with a discovery cutoff and dispositive motions deadline of February 10, 2025. Dkt. Nos. 1, 39, 75.

Shortly after this case was reassigned to this Court in January 2025 (Dkt. No. 109), Defendants/Counter-Plaintiffs American Homeowner Preservation Trust Series AHP Servicing; American Homeowner Preservation Trust Series 2015A+; AHP Capital Management, LLC; and AHP Servicing, LLC (collectively "AHP") filed motions to consolidate this case with other cases assigned to this Court and to continue the trial date to January 2026. Dkt. Nos. 115, 119. Plaintiff Cymbidium Restoration Trust and AHP agreed to combine the briefing of these motions to allow the parties and the Court to consider the motions together. *See* Dkt. No. 122.

Before, during, and after the pendency of the briefing on the motions to consolidate and continue, the parties have continued to participate in the discovery process, and multiple disputes have required judicial resolution. *See, e.g.*, Dkt. Nos. 86, 88, 92, 123, 133. In some cases, compliance with the Court's rulings will require additional time to complete the discovery process, beyond the expired discovery deadline. *See, e.g.*, Dkt. Nos. 134, 136. Cymbidium agrees that at least a short extension of the discovery cutoff is warranted, but insists that the June 2025 trial date

ORDER GRANTING IN PART AND DENYING IN PART THE MOTION TO CONTINUE - 2

should be nonetheless maintained.  Dkt. No. 125 at 18.  AHP requests that the Court consolidate this case with other related cases and set all of them for trial in January 2026.  Dkt. No. 119.

 A case schedule "may be modified only for good cause with the judge's consent."  Fed. R. Civ. P. 16(b)(4).  In determining whether good cause exists to continue a case schedule, a court considers the following factors: (1) whether the moving party has been diligent in preparing its defense; (2) whether a continuance is needed; (3) the inconvenience to the Court, the opposing parties, and witnesses that would result from a continuance; and (4) the hardship to the moving party if denied a continuance.  *See United States v. 2.61 Acres of Land, More or Less, Situated in Mariposa Cnty., State of Cal.*, 791 F.2d 666, 671 (9th Cir. 1985).

In this case, all four of the factors suggest that there is good cause for a continuance.  First, AHP has been diligent in preparing its defense in this case, which has been made more complicated by the number of related cases located in courts around the country that arise out of the same transactions at issue in this case.  Although Cymbidium notes that AHP did not begin to request depositions in this case until approximately the month before the discovery cutoff (Dkt. No. 125 at 3), the disputes as to paper discovery contributed to that delay, as the parties discussed with the Court during a discovery conference on February 26, 2025.

Second, the Court finds that a continuance is needed because even Cymbidium acknowledges that additional time is needed in order to complete discovery and resolve any future dispositive motions.  Dkt. No. 125 at 2, 18.  Thus, it appears that both Cymbidium and AHP would be prejudiced in their trial preparation if the June 2025 trial date is maintained.  The Court's scheduling template requires 120 days between the dispositive motions deadline and the trial date, and that deadline has already passed without an opportunity for the parties to file a dispositive motion, with much discovery yet to complete.

Third, the Court has no basis to conclude that moving the trial date would be inconvenient for the Court, the parties, or witnesses. From this vantage point in February 2025, there is adequate time to effectuate a continuance without undue inconvenience.

And lastly, to deny AHP's motion to continue would require it to forgo the opportunity to file a dispositive motion, and all parties as well as the Court would be forced to prepare for trial on an expedited basis. The Court's calendar can accommodate a trial date in October 2025, and the Court finds that a continuance of this length would allow the parties sufficient time to complete discovery and proceed through the remainder of the case schedule in advance of trial. The Court finds that, based on the information currently available, a continuance to January 2026, as requested by AHP, is not necessary to ensure the Court's and the parties' preparation for trial.

For all of these reasons, the Court GRANTS IN PART and DENIES IN PART AHP's motion to continue (Dkt. No. 119), finding good cause to continue the trial date to October 6, 2025, but not as far out as AHP requested. The clerk is directed to issue an amended case schedule, beginning with a new discovery cutoff approximately 150 days before the new trial date of October 6, 2025. The prior trial date and case schedule (Dkt. No. 39) are hereby VACATED.

In light of this ruling, the parties are ORDERED to meet and confer with respect to the motion to consolidate. The parties shall provide a supplemental joint brief, no later than March 14, 2025, on their respective positions on whether or how the following issues should impact the Court's ruling on the motion to consolidate:

(1) The motions outstanding in Case No. 25-0007-KKE (Dkt. Nos. 74, 75), and the representations that additional motions to dismiss may be forthcoming (Dkt. No. 84 at 2). The Court notes that when this case was pending in the Central District of California, Defendants' deadline to respond to the Complaint was set for January 30, 2025. *See* Dkt. Nos. 41, 58.

(2) Have jury demands been entered in any of the related cases? If not, could any be timely made at this point?

(3) The fact that there are cases apparently related to this case that have not yet been transferred to this District. Is there any reason to wait on consolidation until all of the cases that would be subject to the order are here?

(4) Whether the fact that this case's trial date has been continued impacts Cymbidium's opposition to consolidation based on delay. *See, e.g.*, Dkt. No. 125 at 15–17.

In light of the Court's need for additional information before ruling on the motion to consolidate, the clerk is directed to RE-NOTE the motion (Dkt. No. 115) to March 14, 2025.

Dated this 27th day of February, 2025.

Kymberly K. Evanson
United States District Judge