UNI UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| CYMBIDIUM RESTORATION TRUST,<br><br>　　　　　Plaintiff,<br>　v.<br><br>AMERICAN HOMEOWNER PRESERVATION TRUST SERIES AHP SERVICING, et al.,<br><br>　　　　　Defendants. | CASE NO. C24-0025-KKE<br><br>ORDER ON DISCOVERY DISPUTE |
| AMERICAN HOMEOWNER PRESERVATION TRUST SERIES AHP SERVICING, et al.,<br><br>　　　　　Counter-Plaintiffs,<br>　v.<br><br>CYMBIDIUM RESTORATION TRUST,<br><br>　　　　　Counter-Defendant. | |
| VAK CAPITAL TRUST I,<br><br>　　　　　Intervenor-Defendant/<br>　　　　　Counterclaim and<br>　　　　　Crossclaim Plaintiff, | |

ORDER ON DISCOVERY DISPUTE - 1

|   |   |
|---|---|
| 1 | v. |
| 2 | CYMBIDIUM RESTORATION TRUST, |
| 3 | Counter-Defendant, |
| 4 | and |
| 5 | AHP CAPITAL MANAGEMENT, LLC, et al., |
| 6 | |
| 7 | Cross-Defendant. |

The Court held a conference on a discovery dispute (Dkt. No. 133) and took the issue under advisement. Dkt. No. 135. For the following reasons, the Court now grants Defendants' request for issuance of letters rogatory to allow Defendants to depose Irish citizens Darragh and Paul Birkett.

Courts have inherent authority to issue letters rogatory to foreign nations, and may request that the foreign nation order a witness to provide testimony that will aid in the resolution of a matter pending in the United States. *See United States v. Reagan*, 453 F.2d 165, 171–74 (6th Cir. 1971); *United States v. Staples*, 256 F.2d 290, 292 (9th Cir. 1958). Federal Rule of Civil Procedure 28(b)(2) provides that a deposition may be taken in a foreign country "under a letter of request, whether or not captioned a 'letter rogatory.'"

On applications for the issuance of letters rogatory, the Court will not ordinarily weigh the evidence to be elicited, nor will the Court determine whether the witnesses will be able to provide the anticipated testimony. *B&L Drilling Elecs. v. Totco*, 87 F.R.D. 543, 545 (W.D. Okla. 1978); *Parsons Xtreme Golf LLC v. Taylor Made Golf Co. Inc.*, No. CV-17-03125-PHX-JJT, 2018 WL 3954414, at *2 (D. Ariz. 2018). Rather, "good reason" must be shown for denying the issuance

of a letter rogatory. *Zassenhaus v. Evening Star Newspaper Co.*, 404 F.2d 1361, 1364 (D.C. Cir. 1968); *Parsons Xtreme Golf*, 2018 WL 3954414, at *2.

Here, Plaintiff objects to the issuance of letters rogatory on the grounds that the discovery sought has "little, if any, relevance" and because issuing such requests at this stage in the litigation would result in undue delay. Dkt. No. 133 at 5. Since the time that Plaintiff lodged this objection, however, the trial date and related pretrial deadlines (including the discovery deadline) have been continued. *See* Dkt. No. 137. Because it is not clear that the letters rogatory process would interfere with the current case schedule, the Court is not persuaded that the letters should not be issued for reasons of delay.

The Court further finds that Plaintiff has not shown that the evidence sought is wholly irrelevant to this litigation. Defendants contend that the depositions sought will yield information relevant to whether William Weinstein, Plaintiff's authorized representative, used a sham entity formed by Darragh Birkett to defraud Defendants. Dkt. No. 133 at 3–4. Although Plaintiff disputes facts related to Birkett's entity and the loan sale (*id*. at 4–5), it has not shown that the evidence sought cannot clear the low relevance bar of Federal Rule of Civil Procedure 26(b)(1).

Accordingly, the Court will issue the letters rogatory as requested by Defendants. The parties shall email Word versions of the letters to be issued (*see* Dkt. No. 141) to EvansonOrders@wawd.uscourts.gov.

Dated this 18th day of March, 2025.

Kymberly K. Evanson
United States District Judge

ORDER ON DISCOVERY DISPUTE - 3