UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| CYMBIDIUM RESTORATION TRUST,<br><br>               Plaintiff,<br>  v.<br><br>AMERICAN HOMEOWNER PRESERVATION TRUST SERIES AHP SERVICING, et al.,<br><br>               Defendants. | CASE NO. C24-0025-KKE<br><br>ORDER DENYING MOTION TO CONSOLIDATE |
| AMERICAN HOMEOWNER PRESERVATION TRUST SERIES AHP SERVICING, et al.,<br><br>               Counter-Plaintiffs,<br>  v.<br><br>CYMBIDIUM RESTORATION TRUST,<br><br>               Counter-Defendant. | |
| VAK CAPITAL TRUST I,<br><br>               Intervenor-Defendant/<br>               Counterclaim and<br>               Crossclaim Plaintiff, | |

|   |   |
|---|---|
| 1 | v. |
| 2 | CYMBIDIUM RESTORATION TRUST, |
| 3 | Counter-Defendant, |
| 4 | and |
| 5 | AHP CAPITAL MANAGEMENT, LLC, et al., |
| 6 | Cross-Defendant. |

AHP[1] filed a motion to consolidate this case (hereinafter "the *Cymbidium* action") with another case pending in this Court, *AHP Capital Management LLC v. Oak Harbor Capital LLC*, No. 25-0007-KKE ("the *AHP Capital* action"). Dkt. No. 115. According to AHP, the *Cymbidium* action and the *AHP Capital* action should be consolidated to avoid litigating "the same issues with the same witnesses and evidence" "in separate cases." *Id*. at 1. Consolidation is opposed by the plaintiff in the *Cymbidium* action, Cymbidium Restoration Trust. *See* Dkt. No. 24. Western Alliance Bank, a defendant in the *AHP Capital* action, also opposes consolidation. *See* No. 25-0007, Dkt. No. 76. Western Alliance also filed a motion to stay the *AHP Capital* action pending resolution of the *Cymbidium* action. *Id*., Dkt. No. 75.

Because the Court finds that, at this time, the benefits of consolidation are outweighed by the potential delay and prejudice. The Court will deny the motion to consolidate, without prejudice to refiling at a later stage in the proceeding.

---

[1] This order uses "AHP" to refer to Defendants/Counter-Plaintiffs in this action: American Homeowner Preservation Trust Series AHP Servicing; AHP Capital Management, LLC; American Homeowner Preservation Series 2015A+; and AHP Servicing, LLC.

ORDER DENYING MOTION TO CONSOLIDATE - 2

## I.  BACKGROUND

Cymbidium filed this action in King County Superior Court in November 2023, bringing claims for breach of contract and conversion. Dkt. No. 1-2. AHP removed the case to this Court in January 2024. Dkt. No. 1. AHP filed a third-party complaint against some of the defendants in the *AHP Capital* action, bringing claims for breach of fiduciary duty, an accounting, violation of 12 U.S.C. § 2607, unjust enrichment, conversion, and tortious interference with a contract. Dkt. No. 12. The Court set this action for trial in June 2025. Dkt. No. 39. The Court subsequently dismissed that third-party complaint in June 2024, ruling that AHP's claims against the Third-Party Defendants were independent from the claims asserted by Cymbidium in the *Cymbidium* action, and therefore could not serve as a foundation for impleader. Dkt. No. 59 at 6.

In September 2024, AHP filed the *AHP Capital* action in the U.S. District Court for the Central District of California against multiple parties, including some of the same Third-Party Defendants that had been listed in the (dismissed) third-party complaint in the *Cymbidium* action. *See* No. 25-0007, Dkt. No. 1. That complaint listed some of the same claims raised in the *Cymbidium* action, as well as multiple claims for civil RICO Act violations, fraud, and negligence. *Id*. The parties to the *AHP Capital* action eventually agreed that the case should be transferred to the Western District of Washington because it is related to the *Cymbidium* action. *Id*., Dkt. No. 56. The motion to transfer was granted and this case arrived in this Court in January 2025. *Id*., Dkt. No. 59. There are now two motions to dismiss pending in the *AHP Capital* action, and Western Alliance filed a motion to stay that action pending resolution of the *Cymbidium* action. *Id*., Dkt. Nos. 74, 75, 93. The Court has not set a trial date or any pretrial deadlines in this matter. *See id*., Dkt. No. 84 (granting the parties' stipulated motion to extend the deadline to a file a joint status report until after the motions to consolidate, stay, and/or dismiss are resolved).

AHP filed a motion to consolidate the *Cymbidium* action with the *AHP Capital* action. Dkt. No. 115. After the Court granted AHP's motion to continue the trial date in the *Cymbidium* action from June 2025 to October 2025, the Court requested additional briefing from the parties regarding consolidation. Dkt. No. 137.

After reviewing the parties' briefing and supplemental briefing on the motion to consolidate, the Court will deny the motion for the following reasons.

## II.  DISCUSSION

### A.  Legal Standards on a Motion to Consolidate

If two cases "involve a common question of law or fact," a court may "consolidate the actions" or "issue any other orders to avoid unnecessary cost or delay." Fed. R. Civ. P. 42(a). "The district court has broad discretion under this rule to consolidate cases pending in the same district." *Investors Res. Co. v. U.S. Dist. Court for Cent. Dist. of Calif.*, 877 F.2d 777, 777 (9th Cir. 1989). Even if two actions share common questions of law or fact, a court considering consolidation must "weigh the saving of time and effort consolidation would produce against any inconvenience, delay or expense that it would cause," and may "consider factors such as disparate trial dates or different stages of discovery as weighing against consolidation of the cases." *Single Chip Sys. Corp. v. Intermec IP Corp.*, 495 F. Supp. 2d 1052, 1057 (S.D. Cal. 2007) (cleaned up).

### B.  The Court Finds That Consolidation Is Not Appropriate At This Time.

It is undisputed that the *Cymbidium* action and the *AHP Capital* action share common questions of law or fact. *See* Dkt. No. 115 at 10, Dkt. No. 125 at 2, Dkt. No. 129 at 6–7, Dkt. No. 139 at 6. Nonetheless, the Court finds that consolidation at this time would not promote efficiency because the cases are at different stages of trial preparedness, and consolidation would significantly delay the *Cymbidium* action's progression toward trial. *See Ultimate Timing, L.L.C. v. Simms*, No. 2:08-CV-01632-MJP, 2010 WL 1881868, at *2 (W.D. Wash. May 10, 2010)

ORDER DENYING MOTION TO CONSOLIDATE - 4

("Consolidation may be inappropriate where two cases have been proceeding on two vastly different schedules to trial."). The *AHP Capital* action lacks a case schedule and has multiple motions to dismiss pending, whereas the *Cymbidium* action has been pending for more than a year and is set for trial later this year. The Court is not persuaded that judicial economy would be served by tying these two cases together at this point, although the Court may see it differently in the future, depending on the outcome of the motions to dismiss in the *AHP Capital* action, the progress of discovery in the *Cymbidium* action, and/or developments in other related cases. *See* Dkt. No. 139 at 8 (discussing additional related cases not subject to the motion to consolidate).

Although the Court is aware that allowing these cases to proceed separately could eventually result in duplicative discovery (Dkt. No. 139 at 7), some duplication may be inevitable due to the sheer number of cases that the parties are currently litigating involving the same or similar issues. *See, e.g.*, Dkt. No. 133 at 4 n.3 (referencing a case pending in King County Superior Court), Dkt. No. 139 at 6–8 (discussing other related federal cases). It is not clear to the Court that duplication of effort could not be minimized by alternate means, such as coordination among the parties and/or an eventual stay of the *AHP Capital* action. *See, e.g.*, *Taylor v. Amazon.com Servs. LLC*, No. 1:24-cv-01165-KES-BAM, 2025 WL 307469, at *5 (E.D. Cal. Jan. 27, 2025) (finding that the savings of time and effort resulting from consolidation is outweighed by the delay that would result from consolidation, because one case is eight years old and another "is in the earliest stage of litigation").

AHP requests that as an alternative to consolidation, the Court should continue the *Cymbidium* action's case schedule to allow it to run parallel to the *AHP Capital* action. Dkt. No. 129 at 9–10. The Court recently continued the *Cymbidium* action's trial date and case schedule, although not as far out as AHP requested. Dkt. No. 137. Although AHP believes that discovery in the *AHP Capital* action will reveal evidence relevant to the *Cymbidium* action (Dkt. No. 129 at

ORDER DENYING MOTION TO CONSOLIDATE - 5

10), such that their schedules should run in tandem, AHP's argument is speculative at this point. If the parties are unable to timely complete necessary discovery in this action, the Court can consider another trial continuance at that time, and/or whether to consolidate or schedule the two cases to run in parallel discovery tracks, but will not preemptively continue a trial date now on speculative grounds. Accordingly, the Court will deny AHP's motion to consolidate without prejudice to refiling at a later stage in the proceedings. *See, e.g., Denise S. v. Foreman*, No. 2:22-cv-09237-MEMF-PD, 2024 WL 2002217, at *1 (C.D. Cal. Apr. 26, 2024) (denying a motion to consolidate "without prejudice to either party seeking any form of consolidation at a later stage should the cases develop such that it appears proper to do so").

### III.    CONCLUSION

For these reasons, the Court DENIES AHP's motion to consolidate (Dkt. No. 115) without prejudice.

In light of a scheduling conflict documented in the parties' joint supplemental brief (Dkt. No. 139 at 11), and the parties' agreement that a short continuance of this action is warranted, the Court finds good cause to VACATE the current trial date and unexpired pretrial deadlines (Dkt. No. 138) and will issue a new case schedule in the *Cymbidium* action consistent with a trial date of October 27, 2025.

Dated this 7th day of April, 2025.

Kymberly K. Evanson
United States District Judge