The Honorable Kymberly K. Evanson

1

2

3

4

5

6

7

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

8

9 | CYMBIDIUM RESTORATION TRUST,

10 |                   Plaintiff,

NO. 2:24-cv-00025-KKE

11 |      v.

JOINT STATEMENT REGARDING
DISCOVERY DISPUTE AND
REQUEST TO EXTEND CASE
DEADLINES

12 | AMERICAN HOMEOWNER
PRESERVATION TRUST SERIES AHP
13 | SERVICING; its Trustee, U.S. BANK TRUST
N.A.; AHP CAPITAL MANAGEMENT, LLC;
14 | AMERICAN HOMEOWNER
PRESERVATION SERIES 2015A+; its Trustee,
15 | U.S. BANK TRUST NATIONAL
ASSOCIATION; AHP SERVICING, LLC; and
16 | JORGE NEWBERY,

17 |             Defendants.

18 | AMERICAN HOMEOWNER
PRESERVATION TRUST SERIES AHP
19 | SERVICING; AHP CAPITAL
MANAGEMENT, LLC; AMERICAN
20 | HOMEOWNER PRESERVATION SERIES
2015A+; and AHP SERVICING, LLC,

21

22 |           Counter-Plaintiffs,

23 |      v.

24 | CYMBIDIUM RESTORATION TRUST,

25 |          Counter-Defendant.

26

JOINT STATEMENT REGARDING DISCOVERY DISPUTE
AND REQUEST TO EXTEND CASE DEADLINES
(NO. 2:24-cv-00025-KKE) - 1

1

**POSITION OF MOVING PARTY AHP**

2
[AHP filed its position on Friday, May 9, 2025 (Dkt. 158).]

3
**POSITION OF CYMBIDIUM**

4
Cymbidium fully and timely complied with the Court's Order (Dkt. 134). It produced the

5
documents that support its damages computation in the format and structure referenced in the

6
Order and it identified documents by Bates numbers corresponding to the reconciliation

7
spreadsheet. *See* Exhibits 1- 3. Regarding the certification, Cymbidium has no ownership interest

8
in any other entities. Instead of just leaving it as that, because its investment manager, Oak Harbor,

9
also provides services to other entities, the certification encompassed entities managed by Oak

10
Harbor.

11
To ensure clarity, the supporting documents produced were organized in labeled folders

12
corresponding to the categories and line items in the December 26, 2024, reconciliation

13
spreadsheet (the "Cross-Referenced Files"). By doing so, the specific documents that support each

14
portion of the damages calculation were identified. Some information appears in multiple formats

15
in the Cross-Referenced Files (e.g., in a communication, or an internal report, or a loan file). That

16
is how Cymbidium and its investment manager maintained their records and those were the records

17
from which the reconciliation was prepared.

18
The so-called "document dump" are the complete loan files for each loan included in the

19
reconciliation. The production preserved both their organization by loan number and their

20
subfolder organization as those records are kept in the normal course of business. Yet, each

21
document was still Bates stamped, which allows for straightforward cross-checking of documents

22
such as payment histories, sales proceeds, and missing or unsigned assignments or allonges. While

23
some loan file content overlaps with the Cross-Referenced Files, only the organization differs not

24
the substance.

25

26

JOINT STATEMENT REGARDING DISCOVERY DISPUTE
AND REQUEST TO EXTEND CASE DEADLINES
(NO. 2:24-cv-00025-KKE) - 2

With respect to the "atrocities list,"[1] Cymbidium produced all available loan sale agreements. Loans on that list were included due to missing or defective documentation that AHP refused to provide (in breach of the MSLA) which rendered the loans unable to be resold. Others were included because Cymbidium discovered AHP had already sold the loans elsewhere. These findings were not derived from a single document but instead pieced together through numerous emails, internal communications, and online research and investigation. Cymbidium produced the responsive emails and identified by Bates number(s) each email that corresponds to and supports the numbers and notes in the damages spreadsheet.

In addition to its document production, Cymbidium explained how to navigate the reconciliation spreadsheet, how tabs relate, and how to locate underlying source documents. A simplistic "one document per line item" approach was not feasible or accurate because that is not how Cymbidium's business operates, nor is it how these files were originally maintained— something AHP knows given its own document practices, which mirror Cymbidium's in many respects.

Cymbidium made a thorough and Court-compliant production. The time has come for AHP to take whatever depositions it wishes and get this collection case to trial. This continued delay appears to be a tactical distraction from AHP's failure to review the materials and its foot-dressing regarding completing deposition discovery. It is not grounds for any further postponement.

///

///

///

---

[1] The "atrocity list" is a tab in the reconciliation/damages spreadsheet.

JOINT STATEMENT REGARDING DISCOVERY DISPUTE
AND REQUEST TO EXTEND CASE DEADLINES
(NO. 2:24-cv-00025-KKE) - 3

1

DATED this 12th day of May, 2025.

2

BYRNES KELLER CROMWELL LLP

3

4

By:/s/ Bradley S. Keller
   Bradley S. Keller, WSBA #10665

5

By:/s/ M. Victoria Molina

6

   M. Victoria Molina, WSBA #62109
   1000 Second Avenue, 38th Floor

7

   Seattle, Washington  98104
   Telephone: (206) 622-2000

8

   Facsimile:  (206) 622-2522
   Email:    bkeller@byrneskeller.com

9

           mvmolina@byrneskeller.com
*Attorneys for Plaintiff*

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

JOINT STATEMENT REGARDING DISCOVERY DISPUTE
AND REQUEST TO EXTEND CASE DEADLINES
(NO. 2:24-cv-00025-KKE) - 4

BYRNES ♦ KELLER ♦ CROMWELL LLP
38TH FLOOR
1000 SECOND AVENUE
SEATTLE, WASHINGTON  98104
(206) 622-2000

## CERTIFICATE OF SERVICE

The undersigned attorney certifies that on the 12th day of May, 2025, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all counsel on record in the matter.

/s/ M. Victoria Molina
Byrnes Keller Cromwell LLP
1000 Second Avenue, 38th Floor
Seattle, WA  98104
Telephone:  (206) 622-2000
Facsimile:  (206) 622-2522
mvmolina@byrneskeller.com

JOINT STATEMENT REGARDING DISCOVERY DISPUTE
AND REQUEST TO EXTEND CASE DEADLINES
(NO. 2:24-cv-00025-KKE) - 5

# EXHIBIT 1

BYRNES ♦ KELLER ♦ CROMWELL LLP

TELEPHONE:
(206) 622-2000

LAWYERS
38th Floor
1000 Second Avenue
Seattle, Washington 98104

FACSIMILE:
(206) 622-2522

April 4, 2025

**VIA EMAIL ONLY**

Brian J. Benoit
KMA Zuckert LLP
227 West Monroe Street, Suite 3650
Chicago, Illinois 60606

Re:     *Cymbidium Restoration Trust v. American Homeowner Preservation Trust Series AHP Servicing, et al.,* Case No. 2:24-cv-00025-KKE (W.D. Wash.)
Supplemental Discovery Responses by Cymbidium

Dear Brian:

Thanks for the call today, it was constructive. This letter serves as a recap of our conversation with additional information, and the action items that were discussed. Please let me know if you think I left anything out.

As discussed, the signed certification will be forthcoming. Cymbidium can confirm that it has produced all documents from shared and local drives.

The most recent reconciliation is the excel bates labeled 139074, which we went over together this morning while I shared my screen. Below is a summary of the information:

**A.  Identify the documents supporting the $9,247,491.130 calculation**.

- H8 is the sum of all the amounts under tab "Schedule A Purchase Putbacks"
- H16 is the sum of the amounts under tab "Keydally $10M purchase"
- H11-33 except H16, is the sum of the amounts under tab "Payments - OI details"
- H35 is the sum of all the H figures.

The supporting basis for each is on the individual tabs referenced and documents already produced.

Brian J. Benoit
April 4, 2025
Page 2

**B. Improvement cost**.

All the documentation supporting the information on the improvement cost column are the same as the documents already produced regarding the "Summary Improvement Cost." (See documents produced on December 4, 2024, March 5 and 27, 2025). The calculation is adding E28 and B49 from the "Summary" tab. Both added equals 2,739.424.55.

| | | | | | |
|---|---|---|---|---|---|
| | Dec | | 209,758.20 | 29,849.95 | 179,908.25 |
| **2023 Total** | | | **1,428,213.67** | **82,306.72** | **1,345,906.95** |
| ⊟ 2024 | Jan | | 117,075.20 | - | 117,075.20 |
| | Feb | | 129,325.29 | 6,328.38 | 122,996.91 |
| | Mar | | 559,204.31 | 469,953.05 | 89,251.26 |
| | Apr | | 77,044.39 | 10,531.30 | 66,513.09 |
| | May | | 238,097.50 | 3,079.20 | 235,018.30 |
| | Jun | | 94,761.31 | 4,479.36 | 90,281.95 |
| | Jul | | 88,721.85 | 1,428.91 | 87,292.94 |
| | Aug | | 378,869.24 | 228,722.64 | 150,146.60 |
| | Sep | | 209,552.25 | 15,000.00 | 194,552.25 |
| | Oct | | 102,521.65 | 13,128.41 | 89,393.24 |
| | Nov | | 2,332.24 | - | 2,332.24 |
| | Dec | | 2,000.00 | - | 2,000.00 |
| **2024 Total** | | | **1,999,505.23** | **752,651.25** | **1,246,853.98** |
| **Grand Total** | | | **3,497,618.00** | **834,957.97** | **2,662,660.03** |
| | | | | | |
| Collateral review | | 28,100.00 | 11/3/2022 | | |
| Closing Legal fee | | 2,500.00 | 11/15/2022 | | |
| Closing Legal fee | | 2,000.00 | 2/7/2023 | | |
| Closing legal and loan fee | | 12,402.30 | 5/24/2023 | | |
| | | | | | |
| Closing legal and loan fee | | 14,862.22 | 7/3/2023 | | |
| Closing legal and loan fee | | 16,900.00 | 7/31/2023 | | |
| | | | | | |
| **Total** | | **76,764.52** | | | |
| | | | | | |
| Loan fees - April | | 17,300.00 | 9/30/2023 | already included | |
| | | | | | - |

In our production we provided individual folder names that match the names on the improvement cost tab, comparing the screenshot below with production.

Brian J. Benoit
April 4, 2025
Page 3

| Sum of Calc Amount | Year | | | | OI - details available |
|---|---|---|---|---|---|
| category | | 2022 | 2023 | 2024 | Grand Total | |
| LH Monthly settlement | | | 322,703.52 | 279,442.67 | 602,146.19 | |
| Pyramid Invoice | | | 488,147.03 | 79,749.04 | 567,896.07 | |
| LH Legal | | | 148,109.98 | 320,530.10 | 468,640.08 | |
| SES Insurance | | | 119,547.45 | 237,309.67 | 356,857.12 | |
| Legal expenses - Peter / Gabrielle and team | | | | 179,734.57 | 179,734.57 | |
| Due diligence | | 69,844.10 | 53,580.22 | 28,029.50 | 151,453.82 | |
| LH Tax | | | | 147,294.13 | 147,294.13 | |
| Cliff's NPL / REO fees | | | 40,475.53 | 27,621.91 | 68,097.44 | |
| WR - AOM?? | | | 55,949.42 | 8,284.55 | 64,233.97 | |
| Filing fees - AOM? | | 55.00 | 12,235.05 | 25,745.50 | 38,035.55 | |
| Loan / Legal fees - WAB | | | 17,300.00 | | 17,300.00 | |
| Laitim - Mortgage connect | | | | 1,450.00 | 1,450.00 | |
| Tax Refund | | | (1,028.42) | | (1,028.42) | |
| OHC - AR other | | | 540.00 | | 540.00 | |
| Entry backed out | | | 88,347.17 | (88,337.66) | 9.51 | |
| Grand Total | | 69,899.10 | 1,345,906.95 | 1,246,853.98 | 2,662,660.03 | |

Land Home Information: Cymbidium137778-80 and the Land Home Tab on excel 139074. Please also refer back to Cymbidium's answer to Interrogatory 8 for more information.

Pyramid Invoice: Cymbidium140492-141320

SES Insurance: Cymbidium137783-137784, 148104-148106

Legal Expenses: Cymbidium139075-140094

Due Diligence: Cymbidium146960-148103

Cliff's NPL/REO Fees: Cymbidium137781

WR- AOM: Cymbidium143934-144887

Loan/Legal Fees, Latim Mortgage Connect, Tax Refund: Cymbidium137784, 144977-146362, Cymbidium144888-144976

C. **Payments**.

The "Payments" column refers to the payments received from AHP. In the Summary Tab, the payment information is listed in H1-33 through L1-33. When each amount is double-clicked the itemized information is provided. See Snapshot below. The bank

Brian J. Benoit
April 4, 2025
Page 4

statements showing the payments amongst other information were already produced. *See* Cymbidium144888-144976.

| Account Description | (All) | | | | |
|---|---|---|---|---|---|
| Account Number | (Multiple Items) | | | | |
| | | **Values** | | | |
| **Year** | **GL TRX Date** | **Sum of Debit Amount** | **Sum of Credit Amount** | **Calc** | |
| ⊟ 2023 | Jan | - | 500,000.00 | (500,000.00) | |
| | Feb | - | 300,000.00 | (300,000.00) | |
| | Mar | - | 125,000.00 | (125,000.00) | |
| | Apr | - | 1,594,029.05 | (1,594,029.05) | |
| | May | 23,776.05 | 584,588.64 | (560,812.59) | |
| | Jun | 43,837.85 | 2,642,927.42 | (2,599,089.57) | |
| | Jul | - | 1,062,319.96 | (1,062,319.96) | |
| | Aug | 850,359.00 | 2,153,934.18 | (1,303,575.18) | |
| | Sep | 339,389.77 | 2,248,006.84 | (1,908,617.07) | |
| | Oct | - | 567,209.18 | (567,209.18) | |
| | Nov | - | 46,252.13 | (46,252.13) | |
| | Dec | 8,626,893.62 | 11,402,974.06 | (2,776,080.44) | |
| **2023 Total** | | **9,884,256.29** | **23,227,241.46** | | |
| ⊟ 2024 | Jan | - | 92,030.96 | (92,030.96) | |
| | Feb | 60,907.03 | 1,385,338.12 | (1,324,431.09) | |
| | Mar | - | 803,702.93 | (803,702.93) | |
| | Apr | - | 28,710.66 | (28,710.66) | |
| | May | - | 136,930.69 | (136,930.69) | |
| | Jun | - | 163,964.99 | (163,964.99) | |
| | Jul | - | 219,334.25 | (219,334.25) | |
| | Aug | 23,756.39 | 285,777.78 | (262,021.39) | |
| | Sep | 23,946.07 | 76,769.16 | (52,823.09) | |
| | Oct | - | 121,504.90 | (121,504.90) | |
| | Nov | - | 22,113.04 | (22,113.04) | |
| **2024 Total** | | **108,609.49** | **3,336,177.48** | | |
| **Grand Total** | | **9,992,865.78** | **26,563,418.94** | **(16,570,553.16)** | |

| Reference | Account Number | DEPARTMENT | PORTFOLIO | Department Description | Portfolio Description | Debit Amount |
|---|---|---|---|---|---|---|
| r/c JE 1195 AHP REO Sale | 1353-0003 | | 51022 | | Reimbursable costs from AHP | 23776.05 |
| REO Sale Proceeds 6/26/23 | 1353-0003 | | 51022 | | Reimbursable costs from AHP | 43837.85 |
| r/c JE 2606 ERO Sale S2023-68 | 1353-0002 | | 51022 | | Reimbursable costs from AHP | 850359 |
| AHP REO Proceeds from Debt | 1353-0003 | | 017596 | | AHP (2022-12) | 339389.77 |
| r/c CR internal sale to CRloan | 1353-0005 | | 51022 | | Reimbursable costs from AHP | 850359 |
| reclass CR AHP to CR loan sale | 1353-0003 | | 017596 | | AHP (2022-12) | 2848101.61 |
| reclass CR AHP to CR loan sale | 1353-0003 | | 51022 | | Reimbursable costs from AHP | 3468955.41 |
| reclass CR AHP to CR loan sale | 1353-0002 | | 51022 | | Reimbursable costs from AHP | 763545.75 |
| Sale of 48052169 -153 Steinway | 1353-0003 | | 51022 | | Reimbursable costs from AHP | 147383.98 |
| Sale of 48052169 -153 Steinway | 1353-0003 | | 51022 | | Reimbursable costs from AHP | 548547.87 |

Brian J. Benoit
April 4, 2025
Page 5

### D. Loan recoveries.

The individual sale agreements were produced, showing the recoveries, *see* Cymbidium, 140095-140468, and 141321-143911. Additionally, the internal notes regarding each loan for which Cymbidium was not able to recover because AHP sold to a third party or did not provide the necessary documentation to effectuate the sale were provided under tab labeled as "Put back list" within the excel bates labeled Cymbidium139074. Additional documents regarding the same are the internal and external email communications already produced by Cymbidium. See also the answers to Interrogatories No. 2, 3, 5, and 6.

**Action Items**:

- Cymbidium to supplement its written responses to the requests for production in addition to the supplementation of the answers to interrogatories that Cymbidium provided on March 5, 2025, which identified the documents via bates number that Cymbidium relied upon for its calculations.

- Within one of the interrogatory answers Cymbidium will include information about whether the values from Column H were deducted from Column G in the "updated loan summary" tab of the excel bates labeled Cymbidium139074.

- Within one of the Interrogatory answers Cymbidium will identify how each column was calculated and what documents were used for the calculation of each in the "updated loan summary" tab of the excel bates labeled Cymbidium139074.

- We also spoke about the request that Cymbidium supplement documents and correspondence since the filing of the lawsuit. We agreed that this supplementation needs to be **mutual,** and both parties need to agree on reciprocal scope and limits that will govern and enable them to supplement their production. We have agreed to mutually share search terms by Wednesday, April 9, 2025.

Brian J. Benoit
April 4, 2025
Page 6

Additionally, during the call I asked about AHP scheduling the depositions of the entities and individuals first requested by AHP on January 8, 2025. You indicated you will be checking with your team. Please provide us with dates for the depositions. We do not want to run against the discovery deadline again and be forced to do back-to-back depositions if it can be avoided.

Finally, and separate from the meet and confer about Cymbidium's document production, we discussed the Subpoena issued by Cymbidium to Fifth Third Bank. You asked that we remove from our request documents pertaining to Mr. Newbery because those are not relevant to the case, and he is no longer a named defendant. I told you it is relevant because we still have a conversion claim against AHP and we need to know if monies from the recoveries of the mortgage loans were transferred from AHP to anyone of its agents, including Mr. Newbery. We are taking AHP's position under advisement and will let you know about a change in the language by the end of the day today, April 4, 2025.

Very truly yours,

BYRNES KELLER CROMWELL LLP

*M. Victoria Molina*

Victoria Molina

cc:     Brad Keller (via email only)
        Jeffrey B. Coopersmith (via email only)
        Eric Lindberg (via email only)
        Rachel Hay (via email only)

# EXHIBIT 2

The Honorable Kymberly K. Evanson

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| CYMBIDIUM RESTORATION TRUST,<br><br>                              Plaintiff,<br><br>        v.<br><br>AMERICAN HOMEOWNER PRESERVATION TRUST SERIES AHP SERVICING; its Trustee, U.S. BANK TRUST N.A.; AHP CAPITAL MANAGEMENT, LLC; AMERICAN HOMEOWNER PRESERVATION SERIES 2015A+; its Trustee, U.S. BANK TRUST NATIONAL ASSOCIATION; AHP SERVICING, LLC; and JORGE NEWBERY,<br><br>                              Defendants. | NO. 2:24-cv-00025-KKE<br><br>PLAINTIFF CYMBIDIUM'S SUPPLEMENTAL ANSWERS TO DEFENDANTS/COUNTER-PLAINTIFFS' INTERROGATORIES |
| AMERICAN HOMEOWNER PRESERVATION TRUST SERIES AHP SERVICING; AHP CAPITAL MANAGEMENT, LLC; AMERICAN HOMEOWNER PRESERVATION SERIES 2015A+; and AHP SERVICING, LLC,<br><br>                              Counter-Plaintiffs,<br><br>        v.<br><br>CYMBIDIUM RESTORATION TRUST,<br><br>                              Counter-Defendant. | |

BYRNES ♦ KELLER ♦ CROMWELL LLP
38TH FLOOR
1000 SECOND AVENUE
SEATTLE, WASHINGTON 98104
(206) 622-2000

1 | VAK CAPITAL TRUST I,

2 |                           Intervenor-Defendant and
                                            Counterclaim and
3 |                                Crossclaim Plaintiff,

4 |           v.

5 | CYMBIDIUM RESTORATION TRUST,

6 |                           Counter-Defendant, and

7 | AHP CAPITAL MANAGEMENT, LLC; and
   AMERICAN HOMEOWNER
8 | PRESERVATION SERIES 2015A+,

9 |                           Cross-Defendants.

10 |

11 |       Plaintiff Cymbidium Restoration Trust (hereinafter "Cymbidium") responds and objects to

12 | Defendants/Counter-Plaintiffs, American Homeowner Preservation Trust Series AHP Servicing,

13 | AHP Capital Management, LLC, American Homeowner Preservation Trust Series 2015A+, and

14 | AHP Servicing, LLC (collectively "AHP's") Interrogatories (hereinafter "Discovery Requests") as

15 | follows:

16 |                           **I.    PRELIMINARY STATEMENT**

17 |       Cymbidium has not completed its investigation, discovery, or trial preparation. The

18 | answers provided are based on Cymbidium's knowledge, information, and belief at this time,

19 | made without prejudice to Cymbidium's objections. It is anticipated that further independent

20 | investigation, discovery, legal research, or analysis will supply additional facts, add meaning to

21 | known facts, or establish new factual conclusions or legal contentions, which may lead to

22 | additions to, changes in, or variations from the answers set forth below.

23 |       Cymbidium's answers and responses in no way waive Cymbidium's objections to their

24 | competency, relevance, materiality, privilege or admissibility, or Cymbidium's objections to their

25 | use in any proceedings.

26 |

BYRNES ♦ KELLER ♦ CROMWELL LLP
38TH FLOOR
1000 SECOND AVENUE
SEATTLE, WASHINGTON  98104
(206) 622-2000

1

## II.    GENERAL OBJECTIONS

2      1.      Cymbidium objects to AHP's Discovery Requests to the extent they seek material

3 or information protected by the attorney-client privilege, work product doctrine, or other

4 immunity.

5      2.      Cymbidium objects to AHP's Discovery Requests to the extent they purport to

6 impose obligations exceeding those required by the Federal Rules of Civil Procedure.

7      3.      Cymbidium objects to AHP's Discovery Requests to the extent they seek

8 information, documents or things other than those in Cymbidium's actual possession, custody or

9 control.

10      4.      Cymbidium further reserves the right to supplement, amend or correct all or any

11 part of the responses provided herein. Cymbidium also reserves the right to object to the

12 admissibility of all or any part of the information provided in response to AHP's Discovery

13 Requests.

14      5.      Cymbidium incorporates these General Objections into each specific response, and

15 the assertion of a specific objection to a Discovery Request shall not constitute a waiver of any

16 General Objection unless explicitly stated.

17

## III.    INTERROGATORIES

18      INTERROGATORY NO. 1:  State the name, address, and telephone number of all

19 persons with knowledge of any facts related to the Action and describe in detail the knowledge

20 of the facts each such person has.

21      ANSWER:   Cymbidium objects to the Interrogatory to the extent it seeks confidential

22 and proprietary business information concerning securities and mortgages, which are protected

23 by privacy rights, and could potentially harm the competitive interests of Cymbidium if

24 disclosed. Cymbidium also objects to the Interrogatory in that it seeks privileged and/or work

25 product protected information. Moreover, to the extent the Interrogatory seeks information that

26 is not privileged or work product protected, Cymbidium further objects in that the Interrogatory

BYRNES ♦ KELLER ♦ CROMWELL LLP
38TH FLOOR
1000 SECOND AVENUE
SEATTLE, WASHINGTON 98104
(206) 622-2000

1    is overbroad, vague, and unduly burdensome as to the knowledge of others. Without waiving

2    any objections, Cymbidium states: *See* Plaintiff's Initial Disclosures; *see also* Defendants'

3    Initial Disclosures; and *see also* VAK Capital's Initial Disclosure. In addition, Land Home

4    Financial Services, Inc. and the employees servicing the Mortgage Loans may have knowledge.

5    Attorneys handling the Lis Pendens actions, such as John B. Buzbee, Sean Foerster, Mathew

6    Lindsey, Stephanie Mulcahy, Eric Simonson, Julia Terry, may have knowledge. AHP former

7    employees that were part of the transition documents for the MLSA sale may have knowledge.

8    Sonal Gupta and Michael Basile, employees of Oak Harbor Capital, LLC, may have knowledge

9    regarding the calculations of cost and recoveries under the MLSA.  Entities and their

10   employees that serviced the loans through REO sales or NPL sales, or other services, may have

11   knowledge, such as SN Trading, LLC, and South Watuppa, LP. Hunt Valley Capital

12   Management, LLC may have knowledge regarding AHP's sale of the same mortgage loans

13   already pledged as collateral under the MLSA.

14

15       INTERROGATORY NO. 2:  State the bates number of documents You have produced

16   that identify those documents used to base Your computation of damages at the time of the

17   filing of the Action and as identified as Your computation of damages pursuant to Fed. R. Civ.

18   P. 26(a)(1)(c).

19       ANSWER: Cymbidium objects to the Interrogatory to the extent it seeks to place an

20   undue burden on Plaintiff to pinpoint documents that have already been produced to Defendants

21   and which Defendants can conduct their own review of the same documents produced to

22   formulate their own defenses of the case. Further, the Bates number of documents sought to have

23   been provided to Defendants or its affiliates in the normal course of their business and would

24   therefore constitute an exercise in repetition. Further, Cymbidium objects because Fed. R. Civ. P.

25   26(a)(1)(**c**) does not exist. Without waiving the objections, Cymbidium answers:

26       Cymbidium000465

PLAINTIFF CYMBIDIUM'S SUPPLEMENTAL ANSWERS TO
DEFENDANTS/COUNTER-PLAINTIFFS' INTERROGATORIES
(NO. 2:24-cv-00025-KKE) - 4

1    Cymbidium000470

2    Cymbidium000484

3    Cymbidium000509

4    Cymbidium000523

5    Cymbidium000572

6    Cymbidium000604

7    Cymbidium000612

8    Cymbidium000618

9    Cymbidium000623

10    Cymbidium000627

11    Cymbidium000629-35

12    Cymbidium000679

13    Cymbidium000688

14    Cymbidium000705

15    Cymbidium000709

16    Cymbidium000719

17    Cymbidium000790-791

18    Cymbidium000842-852

19    Cymbidium001185

20    Cymbidium001214

21    Cymbidium001216

22    Cymbidium001234

23    Cymbidium001395-1396

24    Cymbidium001397-1398

25    Cymbidium001405

26    Cymbidium001420

PLAINTIFF CYMBIDIUM'S SUPPLEMENTAL ANSWERS TO
DEFENDANTS/COUNTER-PLAINTIFFS' INTERROGATORIES
(NO. 2:24-cv-00025-KKE) - 5

BYRNES ♦ KELLER ♦ CROMWELL LLP
38TH FLOOR
1000 SECOND AVENUE
SEATTLE, WASHINGTON 98104
(206) 622-2000

1    Cymbidium001448

2    Cymbidium001487

3    <u>INTERROGATORY NO. 3</u>:  State the bates number of documents You have produced

4  that identify those documents used to base Your computation of damages at the present time.

5    <u>ANSWER</u>:  *See* objections and answers to Interrogatory No. 2 and Cymbidium137776-

6  Cymbidium137784.

7    <u>SUPPLEMENTAL ANSWER</u>:

8    Cymbidium140095-140491;

9    Cymbidium 140492-141320;

10    Cymbidium 141321-143911;

11    Cymbidium 143912-143933;

12    Cymbidium 143934-144887;

13    Cymbidium 144888-144976;

14    Cymbidium 144977-146362;

15    Cymbidium146363-146959;

16    Cymbidium 146960-148103.

17

18    <u>INTERROGATORY NO. 4</u>:  Identify by property address that serves as collateral for a

19  Mortgage Loan, each Mortgage Loan that after October 7, 2022, was assigned to Magerick,

20  LLC, Atlantica, LLC, Oak Harbor Capital, LLC, Cymbidium Restoration Trust, Cymbidium

21  Restoration, LLC or any other entity via power of attorney executed by American Homeowner

22  Preservation Trust Series AHP Servicing, American Homeowner Preservation Trust Series

23  2015A+, and/or American Homeowner Preservation, LLC.

24    <u>ANSWER</u>:  Cymbidium objects insofar as this Interrogatory calls for an answer under the

25  legal theory presented by Defendants and the Interrogatory itself assumes incorrect facts. Each of

26  the Mortgage Loans were purchased by Cymbidium under the MLSA, any subsequent

PLAINTIFF CYMBIDIUM'S SUPPLEMENTAL ANSWERS TO
DEFENDANTS/COUNTER-PLAINTIFFS' INTERROGATORIES
(NO. 2:24-cv-00025-KKE) - 6

assignment of a Mortgage Loan to the various entities listed within the Interrogatory was a result of that purchase and not via the power of attorney executed by American Homeowner Preservation Trust Series AHP Servicing, American Homeowner Preservation Trust Series 2015A+, and/or American Homeowner Preservation, LLC.

INTERROGATORY NO. 5:  Identify by bates number of documents You produced, all documents used to formulate, prepare, or otherwise generate the "detailed updated spreadsheet reconciliation" as identified in ¶ 4 of the Declaration of William Weinstein dated February 22, 2024 ("Weinstein Declaration") and attached as Exhibit 1 to the Weinstein Declaration, including but not limited to:

    a.    the provision and proof of calculation of insurance in the amount of $300,358.57;

    b.    the underlying transaction documents for the $2,000,000.00 Keydally loan; and

    c.    "Activist Legal 5k*12 months."

ANSWER:  Cymbidium objects to this Interrogatory as unduly burdensome in that it asks Plaintiff to review the same information in Defendants' possession and control with regards to the parties communications with one another that formulated the basis in part to the reconciliation spreadsheet. The spreadsheet was prepared and generated in part based on what Cymbidium has since learned was inaccurate information communicated by AHP. Without waiving the objections:

    a.    Cymbidium000686, Cymbidium001395-1396, Cymbidium137777, Cymbidium137778.

    b.    Cymbidium000686, Cymbidium000688.

    c.    Cymbidium137777.

INTERROGATORY NO. 6:  Identify by bates number of documents You produced, those documents identifying the amount of the collections by Cymbidium from the sale of Mortgage Loans (as defined in the Agreement).

PLAINTIFF CYMBIDIUM'S SUPPLEMENTAL ANSWERS TO DEFENDANTS/COUNTER-PLAINTIFFS' INTERROGATORIES (NO. 2:24-cv-00025-KKE) - 7

BYRNES ♦ KELLER ♦ CROMWELL LLP
38TH FLOOR
1000 SECOND AVENUE
SEATTLE, WASHINGTON  98104
(206) 622-2000

1    ANSWER:  Cymbidium objects to the Interrogatory to the extent it seeks to place an

2    undue burden on Plaintiff to pinpoint documents that have already been produced to Defendants

3    and which Defendants can conduct their own review of the same documents produced to

4    formulate their own defenses of the case. Further, the Bates number of documents sought have

5    been provided to Defendants or its affiliates in the normal course of their business and would

6    therefore constitute an exercise in repetition. Without waiving its objections, Cymbidium

7    answers:

8         Cymbidium000465

9         Cymbidium000470

10        Cymbidium000484

11        Cymbidium000509

12        Cymbidium000523

13        Cymbidium000572

14        Cymbidium000604

15        Cymbidium000612

16        Cymbidium000618

17        Cymbidium000623

18        Cymbidium000627

19        Cymbidium000629-35

20        Cymbidium000679

21        Cymbidium000688

22        Cymbidium000705

23        Cymbidium000709

24        Cymbidium000719

25        Cymbidium000790-791

26        Cymbidium000842-852

PLAINTIFF CYMBIDIUM'S SUPPLEMENTAL ANSWERS TO
DEFENDANTS/COUNTER-PLAINTIFFS' INTERROGATORIES
(NO. 2:24-cv-00025-KKE) - 8

BYRNES ♦ KELLER ♦ CROMWELL LLP
38TH FLOOR
1000 SECOND AVENUE
SEATTLE, WASHINGTON 98104
(206) 622-2000

1      Cymbidium001185

2      Cymbidium001214

3      Cymbidium001216

4      Cymbidium001234

5      Cymbidium001395-1396

6      Cymbidium001397-1398

7      Cymbidium001405

8      Cymbidium001420

9      Cymbidium001448

10     Cymbidium001487

11     Cymbidium137776-137784

12         INTERROGATORY NO. 7:  Identify by bates number of documents You produced, all

13     communications in which You referred to the Agreement or the consideration for the agreement

14     as a "loan."

15         ANSWER: Defendants requested and received production of documents in a format that

16     was word searchable. Cymbidium therefore objects to the Interrogatory to the extent it seeks to

17     place an undue burden on Plaintiff to pinpoint documents that have already been produced to

18     Defendants and which Defendants can conduct their own review of the same documents and run

19     the same searches Plaintiff can. Further, the Bates number of documents sought have been

20     provided to Defendants or its affiliates in the normal course of their business and would therefore

21     constitute an exercise in repetition.

22         INTERROGATORY NO. 8: Identify those individuals responsible for, or who were

23     involved in calculating with respect to the First Amendment:

24         a.      All amounts recovered on the Mortgage Loans;

25         b.      All debt and interest related to the transactions contemplated under the

26     Agreement;

PLAINTIFF CYMBIDIUM'S SUPPLEMENTAL ANSWERS TO
DEFENDANTS/COUNTER-PLAINTIFFS' INTERROGATORIES
(NO. 2:24-cv-00025-KKE) - 9

1    c.    All unrelated third-party costs and fees related to managing the Mortgage Loans;

2    d.    The 16% Applicable Pricing Rate; and

3    e.    The Management Fee;

4    f.    Mortgage Loan Costs; and

5    g.    Outstanding Purchase Price.

6    ANSWER: Cymbidium objects to the Interrogatory to the extent it seeks confidential and

7    proprietary business information concerning securities and mortgages, which are protected by

8    privacy rights, and could potentially harm the competitive interests of Cymbidium if disclosed.

9    Cymbidium also objects to the Interrogatory in that it seeks privileged and/or work product

10   protected information. Moreover, to the extent the Interrogatory seeks information that is not

11   privileged or work product protected, Cymbidium further objects in that the Interrogatory is

12   overbroad, vague, and unduly burdensome as to the knowledge of others. Without waiving any

13   objections, Cymbidium states: William S. Weinstein, Sonal Gupta, and Michael Basile.

14   Cymbidium137776 is updated according to information received from the analytics teams

15   and various other teams when efforts to recover on the mortgage loans are unsuccessful due to

16   AHP's sale of the same mortgage loans to third parties without Plaintiff's knowledge or AHP not

17   providing mortgage loan documents necessary for loan recoveries which result in destruction of

18   asset values.

19   Cymbidium137778 contains invoices received from Land Home regarding the mortgage

20   loans under the MLSA that Land Home services. Land Home provides monthly invoices to

21   Plaintiff of all the loans it services for Plaintiff including mortgage loans that are not part of the

22   MLSA. Plaintiff then extracts the invoices specific to the mortgage loans under the MLSA.

23   Cymbidium137779 contains the remittances received from Land Home regarding the

24   mortgage loans under the MLSA that Land Home services. Land Home provides monthly

25   remittances to Plaintiff of all the loans it services for Plaintiff including mortgage loans that are

26

PLAINTIFF CYMBIDIUM'S SUPPLEMENTAL ANSWERS TO
DEFENDANTS/COUNTER-PLAINTIFFS' INTERROGATORIES
(NO. 2:24-cv-00025-KKE) - 10

BYRNES ♦ KELLER ♦ CROMWELL LLP
38TH FLOOR
1000 SECOND AVENUE
SEATTLE, WASHINGTON 98104
(206) 622-2000

1    not part of the MLSA. Plaintiff then extracts the remittances specific to the mortgage loans under

2    the MLSA.

3            Cymbidium137780 contains the invoices received from various legal vendors regarding

4    the mortgage loans under the MLSA. The various legal vendors provide monthly invoices to

5    Plaintiff of all the legal services provided to Plaintiff for various mortgage loans, including

6    mortgage loans that are not part of the MLSA. Plaintiff then extracts the invoices specific to the

7    mortgage loans under the MLSA.

8            Cymbidium137781 contains invoices received for the NPL properties' management fees

9    regarding the mortgage loans under the MLSA. The NPL management fees are received monthly

10   for services provided to Plaintiff for various mortgage loans, including mortgage loans that are

11   not part of the MLSA. Plaintiff then extracts the NPL management fees specific to the mortgage

12   loans under the MLSA.

13           Cymbidium137782 contains invoices received for the REO properties' management fees

14   regarding the mortgage loans under the MLSA. The REO management fees are received monthly

15   for services provided to Plaintiff for various mortgage loans, including mortgage loans that are

16   not part of the MLSA. Plaintiff then extracts the REO management fees specific to the mortgage

17   loans under the MLSA.

18           Cymbidium137783 contains monthly insurance premiums regarding the mortgage loans

19   under the MLSA. The monthly insurance premiums are paid and the information received

20   monthly to Plaintiff for various mortgage loans, including mortgage loans that are not part of the

21   MLSA. Plaintiff then extracts monthly insurance premiums specific to the mortgage loans under

22   the MLSA.

23           Cymbidium137784 contains tax and insurance payment information for some of the loans

24   under the MLSA for the 2023 year.

25

26

PLAINTIFF CYMBIDIUM'S SUPPLEMENTAL ANSWERS TO
DEFENDANTS/COUNTER-PLAINTIFFS' INTERROGATORIES
(NO. 2:24-cv-00025-KKE) - 11

1    INTERROGATORY NO. 9:  Identify with specificity the "certain participations rights"

2  granted to Magerick concerning the MLSA as answered in Cymbidium's response to request for

3  admission no. 11, dated June 18, 2024.

4    ANSWER: *See* the Secured Participation Agreement between Cymbidium and Magerick

5  produced as part of this litigation.

6

7    INTERROGATORY NO. 10:  Identify, by document or bates number the document(s),

8  if any, that support the statement in Cymbidium's response to request for admission no. 8, "The

9  Activist Legal is for costs related to servicing of the loans sold under the MLSA," including paid

10  invoices or expenses relating to Activist Legal and the "servicing of the loans sold under the

11  MLSA."

12

13    ANSWER: *See* objections and answers to Interrogatory No. 2.

14

15    INTERROGATORY NO. 11:  Identify, by document or bates number, documentation of

16  the agreement whereby "the amount the AHP owed Cymbidium under the Cymbidium-AHP

17  MLSA was reduced or credited to reflect the purchase price for those loans" as stated in

18  Cymbidium's response to request for admission no. 4.

19    ANSWER:  *See* objections and answers to Interrogatory Nos. 2 and 6.

20

21    INTERROGATORY NO. 12:Identify whether Magerick, LLC and Cymbidium

22  Restoration Trust, or its settlor and sole beneficiary Cymbidium Restoration, LLC kept separate

23  and distinct accounting records for the time period from August 1, 2022, up to and including the

24  present, and state how the accounting records were and are maintained and by whom.

25    ANSWER: Cymbidium objects to the Interrogatory to the extent it seeks confidential and

26  proprietary business information concerning securities and mortgages, which are protected by

PLAINTIFF CYMBIDIUM'S SUPPLEMENTAL ANSWERS TO
DEFENDANTS/COUNTER-PLAINTIFFS' INTERROGATORIES
(NO. 2:24-cv-00025-KKE) - 12

BYRNES ♦ KELLER ♦ CROMWELL LLP
38TH FLOOR
1000 SECOND AVENUE
SEATTLE, WASHINGTON 98104
(206) 622-2000

privacy rights, and could potentially harm the competitive interests of Cymbidium if disclosed. Cymbidium also objects to the Interrogatory in that it seeks privileged and/or work product protected information. Moreover, to the extent the Interrogatory seeks information that is not privileged or work product protected, Cymbidium further objects in that the Interrogatory is overbroad, vague, and unduly burdensome as to the knowledge of others. Without waiving any objections, Cymbidium states: Separate and distinct accounting records were not kept, the accounting records are maintained by William S. Weinstein, Sonal Gupta, and Michael Basil, *see* answer to Interrogatory No. 8.

INTERROGATORY NO. 13:State in detail all "transactions at issue" which Counter-Plaintiffs have consented to as alleged in Cymbidium's affirmative defenses to Counter-Plaintiff's Counterclaims.

ANSWER: As part of AHP's sale of the loan portfolio to Cymbidium, AHP consented and had knowledge of the involvement of Magerick, LLC, AHP consented and had knowledge of the sale of portions of the loans to third parties, such as Keydally, AHP consented and had knowledge of the servicing of the mortgage loans, and all the included services accompanied by the servicing, by Land Home, AHP consented and had knowledge of the pledging of the loans to Western Alliance Bank, AHP consented and had knowledge of the properties sold as REO sales, and AHP consented and had knowledge of the NPL sales. Evidence of such knowledge and consent is contained within the communication exchanged between the parties.

DATED this 5th day of March, 2025.

BYRNES KELLER CROMWELL LLP

By /s/ *M. Victoria Molina*
    Bradley S. Keller, WSBA # 10665
    M. Victoria Molina, WSBA #62109
    1000 Second Avenue, 38th Floor

BYRNES ♦ KELLER ♦ CROMWELL LLP
38TH FLOOR
1000 SECOND AVENUE
SEATTLE, WASHINGTON 98104
(206) 622-2000

Seattle, Washington  98104
Telephone: (206) 622-2000
Facsimile:  (206) 622-2522
Email:      bkeller@byrneskeller.com
            mvmolina@byrneskeller.com
***Attorneys for Plaintiff***

PLAINTIFF CYMBIDIUM'S SUPPLEMENTAL ANSWERS TO
DEFENDANTS/COUNTER-PLAINTIFFS' INTERROGATORIES
(NO. 2:24-cv-00025-KKE) - 14

BYRNES ♦ KELLER ♦ CROMWELL LLP
38TH FLOOR
1000 SECOND AVENUE
SEATTLE, WASHINGTON  98104
(206) 622-2000

1

<u>**CERTIFICATE OF SERVICE**</u>

2

The undersigned attorney certifies that on the 5th day of March, 2025, a true copy of the

3

foregoing was served on each and every attorney of record herein via email:

4

Jeffrey B. Coopersmith
Corr Cronin LLP

5

1015 Second Avenue, Floor 10
Seattle, WA 98104

6

jcoopersmith@corrcronin.com

7

Brian J. Benoit (*pro hac vice*)
KMA Zuckert LLP

8

227 West Monroe Street, Suite 3650
Chicago, IL 60606

9

bbenoit@kmazuckert.com
***Attorneys for Defendants/Counter-Plaintiffs***

10

Cody Hoesly

11

Barg Singer Hoesly PC
121 S.W. Morrison St., Suite 600

12

Portland, OR 97204
choesly@bargsinger.com

13

***Attorneys for VAK Capital Trust I***

14

I declare under penalty of perjury under the laws of the State of Washington that the

15

foregoing is true and correct.

16

DATED in Seattle, Washington, this 5th day of March, 2025.

17

18

/s/ *M. Victoria Molina*

19

M. Victoria Molina
Byrnes Keller Cromwell LLP

20

1000 Second Avenue, 38th Floor
Seattle, WA 98104

21

Telephone: (206) 622-2000
Facsimile: (206) 622-2522

22

23

24

25

26

PLAINTIFF CYMBIDIUM'S SUPPLEMENTAL ANSWERS TO
DEFENDANTS/COUNTER-PLAINTIFFS' INTERROGATORIES
(NO. 2:24-cv-00025-KKE) - 15

# EXHIBIT 3

The Honorable Kymberly K. Evanson

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| CYMBIDIUM RESTORATION TRUST, | NO. 2:24-cv-00025-KKE |
| Plaintiff, | CYMBIDIUM RESTORATION TRUST'S SUPPLEMENTAL RESPONSES TO DEFENDANTS' REQUESTS TO PRODUCE PURSUANT TO FED. R. CIV. P. 34 |
| v. | |
| AMERICAN HOMEOWNER PRESERVATION TRUST SERIES AHP SERVICING; its Trustee, U.S. BANK TRUST N.A.; AHP CAPITAL MANAGEMENT, LLC; AMERICAN HOMEOWNER PRESERVATION SERIES 2015A+; its Trustee, U.S. BANK TRUST NATIONAL ASSOCIATION; AHP SERVICING, LLC; and JORGE NEWBERY, | |
| Defendants. | |
| AMERICAN HOMEOWNER PRESERVATION TRUST SERIES AHP SERVICING; AHP CAPITAL MANAGEMENT, LLC; AMERICAN HOMEOWNER PRESERVATION SERIES 2015A+; and AHP SERVICING, LLC, | |
| Third-Party Plaintiffs, | |
| v. | |
| OAK HARBOR CAPITAL, LLC; ATLANTICA, LLC; LAND HOME FINANCIAL SERVICES, INC.; WWR MANAGEMENT, LLC; SOUTH WATUPPA, LP; MAGERICK, LLC; and WEINSTEIN & RILEY, PS, | |
| Third-Party Defendants. | |

CYMBIDIUM RESTORATION TRUST'S SUPPLEMENTAL RESPONSES TO DEFENDANTS' REQUESTS TO PRODUCE PURSUANT TO FED. R. CIV. P. 34 (NO. 2:24-cv-00025-KKE) 1

BYRNES ♦ KELLER ♦ CROMWELL LLP
38TH FLOOR
1000 SECOND AVENUE
SEATTLE, WASHINGTON 98104
(206) 622-2000

Plaintiff Cymbidium Restoration Trust (hereinafter, "Cymbidium") responds and objects to Defendants' Requests to Produce Pursuant to Fed. R. Civ. P. 34 (hereinafter "Discovery Requests") as follows:

### PRELIMINARY STATEMENT

Cymbidium has not completed its investigation, discovery, or trial preparation. The answers provided are based on Cymbidium's knowledge, information, and belief at this time, made without prejudice to Cymbidium's objections. It is anticipated further independent investigation, discovery, legal research, or analysis will supply additional facts, add meaning to known facts, or establish new factual conclusions or legal contentions, which may lead to additions to, changes in, or variations from the answers set forth below.

Cymbidium's answers and responses in no way waive Cymbidium's objections to their competency, relevance, materiality, privilege or admissibility, or Cymbidium's objections to their use in any proceedings.

### GENERAL OBJECTIONS

1.      Cymbidium objects to Defendants' Discovery Requests to the extent they seek material or information protected by the attorney-client privilege, work product doctrine, or other immunity.

2.      Cymbidium objects to Defendants' Discovery Requests to the extent they purport to impose obligations exceeding those required by the Federal Rules of Civil Procedure.

3.      Cymbidium objects to Defendants' Discovery Requests to the extent they seek information, documents or things other than those in Cymbidium's actual possession, custody or control.

4.      Cymbidium further reserves the right to supplement, amend or correct all or any part of the responses provided herein. Cymbidium also reserves the right to object to the admissibility of all or any part of the information provided in response to Defendants' Discovery Requests.

BYRNES ♦ KELLER ♦ CROMWELL LLP
38TH FLOOR
1000 SECOND AVENUE
SEATTLE, WASHINGTON 98104
(206) 622-2000

5.      Cymbidium incorporates these General Objections into each specific response, and the assertion of a specific objection to a Discovery Request shall not constitute a waiver of any General Objection unless explicitly stated.

## REQUESTS FOR PRODUCTION

**REQUEST NO. 1:** Documents referred to and identified in Cymbidium's Rule 26(a)(1)B disclosures as:

1.      MLSA and email and other communications concerning it.

2.      Documentation regarding all recoveries defendants (or their affiliates) realized from loans sold under the MLSA.

3.      Email and other communications between William Weinstein and Newbery.

4.      Emails and other communications to or from defendants regarding any of the MLSA loans, their related security interests, or related REO sales.

5.      Documents regarding expenses plaintiff incurred regarding collections concerning the MLSA loans, related foreclosures, property maintenance, mortgage servicing, REO sales, and legal and other services.

6.      Documents regarding communications between defendants and others regarding the loans and related security interests sold under the MLSA and related REOs.

**RESPONSE:** Cymbidium objects on the grounds that subsection No. 2 of this request, "Documentation regarding all recoveries Defendants (or their affiliates) realized," is requesting documents that largely are in Defendants' sole control and possession.

Cymbidium objects that subsection No. 3 is overly broad and unduly burdensome to the extent it seeks documents regarding communications that do not relate to the MLSA.

Cymbidium objects that subsection No. 4 requests documents are already in Defendants' possession. The documents sought have already been provided to Defendants in the normal course of business and to require their production again would be unnecessarily repetitive.

CYMBIDIUM RESTORATION TRUST'S SUPPLEMENTAL
RESPONSES TO DEFENDANTS' REQUESTS TO PRODUCE
PURSUANT TO FED. R. CIV. P. 34 (NO. 2:24-cv-00025-KKE) 3

1    Cymbidium objects to subsection No. 5 to the extent it encompasses attorney-client

2    privileged and/or work product protected documents and communications.

3    Without waiving its objections, Cymbidium will produce responsive, non-privileged

4    documents based upon a reasonable collection and search.

5    **SUPPLEMENTAL RESPONSE**: The most recent reconciliation Excel sheet Bates

6    stamped Cymbidium139074, contains 12 separate tabs with detailed information regarding

7    recoveries, damages calculations, expenses such as property maintenance, mortgage servicing,

8    REO sales, and legal and other services, and internal notes regarding the loans under the MLSA.

9    The documents in Plaintiff's control and possession supporting the Excel and damages

10   calculations were also previously provided to Defendants and are further outlined below.

11   Additionally, on the "updated loan summary" tab, H8 is the sum of all the amounts under tab

12   "Schedule A Purchase Putbacks," H16 is the sum of the amounts under tab "Keydally $10M

13   purchase," H11-33 except H16, is the sum of the amounts under tab "Payments - OI details,"

14   H35 is the sum of all the H figures. The supporting documents were produced and are further

15   detailed below:

16   Land Home Information: Cymbidium137778-80 and the Land Home Tab on Excel

17   Cymbidium139074;

18   Pyramid Invoice: Cymbidium140492-141320;

19   SES Insurance: Cymbidium137783-137784, 148104-148106;

20   Legal Expenses: Cymbidium139075-140094;

21   Due Dilligence: Cymbidium146960-148103;

22   Cliff's NPL/REO Fees: Cymbidium137781;

23   WR- AOM: Cymbidium143934-144887;

24   Loan/Legal Fees, Latim Mortgage Connect, Tax Refund: Cymbidium137784, 144977-

25   146362, Cymbidium144888-144976;

26   Bank Statements: Cymbidium144888-144976;

CYMBIDIUM RESTORATION TRUST'S SUPPLEMENTAL
RESPONSES TO DEFENDANTS' REQUESTS TO PRODUCE
PURSUANT TO FED. R. CIV. P. 34 (NO. 2:24-cv-00025-KKE) 4

BYRNES ♦ KELLER ♦ CROMWELL LLP
38TH FLOOR
1000 SECOND AVENUE
SEATTLE, WASHINGTON 98104
(206) 622-2000

Sale Agreements: Cymbidium, 140095-140468, and 141321-143911.

Cymbidium137776 is updated according to information received from the analytics teams and various other teams when efforts to recover on the mortgage loans are unsuccessful due to AHP's sale of the same mortgage loans to third parties without Plaintiff's knowledge or AHP not providing mortgage loan documents necessary for loan recoveries which result in destruction of asset values.

Cymbidium137778 contains invoices received from Land Home regarding the mortgage loans under the MLSA that Land Home services. Land Home provides monthly invoices to Plaintiff of all the loans it services for Plaintiff including mortgage loans that are not part of the MLSA. Plaintiff then extracts the invoices specific to the mortgage loans under the MLSA.

Cymbidium137779 contains the remittances received from Land Home regarding the mortgage loans under the MLSA that Land Home services. Land Home provides monthly remittances to Plaintiff of all the loans it services for Plaintiff including mortgage loans that are not part of the MLSA. Plaintiff then extracts the remittances specific to the mortgage loans under the MLSA.

Cymbidium137780 contains the invoices received from various legal vendors regarding the mortgage loans under the MLSA. The various legal vendors provide monthly invoices to Plaintiff of all the legal services provided to Plaintiff for various mortgage loans, including mortgage loans that are not part of the MLSA. Plaintiff then extracts the invoices specific to the mortgage loans under the MLSA.

Cymbidium137781 contains invoices received for the NPL properties' management fees regarding the mortgage loans under the MLSA. The NPL management fees are received monthly for services provided to Plaintiff for various mortgage loans, including mortgage loans that are not part of the MLSA. Plaintiff then extracts the NPL management fees specific to the mortgage loans under the MLSA.

CYMBIDIUM RESTORATION TRUST'S SUPPLEMENTAL
RESPONSES TO DEFENDANTS' REQUESTS TO PRODUCE
PURSUANT TO FED. R. CIV. P. 34 (NO. 2:24-cv-00025-KKE) 5

BYRNES ♦ KELLER ♦ CROMWELL LLP
38TH FLOOR
1000 SECOND AVENUE
SEATTLE, WASHINGTON 98104
(206) 622-2000

1    Cymbidium137782 contains invoices received for the REO properties' management fees

2    regarding the mortgage loans under the MLSA. The REO management fees are received monthly

3    for services provided to Plaintiff for various mortgage loans, including mortgage loans that are

4    not part of the MLSA. Plaintiff then extracts the REO management fees specific to the mortgage

5    loans under the MLSA.

6    Cymbidium137783 contains monthly insurance premiums regarding the mortgage loans

7    under the MLSA. The monthly insurance premiums are paid and the information received

8    monthly to Plaintiff for various mortgage loans, including mortgage loans that are not part of the

9    MLSA. Plaintiff then extracts monthly insurance premiums specific to the mortgage loans under

10    the MLSA.

11    Cymbidium137784 contains tax and insurance payment information for some of the loans

12    under the MLSA for the 2023 year.

13    Additional documents regarding recoveries and damages which were previously

14    produced are the following:

15    Cymbidium000465;

16    Cymbidium000470;

17    Cymbidium000484;

18    Cymbidium000509;

19    Cymbidium000523;

20    Cymbidium000572;

21    Cymbidium000604;

22    Cymbidium000612;

23    Cymbidium000618;

24    Cymbidium000623;

25    Cymbidium000627;

26    Cymbidium000629-35;

CYMBIDIUM RESTORATION TRUST'S SUPPLEMENTAL
RESPONSES TO DEFENDANTS' REQUESTS TO PRODUCE
PURSUANT TO FED. R. CIV. P. 34 (NO. 2:24-cv-00025-KKE) 6

BYRNES ♦ KELLER ♦ CROMWELL LLP
38TH FLOOR
1000 SECOND AVENUE
SEATTLE, WASHINGTON 98104
(206) 622-2000

1    Cymbidium000679;

2    Cymbidium000688;

3    Cymbidium000705;

4    Cymbidium000709;

5    Cymbidium000719;

6    Cymbidium000790-791;

7    Cymbidium000842-852;

8    Cymbidium001185;

9    Cymbidium001214;

10   Cymbidium001216;

11   Cymbidium001234;

12   Cymbidium001395-1396;

13   Cymbidium001397-1398;

14   Cymbidium001405;

15   Cymbidium001420;

16   Cymbidium001448;

17   Cymbidium001487;

18   Cymbidium140095-140491;

19   Cymbidium 140492-141320;

20   Cymbidium 141321-143911;

21   Cymbidium 143912-143933;

22   Cymbidium 143934-144887;

23   Cymbidium 144888-144976;

24   Cymbidium 144977-146362;

25   Cymbidium146363-146959;

26   Cymbidium 146960-148103;

CYMBIDIUM RESTORATION TRUST'S SUPPLEMENTAL
RESPONSES TO DEFENDANTS' REQUESTS TO PRODUCE
PURSUANT TO FED. R. CIV. P. 34 (NO. 2:24-cv-00025-KKE) 7

BYRNES ♦ KELLER ♦ CROMWELL LLP
38TH FLOOR
1000 SECOND AVENUE
SEATTLE, WASHINGTON 98104
(206) 622-2000

1    Cymbidium000686-000688;

2    Cymbidium001395-1396;

3    Cymbidium137777-137778.

4

5    **REQUEST NO. 2:** Documents on which Cymbidium bases its computation of damages

6    made pursuant to Rule 26(a)(1)(C).

7    **RESPONSE:** Cymbidium objects to the request to the extent it encompasses attorney-

8    client privileged and/or work product protected documents and communications. Without

9    waiving its objections, Cymbidium will produce responsive, non-privileged documents based

10    upon a reasonable collection and search.

11    **SUPPLEMENTAL RESPONSE**: *See* Supplemental Response to Request No. 1.

12

13    **REQUEST NO. 3:** All Documents and ESI used to formulate, prepare, or otherwise

14    generate the "detailed updated spreadsheet reconciliation" as identified in ¶ 4 of the Declaration

15    of William Weinstein dated February 22, 2024 ("Weinstein Declaration") and attached as

16    Exhibit 1 to the Weinstein Declaration, including but not limited to:

17        a.    the provision and proof of calculation of insurance in the amount of $300,358.57;

18        b.    the underlying transaction documents for the $2,000,000.00 Keydally loan; and

19        c.    "Activist Legal 5k*12 months."

20    **RESPONSE:** Cymbidium objects to the request to the extent it encompasses attorney-

21    client privileged and/or work product protected documents and communications. Without

22    waiving its objections, Cymbidium will produce responsive, non-privileged documents based

23    upon a reasonable collection and search.

24    **SUPPLEMENTAL RESPONSE**: *See* Supplemental Response to Request No. 1.

25

26

CYMBIDIUM RESTORATION TRUST'S SUPPLEMENTAL
RESPONSES TO DEFENDANTS' REQUESTS TO PRODUCE
PURSUANT TO FED. R. CIV. P. 34 (NO. 2:24-cv-00025-KKE) 8

BYRNES ♦ KELLER ♦ CROMWELL LLP
38TH FLOOR
1000 SECOND AVENUE
SEATTLE, WASHINGTON 98104
(206) 622-2000

1

2

3

4

**REQUEST NO. 4:** All Documents on which you rely for the statements made by William Weinstein in the Weinstein Declaration, that over 200 loans of the loans prior to the closing of the Mortgage Sale Agreement" "ended up being nonexistent" (¶6) and that Cymbidium is owed approximately $4 million (¶4).

5

6

7

8

**RESPONSE:** Cymbidium objects to the request to the extent it encompasses attorney-client privileged and/or work product protected documents and communications. Without waiving its objections, Cymbidium will produce responsive, non-privileged documents based upon a reasonable collection and search.

9

10

**SUPPLEMENTAL RESPONSE**: *See* Supplemental Response to Request No. 1 and specifically, tab on Excel Bates Cymbidium139074 labeled "put back list_Bill."

11

12

13

14

15

16

**REQUEST NO. 5:** All Documents on which you rely for the statement made by William Weinstein at ¶ 7 of his Declaration dated February 22, 2024, that "Cymbidium discovered that AHP Servicing was collecting loan payments from borrowers/homeowners and not turning those payments over to Cymbidium" and "continuing to collect or compromise loans and was keeping proceeds instead of turning them over to Cymbidium."

17

18

19

20

21

22

23

24

25

26

**RESPONSE:** Cymbidium objects to the request to the extent it seeks confidential and proprietary business information concerning securities and mortgages, which are protected by privacy rights, and could potentially harm the competitive interests of Cymbidium if disclosed. Cymbidium further objects to the extent it seeks confidential information of borrowers/homeowners protected under the Gramm-Leach-Bliley Act. Where the documents contain sensitive financial information, proprietary business information, and confidential information of borrowers/homeowners a protective order will be necessary to prevent unnecessary disclosure of confidential information. Cymbidium, upon entry of an appropriate protective order, will produce responsive, non-privileged documents based upon a reasonable collection and search.

CYMBIDIUM RESTORATION TRUST'S SUPPLEMENTAL
RESPONSES TO DEFENDANTS' REQUESTS TO PRODUCE
PURSUANT TO FED. R. CIV. P. 34 (NO. 2:24-cv-00025-KKE) 9

BYRNES ♦ KELLER ♦ CROMWELL LLP
38TH FLOOR
1000 SECOND AVENUE
SEATTLE, WASHINGTON 98104
(206) 622-2000

1    **SUPPLEMENTAL RESPONSE**: *See* Supplemental Response to Request No. 4.

2

3    **REQUEST NO. 6:** Documentation of all amounts recovered, and the Documents relied

4    upon in determining the amount of the collections by Cymbidium from the sale of Mortgage

5    Loans (as defined in the Agreement).

6    **RESPONSE:** Cymbidium objects to the request to the extent it encompasses attorney-

7    client privileged and/or work product protected documents and communications. Without

8    waiving its objections, Cymbidium will produce responsive, non-privileged documents based

9    upon a reasonable collection and search.

10   **SUPPLEMENTAL RESPONSE**: *See* Supplemental Response to Request No. 1.

11

12   **REQUEST NO. 7:** Documents evidencing all communications and correspondence

13   between Cymbidium Restoration Trust and Keydally Capital Ltd., its members, employees,

14   and agents, including but not limited to Paul Birkett and Dara Birkett ("Keydally"), regarding

15   the population of loans subject to the Mortgage Loan Sale Agreement dated July 20, 2023

16   between Magerick, LLC and Cymbidium Restoration Trust, for Keydally's benefit.

17   **RESPONSE:** Cymbidium objects to this request because it is overly broad and unduly

18   burdensome, and to the extent it is inquiring regarding loans other than those encompassed by

19   the MLSA, it requests documents and information neither relevant to any claim or defense in this

20   litigation nor reasonably calculated to lead to the discovery of admissible evidence. This Request

21   also seeks confidential and proprietary business information concerning securities and

22   mortgages, which are protected by privacy rights and could potentially harm the competitive

23   interests of the responding party if disclosed. Cymbidium further objects to the extent it seeks

24   confidential information of borrowers/homeowners protected under the Gramm-Leach-Bliley

25   Act. Where the documents contain sensitive financial information, proprietary business

26   information, and confidential information of borrowers/homeowners a protective order will be

CYMBIDIUM RESTORATION TRUST'S SUPPLEMENTAL
RESPONSES TO DEFENDANTS' REQUESTS TO PRODUCE
PURSUANT TO FED. R. CIV. P. 34 (NO. 2:24-cv-00025-KKE) 10

BYRNES ♦ KELLER ♦ CROMWELL LLP
38TH FLOOR
1000 SECOND AVENUE
SEATTLE, WASHINGTON 98104
(206) 622-2000

1   necessary to prevent unnecessary disclosure of confidential information. Cymbidium, upon entry

2   of an appropriate protective order, will produce responsive, non-privileged documents

3   concerning any loans that also are MLSA loans located after conducting a reasonable collection

4   and search.

5       **SUPPLEMENTAL RESPONSE:** *See* communications produced on June 24, 2024,

6   August 20, 2024, and October 02, 2024.

7

8       **REQUEST NO. 8:** Documentation of all payments from Keydally to Cymbidium and

9   to Cymbidium from Keydally towards Keydally's purchase of its participation interest in the

10  loans acquired as part of the July 20, 2023 Mortgage Loan Sale Agreement between

11  Cymbidium Restoration Trust as Purchaser and Magerick LLC as Seller, which includes, but is

12  not limited to:

13          a.      Documents evidencing the transfer of $5,000,000.00 from William S. Weinstein to
14                  or on behalf of Keydally; and

15          b.      Documents evidencing the transfer of $5,000,000.00 from Brad Waite to or on
16                  behalf of Keydally.

17      **RESPONSE:** Responsive, non-privileged documents located after a reasonable search
18  will be produced.

19      **SUPPLEMENTAL RESPONSE:** *See* Supplemental Response to Request No. 1.

20

21      **REQUEST NO. 9:** Documents pertaining to the purchase of Portfolio Assets by

22  Cymbidium as the Purchaser and Magerick, LLC as the seller, which include, but are not

23  limited to documents evidencing a wire transfer or other form of payment of $10,000,000.00

24  from Cymbidium to Magerick, including loan documents and funds transfers identifying

25  the source of the $10,000,000.00 transferred from Cymbidium to Magerick.

26

CYMBIDIUM RESTORATION TRUST'S SUPPLEMENTAL
RESPONSES TO DEFENDANTS' REQUESTS TO PRODUCE
PURSUANT TO FED. R. CIV. P. 34 (NO. 2:24-cv-00025-KKE) 11

BYRNES ♦ KELLER ♦ CROMWELL LLP
38TH FLOOR
1000 SECOND AVENUE
SEATTLE, WASHINGTON 98104
(206) 622-2000

1       **RESPONSE:** Cymbidium objects to this request as overly broad and unduly

2 burdensome. Subject to its objections, responsive, non-privileged documents located after a

3 reasonable search will be produced.

4       **SUPPLEMENTAL RESPONSE:** *See* Supplemental Response to Request No. 1 as well

5 as the communications previously produced.

6

7       **REQUEST NO. 10:** All trial balance reports, general ledgers, books of accounts,

8 financials statements, IRS documents (*i.e.*, 1098s and 1099s), and supporting accounting

9 documents pertaining to the alleged purchase of the Portfolio Assets. Supporting accounting

10 documents shall include but are not limited to:

11       a.       REO sales contracts and closing statements;

12       b.       All records as to completed and proposed loan sales, including bids received and
13               bids awarded, along with loan sale contracts and wire or other payment
              confirmations for sales proceeds received;

14       c.       Invoices and all other documents pertaining to all expenses paid or incurred;

15       d.       Remittance reports from Land Home Financial Services, Inc. for Portfolio Assets
16               from April 2023 forward; and

17       e.       All correspondence and communications pertaining to 1.a. - d.

18       **RESPONSE:** Cymbidium objects to this request because it seeks confidential and

19 proprietary business information concerning securities and mortgages, which are protected by

20 privacy rights and could potentially harm the competitive interests of the responding party if

21 disclosed. Cymbidium further objects to the extent it seeks confidential information of

22 borrowers/homeowners protected under the Gramm-Leach-Bliley Act. Where the documents

23 contain sensitive financial information, proprietary business information, and confidential

24 information of borrowers/homeowners a protective order will be necessary to prevent

25 unnecessary disclosure of confidential information. Cymbidium, upon entry of an appropriate

26 protective order, will produce responsive, non-privileged documents located after a reasonable

CYMBIDIUM RESTORATION TRUST'S SUPPLEMENTAL
RESPONSES TO DEFENDANTS' REQUESTS TO PRODUCE
PURSUANT TO FED. R. CIV. P. 34 (NO. 2:24-cv-00025-KKE) 12

BYRNES ♦ KELLER ♦ CROMWELL LLP
38TH FLOOR
1000 SECOND AVENUE
SEATTLE, WASHINGTON 98104
(206) 622-2000

that are responsive to subparts (a) – ( e ). To the extent this request seeks more than that, it is objected to as overly broad, unduly burdensome, and because it fails to identify with reasonable particularity the documents requested.

**REQUEST NO. 11:** The Operating Agreement and Articles of Organization by Cymbidium Restoration Trust, LLC.

**RESPONSE:** Cymbidium will produce these documents.

**REQUEST NO. 12:** Correspondence between Cymbidium, its principal(s), manager(s), and agents and third parties including, but not limited to Magerick, LLC, Land Home Financial Services, Inc. WWR Management, LLC, South Watuppa, LP, SN Trading, LLC, Erostylis, LLC, Atlantica, LLC, Mortgage Connect, Inc., Western Alliance Bank, Banner Bank, Paul Birkett, Dara Birkett, Kirkland Financial, Oak Harbor Capital, LLC, Orange Capital Funding, LLC, First Lien Capital, LLC, Brad Waite, Headlands Asset Management, LLC and other third-parties discussing the allegations of the Complaint and Counterclaims in the Action.

**RESPONSE:** Cymbidium objects to the request to the extent it encompasses attorney-client privileged and/or work product protected and/or common interest or joint defense privileged documents and communications. Without waiving its objections, Cymbidium will produce any responsive, non-privileged documents located after conducting a reasonable search.

**SUPPLEMENTAL RESPONSE:** *See* communications produced on June 24, 2024, August 20, 2024, and October 02, 2024.

**REQUEST NO. 13:** Statements of accounts, ledgers, or documents showing all monthly distributions of available case from the Mortgage Loans (as defined in the Agreement).

CYMBIDIUM RESTORATION TRUST'S SUPPLEMENTAL
RESPONSES TO DEFENDANTS' REQUESTS TO PRODUCE
PURSUANT TO FED. R. CIV. P. 34 (NO. 2:24-cv-00025-KKE) 13

BYRNES ♦ KELLER ♦ CROMWELL LLP
38TH FLOOR
1000 SECOND AVENUE
SEATTLE, WASHINGTON 98104
(206) 622-2000

1    **RESPONSE:** Cymbidium objects to this request as unintelligible, and because of that, it

2    cannot commit to producing any documents regarding it. Because the request is unintelligible, it

3    fails to identify with reasonable particularity the documents sought and is vague.

4

5    **REQUEST NO. 14:**  All documents identifying, stating, or otherwise showing the

6    sources of funds used to finance or otherwise pay the "Purchase Price" as identified in the

7    Agreement.

8    **RESPONSE:** Responsive, non-privileged documents that show the sources of funds

9    regarding the "Purchase Price" will be produced. To the extent this request seeks more than that,

10   it is objected to as overly broad, vague, not seeking documents relevant to the claims or defenses,

11   and unduly burdensome.

12   **SUPPLEMENTAL RESPONSE:** *See* Supplemental Response to Request No. 1 as well

13   as the communications previously produced on June 24, 2024, August 20, 2024, and October 02,

14   2024.

15

16   **REQUEST NO. 15:**  Documents identifying and evidencing the Outstanding Purchase

17   Price, as it is defined in the Agreement, as of April 29, 2024.

18   **RESPONSE:**  Responsive, non-privileged documents that show the sources of funds

19   regarding the "Outstanding Purchase Price" will be produced. To the extent this request seeks

20   more than that, it is objected to as overly broad, vague, not seeking documents relevant to the

21   claims or defenses, and unduly burdensome

22   **SUPPLEMENTAL RESPONSE:** *See* Supplemental Response to Request No. 1 as well

23   as the communications previously produced on June 24, 2024, August 20, 2024, and October 02,

24   2024.

25

26

CYMBIDIUM RESTORATION TRUST'S SUPPLEMENTAL
RESPONSES TO DEFENDANTS' REQUESTS TO PRODUCE
PURSUANT TO FED. R. CIV. P. 34 (NO. 2:24-cv-00025-KKE) 14

BYRNES ♦ KELLER ♦ CROMWELL LLP
38TH FLOOR
1000 SECOND AVENUE
SEATTLE, WASHINGTON 98104
(206) 622-2000

1  **REQUEST NO. 16:** Correspondence and/or documents exchanged between, sent to,

2  or filed with Cymbidium, Oak Habor Capital, LLC, and any other third-party, including courts

3  of law in the United States of America, concerning the execution, utilization, and enforceability

4  of powers of attorney naming Oak Harbor Capital, LLC as attorney-in-fact for AHP.

5  **RESPONSE:** Cymbidium objects to the request to the extent it encompasses attorney-

6  client privileged and/or work product protected documents and communications. Without

7  waiving any objection, Cymbidium will produce responsive, non-privileged documents located

8  after a reasonable search.

9  **SUPPLEMENTAL RESPONSE:** *See* Supplemental Response to Request No. 1 as well

10  as the communications previously produced on June 24, 2024, August 20, 2024, and October 02,

11  2024.

12

13  **REQUEST NO. 17:** Aside from documents in the Action, pleadings, motions, or other

14  papers filed by Cymbidium and/or its affiliates in any causes of action in courts of law in any

15  jurisdiction of the United States pertaining to the matters alleged in the Action and/or the

16  Portfolio Assets.

17  **RESPONSE:** Cymbidium objects to being asked to produce its filings from other actions

18  where Defendants, or some of them or their agents, are parties and are being served filings

19  related to any of the Portfolio Assets. It is duplicative and burdensome to ask that Cymbidium do

20  so. To the extent Cymbidium has had to make filings in other jurisdictions where Defendants or

21  their agents are not a party concerning the Portfolio Assets, those filings, if publicly available,

22  will either be produced or the title, cause number, and jurisdiction/venue of the proceeding will

23  be provided.

24

25

26

CYMBIDIUM RESTORATION TRUST'S SUPPLEMENTAL
RESPONSES TO DEFENDANTS' REQUESTS TO PRODUCE
PURSUANT TO FED. R. CIV. P. 34 (NO. 2:24-cv-00025-KKE) 15

BYRNES ♦ KELLER ♦ CROMWELL LLP
38TH FLOOR
1000 SECOND AVENUE
SEATTLE, WASHINGTON 98104
(206) 622-2000

1  **REQUEST NO. 18:** Documentation of the transfer of Portfolio Assets from

2  Cymbidium to Magerick, including documentation of consideration in exchange for the

3  transfer, assignment(s), powers of attorneys, agreements, and correspondence evidencing the

4  terms and effectuation of the transfer.

5  **RESPONSE:** Cymbidium objects to the request to the extent it encompasses attorney-

6  client privileged and/or work product protected documents and communications. Without

7  waiving its objections, Cymbidium will produce responsive, non-privileged documents located

8  after a reasonable search.

9  **SUPPLEMENTAL RESPONSE:** *See* Supplemental Response to Request No. 1 as well

10  as the communications previously produced on June 24, 2024, August 20, 2024, and October 02,

11  2024.

12

13  **REQUEST NO. 19:** Documents showing expenses incurred by Cymbidium and paid

14  to Oak Harbor Capital, LLC for Oak Harbor's provision of insurance for Portfolio Assets.

15  **RESPONSE:** Responsive, non-privileged documents located after a reasonable search will

16  be produced.

17  **SUPPLEMENTAL RESPONSE:** *See* Supplemental Response to Request No. 1 as well

18  as the communications previously produced on June 24, 2024, August 20, 2024, and October 02,

19  2024.

20

21  **REQUEST NO. 20:** Correspondence between Cymbidium and Rice Insurance,

22  SES Risk Solutions, and/or Lloyds of London pertaining to the Portfolio Assets.

23  **RESPONSE:** Responsive, non-privileged documents located after a reasonable search

24  will be produced.

25

26

CYMBIDIUM RESTORATION TRUST'S SUPPLEMENTAL
RESPONSES TO DEFENDANTS' REQUESTS TO PRODUCE
PURSUANT TO FED. R. CIV. P. 34 (NO. 2:24-cv-00025-KKE) 16

BYRNES ♦ KELLER ♦ CROMWELL LLP
38TH FLOOR
1000 SECOND AVENUE
SEATTLE, WASHINGTON 98104
(206) 622-2000

1    **SUPPLEMENTAL RESPONSE:** *See* Supplemental Response to Request No. 1 as well

2    as the communications previously produced on June 24, 2024, August 20, 2024, and October 02,

3    2024.

4

5    **REQUEST NO 21:** Any documents utilized by Cymbidium or its accountants, enrolled

6    agents, or auditors utilizing generally accepted accounting principals in which the Portfolio

7    Assets were valued or otherwise documented as assets owned by Cymbidium.

8    **RESPONSE:** Cymbidium objects to this request as unintelligible, and because of that, it

9    cannot respond without doing so at its peril. Because of it being unintelligible, the request also

10   fails to identify with reasonable particularity the documents sought and is also objected to on that

11   basis. If this request seeks documents regarding any periodic valuations prepared by or for

12   Cymbidium regarding the Portfolio Assets, any such non-privileged valuations located after a

13   reasonable search will be produced.

14   **SUPPLEMENTAL RESPONSE:** *See* Supplemental Response to Request No. 1 as well

15   as the communications previously produced on June 24, 2024, August 20, 2024, and October 02,

16   2024.

17

18   **REQUEST NO. 22:** Documents designating or otherwise evidencing a "designated

19   affiliate" which was to receive monies pursuant to ¶ 4 of the Amendment.

20   **RESPONSE:** Responsive, non-privileged documents located after a reasonable search

21   will be produced.

22   **SUPPLEMENTAL RESPONSE:** *See* Supplemental Response to Request No. 1 as well

23   as the communications previously produced on June 24, 2024, August 20, 2024, and October 02,

24   2024.

25

26

CYMBIDIUM RESTORATION TRUST'S SUPPLEMENTAL
RESPONSES TO DEFENDANTS' REQUESTS TO PRODUCE
PURSUANT TO FED. R. CIV. P. 34 (NO. 2:24-cv-00025-KKE) 17

BYRNES ♦ KELLER ♦ CROMWELL LLP
38TH FLOOR
1000 SECOND AVENUE
SEATTLE, WASHINGTON 98104
(206) 622-2000

1    **REQUEST NO. 23:**  Documents evidencing consideration from Cymbidium to

2    Atlantica, LLC in exchange for the October 6, 2022 wire identified on the Atlantica, LLC

3    statement of Account from Western Alliance Bank as "WIRE OUT;BNF-AHP SERVICING

4    LLC;OBI -AHP Purchase."

5    **RESPONSE:** Responsive, non-privileged documents located after a reasonable search

6    will be produced.

7    **SUPPLEMENTAL RESPONSE:** *See* Supplemental Response to Request No. 1 as well

8    as the communications previously produced on June 24, 2024, August 20, 2024, and October 02,

9    2024.

10

11    **REQUEST NO. 24:**  Agreements, contracts, or other documents pertaining to Atlantica,

12    LLC's provision of the "Purchase Price" as defined in the agreement, to AHP.

13    **RESPONSE:** Cymbidium objects to this request as unintelligible, and because of that, it

14    cannot respond without doing so at its peril. Because of it being unintelligible, the request also

15    fails to identify with reasonable particularity the documents sought and is also objected to on that

16    basis.

17    **SUPPLEMENTAL RESPONSE:** *See* Supplemental Response to Request No. 1 as well

18    as the communications previously produced on June 24, 2024, August 20, 2024, and October 02,

19    2024.

20

21    **REQUEST NO. 25:**  If your response to request to Admit No. 1 from AHP to

22    Cymbidium was a 17 denial, please provide documents which support or provide the basis for the

23    denial.

24    **RESPONSE:** The email and attachment which is the subject of Request for Admission No.

25    1 was provided to Defendant, Newbery, on October 27, 2023. The documents sought have already

26    been provided to Defendants in the normal course of business and to require their production

CYMBIDIUM RESTORATION TRUST'S SUPPLEMENTAL
RESPONSES TO DEFENDANTS' REQUESTS TO PRODUCE
PURSUANT TO FED. R. CIV. P. 34 (NO. 2:24-cv-00025-KKE) 18

Byrnes ♦ Keller ♦ Cromwell llp
38TH FLOOR
1000 SECOND AVENUE
SEATTLE, WASHINGTON 98104
(206) 622-2000

1  again would be unnecessarily repetitive. *See* response and objection to Request for Admission No.

2  1.

3

4      **REQUEST NO. 26:**  If your response to request to Admit No. 2 from AHP to

5  Cymbidium was a denial, please provide documents which support or provide the basis for the

6  denial.

7      **RESPONSE:** Not applicable.

8

9      **REQUEST NO. 27:**  If your response to request to Admit No. 3 from AHP to

10  Cymbidium was a denial, please provide documents which support or provide the basis for the

11  denial.

12      **RESPONSE:** The email and attachment which is the subject of request for admission No.

13  3 was provided to Defendant, Newbery, on October 27, 2023. The documents sought have already

14  been provided to Defendants in the normal course of business and to require their production again

15  would be unnecessarily repetitive. *See* response and objection to Request for Admission No. 3.

16  Without waiving any objection, Cymbidium will produce responsive, non-privileged documents

17  located after conducting a reasonable search.

18

19      **REQUEST NO. 28:**  If your response to request to Admit No. 4 from AHP to

20  Cymbidium was a denial, please provide documents which support or provide the basis for the

21  denial.

22      **RESPONSE:** *See* response and objections to RFP No. 27, above and see response and

23  objection to Request for Admission No. 4.

24

25

26

CYMBIDIUM RESTORATION TRUST'S SUPPLEMENTAL
RESPONSES TO DEFENDANTS' REQUESTS TO PRODUCE
PURSUANT TO FED. R. CIV. P. 34 (NO. 2:24-cv-00025-KKE) 19

BYRNES ♦ KELLER ♦ CROMWELL LLP
38TH FLOOR
1000 SECOND AVENUE
SEATTLE, WASHINGTON 98104
(206) 622-2000

1       **REQUEST NO. 29:**  If your response to request to Admit No. 5 from AHP to

2  Cymbidium was a denial, please provide documents which support or provide the basis for the

3  denial.

4       **RESPONSE:** *See* response and objections to RFP No. 27, above and see response and

5  objection to Request for Admission No. 4.

6

7       **REQUEST NO. 30:**  If your response to request to Admit No. 6 from AHP to

8  Cymbidium was a denial, please provide documents which support or provide the basis for the

9  denial.

10       **RESPONSE:** Not applicable, also see response and objection to Request for Admission

11  No. 6.

12

13       **REQUEST NO. 31:**  If your response to request to Admit No. 7 from AHP to

14  Cymbidium was a denial, please provide documents which support or provide the basis for the

15  denial.

16       **RESPONSE:** Not applicable, also see response and objection to Request for Admission

17  No. 7.

18

19       **REQUEST NO. 32:**  If your response to request to Admit No. 8 from AHP to

20  Cymbidium was a denial, please provide documents which support or provide the basis for the

21  denial.

22       **RESPONSE:** The MLSA is the basis for the denial which is already in Defendants'

23  possession.

24

25

26

BYRNES ♦ KELLER ♦ CROMWELL LLP
38TH FLOOR
1000 SECOND AVENUE
SEATTLE, WASHINGTON 98104
(206) 622-2000

**REQUEST NO. 33:** If your response to request to Admit No. 9 from AHP to Cymbidium was a denial, please provide documents which support or provide the basis for the denial.

**RESPONSE:** *See* response and objections to RFP No. 27, above.

**REQUEST NO. 34:** The Secured Participation Agreement effective October 7, 2022 between Cymbidium and Magerick and any documents between Cymbidium and Magerick evidence consideration for the agreement, any amendments or addenda, or communications surrounding the Secured Participation Agreement and its terms.

**RESPONSE:** The Secured Participation Agreement referenced will be produced. The consideration for that agreement are the covenants and obligations set forth in that agreement. To the extent this request seeks more than the foregoing, it  is objected to as overly broad, failing to identify with reasonable particularity the documents sought, and as unintelligible.

DATED this 18th day of April, 2025.

BYRNES KELLER CROMWELL LLP

By s/ M. Victoria Molina
    Bradley S. Keller, WSBA # 10665
    M. Victoria Molina, WSBA #62109
    1000 Second Avenue, 38th Floor
    Seattle, Washington  98104
    Telephone: (206) 622-2000
    Facsimile:  (206) 622-2522
    Email:    bkeller@byrneskeller.com
            mvmolina@byrneskeller.com
    *Attorneys for Plaintiff/Third-Party Defendants*

CYMBIDIUM RESTORATION TRUST'S SUPPLEMENTAL
RESPONSES TO DEFENDANTS' REQUESTS TO PRODUCE
PURSUANT TO FED. R. CIV. P. 34 (NO. 2:24-cv-00025-KKE) 21

BYRNES ♦ KELLER ♦ CROMWELL LLP
38TH FLOOR
1000 SECOND AVENUE
SEATTLE, WASHINGTON  98104
(206) 622-2000

## CERTIFICATE OF SERVICE

The undersigned attorney certifies that on the 18th day of April, 2025, a true copy of the foregoing was served on each and every attorney of record herein via email:

Jeffrey B. Coopersmith
Corr Cronin LLP
1015 Second Avenue, Floor 10
Seattle, WA 98104
jcoopersmith@corrcronin.com

Brian J. Benoit (*pro hac vice*)
KMA Zuckert LLP
227 West Monroe Street, Suite 3650
Chicago, IL  60606
bbenoit@kmazuckert.com
***Attorneys for Defendants/Counter-Plaintiffs***

I declare under penalty of perjury under the laws of the State of Washington that the foregoing is true and correct.

M. Victoria Molina
M. Victoria Molina
Byrnes Keller Cromwell LLP
1000 Second Avenue, 38th Floor
Seattle, WA  98104
Telephone:  (206) 622-2000
Facsimile:  (206) 622-2522
bkeller@byrneskeller.com

CYMBIDIUM RESTORATION TRUST'S SUPPLEMENTAL
RESPONSES TO DEFENDANTS' REQUESTS TO PRODUCE
PURSUANT TO FED. R. CIV. P. 34 (NO. 2:24-cv-00025-KKE) 22

BYRNES ♦ KELLER ♦ CROMWELL LLP
38TH FLOOR
1000 SECOND AVENUE
SEATTLE, WASHINGTON  98104
(206) 622-2000