UNI UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| CYMBIDIUM RESTORATION TRUST,<br><br>    Plaintiff,<br> v.<br><br>AMERICAN HOMEOWNER PRESERVATION TRUST SERIES AHP SERVICING, et al.,<br><br>    Defendants. | CASE NO. C24-0025-KKE<br><br>ORDER DENYING MOTION FOR PROTECTIVE ORDER |
| AMERICAN HOMEOWNER PRESERVATION TRUST SERIES AHP SERVICING, et al.,<br><br>    Counter-Plaintiffs,<br> v.<br><br>CYMBIDIUM RESTORATION TRUST,<br><br>    Counter-Defendant. | |
| VAK CAPITAL TRUST I,<br><br>    Intervenor-Defendant/<br>    Counterclaim and<br>    Crossclaim Plaintiff, | |

ORDER DENYING MOTION FOR PROTECTIVE ORDER - 1

|   |   |
|---|---|
| 1 | v. |
| 2 | CYMBIDIUM RESTORATION TRUST, |
| 3 | |
| 4 | Counter-Defendant, and |
| 5 | AHP CAPITAL MANAGEMENT, LLC, et al., |
| 6 | |
| 7 | Cross-Defendant. |

Nonparty SN Trading, LLC, seeks a protective order relieving it of the obligation to comply with documents and deposition subpoenas issued by Defendants and Intervenor-Defendant ("AHP" and "VAK") on the grounds that AHP and VAK should seek the documents from Plaintiff Cymbidium Restoration Trust or its unidentified affiliates instead. Dkt. No. 140.[1] The dispute between AHP, VAK, and Cymbidium concerns the sale of certain mortgage loans, and SN Trading operates a trading platform that was allegedly used to buy or sell some of the mortgage loans at issue in this case. *See* Dkt. No. 140 at 7.

The Court previously discussed this issue with the parties at a discovery conference, where AHP and VAK assured the Court that the subpoenas do not seek documents within the parties' possession or control. Dkt. No. 135. At the discovery conference, the Court instructed the parties to continue meeting and conferring to the point of impasse, and that if the parties could not resolve this dispute via that process, SN Trading could file a motion for protective order no later than March 14, 2025. Dkt. No. 136.

The parties did make some attempts to resolve this dispute on their own, although VAK contends that the parties had narrowed the dispute more than SN Trading's motion for protective

---

[1] This order refers to the parties' filings by CM/ECF page number.

ORDER DENYING MOTION FOR PROTECTIVE ORDER - 2

order suggests. According to VAK, the crux of the dispute was whether SN Trading is obligated to produce documents that are in the possession or control of Cymbidium's affiliates. *See* Dkt. No. 145 ¶¶ 4–9. It was VAK's position, during the meet-and-confer process, that the parties have so many affiliates, "and I am not sure the parties themselves know who all their affiliates are. I think it would be a heck of a lot easier on SN to produce whatever it has regarding the loans at issue than to filter out all the information that might be from [a party's] affiliate." *Id.* ¶ 6. According to VAK, SN Trading eventually agreed with that proposition to some extent, stating that SN Trading was willing to use agreed search terms to locate responsive documents and then cull the ones involving Cymbidium or its affiliates, and produce only the ones that do not involve Cymbidium or its affiliates. *Id.* ¶ 9.

SN Trading is apparently no longer willing to undertake those efforts: SN Trading now refuses to perform any search or produce any documents, and contends that AHP and VAK should seek the documents first "from Cymbidium and its affiliates before burdening nonparty SN Trading." Dkt. No. 150 at 2.

The parties' and SN Trading's apparent lack of clarity around the identities of Cymbidium's "affiliates" appears to be one of the barriers to resolution of this dispute, because it appears that neither AHP nor VAK (and certainly not the Court) are certain which entity or entities (other than SN Trading) has possession and control of responsive documents. The Court also has no information establishing whether Cymbidium could be said to have custody or control of its affiliates' documents, as neither Cymbidium nor any of its affiliates are implicated in this motion, and recent proceedings in this case indicate that Cymbidium is using a narrower definition of "affiliate" than AHP. *See* Dkt. No. 158 at 3 n.1.

AHP represents that it has already sought documents related to the sale of the mortgage loans from Cymbidium, and agrees that to the extent Cymbidium has possession or control of

ORDER DENYING MOTION FOR PROTECTIVE ORDER - 3

responsive documents, it is obligated to produce them.  Dkt. No. 146 at 8.  In the absence of an identification of the "affiliates" at issue, and their relationship to Cymbidium, it is unclear whether discovery requests propounded on Cymbidium's nonparty affiliates could result in the production of the documents that SN Trading seeks to avoid producing.  *See, e.g.*, *Steele Software Sys., Corp. v. DataQuick Info. Sys., Inc.*, 237 F.R.D. 561, 564–65 (D. Md. 2006) (identifying the factors a court considers when determining whether a nonparty's documents are in the "control" of that entity and therefore subject to discovery requests).  Although SN Trading has cited authority indicating that "[a] non-party subpoena seeking information that is readily available from a party through discovery may be quashed as duplicative or cumulative[,]" the Court has inadequate information on which to determine whether the responsive documents are "readily available from a party through discovery."  *Little v. JB Pritzker for Governor*, No. 18 C 6954, 2020 WL 1939358, at *7 (N.D. Ill. Apr. 22, 2020).

Moreover, even if the Court could be certain that entities affiliated to any degree with Cymbidium indeed possesses the documents AHP and VAK seek, it is not clear that AHP or VAK must request them to be produced by those nonparties first.  *See, e.g.*, *Reardon v. Progressive Northwestern Ins. Co.*, No. C10-225RSL, 2010 WL 11566247, at *1 (W.D. Wash. Sep. 28, 2010) (finding a document subpoena issued to a nonparty witness to be appropriate even if plaintiffs could have obtained the documents directly from defendant).

Federal Rule of Civil Procedure 45 does, however, provide that "[a] party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena." Fed. R. Civ. P. 45 (d)(1).  District courts have "ample discretion … to quash or modify subpoenas causing 'undue burden.'"  *Exxon Shipping Co. v. U.S. Dep't of Interior*, 34 F.3d 774, 779 (9th Cir. 1994).

SN Trading has not persuaded the Court that requiring it to produce responsive documents

ORDER DENYING MOTION FOR PROTECTIVE ORDER - 4

would be unduly burdensome or expensive, particularly because the entities involved in this dispute have successfully narrowed and clarified the universe of responsive documents via a series of communications. *See* Dkt. Nos. 145, 148. SN Trading's motion implies that *any* responsibility to search for responsive documents would be burdensome, because it assumes that some of the documents may be in the possession of Cymbidium or its affiliates, but at this point the Court is unconvinced of the truth of that assumption. AHP has propounded discovery requests on Cymbidium that have apparently failed to turn up the documents that SN Trading may have. *See* Dkt. No. 146 at 8. SN Trading previously agreed, albeit briefly, to search for documents and produce those that do not involve Cymbidium or its affiliates (Dkt. No. 145 ¶ 9), which undercuts a suggestion that the search process itself would be independently burdensome.

Accordingly, the Court DENIES SN Trading's motion for a protective order (Dkt. No. 140), and further denies SN Trading's request for costs and fees associated with compliance with the document subpoenas because SN Trading has not shown that compliance would impose a significant expense. *See LegalVoice v. Stormans Inc.*, 738 F.3d 1178, 1184 (9th Cir. 2013) ("[W]hen discovery is ordered against a non-party, the only question before the court in considering whether to shift costs is whether the subpoena imposes significant expense on the non-party.").

Therefore, the Court ORDERS SN Trading to comply with the subpoenas issued by AHP and VAK to SN Trading, except as to documents between SN Trading and parties to this litigation, no later than June 20, 2025.

Dated this 29th day of May, 2025.

Kymberly K. Evanson
United States District Judge