UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| CYMBIDIUM RESTORATION TRUST,<br><br>Plaintiff,<br><br>v.<br><br>AMERICAN HOMEOWNER PRESERVATION TRUST SERIES AHP SERVICING; its Trustee, U.S. BANK TRUST N.A.; AHP CAPITAL MANAGEMENT, LLC; AMERICAN HOMEOWNER PRESERVATION SERIES 2015A+; its Trustee, U.S. BANK TRUST NATIONAL ASSOCIATION; AHP SERVICING, LLC; and JORGE NEWBERY,<br><br>Defendants. | NO. 2:24-cv-00025-KKE<br><br>ORDER TO FILE A SUPPLEMENTAL FEE PETITION |

ORDER - 1

| | |
|---|---|
| 1<br>2<br>3<br>4<br>5<br>6<br>7<br>8<br>9<br>10<br>11<br>12 | AMERICAN HOMEOWNER PRESERVATION TRUST SERIES AHP SERVICING; AHP CAPITAL MANAGEMENT, LLC; AMERICAN HOMEOWNER PRESERVATION SERIES 2015A+; and AHP SERVICING, LLC,<br><br>                        Counter-Plaintiffs,<br><br>   v.<br><br>CYMBIDIUM RESTORATION TRUST,<br><br>                        Counter-Defendant. |

Federal Rule of Civil Procedure 37(a)(5)(C) authorizes an award of expenses, including attorney's fees, where a party's conduct necessitates a motion to compel, that party's position is not substantially justified, and the court grants part of the motion. Here, the Court previously granted in part Plaintiff's motion to compel, found that Defendants' position in resisting that discovery was not substantially justified, and found that Plaintiff was entitled to file a petition for the fees and expenses associated with the successful portions of the motion to compel. Dkt. No. 188. Plaintiff filed a motion requesting an award of $13,437.00. Dkt. No. 190. Defendants did not oppose the motion.

To determine whether a request for attorney's fees is reasonable, the Court performs a two-step analysis. First, the Court calculates the lodestar, "which multiplies an attorney's reasonable hourly rate by the number of hours reasonably expended on the litigation[.]" *Shayler v. 1310 PCH, LLC*, 51 F.4th 1015, 1020 (9th Cir. 2022). Next, "the court determines whether to modify the

ORDER - 2

lodestar figure, upward or downward, based on factors not subsumed in the lodestar figure." *Kelly v. Wendler*, 822 F.3d 1085, 1099 (9th Cir. 2016).

Here, Plaintiff's counsel requests a lodestar award.  Dkt. No. 190.  The Court finds that counsel charges reasonable rates ($285/hour for associate attorney with 1.5 years of experience and $235/hour for senior litigation paralegal) consistent with rates charged by other attorneys and paralegals with comparable experience in this region.  *See, e.g.*, *Andy Invs. LLC v. Potter*, No. 2:25-cv-00384-LK, 2025 WL 1155862, at *6 (W.D. Wash. Apr. 21, 2025) (finding an hourly rate of $350 to be reasonable for a Seattle attorney with five years of relevant experience); *Stewart v. Snohomish Cnty. Pub. Util. Dist. No. 1*, No. C16-0020-JCC, 2017 WL 4538956, at *1 (W.D. Wash. Oct. 11, 2017) (approving hourly paralegal rate of $220).

Although the Court finds that counsel's rates are reasonable, the Court cannot find that all of the hours expended are recoverable here.  Hours expended meeting and conferring as to the topics that would eventually form the successful portions of the motion to compel should be excluded.  *See Hosseinzadeh v. Bellevue Park Homeowners Ass'n*, No. C18-1385-JCC, 2020 WL 7770242, at *2 (W.D. Wash. Dec. 30, 2020) (finding fees for meeting and conferring prior to filing the Rule 37 motion not recoverable (citing *Cockburn v. SWS Indus., Inc.*, No. C10-1566RSL, 2012 WL 1144965, at *5 n.2 (W.D. Wash. Apr. 4, 2012))).  The other tasks described in counsel's declaration appear to be reasonably expended, including their "fees on fees" request.  *See, e.g.*, *Nguyen v. Regents of Univ. of Cal.*, No. 8:17-cv-00423-JVS-KESx, 2018 WL 6112616, at *6 (C.D. Cal. May 18, 2018) (quoting *Bark v. Northrop*, 300 F.R.D. 486, 495 (D. Or. 2014) ("A party entitled to attorney fees may also recover additional amounts, or 'fees on fees,' necessarily incurred in obtaining an award.")).  But because counsel did not submit timesheets that allow the Court to determine which portion of the requested hours was associated with meeting and conferring, and/or

to confirm the timing of any meeting and conferring via a vis the filing of the motion to compel, the Court cannot extract those hours from the total requested. *See* Dkt. No. 191 ¶ 2.

Accordingly, the Court ORDERS Plaintiff to file a supplemental fee petition that details the time expended on specific tasks, namely meeting and conferring, along with sufficient documentation to support that petition, no later than September 12, 2025. The clerk is directed to RE-NOTE Plaintiff's motion (Dkt. No. 190) for September 12, 2025.

Dated this 8th day of September, 2025.

Kymberly K. Evanson
United States District Judge