UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| CYMBIDIUM RESTORATION TRUST,<br><br>　　　　　　　Plaintiff(s),<br><br>　　v.<br><br>AMERICAN HOMEOWNER PRESERVATION TRUST SERIES AHP SERVICING, et al.,<br><br>　　　　　　　Defendant(s).<br><br>―――――――――――――――――<br><br>AMERICAN HOMEOWNER PRESERVATION TRUST SERIES AHP SERVICING; et al.,<br><br>　　　　　　　Counter-Plaintiffs,<br><br>　　v.<br><br>CYMBIDIUM RESTORATION TRUST,<br><br>　　　　　　　Counter-Defendant. | CASE NO. C24-0025-KKE<br><br>ORDER GRANTING PLAINTIFF'S FEE PETITION |

　　Consistent with the Court's order granting in part Plaintiff's motion to compel, Plaintiff has filed a motion for attorney's fees and costs associated with the successful portions of that motion, and filed a supplemental brief and declaration at the Court's request. Dkt. Nos. 188, 190,

ORDER GRANTING PLAINTIFF'S FEE PETITION - 1

196, 200, 202.  Defendants have not filed an opposition to either Plaintiff's original fee petition or the supplemental fee petition.

As explained in a prior order, the Court finds that Plaintiff's counsel's rates are reasonable. *See* Dkt. No. 196.  And after reviewing Plaintiff's supplemental fee petition, the Court finds that the hours requested are reasonable and compensable.  As requested by Plaintiff, the Court has reconsidered whether to award fees for tasks completed before the motion to compel was drafted. Meeting and conferring and participating in the Court's discovery dispute process must be expended whether or not a motion to compel is ever filed, which suggests that they should not "always be included in the fee award."  *Hung Nguyen v. Regents of Univ. of Cal.*, No. 8:17-cv-00423-JVS-KESx, 2018 WL 6112616, at *3 (C.D. Cal. May 18, 2018) (quoting *Matlink, Inc. v. Home Depot U.S.A., Inc.*, No. 07-cv-1994, 2008 WL 8504767, at *5 (S.D. Cal. Oct. 27, 2008)). "Under appropriate limited circumstances, [however,] a fee award [for meet and confer efforts] may be proper where a party fails to participate in a good faith meet and confer, or otherwise obstructs the resolution process."  *Id*. (citing *Matlink*, 2008 WL 8504767, at *5 (noting that such hours should generally not be included in a fee award, but awarding fees for half of such hours where opposing party "stonewalled" the meet and confer process)).

Here, the Court is persuaded that it is appropriate to award fees for the hours expended before counsel began drafting the motion to compel, given that the motion to compel details Defendants' delays, partial compliance, and broken promises in April and May 2025, which led to the filing of the motion to compel in July 2025.  *See* Dkt. No. 176 at 4–5.  The Court's order granting in part Plaintiff's motion to compel noted that one category of documents "has been litigated for months at this point" and that Defendants had "not offer[ed] any specific explanation for their protracted response to this category of discovery requests, other than to note the timeline for review and production."  Dkt. No. 188 at 2.  Under these circumstances, the Court agrees with

ORDER GRANTING PLAINTIFF'S FEE PETITION - 2

Plaintiff that it is consistent with the spirit and purpose of Federal Rule of Civil Procedure 37 to award fees for hours Plaintiff's counsel expended prior to the motion to compel. *See* Dkt. No. 200 at 8.

Accordingly, the Court GRANTS Plaintiff's unopposed fee petition, as revised in the supplemental fee petition (Dkt. Nos. 190, 200). Defendants, jointly and severally, must pay Plaintiff's counsel $11,121.50 no later than September 30, 2025. Defendants' outgoing counsel shall provide a copy of this order to their clients and file a certificate of service on the docket.

Dated this 17th day of September, 2025.

Kymberly K. Evanson
United States District Judge