The Honorable Kymberly K. Evanson
Trial Date: January 20, 2026

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

CYMBIDIUM RESTORATION TRUST,

Plaintiff,

v.

AMERICAN HOMEOWNER
PRESERVATION TRUST SERIES AHP
SERVICING; its Trustee, U.S. BANK TRUST
N.A.; AHP CAPITAL MANAGEMENT, LLC;
AMERICAN HOMEOWNER
PRESERVATION SERIES 2015A+; its Trustee,
U.S. BANK TRUST NATIONAL
ASSOCIATION; AHP SERVICING, LLC; and
JORGE NEWBERY,

Defendants.

NO. 2:24-cv-00025-KKE

**PLAINTIFF'S PROPOSED FINDINGS OF FACT AND CONCLUSIONS OF LAW**

[*CLERK'S ACTION REQUIRED*]

Plaintiff Cymbidium Restoration Trust submits the following proposed Findings of Fact and Conclusions of Law regarding the issues heard by this Court.

## I.   FINDINGS OF FACT

**A.     The Parties and the Transaction.**

1.      Plaintiff Cymbidium Restoration Trust ("Cymbidium") is an entity formed to purchase, own, and monetize portfolios of distressed mortgage loans and related real property.

BYRNES ♦ KELLER ♦ CROMWELL LLP
38TH FLOOR
1000 SECOND AVENUE
SEATTLE, WASHINGTON  98104
(206) 622-2000

2. Defendants American Homeowner Preservation Trust Series AHP Servicing and American Homeowner Preservation Series 2015A+ (collectively, the "AHP Trusts") are mortgage-loan holding trusts.

3. Defendant AHP Capital Management, LLC ("AHP") exercised managerial control over the AHP Trusts, negotiated the transaction at issue, executed documents on the Trusts' behalf, and directed post-closing conduct.

**B.      The Mortgage Loan Sale Agreement and First Amendment.**

4. On October 6, 2022, Cymbidium funded the MLSA transaction.

5. Effective October 7, 2022, Cymbidium and the AHP Trusts entered into a Mortgage Loan Sale Agreement ("MLSA").

6. Under the MLSA, the AHP Trusts sold, transferred, assigned, and conveyed to Cymbidium hundreds of mortgage loans and related interests in exchange for more than $24 million paid by Cymbidium.

7. The MLSA included an express representation and warranty by the AHP Trusts that Cymbidium was acquiring all rights as owner of the  mortgage loans free and clear of any claims by the AHP Trusts.

8. The MLSA required the AHP Trusts to deliver Mortgage Loan Documents, including original notes, assignments of mortgage, title policies, and related instruments, for each loan.

9. After AHP failed to repurchase Category B loans as originally required, the parties entered into a First Amendment to the MLSA effective March 15, 2023.

10. The First Amendment eliminated any repurchase obligation by AHP, modified the economic waterfall governing application of loan proceeds, and reaffirmed that Cymbidium retained ownership of all loans and proceeds.

11. Under the First Amendment, Cymbidium did not have to convey any remaining loans to AHP unless and until Cymbidium had received full payment of certain specified

PLAINTIFF'S PROPOSED FINDINGS OF FACT AND
CONCLUSIONS OF LAW (NO. 2:24-CV-00025-KKE) - 2

BYRNES ♦ KELLER ♦ CROMWELL LLP
38TH FLOOR
1000 SECOND AVENUE
SEATTLE, WASHINGTON  98104
(206) 622-2000

amounts, including the repayment of funds a Cymbidium affiliate had borrowed for the transaction from Western Alliance Bank and other expenses listed in the waterfall provision.

12. The First Amendment did not alter or rescind the ownership transfer effectuated at closing.

**C.     Ownership of the MLSA Loans and Proceeds.**

13. Ownership of the MLSA loans vested in Cymbidium at closing. The amounts Cymbidium was required to receive before the remaining loans, if any, were required to be conveyed back to AHP, have not been paid.

14. At most, the AHP Trusts had a contingent contractual expectancy to receive residual assets, if after full payment to Cymbidium under the waterfall, there were any remaining loans or proceeds.

15. That contingency did not occur.

16. A claimed contractual right to residual assets, if there are any, does not constitute ownership of the MLSA loans or their proceeds or a property right.  It is a claimed contractual right.

**D.     Failure to Deliver Mortgage Loan Documents.**

17. Delivery of Mortgage Loan Documents was a mandatory and material obligation under the MLSA and the First Amendment.

18. Possession and control of Mortgage Loan Documents are essential to enforcing, foreclosing, selling, or otherwise monetizing the mortgage loans.

19. The AHP Trusts failed and refused to deliver Mortgage Loan Documents for a substantial number of MLSA loans.

20. Defendants retained possession and control of those documents after selling the loans to Cymbidium.

21. Defendants' failure to deliver Mortgage Loan Documents materially impaired Cymbidium's ability to exercise ownership rights.

BYRNES ♦ KELLER ♦ CROMWELL LLP
38TH FLOOR
1000 SECOND AVENUE
SEATTLE, WASHINGTON  98104
(206) 622-2000

**E.      Post-Closing Conduct and Conversion.**

22.      By wrongfully retaining Mortgage Loan Documents, Defendants retained de facto control over assets they had sold.

23.      Defendants wrongfully used that control to:

- Sell MLSA loans and REO properties to third parties and not turn the proceeds over to plaintiff;

- encumber MLSA assets with new debt and not turn the financing funds over to plaintiff;

- block plaintiff's (and its assignee's and purchaser's) ability to record title-related documents and to pursue foreclosures regarding mortgaged properties;

- revoke powers of attorney that plaintiff needed and was entitled under the MLSA to have;

- retain proceeds that belonged to and should have been turned over to plaintiff, and

- fail to pay taxes, insurance, and preservation costs.

24.      Defendants did not disclose many of these actions to Cymbidium.

25.      These acts were taken without Cymbidium's authorization and for Defendants' own benefit.

26.      These acts were intentional exercises of dominion inconsistent with Cymbidium's ownership rights in the loans and their proceeds.

27.      The Hawaii condominium property described at trial is an example of Defendants' conduct, including placing an unauthorized encumbrance on the property, selling it, and retaining and not turning over the financing and sale proceeds. Defendants did not disclose to plaintiff that they planned to (and did) encumber and sell the property even though defendants knew that plaintiff had incurred tens of thousands of dollars making the property saleable and was in the process of selling it to someone else.

PLAINTIFF'S PROPOSED FINDINGS OF FACT AND
CONCLUSIONS OF LAW (NO. 2:24-CV-00025-KKE) - 4

BYRNES ♦ KELLER ♦ CROMWELL LLP
38TH FLOOR
1000 SECOND AVENUE
SEATTLE, WASHINGTON 98104
(206) 622-2000

28. Defendants' conduct caused properties to lose value, incur liens, lapse insurance, and, in some instances, be lost through tax foreclosure or condemnation.

**F.    Reconciliation and Accounting.**

29. Beginning in March 2023, Oak Harbor Capital, LLC, acting for Cymbidium, prepared contemporaneous reconciliation spreadsheets tracking amounts owed under the MLSA and First Amendment.

30. Credits were initially applied in those reconciliations in favor of AHP regarding sales to others based on the AHP Trusts' express representations and warranties in the MLSA that they had transferred to plaintiff good title to the loans, and that they were valid and enforceable.

31. As additional information emerged, Plaintiff discovered that many of the same loans for which defendants received credit in the reconciliations:

- had been sold by AHP to someone else,
- lacked required documentation that defendants refused to provide, or
- were rendered unsaleable by other conduct by Defendants.

32. When it was discovered that loans had already been sold, required documentation that defendants would not provide, or were otherwise unsaleable due to Defendants' conduct, credits previously given for loan sales were appropriately reversed.

33. The reconciliation plaintiff presented at trial reflects reversals of credits directly related to Defendants' breaches of the MLSA representations and warranties and conversion of loans and loan sale proceeds.

34. After accounting for assets rendered unsaleable, improper sales, and converted proceeds, Cymbidium is entitled to receive $ _____, and until that amount, plus the continuing Applicable Pricing Rate and Management Fee are received by Cymbidium (i) plaintiff continues to own the MLSA loans free and clear of any interest AHP previously had in them, (ii) plaintiff

PLAINTIFF'S PROPOSED FINDINGS OF FACT AND
CONCLUSIONS OF LAW (NO. 2:24-CV-00025-KKE) - 5

is entitled to receive all proceeds from the loans, and (iii) plaintiff is not required to convey to defendants any remaining loans.

35.    The First Amendment expressly authorizes reimbursement of:

- servicing fees,
- legal fees,
- preservation costs, and
- insurance-related costs.

36.    Plaintiff incurred third-party costs in the ordinary course to service, protect, improve and maintain REO properties, and monetize the loans.

37.    These costs were required and commercially reasonable rates and charges were paid for them. They are costs for which plaintiff is entitled to be reimbursed under the waterfall provision in the First Amendment.

**G.    Defendants' Defenses and Counterclaims.**

38.    Defendants' affirmative defenses and counterclaims are premised on the incorrect assumption that AHP retained ownership of the loans or satisfied their payment obligations and were entitled to receive back any remaining loans.

39.    Defendants sustained no compensable damages as a result of a redacted copy of the MLSA and First Amendment being filed earlier in this case, which they claim was a breach of a confidentiality provision in that agreement.

## II.    CONCLUSIONS OF LAW

**A.    Contract Interpretation and Ownership**

1.    The MLSA and its First Amendment were and remain valid, enforceable contracts.

2.    Under Washington law, unambiguous contracts are enforced according to their plain terms.

BYRNES ♦ KELLER ♦ CROMWELL LLP
38TH FLOOR
1000 SECOND AVENUE
SEATTLE, WASHINGTON  98104
(206) 622-2000

3.      The MLSA and First Amendment effected a transfer to Cymbidium of any right, title and interest Defendants had in the loans free and clear of any and all claims by Defendants.

4.      Ownership of the loans and proceeds remains with Cymbidium.

5.      The contingent contractual expectancy Defendants had to potentially subsequently get back any remaining loans does not give them current ownership or possessory rights. *Matter of Marriage of Leland*, 69 Wn. App. 57, 63, 847 P.2d 518, 521 (1993).

**B.      Breach of Contract**

6.      The AHP Trusts breached the MLSA by failing to deliver Mortgage Loan Documents, by selling the same loans to others, and by not turning sale and other loan proceeds over to plaintiff.

7.      Those breaches were material and went to the essence of the contract.

8.      Cymbidium suffered damages directly caused by Defendants' breaches.

**C.      Conversion**

9.      Defendants exercised unauthorized dominion and control over property belonging to Cymbidium.

10.     Selling, encumbering, and retaining proceeds from assets Cymbidium owned constituted conversion.

11.     Conversion is actionable independent of breach of contract where, as here, Defendants' conduct went beyond mere nonperformance.

12.     AHP is independently liable for conversion because it directed and benefitted from the wrongful conduct, notwithstanding that it was not a signatory to the MLSA. AHP is also liable as a guarantor of the AHP Trust's performance.

**D.      Defenses and Counterclaims.**

13.     Defendants' affirmative defenses have not been proven, and they fail as a matter of law and fact.

14.     Defendants' counterclaims have not been proven.

PLAINTIFF'S PROPOSED FINDINGS OF FACT AND
CONCLUSIONS OF LAW (NO. 2:24-CV-00025-KKE) - 7

BYRNES ♦ KELLER ♦ CROMWELL LLP
38TH FLOOR
1000 SECOND AVENUE
SEATTLE, WASHINGTON  98104
(206) 622-2000

15.    Defendants' confidentiality-based counterclaim fails for lack of damages and because plaintiff has immunity regarding court filings.

### III.    ORDER

1.    Cymbidium is entitled to judgment on its breach of contract and conversion claims.  The damages Cymbidium is entitled to amount to $ _____.

2.    Consistent with  the reconciliation accounting evidence at trial, unless and until Cymbidium receives $_____ from further sales of the loans or from defendants (i) Cymbidium has no obligation to convey to defendants any remaining loans; (ii) Cymbidium owns and has title to the loans free and clear of any claim to them by defendants, and (iii) defendants have no claim to or interest in the loans or their proceeds.

3.    Within thirty (30) days, Defendants shall turn over to Cymbidium all Mortgage Loan Documents required under the MLSA and its First Amendment, including but not limited to original notes, endorsements, assignments of mortgage or deeds of trust, title policies, loan modification agreements, allonges, powers of attorney, and any other instruments necessary for plaintiff to be able to enforce, foreclose upon, transfer, or sell the MLSA loans and REO assets.

4.    Within the same thirty (30) day period, Defendants shall send a copy of these findings and conclusions to any title companies, lenders, servicers, foreclosure trustees, insurers, and other third parties with which they previously communicated asserting an interest in the MLSA loans and REOs properties, and Defendants shall execute and deliver any reasonably necessary corrective or confirmatory documents requested by those parties to clear title, cure defects, and enable plaintiff to monetize the loans, including signing mortgage loan documents required to protect and provide clear title to third-party purchasers or other counterparties.

5.    Judgement is entered on behalf of Cymbidium Restoration Trust and against AHP and the AHP Trusts.

PLAINTIFF'S PROPOSED FINDINGS OF FACT AND
CONCLUSIONS OF LAW (NO. 2:24-CV-00025-KKE) - 8

BYRNES ♦ KELLER ♦ CROMWELL LLP
38TH FLOOR
1000 SECOND AVENUE
SEATTLE, WASHINGTON  98104
(206) 622-2000

IT IS SO ORDERED.

DATED this _____ day of _____, 2026.

_____
The Honorable Kymberly K. Evanson

Presented by:

BYRNES KELLER CROMWELL LLP

By /s/ M. Victoria Molina
    Bradley S. Keller, WSBA #10665
    M. Victoria Molina, WSBA #62109
    1000 Second Avenue, 38th Floor
    Seattle, Washington  98104
    Telephone: (206) 622-2000
    Facsimile:  (206) 622-2522
    Email:      bkeller@byrneskeller.com
                mvmolina@byrneskeller.com

***Attorneys for Plaintiffs***

PLAINTIFF'S PROPOSED FINDINGS OF FACT AND
CONCLUSIONS OF LAW (NO. 2:24-CV-00025-KKE) - 9

## CERTIFICATE OF SERVICE

The undersigned attorney certifies that on the 9th day of January, 2026, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all counsel on record in the matter.


/s/ M. Victoria Molina
Byrnes Keller Cromwell LLP
1000 Second Avenue, 38th Floor
Seattle, WA  98104
Telephone:  (206) 622-2000
Facsimile:  (206) 622-2522
mvmolina@byrneskeller.com

BYRNES ♦ KELLER ♦ CROMWELL LLP
38TH FLOOR
1000 SECOND AVENUE
SEATTLE, WASHINGTON  98104
(206) 622-2000