HONORABLE KYMBERLY K. EVANSON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

CYMBIDIUM RESTORATION TRUST,

        Plaintiff,

    v.

AMERICAN HOMEOWNER PRESERVATION TRUST SERIES AHP SERVICING; ITS TRUSTEE, U.S. BANK TRUST N.A.; AHP CAPITAL MANAGEMENT, LLC; AMERICAN HOMEOWNER PRESERVATION SERIES 2015A+; ITS TRUSTEE, U.S. BANK TRUST NATIONAL ASSOCIATION; AHP SERVICING, LLC; AND JORGE NEWBERY,

        Defendants.

AMERICAN HOMEOWNER PRESERVATION TRUST SERIES AHP SERVICING; AHP CAPITAL MANAGEMENT, LLC; AMERICAN HOMEOWNER PRESERVATION SERIES 2015A+; and; AHP SERVICING, LLC,

        Counter-Plaintiffs,

    v.

CYMBIDIUM RESTORATION TRUST,

        Counter-Defendant.

Case No.  2:24-cv-0025-KKE

DEFENDANTS / COUNTER-PLAINTIFFS' UNOPPOSED MOTION FOR LEAVE TO FILE OVER-LENGTH BRIEF

Pursuant to Local Rule 7(f), Defendants AHP respectfully move this Court for leave to file an over-length brief, in excess of the 8,400 word limit imposed by Local Rule 7(e)(4), in support of their Motion for Partial Summary Judgment, anticipated for filing on February 2, 2026. Specifically, Defendants request a no more than 2,000-word extension so that they may file an opening brief not to exceed 10,400 words, recognizing that, if granted, Plaintiff would be automatically entitled under the Local Rules to a commensurate word-limit extension for its opposition.

On January 13 and January 15, 2026, the Court convened pretrial conferences at which the Court and the parties discussed, among other things, the filing of cross-motions for partial summary judgment as a mechanism to streamline the issues for trial. Dkt. 224, 226. In connection with those conferences, the Court struck the previously scheduled January 20, 2026 trial date to allow the parties to pursue dispositive motion practice on threshold legal and factual issues. Dkt. 226, 227.

In advance of and during the January 15, 2026 conference, the parties outlined—at a high level—the issues they anticipated addressing through summary judgment. At that time, Defendants identified approximately a half-dozen distinct legal issues that they expected to raise, although the full scope and interrelationship of those issues was not yet clear. As Defendants have since developed their positions and reviewed the factual record, it has become apparent that the anticipated issues do not lend themselves to efficient presentation within the existing word limits. The

motion necessarily involves multiple substantive legal questions, as well as Defendants' submission of undisputed material facts, requiring a meaningful presentation of both the factual record and the governing legal standards.

Rather than seek to file piecemeal multiple motions addressing overlapping issues, Defendants seek leave to present the issues in a single, consolidated motion for partial summary judgment, consistent with the Court's directive. On January 28, 2026, Defendants conferred with Plaintiff's counsel regarding an extension of the word limit. Plaintiff indicated that it would not object to an opening brief of up to 10,400 words, provided that Plaintiff receive a commensurate word-limit extension for its opposition, as contemplated by the Local Rules.

Accordingly, in the interest of judicial efficiency and a complete and coherent presentation of the issues, Defendants respectfully request leave to file an opening brief not to exceed 10,400 words.

**ORDER**

Having considered Defendants AHP's Motion for Leave to File Over-Length Brief, and for good cause shown, the Court hereby ORDERS as follows:

1.  Defendants' Unopposed Motion (Dkt. No. 230) is GRANTED.

2.  Defendants may file an opening brief in support of their Motion for Partial Summary Judgment not to exceed 10,400 words.

3.  Plaintiff may file an opposition brief not to exceed 10,400 words.

Dated this 29th day of January, 2026.

Kymberly K. Evanson
United States District Judge