HONORABLE KYMBERLY K. EVANSON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

CYMBIDIUM RESTORATION TRUST,

        Plaintiff,

v.

AMERICAN HOMEOWNER PRESERVATION TRUST SERIES AHP SERVICING; ITS TRUSTEE, U.S. BANK TRUST N.A.; AHP CAPITAL MANAGEMENT, LLC; AMERICAN HOMEOWNER PRESERVATION SERIES 2015A+; ITS TRUSTEE, U.S. BANK TRUST NATIONAL ASSOCIATION; AHP SERVICING, LLC; AND JORGE NEWBERY,

        Defendants.

AMERICAN HOMEOWNER PRESERVATION TRUST SERIES AHP SERVICING; AHP CAPITAL MANAGEMENT, LLC; AMERICAN HOMEOWNER PRESERVATION SERIES 2015A+; and; AHP SERVICING, LLC,

        Counter-Plaintiffs,

v.

CYMBIDIUM RESTORATION TRUST,

        Counter-Defendant.

Case No.  2:24-cv-0025-KKE

DECLARATION OF JORGE NEWBERY IN SUPPORT OF DEFENDANTS / COUNTER-PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT

**NOTED ON MOTION CALENDAR:**
**APRIL 23, 2026**

DECLARATION OF JORGE NEWBERY IN SUPPORT OF DEFENDANTS / COUNTER-PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT – Page 1

BAILEY DUQUETTE P.C.
800 FIFTH AVENUE, SUITE 101-800
SEATTLE, WASHINGTON 98104
T 206.225.2250 | F 888.233.5869

I, Jorge Newbery, state as follows based on personal knowledge:

1. I am a natural person 18 years of age or older. If called to testify as to the following facts, I could do so competently.

2. I am the manager and chief executive officer for Defendants/Counter-Plaintiffs American Homeowner Preservation Trust Series AHP Servicing, American Homeowner Preservation Trust Series 2015A+, AHP Capital Management, LLC, and AHP Servicing, LLC (collectively, "**AHP**") in this matter and make this declaration based on my personal knowledge and am competent to testify as to the matters set forth herein.

3. I have reviewed the Exhibits attached to the Declaration of Hozaifa Y. Cassubhai being filed contemporaneously, and I certify that, to the best of my knowledge, the exhibits included are documents that were produced or generated during discovery in this case, by the parties or by third-parties pursuant to subpoenas, or were obtained through publicly available sources. The documents include true and correct copies of agreements entered between AHP and Cymbidium Restoration Trust (*see, e.g.*, Exs. 11, 12, 16, 23), emails or correspondence sent or received by me (*see, e.g.*, Exs. 7-10, 14-15, 17, 27, 52, 70-74), and an AHP-prepared summary of a sample set of 293 loans as referenced in paragraph 12 below (Ex. 25).

4. In August 2022, AHP entered a $2.5 million loan transaction with Cymbidium Restoration Trust ("**Cymbidium**"). Although the agreement was styled

DECLARATION OF JORGE NEWBERY IN SUPPORT OF DEFENDANTS / COUNTER-PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT – Page 2

BAILEY DUQUETTE P.C.
800 FIFTH AVENUE, SUITE 101-800
SEATTLE, WASHINGTON 98104
T 206.225.2250 | F 888.233.5869

as a "Mortgage Loan Sale Agreement with Repurchase Obligation," both AHP and Cymbidium treated the transaction as secured financing: AHP received capital, temporarily conveyed loan interests for collateral purposes, remitted recoveries, and upon repayment, recovered the loans. My principal counterpart on Cymbidium's was William Weinstein, whom I had known for some time.

5.      By fall 2022, AHP was seeking replacement financing in a tightening credit market. Mr. Weinstein proposed a structure that mirrored the August 2022 transaction, using a subset of AHP's loan portfolio to secure a larger advance. In our discussions, both Mr. Weinstein and I referred to the contemplated $25 million transaction as a loan.

6.      On October 7, 2022, 2015A+ Trust and AHP Servicing Trust entered into a new Mortgage Loan Sale Agreement with Repurchase Obligation ("**MLSARO**") with Cymbidium. The MLSARO reflected a two-tier structure: (a) a $5.25 million sale of "Category A" loans ("**Category A Loans**") and (b) a $19.75 million financing secured by "Category B" loans ("**Category B Loans**") (together, the "**Mortgage Loans**"). Except for the carve-out for the sale of Category A Loans, the MLSARO mirrored the August 2022 financing structure in material respects.

7.      The MLSARO was amended on March 15, 2023 ("**Amendment**"). As I understood the Amendment and reflected in its terms, the Amendment modified payment mechanics but preserved AHP's reversionary rights. The Amendment contemplated that Cymbidium would receive specified amounts and deductions,

DECLARATION OF JORGE NEWBERY IN SUPPORT OF
DEFENDANTS / COUNTER-PLAINTIFFS' MOTION FOR
PARTIAL SUMMARY JUDGMENT – Page 3

BAILEY DUQUETTE P.C.
800 FIFTH AVENUE, SUITE 101-800
SEATTLE, WASHINGTON 98104
T 206.225.2250 | F 888.233.5869

and that once those amounts were paid in full, the remaining loans and excess cash would be returned to AHP.

8.      My understanding from the MLSARO and the parties' course of dealing was that, while Cymbidium could "put back" certain loans, its *unconditional* put-back right was time-limited. The MLSARO provided that, "at any time during the six (6) month period after the Conveyance Date," the purchaser could put a loan back "for any reason." In my understanding, that unconditional "for any reason" put-back right expired six months after the October 7, 2022, Conveyance Date—i.e., on April 7, 2023. After that date, it was never my understanding that Cymbidium could continue issuing put-back demands "for any reason" without identifying any contractual breach, without providing contract-compliant notice, and without affording AHP an opportunity to cure.

9.      My understanding from the Amendment was also that Cymbidium could deduct only "unrelated third-party costs and fees" related to managing the Mortgage Loans. It was never my understanding that Mr. Weinstein could use his own law firm, affiliates, insiders, or related entities to generate charges and then treat those insider charges as reimbursable deductions against recoveries. Nor was it ever my understanding that Cymbidium could indefinitely add self-determined charges or "atrocities" to inflate a running balance and delay AHP's reversionary right to remaining loans and excess cash.

DECLARATION OF JORGE NEWBERY IN SUPPORT OF DEFENDANTS / COUNTER-PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT – Page 4

BAILEY DUQUETTE P.C.
800 FIFTH AVENUE, SUITE 101-800
SEATTLE, WASHINGTON 98104
T 206.225.2250 | F 888.233.5869

10.     In September 2022, American Homeowner Preservation LLC executed a limited power of attorney appointing Atlantica as attorney-in-fact ("**Atlantica LPOA**") as part of the separate August 2022 transaction between the AHP and Cymbidium. **Ex. 64**. As of October 7, 2022, the terms of August 2022 transaction had been satisfied and had no direct relation to the MLSARO, Amendment or Mortgage Loans. The Atlantica LPOA pre-dated the MLSARO and was never intended to be utilized to facilitate the terms of the MLSARO or the Mortgage Loans.

11.     Likewise, shortly after the execution of the Amendment, and in connection with discrete administrative functions, AHP granted limited powers of attorney to Oak Harbor in April 2023 ("**Oak Harbor LPOAs**"). Those LPOAs were expressly premised on continued ownership of the loans by the AHP trusts — not by Cymbidium or any other Weinstein-controlled entity.

12.     I later learned that Weinstein-controlled entities used the Atlantica LPOA and Oak Harbor LPOAs to effect transfers and assignments of Mortgage Loans to Magerick LLC and other affiliates starting in 2022, through 2023, and beyond. Based on my review of public records, out of a sampling out of a sampling of 293 Mortgage Loans subject to the transaction, approximately 280 were conveyed directly to Magerick or other Weinstein-related entities rather than to Cymbidium. Those assignments were recorded in county land records.

13.     To be clear, I did not authorize the LPOAs to be used in this manner. In my understanding, the LPOAs did not grant authority to transfer ownership of

DECLARATION OF JORGE NEWBERY IN SUPPORT OF DEFENDANTS / COUNTER-PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT – Page 5

BAILEY DUQUETTE P.C.
800 FIFTH AVENUE, SUITE 101-800
SEATTLE, WASHINGTON 98104
T 206.225.2250 | F 888.233.5869

the Mortgage Loans to anyone, including Weinstein-controlled entities, and such transfers were inconsistent with the limited, administrative purposes for which the LPOAs were granted.

14.     Many of the transfer activities I later discovered occurred after I had begun disputing Cymbidium's accounting and asserting that AHP's repayment obligations under the Amendment had been satisfied, thereby triggering AHP's reversionary rights and entitlement to excess cash payments. On October 23, 2023, AHP formally revoked all LPOAs and, in November and December 2023, recorded notices of revocation. Despite revocation, I understand that Weinstein-controlled entities continued to record and effect transfers after the LPOAs were revoked.

15.     With respect to any put-back rights that the MLSARO contemplated, between November 8, 2022 and October 19, 2023, Cymbidium sent eight repurchase demands, and Magerick sent AHP one repurchase demand.

16.     The repurchase demand from Magerick related to a mortgage loan sold pursuant to a separate, unrelated mortgage loan sale agreement between AHP and Magerick. Despite that, Cymbidium treated that demand as an "atrocity" and, based on Cymbidium's accounting spreadsheets that I have reviewed, added $677,014.39 to what it claims is AHP's outstanding repurchase price.

17.     Of the eight repurchase demands from Cymbidium, four concerned Category A Loans and four concerned Category B Loans.

DECLARATION OF JORGE NEWBERY IN SUPPORT OF DEFENDANTS / COUNTER-PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT – Page 6

BAILEY DUQUETTE P.C.
800 FIFTH AVENUE, SUITE 101-800
SEATTLE, WASHINGTON 98104
T 206.225.2250 | F 888.233.5869

18.    With respect to the four Category A Loans, AHP repurchased one; two are reflected on Cymbidium's spreadsheets as paid off; and public records reflect that the property securing the fourth loan (519 Kirchner Rd in Dalton Massachusetts) was sold by Magerick to a third-party on November 7, 2025. Despite that sale, Cymbidium treated that loan as an "atrocity" and, based on Cymbidium's spreadsheets, added $277,101.27 to what it claims is AHP's outstanding repurchase price.

19.    With respect to the four Category B Loans, three were pledged as additional security without additional purchase price on March 15, 2023, as part of the Amendment. Cymbidium treated those three loans as "atrocities" and, based on Cymbidium's spreadsheets, added $105,374.58 to what it claims is AHP's outstanding repurchase price. The fourth loan was sold by Magerick to a third-party, which subsequently foreclosed and sold the property.

20.    Three of Cymbidium's eight repurchase demands were issued before April 7, 2023 and recited the MLSARO language that "at any time during the six (6) month period after the Conveyance Date, the Purchaser may for any reason put a Mortgage Loan conveyed hereunder back to the Seller, and the Seller will promptly repurchase such Mortgage Loan by immediately paying the Purchaser the Repurchase Price associated with such Mortgage Loan."

21.    The remaining five repurchase demands were issued after April 7, 2023. In those demands, Cymbidium omitted the portion of the MLARO sentence

DECLARATION OF JORGE NEWBERY IN SUPPORT OF
DEFENDANTS / COUNTER-PLAINTIFFS' MOTION FOR
PARTIAL SUMMARY JUDGMENT – Page 7

BAILEY DUQUETTE P.C.
800 FIFTH AVENUE, SUITE 101-800
SEATTLE, WASHINGTON 98104
T 206.225.2250 | F 888.233.5869

limiting the unconditional put-back right to the six-month period after the Conveyance Date, while retaining the phrase stating that the purchaser may "for any reason" put a loan back to the seller. None of those post-April 7 demands identified any breach of a representation or warranty, and none provided notice or an opportunity to cure.

22.     In addition to this action and other actions in this district, the parties are involved in extensive related litigation nationwide. Within approximately 120 days of filing this action, Cymbidium and its affiliates initiated thirteen separate lawsuits against AHP in multiple jurisdictions and recorded more than 150 notices of *lis pendens* on properties, encumbering an estimated $15-20 million of assets.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 2nd of February 2026 at Barrington, Illinois.

By: */s Jorge Newbery*
Jorge Newbery

DECLARATION OF JORGE NEWBERY IN SUPPORT OF
DEFENDANTS / COUNTER-PLAINTIFFS' MOTION FOR
PARTIAL SUMMARY JUDGMENT – Page 8

BAILEY DUQUETTE P.C.
800 FIFTH AVENUE, SUITE 101-800
SEATTLE, WASHINGTON 98104
T 206.225.2250 | F 888.233.5869