The Honorable Kymberly K. Evanson

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

CYMBIDIUM RESTORATION TRUST,

Plaintiff,

v.

AMERICAN HOMEOWNER PRESERVATION TRUST SERIES AHP SERVICING; its Trustee, U.S. BANK TRUST N.A.; AHP CAPITAL MANAGEMENT, LLC; AMERICAN HOMEOWNER PRESERVATION SERIES 2015A+; its Trustee, U.S. BANK TRUST NATIONAL ASSOCIATION; AHP SERVICING, LLC; and JORGE NEWBERY,

Defendants.

AMERICAN HOMEOWNER PRESERVATION TRUST SERIES AHP SERVICING; AHP CAPITAL MANAGEMENT, LLC; AMERICAN HOMEOWNER PRESERVATION SERIES 2015A+; and AHP SERVICING, LLC,

Counter-Plaintiffs,

v.

CYMBIDIUM RESTORATION TRUST,

Counter-Defendant.

NO. 2:24-cv-00025-KKE

DECLARATION OF CLIFF PONTE IN SUPPORT OF PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT

NOTE ON MOTIONS CALENDAR: APRIL 23, 2026

ORAL ARGUMENT REQUESTED

DECLARATION OF CLIFF PONTE IN SUPPORT OF PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT
(NO. 2:24-cv-00025-KKE) - 1

BYRNES ♦ KELLER ♦ CROMWELL LLP
38TH FLOOR
1000 SECOND AVENUE
SEATTLE, WASHINGTON 98104
(206) 622-2000

I, Cliff Ponte, declare as follows:

1.      I am a member and authorized representative of MWPNP, LLC ("MWPNP"). I have personal knowledge of the facts stated in this declaration and, if called as a witness, could and would testify competently thereto.

2.      On or about September 2023, MWPNP, LLC purchased the residential property located at 2101 Bellevue Avenue, Syracuse, New York (the "Property") for a stated purchase price of $70,000. The purchase was approved and executed on behalf of American Homeowner Preservation Trust Series AHP Servicing by Karen Kamphausen. Attached as Exhibit 37 to the Bradley Keller Declaration in Support of Plaintiff's Opposition to Defendants' Motion for Partial Summary Judgment ("Keller Decl.") is a true and correct copy of the purchase agreement.

3.      The $70,000 purchase price was funded through a participation arrangement between MWPNP and the Barbara Levine Weinstein Grandchildren's Trust (the "Trust"). MWPNP contributed $35,000, and the Trust contributed $35,000 toward acquisition of the Property.

4.      In addition to pooling the acquisition funds, MWPNP and the Trust jointly contributed $86,000 toward rehabilitation and repair of the Property—$43,000 from MWPNP and $43,000 from the Trust—pursuant to a written Participation Agreement. Under that Agreement, the parties agreed to reimburse expenses, return basis, and then split any remaining proceeds equally.

5.      In total, the combined cost to acquire and revitalize the Property was approximately $156,000, consisting of the $70,000 purchase price and $86,000 in repair and renovation expenses.

6.      When acquired, the Property was in significant disrepair and required substantial work before it could be marketed for resale. The repairs and updates included, among other things: roofing, plumbing, electrical, HVAC, flooring, drywall, paint, exterior, landscaping, and structural issues.

DECLARATION OF CLIFF PONTE IN SUPPORT OF
PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION
FOR PARTIAL SUMMARY JUDGMENT
(NO. 2:24-cv-00025-KKE) - 2

BYRNES ♦ KELLER ♦ CROMWELL LLP
38TH FLOOR
1000 SECOND AVENUE
SEATTLE, WASHINGTON  98104
(206) 622-2000

7.      The rehabilitation process took approximately four months from acquisition through completion.

8.      After completion of repairs, the Property was sold for $220,000. After accounting for repair costs, closing costs, seller credits, and related expenses, the net profit realized from the sale was $39,876.13. Attached as Exhibit 46 to the Keller Declaration is a true and correct copy of the closing statement for the sale of the Property.

9.      After MWPNP entered into the purchase for $70,000, it was discovered that—contrary to AHP's warranties that the Property was conveyed free and clear of liens—there existed a previously undisclosed lien in the approximate amount of $35,000, representing roughly half of the stated purchase price.

10.     This lien would ordinarily have been required to be paid or cleared prior to closing in order to convey marketable title, meaning the $70,000 purchase price materially overstated the true economic value delivered.

11.     At no additional cost to AHP, and despite AHP's breach of its title warranties, my team at REO Consulting successfully negotiated that lien down to $8,854.00. Internal email correspondence documenting discovery of the lien and its negotiated reduction is attached as Exhibit 4 to the Keller Declaration.

12.     Because the lien should have been satisfied prior to conveyance, the effective acquisition basis for the Property should have been approximately $61,146, not $70,000.

13.     MWPNP and the Trust nevertheless proceeded with rehabilitation of the Property and ultimately brought it to market, absorbing the operational burden created by AHP's failure to convey clear title.

DECLARATION OF CLIFF PONTE IN SUPPORT OF
PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION
FOR PARTIAL SUMMARY JUDGMENT
(NO. 2:24-cv-00025-KKE) - 3

BYRNES ♦ KELLER ♦ CROMWELL LLP
38TH FLOOR
1000 SECOND AVENUE
SEATTLE, WASHINGTON 98104
(206) 622-2000

I declare under penalty of perjury pursuant to the laws of the United States of America that the foregoing is true and correct.

DATED in **Fall River, MA**, this **19th** day of February, 2026.

/s/ _____

Cliff Ponte

DECLARATION OF CLIFF PONTE IN SUPPORT OF
PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION
FOR PARTIAL SUMMARY JUDGMENT
(NO. 2:24-cv-00025-KKE) - 4

BYRNES ♦ KELLER ♦ CROMWELL LLP
38TH FLOOR
1000 SECOND AVENUE
SEATTLE, WASHINGTON 98104
(206) 622-2000