UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| CYMBIDIUM RESTORATION TRUST, | CASE NO. C24-0025-KKE |
| Plaintiff/Counterclaim-Defendant, | ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO AMEND THE COMPLAINT |
| v. | |
| AMERICAN HOMEOWNER PRESERVATION TRUST SERIES AHP SERVICING, et al., | |
| Defendants/Counterclaim-Plaintiffs. | |

Plaintiff/Counterclaim-Defendant Cymbidium Restoration Trust filed a motion to amend its complaint to add a claim for specific performance, to clarify that not only does Cymbidium seek monetary damages for Defendants/Counterclaim-Plaintiffs'[1] alleged breach of contract pertaining to mortgage loans sold to third parties by AHP, but that Cymbidium also seeks to require AHP to return mortgage loan documents if it is determined that (consistent with the contract central to this litigation) Cymbidium in fact owns those mortgage loans.  Dkt. No. 232.

AHP opposes the motion, contending that the amendment Cymbidium seeks is inconsistent with its prior litigation positions, would be futile, and would necessitate impleader of third parties,

---

[1] This order hereinafter refers to Defendants/Counterclaim-Plaintiffs American Homeowner Preservation Trust Series AHP Servicing, AHP Capital Management LLC, AHP Servicing LLC, American Homeowner Preservation Series 2015A+ collectively as "AHP" for ease of reference.

ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO AMEND THE COMPLAINT - 1

reopening discovery, and further delay the resolution of this litigation.  Dkt. No. 243.

Because Cymbidium was diligent in seeking amendment, and AHP has failed to show that amendment would be improper, the Court will grant Cymbidium's motion, consistent with the liberal policy favoring amendment of pleadings.

## I.      BACKGROUND

Cymbidium filed this action in King County Superior Court in November 2023, and AHP removed it to federal court in January 2024.  Dkt. No. 1.  Cymbidium's complaint describes a contract between itself and AHP and brings claims for breach of contract and conversion.  Dkt. No. 1-2.  Specifically, Cymbidium's complaint alleges that under the contract, AHP sold, conveyed, and assigned to Cymbidium a designated group of mostly non-performing residential loans and the mortgage or other lien interests securing those loans.  *Id*. ¶ 9.  The complaint further alleges that the contract was structured such that Cymbidium would need to dispose of or resolve the loans in a manner that would enable Cymbidium and its affiliates to meet their obligations to their lender, but that AHP breached the contract by failing to provide assignments, allonges, and other documentation needed to permit Cymbidium to complete property sales.  *Id*. ¶¶ 11, 14.  Cymbidium's complaint requests "[a]n award of money damages in an amount to be determined at trial but believed to exceed $2 million;" interest and fees, and "such other or further relief as the court may deem appropriate and warranted."  *Id*. at 7–8.  AHP filed counterclaims asserting that Cymbidium breached the contract and that AHP is entitled to an accounting and to recover money it overpaid to Cymbidium.  Dkt. Nos. 5, 113.

As the litigation progressed, Cymbidium and AHP referenced the need to ensure that loan documentation remained with or returned to the rightful owner of the disputed mortgage loans.  *See, e.g.*, Dkt. No. 33 at 5 (Cymbidium's opposition to AHP's motion for a temporary restraining order, contending that although AHP was contractually obligated to assign and transfer all loan

documentation to Cymbidium, it did not and instead continues to use that documentation to sell the same loans previously sold to Cymbidium); Dkt. No. 50 at 12–13 (Cymbidium's motion for appointment of a special master, alleging that AHP has continued to wrongfully retain mortgage loan documents, which limits Cymbidium's ability to collect any damages even if it prevails in this litigation, and requesting that a special master be appointed to oversee the transfer of the loan documents); Dkt. No. 53 at 4 (AHP's opposition to appointment of a special master on the grounds that because the Court has not yet determined ownership of the mortgage loans, a special master cannot exercise authority over their disposition); Dkt. No. 172 at 4 (Cymbidium's motion to compel transfer of certain loan documents, alleging that AHP has refused to comply with their contractual obligation to transfer loan documents to Cymbidium); Dkt. No. 179 at 3–4 (AHP's non-opposition to Cymbidium's motion to compel transfer of certain loan documents, stating its agreement to execute documents on behalf of certain third parties, and forecasting its intention to file a motion to seek "global" relief on the issue of Cymbidium's recoveries).  Even as recently as the eve of the since-stricken January 2026 trial date, Cymbidium referenced in its motions in limine and trial brief AHP's failure to return the loan documents as a breach of contract that should be remedied by an order to turn over the documents.  Dkt. No. 218 at 15, Dkt. No. 220 at 29.

After the Court vacated the trial date to allow the parties to file cross-motions for summary judgment and address the potential need for a special accounting master, Cymbidium filed a motion to amend its complaint to explicitly request not only monetary damages, but specific performance compelling AHP to deliver withheld loan documents related to the mortgage loans that Cymbidium contends it owns under the contract.  Dkt. No. 232.  Cymbidium indicates that it realized the need to amend the complaint when it learned the week prior that AHP intended to argue in a summary judgment motion that Cymbidium was not entitled to delivery of the loan documents because it had not requested such relief in its complaint.  Dkt. No. 245 at 5.

The briefing on Cymbidium's motion is now complete, and the Court will grant it, for the following reasons.

## II.   ANALYSIS

### A.   Legal Standards

A party may amend its pleading once as a matter of course, and thereafter "only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(1)–(2). "The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). A court "considers the following five factors to assess whether to grant leave to amend: (1) bad faith, (2) undue delay, (3) prejudice to the opposing party, (4) futility of amendment; and (5) whether plaintiff has previously amended his complaint." *In re W. States Wholesale Nat. Gas Antitrust Litig.*, 715 F.3d 716, 738 (9th Cir. 2013) (citation modified), *aff'd sub nom. Oneok, Inc. v. Learjet, Inc.*, 575 U.S. 373 (2015). "The opposing party bears the burden to show why leave to amend should not be granted." *Robertson v. Bruckert*, 568 F. Supp. 3d 1044, 1047 (N.D. Cal. 2021).

If a court's scheduling order sets forth a deadline for amending the pleadings, no post-deadline amendment is permitted unless the court first finds good cause to amend the case schedule. *See* Fed. R. Civ. P. 16(b)(4); *Kamal v. Eden Creamery, LLC*, 88 F.4th 1268, 1277 (9th Cir. 2023). Good cause to modify a case schedule exists where the moving party is diligent in requesting a modification. *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 607–09 (9th Cir. 1992).

"Although the existence or degree of prejudice to the party opposing the modification might supply additional reasons to deny a motion [for leave to amend], the focus of the inquiry is upon the moving party's reasons for seeking modification[,]" and "[i]f that party was not diligent, the inquiry should end." *Johnson*, 975 F.2d at 609. "Only after the moving party has demonstrated diligence under Rule 16 does the court apply the standard under Rule 15 to determine whether the

ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO AMEND THE COMPLAINT - 4

amendment [is] proper." *Hood v. Hartford Life & Accident Ins. Co.*, 567 F. Supp. 2d 1221, 1224 (E.D. Cal. 2008). A determination of whether good cause exists to modify a case schedule is committed to the broad discretion of the district court. *See C.F. ex rel. Farnan v. Capistrano Unified Sch. Dist.*, 654 F.3d 975, 984 (9th Cir. 2011).

**B.      Neither Rule 16 nor Rule 15 Provides a Basis to Deny Cymbidium's Motion.**

AHP opposes the motion for a host of reasons, none of which is persuasive.

First, AHP emphasizes that the motion for leave to amend is untimely per the case schedule, which set the deadline for amended pleadings in November 2024. Dkt. No. 243 at 11–13. AHP contends that Cymbidium was not diligent in seeking amendment, instead pressing toward trial and opposing extensions of the case schedule. *Id.* AHP asserts that by characterizing the amendment as a mere clarification, Cymbidium only underscores its lack of diligence in seeking amendment, because if the specific performance theory was so central to the case and obvious from the outset, Cymbidium should have amended its complaint earlier. *Id.*

Although AHP implies that the motion's untimeliness reflects a lack of diligence, the Court is not so persuaded. As evidenced in the Court's summary of various pleadings in the previous section of this order, Cymbidium and AHP appear to have jointly assumed for years that loan documents may need to be transferred if Cymbidium is found to be the rightful owner of disputed mortgage loans. Although Cymbidium certainly *could* have sought amendment earlier, this litigation has been complicated by the existence of related cases (in and out of this jurisdiction) and the multiple shifts in defense counsel have also led to different litigation emphases as this case has progressed toward trial. The Court finds it plausible that Cymbidium did not realize the need for a formal amendment of the complaint until AHP's summary judgment theories were made known. To the extent that AHP is frustrated that legal issues central to this case were not fully identified and briefed until late in this litigation, the Court shares that frustration, although does

ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO AMEND THE COMPLAINT - 5

not lay the blame entirely at Cymbidium's feet.  In any event, Cymbidium promptly moved for leave to amend the complaint at the point that the need for such a motion became clear.  Thus, the Court is satisfied that Cymbidium's motion was brought with diligence and finds that it satisfies the inquiry under Rule 16.

Likewise, the Court does not find that the Rule 15 factors support denying amendment. AHP's opposition focuses on prejudice and futility.  Dkt. No. 243 at 14.  As to prejudice, the Court disagrees with AHP that Cymbidium's amendments "transform" this case after discovery is closed. *Compare Morongo Band of Mission Indians v. Rose,* 893 F.2d 1074, 1079 (9th Cir. 1990) ("The new claims set forth in the amended complaint would have greatly altered the nature of the litigation and would have required defendants to have undertaken, at a late hour, an entirely new course of defense. Again, this factor is not fatal to amendment, but it enters into the balance." (internal citation omitted)).  As discussed earlier in this order, both Cymbidium and AHP have long acknowledged the potential need for a transfer of loan documents, depending on the loan ownership determination.  The Court is not convinced that, as AHP worries, the amendment would necessitate the addition of new parties or re-opening discovery, for the reasons explained by Cymbidium.  *See* Dkt. No. 245 at 6–7.

Likewise, the amendment is not futile.  Although AHP may be correct that some property-related actions, such as actions to recover title or possession of land, may only be brought within the state in which the land lies (see Dkt. No. 243 at 16–17), Cymbidium does not seek to add such claims to this action.  Cymbidium seeks to request specific performance of an alleged contractual obligation to provide loan documents, but the transfer of those loan documents would not result in the transfer of the property itself.  AHP has thus not shown that amendment would be futile because the Court would lack jurisdiction over the new claim.

AHP also contends that the amendment would be futile because it presupposes that Cymbidium owns the disputed mortgage loans, overlooking AHP's dispute on that point.  Dkt. No. 243 at 17.  That a claim *may* ultimately fail does not establish its futility at the outset, however. AHP has not shown that Cymbidium's claim for specific performance is a non-starter as a matter of law, and thus has not shown that it is futile.  *See, e.g.*, *SAES Getters S.p.A. v. Aeronex, Inc.*, 219 F. Supp. 2d 1081, 1086 (S.D. Cal. 2002) (explaining that an amendment is "futile" for purposes of Rule 15 "only if it would clearly be subject to dismissal").

Lastly, AHP argues that the amendment is futile because it requests that AHP return loan documents, while also asserting that AHP has already sold mortgage loans belonging to Cymbidium.  Dkt. No. 243 at 17–18.  AHP rightly contends that both forms of relief cannot logically exist for the same loans, and that documents for loans already sold are no longer AHP's to return—but Cymbidium does not request an order that AHP must return loan documents for loans already sold.  Instead, Cymbidium seeks money "damages for loans already sold without remittance, and equitable relief compelling delivery of documents for unsold loans."  Dkt. No. 245 at 7.

Because the Court finds good cause to permit Cymbidium to amend its complaint at this point in the case schedule, and because AHP has not shown that allowing the amendment would be improper, the Court will grant Cymbidium's motion.

## III.    CONCLUSION

As explained herein, the Court GRANTS Cymbidium's motion.    Dkt. No. 232. Cymbidium shall file an amended complaint no later than March 16, 2026.  The parties shall file a joint statement regarding their respective positions on the impact of this amendment on the pending summary judgment motions, no later than March 26, 2026.

Dated this 12th day of March, 2026.

Kymberly K. Evanson
United States District Judge