The Honorable  Kymberly K. Evanson

SUPERIOR COURT OF WASHINGTON IN AND FOR KING COUNTY

CYMBIDIUM RESTORATION TRUST,

                         Plaintiff,

v.

AMERICAN HOMEOWNER
PRESERVATION TRUST SERIES AHP
SERVICING; its Trustee, U.S. BANK TRUST
N.A.; AHP CAPITAL MANAGEMENT, LLC;
AMERICAN HOMEOWNER
PRESERVATION SERIES 2015A+; its Trustee,
U.S. BANK TRUST NATIONAL
ASSOCIATION; AHP SERVICING, LLC; and
JORGE NEWBERY,

                         Defendants.

No. 2:24-cv-00025

AMENDED COMPLAINT FOR BREACH
OF CONTRACT, SPECIFIC
PERFORMANCE, AND CONVERSION

Plaintiff Cymbidium Restoration Trust, through its attorneys, for its Complaint against defendants, alleges as follows:

## I.    PARTIES

1.    Plaintiff Cymbidium Reformation Trust ("Cymbidium") is a Delaware Statutory Trust.  Its principal place of business is in King County, Washington.

2.    Defendant American Homeowner Preservation Trust Series AHP Servicing ("AHP Trust Servicing") is a Delaware Statutory Trust.  Its principal place of business is in Chicago, Illinois.  Defendant U.S. Bank Trust N.A. is the Trustee of AHP Trust Servicing; it is named as a defendant in its nominal Trustee capacity.

AMENDED COMPLAINT FOR BREACH OF CONTRACT
AND CONVERSION (NO. 2:24-cv-00025-KKE) - 1

BYRNES ♦ KELLER ♦ CROMWELL LLP
38TH FLOOR
1000 SECOND AVENUE
SEATTLE, WASHINGTON  98104
(206) 622-2000

3. Defendant American Homeowner Preservation Series 2015A+ ("AHP 2015A+"), is a Delaware Statutory Trust with a principal place of business in Chicago, Illinois. Defendant U.S. Bank Trust National Association is the Trustee of AHP 2015A+; it is named as a defendant in its nominal Trustee capacity.

4. Defendant AHP Servicing, LLC ("AHP Servicing") is a limited liability company with its principal place of business in Chicago, Illinois.

5. Defendant Jorge Newbery is an individual who resides in the Chicago-area of Illinois. He is the Chief Executive Officer ("CEO") of AHP Servicing; he is the Manager and CEO of AHP 2015A+; and he is the Manager and CEO of defendant AHP Capital Management LLC, an entity that acted as the administrator of and on behalf of defendant AHP Trust Servicing.

## II.   JURISDICTION AND VENUE

6. This court has subject matter jurisdiction pursuant to RCW 2.08.010.

7. Venue is proper pursuant to RCW 4.12.025 in that (i) the contracts the defendant corporations breached, which have Washington choice of law provisions, were made in part in King County, and (ii) portions of the torts alleged herein were committed in and had direct impacts in King County.

8. By entering into the contractual agreements described below, and by engaging in the tortious conduct alleged below, defendants transacted business within, and committed tortious acts within, the state of Washington such that they are subject to personal jurisdiction under RCW 4.28.185.

## III.   FACTUAL ALLEGATIONS

**A.   Cymbidium, AHP Trust Servicing, and AHP 2015A+ Enter Into a Contract Regarding the Sale of Mortgage Loans.**

9. Effective October 7, 2022, plaintiff Cymbidium, as purchaser, entered into an agreement with defendant AHP Trust Servicing and defendant AHP 2015A+ (collectively the

AMENDED COMPLAINT FOR BREACH OF CONTRACT
AND CONVERSION  (NO. 2:24-cv-00025-KKE)- 2

BYRNES ♦ KELLER ♦ CROMWELL LLP
38TH FLOOR
1000 SECOND AVENUE
SEATTLE, WASHINGTON  98104
(206) 622-2000

"AHP Sellers").  In the agreement, which is titled Mortgage Loan Sale Agreement With Repurchase Obligation ("Mortgage Sale Agreement"), the AHP Sellers sold and conveyed and assigned to Cymbidium a designated group of mostly non-performing residential loans and the mortgage or other lien interests securing those loans.  The Mortgage Sale Agreement provided, among other things, that ownership of the loans being sold and assigned (and their related mortgages or other liens) was transferred to Cymbidium (Mortgage Sale Agreement, Section 2); that Cymbidium was entitled to receive any payments or other recoveries with respect to those loans (*id.*); that if the transaction is deemed to be a loan, Cymbidium had a security interest in each of the loans (*id.* at Section 6); and that AHP Sellers represented and warranted, among other things, that they had good title to, and were the sole owner and holder of the loans, that they had not altered, modified, satisfied, cancelled, or released the borrowers or the residential property liens securing the loans, and that the Mortgage Loan Schedule attached to the Mortgage Sale Agreement was true and correct (*id.* at Sections 8.1 (vi), (vii) and (x)).  Under the Agreement (Section 7), the AHP Sellers were required to deliver to Cymbidium the complete Mortgage Loan Files, which includes the Mortgage Loan Documents as outlined in Exhibit 1 of the Agreement, for each loan conveyed. Possession of these documents is necessary for Cymbidium to enforce, service, sell, assign, or otherwise monetize the mortgage loans.

10.     Despite having been paid to convey ownership of the mortgage loans, the AHP Sellers have failed and refused to deliver all required Mortgage Loan Documents. This failure has prevented Cymbidium from exercising the rights of ownership expressly transferred under the Agreement and has impaired Cymbidium's ability to enforce, sell, or otherwise realize value from the loans.

11.     The AHP Sellers' refusal to deliver the Mortgage Loan Documents is ongoing and continuing and constitutes a material breach of the Agreement independent of, and in addition to, the monetary breaches alleged herein.

AMENDED COMPLAINT FOR BREACH OF CONTRACT
AND CONVERSION  (NO. 2:24-cv-00025-KKE)- 3

12.    Under the terms of the Mortgage Sale Agreement, the AHP Sellers also were obligated to repurchase certain of the conveyed loans at a pre-determined price on or prior to January 7, 2023.  On that date, the AHP Sellers' repurchase obligation was over $19.75 million, which the AHP Sellers did not pay when due.

**B.    The Parties Enter Into the First Amendment.**

13.    When the AHP Sellers did not repurchase the loans on or before January 7, 2023, as had been agreed, Cymbidium and the AHP Sellers amended the Mortgage Loan Agreement by entering into an agreement entitled:  First Amendment to Mortgage Loan Sale Agreement With Repurchase Obligations ("First Amendment").  The First Amendment, among other things, eliminated the AHP Sellers repurchase obligations; conveyed additional designated loans (and their related mortgages or other security liens) to Cymbidium; and it provided that Cymbidium would endeavor to collect or realize a recovery on the loans, with the recoveries first going to all amounts AHP Sellers owed Cymbidium, to pay unrelated third-party costs and other fees Cymbidium incurred managing the loans, to pay a 16 percent Applicable Pricing Rate, to pay a 1.75 percent Management Fee, and to pay certain other items.  Upon payment of those amounts in full, any then-remaining loans or other assets, including any excess cash recovered by Cymbidium, were to be assigned and transferred back to the AHP Sellers.  Cymbidium also agreed to exercise best efforts in good faith to maximize the recovery on the mortgage loans, with the AHP Sellers acknowledging that Cymbidium would need to dispose of or resolve the loans in a manner that would enable Cymbidium and its affiliates to meet their obligations to their lender; and that Cymbidium's disposition of the loans acquired could be either in "bulk" or through individual transactions with borrowers or others, but that such resolutions or dispositions would not require approval by the AHP Sellers (First Amendment ¶ 6).

AMENDED COMPLAINT FOR BREACH OF CONTRACT
AND CONVERSION  (NO. 2:24-cv-00025-KKE)- 4

**C.      AHP Servicing Provides a Guaranty.**

14.      As part of the Mortgage Sale Agreement and the First Amendment transactions, defendant AHP Servicing provided an unconditional and irrevocable guaranty of the AHP Sellers' obligations under those agreements.

**D.      Other Pertinent Contract Provisions.**

15.      The Mortgage Sale Agreement (Section 14) provides that it shall be construed in accordance with the laws of the state of Washington without regard to conflicts of law, and that the parties' obligations, rights and remedies shall be determined in accordance with Washington law.  That agreement also provides that the parties agree to act reasonably, in good faith, and to do all things necessary to effect the transaction including, without limitation, complying with all reasonable requests by the other relating to the transactions (Section 23).  The AHP Sellers also agreed to take such further or other actions as shall reasonably be necessary to perform their obligations under the agreement (*id.*).  These provisions continued in effect under the First Amendment (First Amendment ¶ 12).

**E.      The AHP Sellers Breach the Contract; All Defendants Convert Plaintiff's Funds and Other Property.**

16.      The AHP Sellers breached the Mortgage Sale Agreement and the First Amendment (collectively the "Agreement"), and all defendants converted funds and other assets belonging to Cymbidium by, among other things:

a.      Over 70 of the loans purportedly sold to Cymbidium, were no longer outstanding as of October 7, 2022.  The AHP Sellers had previously collected, compromised, or obtained some other recovery regarding those loans such that they no longer were outstanding.  Put simply, the AHP Sellers sold and assigned to Cymbidium over 70 loans that no longer existed.  Nor did the AHP Sellers turn over to plaintiff the proceeds they (or Newbery or his affiliated entities) realized from those

BYRNES ♦ KELLER ♦ CROMWELL LLP
38TH FLOOR
1000 SECOND AVENUE
SEATTLE, WASHINGTON  98104
(206) 622-2000

loans. Instead, at defendant Newbery's direction, those proceeds were retained by the AHP Sellers and/or utilized by Newbery to pay expenses regarding other affiliated entities he controlled.

b. After the First Amendment, the AHP Sellers obtained recoveries related to loans and mortgages that they had conveyed to plaintiff, and at defendant Newbery's direction, those funds also were not turned over to plaintiff as was required under the Agreement. Instead, the mortgages and the funds were converted by defendants and used by defendants to, among other things, pay expenses related to Newbery-affiliated companies.

c. The AHP Sellers failed to provide assignments and allonges and other documentation needed to permit Cymbidium to complete property sales so it could receive the proceeds from those sales to apply those proceeds against amounts the AHP Sellers owed under the Agreement.

d. The AHP Sellers have not paid all amounts still owed plaintiff under this Agreement.

## IV.   CAUSES OF ACTION

### A.   Breach of Contract.

17. Plaintiff realleges, as if fully set forth, each of the allegations in paragraphs 1-14 above.

18. Based upon the foregoing allegations, the AHP Sellers have breached the provisions of the Agreement. The remaining unpaid amounts that are owed under the Agreement exceed $2 million, and plaintiff has been damaged in that amount by the AHP Sellers breaches of the Agreement.

The AHP Sellers, have also breached the Agreement by failing to deliver all the Mortgage Loan Documents required to effectuate the transfer of ownership of the mortgage

AMENDED COMPLAINT FOR BREACH OF CONTRACT
AND CONVERSION  (NO. 2:24-cv-00025-KKE)- 6

BYRNES ♦ KELLER ♦ CROMWELL LLP
38TH FLOOR
1000 SECOND AVENUE
SEATTLE, WASHINGTON  98104
(206) 622-2000

loans to Cymbidium. As a direct and proximate result of these breaches, Cymbidium has suffered damages and has been deprived of the benefit of its bargain, including the ability to exercise the incidents of ownership over the mortgage loans

19.    Pursuant to the Guaranty Agreement, defendant AHP Servicing guaranteed and is therefore liable for the damages resulting from the AHP Sellers' breaches.

**B.    Conversion.**

20.    Plaintiff realleges, as if fully set forth, each of the allegations in paragraphs 1-17 above.

21.    The funds defendants recovered on loans sold to Cymbidium were discrete and segregated funds that should have been turned over to Cymbidium.  The mortgages and other lien security interests that were sold and assigned belonged to plaintiff.  Newbery, the AHP Sellers, and other entities controlled by Newbery, converted those funds and liens and wrongfully used them for their own purposes.  Plaintiff sustained damages in an amount exceeding $2 million as a result of defendants' conversion of plaintiff's property.

**C.    Specific Performance.**

20.    Plaintiff realleges, as if fully set forth, each of the allegations in paragraphs 1-19 above.

21.    The Agreement requires the AHP Sellers to deliver the Mortgage Loan Documents necessary to evidence and effectuate Cymbidium's ownership of the mortgage loans. That obligation is clear, definite, and capable of specific enforcement.

22.    Monetary damages alone are inadequate because, without possession of the Mortgage Loan Documents, Cymbidium cannot enforce, sell, assign, or otherwise monetize the loans, rendering its ownership rights illusory.

23.    Cymbidium has performed, or is excused from performing, all conditions precedent under the Agreement.

AMENDED COMPLAINT FOR BREACH OF CONTRACT
AND CONVERSION  (NO. 2:24-cv-00025-KKE)- 7

BYRNES ♦ KELLER ♦ CROMWELL LLP
38TH FLOOR
1000 SECOND AVENUE
SEATTLE, WASHINGTON  98104
(206) 622-2000

24.     Equity therefore requires an order compelling Defendants to specifically perform their contractual obligations by delivering all Mortgage Loan Documents required under the Agreement.

## V.     PRAYER FOR RELIEF

Wherefore, plaintiff requests the following relief:

1.     An award of money damages in an amount to be determined at trial but believed to exceed $2 million;

2.     An order of specific performance compelling Defendants to deliver all Mortgage Loan Documents required under the Agreement;

3.     A declaratory judgment confirming Cymbidium's ownership of the mortgage loans and its right to possession of the Mortgage Loan Documents;

4.     Prejudgment interest and attorneys' fees pursuant to the parties' contracts or otherwise;

5.     Such other or further relief as the court may deem appropriate and warranted.

DATED this 13th day of March, 2026.

BYRNES KELLER CROMWELL LLP


By /s/ Bradley S. Keller
     Bradley S. Keller, WSBA # 10665

By /s/ M. Victoria Molina
     M. Victoria Molina, WSBA #62109
     1000 Second Avenue, 38th Floor
     Seattle, Washington  98104
     Telephone: (206) 622-2000
     Facsimile:  (206) 622-2522
     Email:     bkeller@byrneskeller.com
                    mvmolina@byrneskeller.com
     ***Attorneys for Plaintiff***

AMENDED COMPLAINT FOR BREACH OF CONTRACT
AND CONVERSION  (NO. 2:24-cv-00025-KKE) - 8