UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| CYMBIDIUM RESTORATION TRUST,<br><br>    Plaintiff-Counterclaim Defendant,<br>    v.<br><br>AMERICAN HOMEOWNER<br>PRESERVATION TRUST SERIES AHP<br>SERVICING, et al.,<br><br>               Defendants-<br>Counterclaim Plaintiffs. | CASE NO. C24-0025-KKE<br><br>ORDER DENYING IN PART AND<br>DEFERRING RULING IN PART<br>DEFENDANTS' MOTION FOR<br>APPOINTMENT OF A SPECIAL MASTER |

As contemplated (*see* Dkt. Nos. 226, 227, 228, 229, 239), Defendants-Counterclaim Plaintiffs ("AHP") filed a motion requesting appointment of a special master to conduct an accounting and compute damages. Dkt. No. 240. Plaintiff-Counterclaim Defendant Cymbidium Restoration Trust ("Cymbidium") does not disagree that a special accounting master may be warranted, but requests that the Court defer the appointment until after the pending dispositive motions are resolved. Dkt. No. 258.

AHP requests that the Court appoint a special accounting master consistent with Federal Rule of Civil Procedure 53 to reconcile the financial records related to the mortgage loans subject to the amended Mortgage Loan Sale Agreement with Repurchase Obligation, the contract that is central to the disputes presented in this litigation. Dkt. No. 240. AHP and Cymbidium both accuse their opponents of breaching the contract and thus owing them money, and reconciling the

ORDER DENYING IN PART AND DEFERRING RULING IN PART DEFENDANTS' MOTION FOR
APPOINTMENT OF A SPECIAL MASTER - 1

financial records will "allow[] the Court to determine who owes whom money under the [contract]." Dkt. No. 262 at 4. AHP requests that the Court appoint an accounting master to determine what funds were received and what costs were incurred, by whom and from whom; determine when transactions occurred and what credits or offsets were applied; determine whether each entry is supported by contemporaneous source documentation; and identify gaps, inconsistencies, or unsupported entries and report them to the Court. *See* Dkt. No. 240-1 at 2–3.

Although AHP contends that "[t]here is no practical reason to delay the accounting" until after resolution of the pending dispositive motions (Dkt. No. 262 at 5), the Court finds merit in Cymbidium's proposal. At this point in the litigation, the dispositive motions have not yet been argued or resolved, and it is these threshold legal questions—not the need for an accounting master—that led the Court to strike the trial date. The parties' pending dispositive motions request that the Court construe the parties' contract, determine whether certain of its provisions were breached, and rule on the availability of certain damages as a matter of law. *See* Dkt. Nos. 233, 236. AHP has not argued that the accounting master's work will inform the Court's handling of the dispositive motions, such that the work should begin before the Court rules. But in contrast, the Court's resolution of the dispositive motions may clarify the issues remaining for trial, and may allow the Court to tailor the accounting master's assignment. Moreover, the Court's dispositive rulings may increase the likelihood of settlement of this matter entirely. For these reasons, the Court finds that appointing an accounting master before resolution of the pending dispositive motions would risk inefficiency and wasted resources.

Damages are typically determined after liability, and the Court finds no reason to depart from this typical sequencing here. Although AHP correctly notes that a special master *may* be appointed to assist the Court with understanding complex financial records in advance of trial (Dkt. No. 262 at 6 n.1), AHP has not shown that such understanding would be of assistance to the Court

before trial.  Due to the many variables still undetermined until the litigation progresses to trial, the Court finds that deferring on the appointment of an accounting master until after resolution of the dispositive motions is the more reasonable course of action.

Accordingly, the Court DENIES IN PART AHP's motion (Dkt. No. 240) to the extent it requests an immediate appointment of an accounting master, and DEFERS RULING IN PART as to the remainder of the motion.  The Court directs the clerk to TERMINATE AHP's motion (Dkt. No. 240), to be reactivated as needed in the future.

Dated this 16th day of March, 2026.

Kymberly K. Evanson
United States District Judge

ORDER DENYING IN PART AND DEFERRING RULING IN PART DEFENDANTS' MOTION FOR APPOINTMENT OF A SPECIAL MASTER - 3