HONORABLE KYMBERLY K. EVANSON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

CYMBIDIUM RESTORATION TRUST,

         Plaintiff,

    v.

AMERICAN HOMEOWNER
PRESERVATION TRUST SERIES AHP
SERVICING; ITS TRUSTEE, U.S. BANK
TRUST N.A.; AHP CAPITAL
MANAGEMENT, LLC; AMERICAN
HOMEOWNER PRESERVATION SERIES
2015A+; ITS TRUSTEE, U.S. BANK TRUST
NATIONAL ASSOCIATION; AHP
SERVICING, LLC; AND JORGE NEWBERY,

         Defendants.

Case No.  2:24-cv-0025-KKE

DEFENDANTS' ANSWER AND AFFIRMATIVE
DEFENSES TO PLAINTIFF CYMBIDIUM
RESTORATION TRUST'S AMENDED
COMPLAINT

Defendants American Homeowner Preservation Trust Series AHP Servicing, AHP Capital Management, LLC, American Homeowner Preservation Trust Series 2015A+ (Incorrectly named as "American Homeowner Preservation Series 2015A+"), and AHP Servicing, (collectively, the "Defendants" or "AHP Entities"), by and

DEFENDANTS' ANSWER AND AFFIRMATIVE
DEFENSES – Page 1

through their attorneys, answer Plaintiff Cymbidium Restoration Trust's ("Plaintiff" or "Cymbidium") Amended Complaint, Dkt. 264, as follows:

## I. PARTIES

1.    Admit.

2.    Admit.

3.    Deny as to "American Homeowner Preservation Series 2015A+ ("AHP 2015A+")." To the extent the misnomer is corrected, as to American Homeowner Preservation Trust Series 2015A+, admit.

4.    Admit.

5.    Defendants deny that Jorge Newbery is CEO of AHP 2015A+. Defendants admit all remaining allegations as to AHP Servicing, AHP Capital Management, LLC, AHP Trust Servicing, and, if relevant, American Homeowner Preservation Trust Series 2015A+.

## II. JURISDICTION AND VENUE

6.    Deny. If the Court has subject matter jurisdiction, it would presumptively be pursuant to 28 U.S.C. 1332.

7.    Deny. If venue is proper in the Western District of Washington, it would presumptively be pursuant to 28 U.S.C. § 1391(b) and 28 U.S.C. § 128(b).

8.    Deny.

DEFENDANTS' ANSWER AND AFFIRMATIVE
DEFENSES – Page 2

BAILEY DUQUETTE P.C.
800 FIFTH AVENUE, SUITE 101-800
SEATTLE, WASHINGTON 98104
T 206.225.2250 | F 888.233.5869

### III. FACTUAL ALLEGATIONS

**A. Cymbidium, AHP Trust Servicing, and AHP 2015A+ Enter Into a Contract Regarding the Sale of Mortgage Loans.**

9.     Defendants admit only that American Homeowner Preservation Trust Series AHP Servicing and American Homeowner Preservation Trust Series 2015A+ entered into an agreement with Plaintiff on October 7, 2022, titled "MORTGAGE LOAN SALE AGREEMENT WITH REPURCHASE OBLIGATION" and that Defendants fulfilled their obligations under the Mortgage Loan Sale Agreement with Repurchase Obligations. Defendants deny any remaining allegations not expressly admitted.

10.     Deny.

11.     Deny.

12.     Deny.

**B. The Parties Enter Into the First Amendment**

13.     Defendants admit only that American Homeowner Preservation Trust Series AHP Servicing and American Homeowner Preservation Trust Series 2015A+ amended their agreement with Plaintiff on March 15, 2023, and deny all remaining allegations not specifically admitted.

**C. AHP Servicing Provides a Guaranty.**

14.     Defendants admit only that a guaranty agreement was executed. Defendants deny any remaining allegations and legal conclusions.

**D. Other Pertinent Contract Provisions**

15.    Defendants admit that the "MORTGAGE LOAN SALE AGREEMENT WITH REPURCHASE OBLIGATION" and "FIRST AMENDMENT TO MORTGAGE LOAN SALE AGREEMENT WITH REPURCHASE OBLIGATIONS" contain the aforementioned contractual provisions and deny all remaining allegations not specifically admitted.

**E. The AHP Sellers Breach the Contract; All Defendants Convert Plaintiff's Funds and Other Property**

16.    Deny, including subparagraphs (a) through (d).

**IV. CAUSES OF ACTION**

**A. Breach of Contract**

17.    Defendants incorporate by reference their previous answers to the allegations in paragraphs 1 through 16 above.

18.    Deny.

19.    Deny.

**B. Conversion**

20.    Defendants incorporate by reference their previous answers to the allegations in paragraphs 1 through 19 above.

21.    Deny.

**C. Specific Performance**

22.    [Mislabeled "20" in Amended Complaint] Defendants incorporate by reference their previous answers to the allegations in paragraphs 1 through 21 above insert.

DEFENDANTS' ANSWER AND AFFIRMATIVE
DEFENSES – Page 4

BAILEY DUQUETTE P.C.
800 FIFTH AVENUE, SUITE 101-800
SEATTLE, WASHINGTON 98104
T 206.225.2250 | F 888.233.5869

23.     [Mislabeled "21" in Amended Complaint] Deny. Defendants deny that Plaintiff lacks possession of documents necessary to effectuate transfers and affirmatively allege that Plaintiff and its affiliates have already executed assignments, allonges, and deeds purporting to transfer the subject assets. Defendants further allege that assignments and allonges for the majority of the subject loans already exist, including assignments and allonges to Magerick reflected in custodial records maintained by Western Alliance Bank, and therefore Plaintiff's request for specific performance is unnecessary.

24.     [Mislabeled "22" in Amended Complaint] Deny.

25.     [Mislabeled "23" in Amended Complaint] Deny.

26.     [Mislabeled "24" in Amended Complaint] Deny.

## V. PRAYER FOR RELIEF

Answering Section V, Defendants deny that Plaintiff Cymbidium Restoration Trust is entitled to judgment against them in any amount whatsoever, request judgment in their favor and against Plaintiff, and request such further or other relief the Court deems just and proper.

### DEFENDANTS' AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT

Defendants American Homeowner Preservation Trust Series AHP Servicing, AHP Capital Management, LLC, American Homeowner Preservation Trust Series 2015A+ (Incorrectly named as "American Homeowner Preservation Series 2015A+), and AHP Servicing, LLC (collectively, the "Defendants" or "AHP Entities"), and

BAILEY DUQUETTE P.C.
800 FIFTH AVENUE, SUITE 101-800
SEATTLE, WASHINGTON 98104
T 206.225.2250 | F 888.233.5869

pleading in the alternative and without prejudice to the denials, objections, and other statements contained in these pleadings, states for its Affirmative Defenses to Plaintiff's Complaint the following:

## FIRST AFFIRMATIVE DEFENSE
**(Improper Damages)**

1.     Plaintiff's Complaint seeks damages, including but not limited to attorney's fees, that are not provided under the Mortgage Sale Agreement, First Amendment, applicable state or federal law, or otherwise.

## SECOND AFFIRMATIVE DEFENSE
**(Waiver)**

2.     Plaintiff's claims are barred, in whole or in part, by the equitable doctrine of waiver.

## THIRD AFFIRMATIVE DEFENSE
**(Unjust Enrichment)**

3.     Plaintiff's claims are barred, in whole or in part, due to unjust enrichment.

## FOURTH AFFIRMATIVE DEFENSE
**(Unclean Hands)**

4.     Plaintiff's claims are barred, in whole or in part, by Plaintiff's unclean hands.

DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES – Page 6

BAILEY DUQUETTE P.C.
800 FIFTH AVENUE, SUITE 101-800
SEATTLE, WASHINGTON 98104
T 206.225.2250 | F 888.233.5869

## FIFTH AFFIRMATIVE DEFENSE
### (Failure to Mitigate)

5. If Plaintiff recovers any damages, such award much be reduced by all damages attributable to Plaintiff's failure to take appropriate action and mitigate damages prior to and subsequent to the institution of this action.

## SIXTH AFFIRMATIVE DEFENSE
### (Satisfied Terms, Conditions, Duties, and Obligations)

6. Plaintiff's breach of contract claim (Count I) is barred, in whole or in part, because Defendants complied with and satisfied all terms, conditions, duties, and obligations, of any and all purported contracts or agreements, express or implied, to which they are a party.

## SEVENTH AFFIRMATIVE DEFENSE
### (Substantial Performance and *De Minimis* Harm)

7. Alternatively, if Plaintiff establishes a breach of the Mortgage Sale Agreement and First Amendment, Plaintiff's Breach of Contract Claim (Count I) is barred in whole or in part because Defendants' nonperformance or partial nonperformance is excused due to substantial performance and to the de minimis harm caused to Plaintiff.

## EIGHTH AFFIRMATIVE DEFENSE
### (Setoff and Recoupment)

8. If Plaintiff is entitled to damages, Defendants are entitled to a setoff and recoupment for any consideration previously provided to Plaintiff, including contractual recoupment under the waterfall provisions of the First Amendment.

DEFENDANTS' ANSWER AND AFFIRMATIVE
DEFENSES – Page 7

BAILEY DUQUETTE P.C.
800 FIFTH AVENUE, SUITE 101-800
SEATTLE, WASHINGTON 98104
T 206.225.2250 | F 888.233.5869

**NINTH AFFIRMATIVE DEFENSE**
**(Unidentifiable Amount of Purportedly Converted Money)**

9.      Plaintiff's claim for conversion (Count II) is barred in whole or in part if its claim is based on the purported conversion of money.

**TENTH AFFIRMATIVE DEFENSE**
**(Plaintiff's Material Breach of Contract)**

10.      Plaintiff's breach of contract claim (Count I) is barred if Plaintiff materially breached contract obligations owed to Defendants.

**ELEVENTH AFFIRMATIVE DEFENSE**
**(Fraud in the Inducement)**

11.      Defendants were fraudulently induced to sign the Mortgage Sale Agreement and First Amendment on October 5, 2022 and March 15, 2023, respectively.

12.      The Mortgage Sale Agreement is fully titled "Mortgage Sale Agreement with Repurchase Obligation," requiring that American Homeowner Preservation Trust Series AHP Servicing and American Homeowner Preservation Trust Series 2015A+ (collectively "The Trusts") repurchase category B mortgage loans for a price determined by a formula prescribed in the Mortgage Sale Agreement.

13.      Prior to the execution of the Mortgage Sale Agreement, Plaintiff, through its agents or affiliates pre-negotiated the assignment of the loans to its affiliate Magerick, LLC and thereafter the pledge of category B mortgage loans by Magerick as collateral for a loan with Western Alliance Bank. Those actions

BAILEY DUQUETTE P.C.
800 FIFTH AVENUE, SUITE 101-800
SEATTLE, WASHINGTON 98104
T 206.225.2250 | F 888.233.5869

encumbered the category B mortgage loans and made it impossible for The Trusts' to repurchase the category B mortgage loans.

14.     In order to induce The Trusts to execute the Mortgage Sale Agreement, Plaintiff, through itself, its agents, and or affiliates failed to mention that the category B mortgage loans would be transferred and encumbered and that in spite of the language of Mortgage Sale Agreement, and in particular, the repurchase obligation, the category B mortgage loans could not be repurchased.

15.     At that time, Plaintiff and its agents and affiliates knew that the category B mortgage loans were being used as collateral for a loan with Western Alliance Bank and that the representations  that The Trusts would regain possession of the mortgage loans were false.

16.     Plaintiff also knew at the time it proposed the Mortgage Sale Agreement and at the time of execution that the mortgage loans were being pledged as collateral and could not be repurchased pursuant to the repurchase obligation. Those representations and omissions were therefore false.

17.     The Trusts relied on those misrepresentations because had The Trusts known that there was no mechanism by which they could repurchase or otherwise regain possession of their loans they would not have executed the Mortgage Sale Agreement.

BAILEY DUQUETTE P.C.
800 FIFTH AVENUE, SUITE 101-800
SEATTLE, WASHINGTON 98104
T 206.225.2250 | F 888.233.5869

18. On March 15, after The Trusts were unable to meet their repurchase obligation, the parties executed the First Amendment to Mortgage Loan Sale Agreement with Repurchase Obligation ("First Amendment").

19. At the time of the execution of the First Amendment, The Trusts were still unaware that the category B mortgage loans were pledged as collateral for a loan from Western Alliance Bank.

20. In spite of the foregoing, and based on the false representations made by Plaintiff and its agents and affiliates that The Trusts would receive the balance of the category B mortgage loans back after its obligations under the contract were met, The Trusts executed the First Amendment.

21. The First Amendment contained a waterfall provision specifying the order in which proceeds from the category B mortgage loans were to be applied to amounts owed by AHP.

22. Plaintiff, and their agents and affiliates represented that once the terms of the waterfall provision and the surviving terms of the Mortgage Sale Agreement were satisfied, The Trusts would receive the remainder of the category B mortgage loans back.

23. Those representations were false and Plaintiff, its agents and affiliates knew that those representations were false because they had no ability to return the remainder of the category B mortgage loans because the category B mortgage loans had either been monetized, transferred to affiliates of Cymbidium for no or little

BAILEY DUQUETTE P.C.
800 FIFTH AVENUE, SUITE 101-800
SEATTLE, WASHINGTON 98104
T 206.225.2250 | F 888.233.5869

consideration, and/or remained pledged as collateral for loans from Western Alliance Bank and other lenders.

24.     The Trusts relied on those representations when they executed the First Amendment.

25.     The Trusts would not have executed the First Amendment had they known there was no mechanism by which they would be able to regain possession of the remainder of the category B mortgage loans.

## TWELFTH AFFIRMATIVE DEFENSE
### (Impossibility of Performance)

26.     The transfer of the category B mortgage loans and subsequent pledge of those loans as collateral for a loan prior to the Effective Date of the MLSARO made the adherence to the repurchase obligation in the MLSARO impossible.

27.     The transfer of the category B mortgage loans and subsequent pledge of those loans as collateral for a loan from Western Alliance Bank made the adherence to the waterfall provision and the return of residual mortgage loans as required in the First Amendment impossible.

## THIRTEENTH AFFIRMATIVE DEFENSE
### (Failure to Name Real Party in Interest)

28.     Plaintiff is not the real party in interest under Fed. R. Civ. P. 17(a) because, before filing the complaint and/or amended complaint, it transferred all beneficial and economic interests in the category B loans to Magerick and then consistently treated those loans as belonging to Magerick in its accounting and in its

DEFENDANTS' ANSWER AND AFFIRMATIVE
DEFENSES – Page 11

BAILEY DUQUETTE P.C.
800 FIFTH AVENUE, SUITE 101-800
SEATTLE, WASHINGTON 98104
T 206.225.2250 | F 888.233.5869

affiliates' judicial positions. Plaintiff retained no enforceable economic rights and may not maintain an action to enforce the rights it transferred to other entities.

### FOURTHTEENTH AFFIRMATIVE DEFENSE
### (Failure to Join Indispensable Party)

29.     Plaintiff has failed to join indispensable parties to this matter, including but not limited to Western Alliance Bank. Unnamed parties are indispensable because the Court is unable to afford complete relief Plaintiff is requesting without their joinder, including but not limited to delivery of documents under the claim of specific performance.

### RESERVATION OF RIGHTS

Defendants reserve the right to add additional defenses if warranted.[1]

WHEREFORE, Defendants seek a judgment against Plaintiff and pray that the Court:

1.  Deny all relief sought by Plaintiff and dismissing the Complaint in its entirety, with prejudice;

2.  Enter judgment in favor of Defendants;

3.  Award Defendants their costs of suit incurred in defense of this action to the maximum extent permitted by law; and

4.  Grant Defendants any such other and further relief as the Court deems just and proper.

---

[1] Defendants previously asserted counterclaims in answer to the original Complaint. Dkt. 113. Those counterclaims remain pending and operative. Defendants do not re-plead them here because the Amended Complaint does not alter or moot those counterclaims, and courts have

DEFENDANTS' ANSWER AND AFFIRMATIVE
DEFENSES – Page 12

BAILEY DUQUETTE P.C.
800 FIFTH AVENUE, SUITE 101-800
SEATTLE, WASHINGTON 98104
T 206.225.2250 | F 888.233.5869

DATED this 3rd day of April, 2026.

BAILEY DUQUETTE P.C.

By: */s Hozaifa Y. Cassubhai*
Hozaifa Y. Cassubhai, WSBA #39512
William R. Burnside, WSBA #36002
800 Fifth Ave, Suite 101-800
Seattle, Washington 98104
T: 206.225.2250
E: hozi@baileyduquette.com
will@baileyduquette.com

*Attorneys for Defendants*

recognized that re-pleading is not required in these circumstances. Defendants expressly preserve and continue to pursue those counterclaims.

DEFENDANTS' ANSWER AND AFFIRMATIVE
DEFENSES – Page 13

BAILEY DUQUETTE P.C.
800 FIFTH AVENUE, SUITE 101-800
SEATTLE, WASHINGTON 98104
T 206.225.2250 | F 888.233.5869

**CERTIFICATE OF SERVICE**

I hereby certify that on this date, I caused a true and correct copy of the foregoing Defendants' Answer and Affirmative Defenses to Plaintiff Cymbidium Restoration Trust's Amended Complaint served upon counsel of record herein, as follows:

Bradley S. Keller, WSBA #10665
M. Victoria Molina, WSBA #62109                    ☒ Via Email
1000 Second Avenue, 38th Floor                      ☒ Via Electronic Service
Seattle, Washington 98104
Telephone: (206) 622-2000
Facsimile: (206) 622-2522
Email: bkeller@byrneskeller.com
mvmolina@byrneskeller.com

I declare under penalty of perjury under the laws of the State of Washington that the foregoing is true and correct.

Dated: April 3rd, 2026 at Seattle, Washington.

/s William R. Burnside
William R. Burnside, WSBA #36002

DEFENDANTS' ANSWER AND AFFIRMATIVE
DEFENSES – Page 14

BAILEY DUQUETTE P.C.
800 FIFTH AVENUE, SUITE 101-800
SEATTLE, WASHINGTON 98104
T 206.225.2250 | F 888.233.5869