UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| CYMBIDIUM RESTORATION TRUST, | CASE NO. C24-0025-KKE |
| Plaintiff/Counter-Defendant, | ORDER TO FILE A JOINT STATUS REPORT |
| v. | |
| AMERICAN HOMEOWNER PRESERVATION TRUST SERIES AHP SERVICING, et al., | |
| Defendants/Counter-Plaintiffs. | |

The Court held oral argument on the parties' motions for partial summary judgment on April 23, 2026. Dkt. No. 272. At that hearing, the Court also discussed trial readiness as well as the parties' shared belief that the Court will require accounting assistance to fully adjudicate the issues presented at trial. Specifically, the parties referenced the challenge of presenting complex financial evidence at trial without an expert to explain its meaning, although no party retained an expert.

Although the parties had previously discussed the potential appointment of an accounting master under Federal Rule of Civil Procedure 53, it appears that appointing an accounting expert to testify at trial would be more useful to the parties and the Court. The Court "has the discretion to appoint an expert" under Federal Rule of Evidence 706(a). *See Walker v. Am. Home Shield Long Term Disability Plan*, 180 F.3d 1065, 1071 (9th Cir. 1999). Rule 706(a) provides: "On a party's motion or on its own motion, the court may order the parties to show cause why expert witnesses

ORDER TO FILE A JOINT STATUS REPORT - 1

should not be appointed and may ask the parties to submit nominations. The court may appoint any expert that the parties agree on and any of its own choosing." Fed. R. Evid. 706(a). "Rule 706 should be invoked only in rare and compelling circumstances." *Monolithic Power Sys., Inc. v. O2 Micro Intern. Ltd.*, 558 F.3d 1341, 1348 (Fed. Cir. 2009); *see also Wilkins v. Barber*, 562 F. Supp. 3d 943, 945 (E.D. Cal. 2021) ("[C]ourt-appointed experts typically are used in complex litigation where the record is not clearly developed by the parties, and generally serve the purpose of aiding the court in understanding the subject matter at hand.").

The Court finds that appointing an expert is appropriate here because this case presents complex financial questions and counsel agree that these questions cannot be presented or adjudicated without expert assistance. The parties are therefore ORDERED to file a joint status report no later than May 1, 2026, with the following information:

(1) Two nominations for a court-appointed expert from each side, including an attestation that each proposed expert is neutral to both sides. The Court will permit each side to exercise one veto. The Court will select the expert from the remaining two.

(2) A proposed trial schedule—either stipulated or separate—acknowledging the time needed for an expert to analyze and report on the evidence, and to sit for deposition in advance of trial. The Court has trial availability during the weeks of May 26, June 1, July 13, and July 27 of this year, with more availability in the fall and beyond as well.

(3) If either side has concerns about this course of action, counsel shall contact the courtroom deputy to request a status conference with the Court.

Dated this 24th day of April, 2026.

Kymberly K. Evanson
United States District Judge

ORDER TO FILE A JOINT STATUS REPORT - 2