HONORABLE KYMBERLY K. EVANSON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHIGNTON
AT SEATTLE

CYMBIDIUM RESTORATION TRUST,

Plaintiff,

v.

AMERICAN HOMEOWNER PRESERVATION TRUST SERIES AHP SERVICING; ITS TRUSTEE, U.S. BANK TRUST N.A.; AHP CAPITAL MANAGEMENT, LLC; AMERICAN HOMEOWNER PRESERVATION SERIES 2015A+; ITS TRUSTEE, U.S. BANK TRUST NATIONAL ASSOCIATION; AHP SERVICING, LLC; AND JORGE NEWBERY,

Defendants.

AMERICAN HOMEOWNER PRESERVATION TRUST SERIES AHP SERVICING; AHP CAPITAL MANAGEMENT, LLC; AMERICAN HOMEOWNER PRESERVATION SERIES 2015A+; and; AHP SERVICING, LLC,

Counter-Plaintiffs,

v.

CYMBIDIUM RESTORATION TRUST,

Counter-Defendant.

Case No.  2:24-cv-00025-KKE

DECLARTION OF JORGE NEWBERY IN SUPPORT OF DEFENDANTS / COUNTER-PLAINTIFFS' REPLY TO MOTION FOR REVISION OF INTERLOCUTORY ORDER OR, IN THE ALTERNATIVE, FOR PARTIAL RECONSIDERATION

DECLARATION OF JORGE NEWBERY IN SUPPORT OF REPLY TO DEFENDANTS' MOTION FOR REVISION OF INTERLOCUTORY ORDER – Page 1

BAILEY DUQUETTE P.C.
800 FIFTH AVENUE, SUITE 101-800
SEATTLE, WASHINGTON 98104
T 206.225.2250 | F 888.233.5869

I, Jorge Newbery, state as follows based on personal knowledge:

1.      I am a natural person 18 years of age or older. If called to testify as to the following facts, I could do so competently.

2.      I am the manager and chief executive officer for Defendants/Counter-Plaintiffs American Homeowner Preservation Trust Series AHP Servicing, American Homeowner Preservation Trust Series 2015A+, AHP Capital Management, LLC, and AHP Servicing, LLC (collectively, "**AHP**"). I make this declaration based on my personal knowledge and, where indicated, my review of records produced or maintained in connection with this litigation.

3.      I submit this declaration to provide factual context regarding certain Mortgage Loans, including records concerning pledges, payoff activity, and lender documentation (or lack thereof) that bear directly on the issues raised in AHP's motion and Cymbidium's opposition.

**A.  The CoreVest Mortgage on 1240 New York Avenue: Post-Order Conduct**

4.      One of the AHP Mortgage Loans included in the MLSARO portfolio was a loan secured by real property located at 1240 New York Avenue, Brooklyn, New York ("**1240 New York**").

5.      Based on my review of the Western Alliance Bank ("**WAB**") borrowing-base certificates ("**BBCs**") produced in discovery, 1240 New York appeared on the WAB BBC dated October 6, 2022, confirming that it was pledged to WAB as part of the collateral pool at or around the time of the MLSARO transaction. This BBC was

previously filed in the record as part of Dkt. 286-1, Ex. B, and is now being re-filed as **Exhibit A** to this declaration.

6.      On October 13, 2022—seven days after the MLSARO transaction—a Limited Power of Attorney ("**LPOA**") was used by Atlantica LLC, a Cymbidium affiliate, to assign the mortgage on 1240 New York from AHP to Atlantica. The assignment was recorded on October 26, 2022. AHP did not authorize or have advance knowledge of this specific assignment. A true and correct copy of the Atlantica assignment is attached hereto as **Exhibit B**.

7.      On May 2, 2023, Atlantica purported to re-assign the mortgage back to AHP, apparently unilaterally and without notice to, delivery to, or acceptance by AHP. AHP was not informed of this re-assignment at the time. A true and correct copy of the re-assignment is attached hereto as **Exhibit C**.

8.      On May 16, 2023, Oak Harbor Capital LLC ("**Oak Harbor**") used a separate LPOA to assign the mortgage on 1240 New York from AHP to Magerick, LLC ("**Magerick**"). AHP did not authorize this assignment, which exceeded the scope of the LPOA. A true and correct copy of the Oak Harbor assignment is attached hereto as **Exhibit D**.

9.      On June 29, 2023, 1240 New York appeared on the Banner Bank borrowing-base tape among approximately 231 AHP Mortgage Loans listed as pledged to the Banner Bank facility. A true and correct copy of the relevant Banner Bank tape entry showing 1240 New York is attached hereto as **Exhibit E**.

10. On June 30, 2023, 1240 New York was sold to Keydally Capital Ltd Based on my review of the discovery record, no lender release documentation for WAB or Banner Bank has been produced in connection with this sale. A true and correct copy of the relevant transaction record is attached hereto as **Exhibit F**.

11. Boncidium LLC ("**Boncidium**") was formed on May 11, 2023—during the same period as the Oak Harbor LPOA assignment—according to Delaware Secretary of State records. Based on my review of the discovery record, it appears Boncidium subsequently pledged 1240 New York to Goldman Sachs as collateral, though the specific date is obscured due to heavy redactions in Goldman Sachs' production. I am not aware of any Goldman Sachs collateral release documentation having been produced. A true and correct copy of the Boncidium Secretary of State record is attached hereto as **Exhibit G**.

12. On October 16, 2025, Fein Such & Crane LLP recorded a Referee's Deed in Nassau County conveying title to 1240 New York to Magerick following a foreclosure proceeding. At the time, Fein Such & Crane purported to represent AHP in the foreclosure action while also representing Magerick and its affiliates in other matters adverse to AHP. A true and correct copy of the Referee's Deed is attached hereto as **Exhibit H**.

13. On December 29, 2025, Magerick conveyed 1240 New York to 7-1 REO LLC ("**7-1 REO**"), an entity managed by Weinstein using an Oak Harbor Las Vegas address, and 7-1 REO executed a mortgage in favor of CoreVest Finance ("**CoreVest**")

DECLARATION OF JORGE NEWBERY IN SUPPORT OF REPLY TO DEFENDANTS' MOTION FOR REVISION OF INTERLOCUTORY ORDER – Page 4

BAILEY DUQUETTE P.C.
800 FIFTH AVENUE, SUITE 101-800
SEATTLE, WASHINGTON 98104
T 206.225.2250 | F 888.233.5869

on the same date as part of a $15 million credit facility. The CoreVest mortgage was not recorded until May 8, 2026 — more than four months after execution and four days after the Court entered the Order in this case. A true and correct copy of the CoreVest mortgage with recording information is attached hereto as **Exhibit I**.

14.     In summary, the single asset at 1240 New York Avenue was pledged to or encumbered in favor of WAB, Banner Bank, Goldman Sachs, and CoreVest, in addition to being transferred among Atlantica, Magerick, Boncidium, and 7-1 REO through a series of disputed LPOA-based and deed-based conveyances. No collateral release documentation from any of these four lender facilities has been produced or filed with the Court. Accordingly, I have seen no document establishing that payoff of any particular waterfall amount would automatically result in release of the underlying collateral.

15.     For purposes of this motion, I am describing the history of 1240 New York Avenue not to establish wrongdoing by any lender or borrower, but to demonstrate that loan-level release mechanics are substantially more complex than Cymbidium's contention that repayment automatically results in reconveyance.

**B.  The 1429 East 100th Street Loan: Repledge After Confirmed Payoff**

16.     Another Mortgage Loan originally included in the MLSARO portfolio was secured by real property at 1429 East 100th Street, Brooklyn, New York ("**1429 E. 100th**").

17.     Based on my review of discovery materials, the 1429 E. 100th loan was sold on September 1, 2023. Payoff proceeds of $339,389.77 were wired to Magerick on

September 1, 2023 and confirmed received by Sonal Gupta, a Weinstein associate. Contemporaneous communications confirm that Weinstein directed that the loan be removed from foreclosure counsel Erick Vallely's active inventory. A true and correct copy of the September 1, 2023 payoff wire confirmation and Weinstein's direction to remove the loan from inventory are attached hereto as **Exhibit J**.

18.     In the same email chain in which Ms. Gupta confirmed receipt of the payoff proceeds, a contemporaneous email from Richard Crummett states: "**I believe this is one of the ones you [Weinstein] wanted to repledge to WAB**." Based on the listed dates, this email was sent after the payoff proceeds were received and after Weinstein directed removal of the loan from the foreclosure inventory. A true and correct copy of the Crummett repledge email is attached hereto as **Exhibit K**.

19.     Consistent with the repledge discussion, 1429 E. 100th subsequently reappears on WAB borrowing-base certificates ("**BBCs**") beginning January 3, 2024, and continues to appear through at least July 25, 2024—the last BBC produced in discovery. A true and correct copy of the January 3, 2024 WAB BBC entry and the July 25, 2024 WAB BBC entry for 1429 E. 100th are attached hereto as **Exhibit L** and **Exhibit M**, respectively. Exhibit M is consistent with Dkt. 238-1, Ex. 67 (July 25, 2024 WAB BBC), previously filed with the Court.

20.     The same mortgage—paid off September 1, 2023, proceeds confirmed received—also appears on the Banner Bank borrowing-base tape dated June 29, 2023 (prior to the payoff), alongside approximately 231 other AHP Mortgage Loans. A true

and correct copy of the relevant Banner Bank BBC entry for 1429 E. 100th is attached hereto as **Exhibit E** (see row 229 of the "DataTape" tab**).**

21.     This confirms that both 1240 New York and 1429 E. 100th (among dozens of others) were pledged to Banner Bank as Mortgage Loan collateral, directly contradicting Weinstein's deposition testimony that the Mortgage Loans at issue in this case were not Banner-eligible.

**C. Four Additional Loans: Payoff or Sale Proceeds Received, Collateral Not Released**

22.     Beyond 1429 E. 100th, I have identified four additional Mortgage Loans that were paid off or sold in 2023 yet continued to appear on the July 25, 2024 WAB BBC—the last BBC produced in discovery. *See* **Exhibit M**; *see also* Dkt. 238-1, Ex. 67.

23.     I have cross-referenced those same four loans against Cymbidium's own internal spreadsheet produced as Cymbidium139074 in this case. The spreadsheet—specifically the "Pivot_Payments-with OI" tab—confirms that Cymbidium recorded receipt of payoff or sale proceeds for each of those same four loans in 2023. A true and correct copy of the relevant entries from Cymbidium139074 is attached hereto as **Exhibit N**. This exhibit is consistent with Dkt. 238-1, Ex. 56, previously filed with the Court.

24.     Below is a screenshot of the above-referenced loans from the "Pivot Payments-with OI" tab in Exhibit N.

| | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|
| 12 2023 | 2612 | 9/1/2023 REO Sale Proceeds | AHP (2022-12) | | 523,285.60 | Cash Receipts - Loan Sales | (8,885.78) | 8,885.78 | 48046235 | NPL |
| 12 2023 | 2612 | 9/1/2023 REO Sale Proceeds | | | | | (145,686.35) | 145,686.35 | 48046247 | NPL |
| 12 2023 | 2612 | 9/1/2023 REO Sale Proceeds | | | | | (132,300.00) | 132,300.00 | 48046251 | NPL |
| 12 2023 | 2612 | 9/1/2023 REO Sale Proceeds | | | | | (136,200.00) | 136,200.00 | 48046256 | NPL |
| 12 2023 | 2612 | 9/1/2023 REO Sale Proceeds | | | | | (51,600.00) | 51,600.00 | 48046258 | NPL |
| 12 2023 | 2612 | 9/1/2023 REO Sale Proceeds | | | | | (16,416.47) | 16,416.47 | 48052176 | NPL |
| 12 2023 | 2612 | 9/1/2023 REO Sale Proceeds | | | | | (32,200.00) | 32,200.00 | 48046268 | NPL |
| 12 2023 | 2612 | 9/1/2023 REO Sale Proceeds | Reimbursable costs from AHP | | 22,384.00 | Cash Receipts - AHP | (22,384.00) | 22,384.00 | 48052014 | NPL |
| 12 2023 | 2614 | 9/1/2023 REO Sale Proceeds 9/1 | Reimbursable costs from AHP | | 110,083.79 | Cash Receipts - AHP | (110,083.79) | 110,083.79 | 48052025 | REO |
| 12 2023 | 2897 | 9/1/2023 AHP REO Proceeds from Debt | AHP (2022-12) | | 339,389.77 | Cash Receipts - AHP | (339,389.77) | 339,389.77 | 48046246 | REO |
| 12 2023 | 2613 | 9/5/2023 REO Sale Proceeds 9/1 | Reimbursable costs from AHP | | 9,739.22 | Cash Receipts - AHP | (9,739.22) | 9,739.22 | 48073820 | REO |
| 12 2023 | 2616 | 9/12/2023 Reimbursable costs from AHP 9/11 | Reimbursable costs from AHP | | 18,240.98 | Cash Receipts - AHP | (18,240.98) | 18,240.98 | 48052127 | REO |
| 12 2023 | 2617 | 9/15/2023 REO Sale Proceeds 9/14 | Reimbursable costs from AHP | | 217.05 | Cash Receipts - AHP | (217.05) | 217.05 | 48051936 | REO |
| 12 2023 | 2739 | 9/15/2023 AHP REO Proceeds from Debt | Reimbursable costs from AHP | | 14,000.00 | Cash Receipts - AHP | (14,000.00) | 14,000.00 | 48073687 | REO |
| 12 2023 | 2618 | 9/22/2023 REO Sale Proceeds 9/20 | Reimbursable costs from AHP | | 31,014.87 | Cash Receipts - AHP | (31,014.87) | 31,014.87 | 48051747 | REO |
| 12 2023 | 2619 | 9/25/2023 REO Sale Proceeds 9/22-9/25 | Reimbursable costs from AHP | | 48,539.55 | Cash Receipts - AHP | (48,539.55) | 48,539.55 | 48051974 | REO |
| 12 2023 | 2619 | 9/25/2023 REO Sale Proceeds 9/22-9/25 | Reimbursable costs from AHP | | 25,786.02 | Cash Receipts - AHP | (25,786.02) | 25,786.02 | 48051715 | REO |
| 12 2023 | 2620 | 9/26/2023 REO Sale Proceeds 9/25-9/26 | Reimbursable costs from AHP | | 14,227.48 | Cash Receipts - AHP | (14,227.48) | 14,227.48 | 48051664 | REO |
| 12 2023 | 2620 | 9/26/2023 REO Sale Proceeds 9/25-9/26 | Reimbursable costs from AHP | | 30,789.20 | Cash Receipts - AHP | (30,789.20) | 30,789.20 | 48052060 | REO |
| 12 2023 | 2620 | 9/26/2023 REO Sale Proceeds 9/25-9/26 | Reimbursable costs from AHP | | 64,166.84 | Cash Receipts - AHP | (64,166.84) | 64,166.84 | 48051960 | REO |
| 12 2023 | 2740 | 9/26/2023 REO Sale Proceeds 9/22 | Reimbursable costs from AHP | | 15,018.51 | Cash Receipts - AHP | (15,018.51) | 15,018.51 | 48051929 | REO |
| 12 2023 | 2622 | 9/28/2023 48046225 short AHP sale | AHP (2022-12) | | 18,857.37 | Cash Receipts - AHP | (18,857.37) | 18,857.37 | 48046225 | REO |
| 12 2023 | 2623 | 9/28/2023 REO Sale Proceeds 9/27 | Reimbursable costs from AHP | | 499,999.98 | Cash Receipts - AHP | (499,999.98) | 499,999.98 | 48073692 | REO |
| 12 2023 | 2900 | 9/29/2023 REO Sale Proceeds 9/28 | Reimbursable costs from AHP | | 7,628.53 | Cash Receipts - AHP | (7,628.53) | 7,628.53 | 48051915 | REO |
| 12 2023 | 2900 | 9/29/2023 REO Sale Proceeds 9/28 | Reimbursable costs from AHP | | 58,757.42 | Cash Receipts - AHP | (58,757.42) | 58,757.42 | 48073789 | REO |
| 12 2023 | 2686 | 9/30/2023 Accrue Sep 2023 LH Settlement | AHP (2022-12) | | 7,313.10 | Cash Receipts - Servicer | (7,313.10) | 7,313.10 | N.A. | LH Servicer |
| 12 2023 | 2686 | 9/30/2023 Accrue Sep 2023 LH Settlement | Reimbursable costs from AHP | | 49,177.79 | Cash Receipts - Servicer | (49,177.79) | 49,177.79 | N.A. | LH Servicer |
| 13 2023 | 2927 | 10/2/2023 REO Sale Proceeds | Reimbursable costs from AHP | | 84,832.92 | Cash Receipts - AHP | (15,674.11) | 15,674.11 | 48051677 | NPL |
| 13 2023 | 2927 | 10/2/2023 REO Sale Proceeds | | | | | (69,068.81) | 69,068.81 | 48051957 | NPL |
| 13 2023 | 2986 | 10/13/2023 REO Sale Proceeds 10/13 | AHP (2022-12) | | 400,000.00 | Cash Receipts - Loan Sales | (400,000.00) | 400,000.00 | 48052160 | REO |

Each of the highlighted OI numbers (which start with the numbers "480…" from the second column from the right refer to the following properties listed on the July 25, 2024 WAB BBC (Exhibit M):

- 1st row: OI #48046235 30 Genesee St., Jamestown NY

- 2nd row: OI #48046251 4 Whitman Ave., Port Jefferson NY

- 3rd row: OI #48046258 87 West Pine Rd., Staatsburg, NY

- 4th row: OI #48046246 1429 East 100th St., Brooklyn, NY

- 5th row: OI #48052160 39 Whittier Hills Rd., North Salem, NY

These same OI numbers and addresses correspond to loans that continue to appear on the July 25, 2024 WAB BBC.

25.     The pattern is the same: payoff and sale proceeds were received by Cymbidium or Magerick, yet the same loans remained on WAB's BBCs months later. Cymbidium's own records confirm the receipt of those proceeds.

**D. The Banner Bank Facility: 231 AHP Mortgage Loans Appearing Pledged as Collateral**

26.     I understand that Cymbidium's opposition contends, citing Weinstein's deposition testimony, that "the MLSA loans were not even eligible to be pledged as collateral for the Banner loan" because the Banner loan agreement defines "Eligible Portfolio" exclusively as Chapter 13 receivables. Dkt. 294 at 10 & n.3. Based on my review, this is inconsistent with the record.

27.     Specifically, I have reviewed two Banner Bank Credit Memoranda produced by Banner Bank—one dated February 23, 2023 (Banner-0000318) and one dated February 20, 2024 (Banner-0000007). These are internal underwriting analyses prepared by Banner Bank's own credit officers. True and correct copies of these two Credit Memoranda are attached hereto as **Exhibit O** (Banner-0000318) and **Exhibit P** (Banner-0000007).

28.     The February 2023 Credit Memorandum describes the purpose of the Banner financing as allowing Weinstein to "purchase portfolios of Bankruptcy Chapter 13 consumer debts *and distressed mortgages*" and records Banner's standard collateral description as a "First security interest in portfolios of *impaired mortgage debt* and Bankrupt Chapter 13 paper." **Exhibit O**. The February 2024 Credit

Memorandum states that "Weinstein believes the larger current opportunity continues to be with *stressed consumer mortgage debt*." **Exhibit P**.

29.    I also reviewed an internal memorandum produced by Cymbidium as Cymbidium024442. The document appears to be an "exit memorandum" prepared by Jennifer Drain, who is identified in Oak Harbor records as Oak Harbor's Controller, dated March 10, 2023. In discussing the Banner Bank line of credit, the memorandum states: "Analytics should replace the NPLs in BK status that are double pledged (Laelia & Isanthes loans)." A true and correct copy of Cymbidium024442 is attached hereto as **Exhibit Q**.

30.    "NPLs" is a commonly used industry abbreviation for non-performing loans—a category that encompasses non-performing residential mortgage loans, not Chapter 13 bankruptcy receivables. The use of the phrase "double pledged" by Oak Harbor's own Controller, in the context of discussing the Banner line, is consistent with AHP's position that Mortgage Loans were being pledged simultaneously to multiple lender facilities.

31.    In addition, on June 29, 2023, Gonzalo Bozo Valenzuela of Oak Harbor Capital emailed Weinstein attaching what he described as "the file for Banner Bank," confirming the pool contained 231 loans with an aggregate unpaid principal balance of approximately $14.7 million and aggregate property values of approximately $33.7 million. A true and correct copy of the Gonzalo Valenzuela email transmitting the Banner Bank tape is attached hereto as **Exhibit R**.

DECLARATION OF JORGE NEWBERY IN SUPPORT OF REPLY TO DEFENDANTS' MOTION FOR REVISION OF INTERLOCUTORY ORDER – Page 10

BAILEY DUQUETTE P.C.
800 FIFTH AVENUE, SUITE 101-800
SEATTLE, WASHINGTON 98104
T 206.225.2250 | F 888.233.5869

32.     In the same email chain, Weinstein emailed me that he needed "to pay down the line to Western Alliance Bank by nearly $10 Million by July 1" and that he was working from "basically the same 'Castlelake' tape" with loans added or dropped to address the organic nature of the file. This response indicates that the Banner Bank pool and the WAB borrowing-base pool were derived from the same underlying population of AHP Mortgage Loans. A true and correct copy of this Weinstein response email is attached hereto as **Exhibit S**. This email is consistent with the exhibit filed at Dkt. 285, Ex. D.

32.  I participated in this same email chain. On June 29, 2023, I responded to Weinstein asking that some assets be excluded as "the proposed pricing is low." These had been presented to me as a sale to Paul Birkett, a known industry buyer, rather than a pledge to Banner Bank. A true and correct copy of the June 29, 2023 email chain between Weinstein, myself, and Gonzalo Valenzuela is attached hereto as **Exhibit T**.

33.     Banner Bank later produced a Borrowing Base Worksheet dated as of October 31, 2023 reflecting the Banner facility's ongoing use of Mortgage Loan collateral. A true and correct copy of the October 31, 2023 Banner Bank Borrowing Base Worksheet is attached hereto as **Exhibit U** (see row F9 referencing "231" loans). This exhibit is consistent with Dkt. 285, Ex. D (Cassubhai Decl., Dkt. 286, Ex. D).

34.     In Cymbidium076904, on June 29, 2023, Weinstein emails former CFO Michael Basile and Sonal Gupta: "Here is the tape for the Banner Borrowing Base

Certificate. Can we submit today?" **Exhibit V**. Attached was the tape identifying the 231 Mortgage Loans.

35. The June 29, 2023 Banner Bank pool overlapped with the WAB collateral pool in operation at the same time. Based on my review, approximately 151 of the same 231 AHP Mortgage Loans in the Banner pool appeared on the WAB BBC during the same period, constituting the simultaneous, overlapping pledge to two separate institutional lenders that Cymbidium has characterized as "everyday business" while producing no evidence establishing how either lender would release specific loan-level collateral.

**E. AHP's Conduct in Other Proceedings is Consistent with the Order**

37. Cymbidium's opposition contends that AHP has "misused the posture of this litigation" by asserting ownership positions in state court proceedings after the Order was entered. Dkt. 294 at 12–13. That is incorrect. I address each of the identified proceedings briefly to provide factual context.

38. Regarding the Nassau County, New York proceeding (*U.S. Bank Trust National Association as Trustee of American Homeowner Preservation Trust Series AHP Servicing v. Messina*, No. 001300/2016): The filing Cymbidium references was made in a long-standing mortgage foreclosure action in which ***American Homeowner Preservation Trust Series AHP Servicing (through U.S. Bank Trust as trustee) remains the plaintiff of record***. AHP appeared in the case to address questions concerning who was authorized to act on behalf of the plaintiff, the disposition of the anticipated sale

proceeds, and the effect of disputed assignments that remain the subject of ongoing litigation between AHP, Cymbidium, Magerick, and related entities. AHP did not assert that the Order was wrongly decided or that the MLSARO failed to transfer rights to Cymbidium. Rather, AHP sought to preserve its asserted interests pending resolution of those disputes. *See* Dkt. 285, Exs. I–L. That conduct is entirely consistent with, not contrary to, the Order.

39. Regarding the Michigan proceedings referenced at Dkt. 290, Exs. 3–4: The action filed by AHP challenges a Claim of Interest recorded against property for which AHP remains the record titleholder. Among other things, AHP alleges that the recorded claim is improper because the underlying Washington action sought monetary relief and did not place title to the property directly at issue. AHP's participation in the Michigan proceedings reflects its status as record titleholder under existing public records and its effort to challenge the validity of a recorded instrument affecting title. AHP did not assert that the MLSARO is invalid, that this Court's Order was wrongly decided, or that Cymbidium failed to acquire rights under the MLSARO. Rather, AHP sought relief concerning the propriety of a recorded claim affecting property title. Again, that position is entirely consistent with the Order and with AHP's position that issues concerning accounting, payment in full, and reversion remain unresolved.

40. Finally, regarding the Trumbull County, Ohio proceeding (*Magerick LLC v. Jeffrey Wright, et al.*, No. 2025 CV 01780): AHP did not initiate that proceeding.

Magerick filed that action to foreclose on a mortgage loan that AHP contends remains subject to AHP's asserted reversionary rights under the Amended MLSARO. In connection with monitoring litigation involving Mortgage Loans, I learned that Magerick had obtained a default judgment against AHP without serving AHP. In obtaining the judgment, Magerick alleged, among other things, that AHP had transferred the mortgage to Magerick and that AHP "no longer exists" or was unwilling or unable to execute an assignment.

41.    AHP thereafter appeared and moved to vacate the default judgment because AHP asserts an interest in the loan at issue—a reversionary interest that this Court expressly left unresolved pending the accounting process and trial. Asserting that interest and seeking to vacate a default judgment purporting to extinguish that interest are fully consistent with the Court's Order. AHP has consistently maintained that the accounting and "payment in full" issues remain unresolved.

42.    Magerick then opposed AHP's motion to vacate and invoked this Court's May 4, 2026 Order, arguing that AHP had "already litigated, and lost, its attempt to claim ownership of the Note and Mortgage." Dkt. 285, Ex. G at 6–7. Magerick further asserted that the Order provided support for its claims and litigation position in the Ohio action. AHP did not cause Magerick to make those arguments. Rather, it is Magerick's invocation of the Order—not AHP's motion to vacate—that illustrates why clarification is needed.

43.     In short, I have not directed any attorney or representative to assert in any proceeding that this Court's May 4, 2026 Order is invalid, incorrectly decided, or inapplicable to the Mortgage Loans. AHP's position in other proceedings is and has been consistent with the Order's actual holdings: that the accounting and "payment in full" question remains unresolved, and that AHP's reversionary rights are contingent on that resolution at trial.

Attached are true and correct copies of the following documents:

| Exhibit | Description |
|---|---|
| A | October 6, 2022 Western Alliance Bank Borrowing Base Certificate for Magerick (previously filed as Dkt. 286-1, Ex. B) |
| B | October 13, 2022, assignment of 1240 New York from AHP to Atlantica, LLC |
| C | May 2, 2023, assignment of 1240 New York from Atlantica to AHP |
| D | May 16, 2023, assignment of 1240 New York from AHP to Magerick |
| E | June 29, 2023, Banner Bank borrowing-base tape listing 1240 New York (NATIVE FILE PLACEHOLDER) |
| F | June 30, 2023, purported sale of 1240 New York to Keydally Capital Ltd. (NATIVE FILE PLACEHOLDER) |
| G | Boncidium LLC Secretary of State record |
| H | October 16, 2025, recordation of a Referee's Deed in Nassau County, NY conveying to Magerick the title to 1240 New York |
| I | December 29, 2025, CoreVest mortgage with recording information concerning 1240 New York |
| J | September 1, 2023 payoff wire confirmation concerning 1429 East 100th Street |

| K | Email chain dated August and October 2023 concerning 1429 East 100th Street |
|---|---|
| L | January 3, 2024 Western Alliance Bank Borrowing Base Certificate for Magerick |
| M | July 25, 2025 Western Alliance Bank Borrowing Base Certificate for Magerick (previously filed as Dkt. 238-1, Ex. 67) |
| N | Cymbidium's internal reconciliation spreadsheet from December 2024 (Cymbidium 139074) (previously filed as Dkt. 238-1, Ex. 56) (NATIVE FILE PLACEHOLDER) |
| O | February 23, 2023 Banner Bank Credit Memorandum (Banner-0000318) |
| P | February 20, 2024 Banner Bank Credit Memorandum (Banner-0000007) |
| Q | March 10, 2023 Exit Memorandum prepared by Jennifer Drain, Oak Harbor's controller (Cymbidium024442) |
| R | June 29, 2023 email from Gonzalo Bozo Valenzuela of Oak Harbor to William Weinstein concerning the Banner Bank loan tape (Cymbidium076924) |
| S | June 29, 2023 email from William Weinstein to Jorge Newbery concerning the Banner Bank loan tape (Cymbidium076932) |
| T | June 29, 2023 email from Jorge Newbery to William Weinstein concerning the Banner Bank loan tape (Cymbidium076970) |
| U | October 31, 2023 Banner Bank Borrowing Base Worksheet (NATIVE FILE PLACEHOLDER) |
| V | June 29, 2023 email from William Weinstein to former CFO Michael Basile and current CFO Sonal Gupta concerning the Banner Bank loan tape (Cymbidium076904) |

Executed this 8th day of June 2026 at Barrington, Illinois.

By: */s Jorge Newbery*
Jorge Newbery

DECLARATION OF JORGE NEWBERY IN SUPPORT OF REPLY TO DEFENDANTS' MOTION FOR REVISION OF INTERLOCUTORY ORDER – Page 16

BAILEY DUQUETTE P.C.
800 FIFTH AVENUE, SUITE 101-800
SEATTLE, WASHINGTON 98104
T 206.225.2250 | F 888.233.5869

# CERTIFICATE OF SERVICE

I hereby certify that on this date, I caused a true and correct copy of the foregoing Declaration of Jorge Newbery in Support of Reply to Defendants' Motion for Revision of Interlocutory Order, as follows:

Bradley S. Keller, WSBA #10665
M. Victoria Molina, WSBA #62109                    ☒ Via ECF
BYRNES KELLER CROMWELL LLP
1000 Second Avenue, 38th Floor
Seattle, Washington 98104
Telephone: (206) 622-2000
Facsimile: (206) 622-2522
Email: bkeller@byrneskeller.com
mvmolina@byrneskeller.com

*Attorneys for Plaintiff*


I declare under penalty of perjury under the laws of the State of Washington that the foregoing is true and correct.

Dated: June 8, 2026 at Westfield, New Jersey.


/s Hozaifa Y. Cassubhai
Hozaifa Y. Cassubhai, WSBA No. 39512

DECLARATION OF JORGE NEWBERY IN SUPPORT OF REPLY TO
DEFENDANTS' MOTION FOR REVISION OF INTERLOCUTORY
ORDER – Page 17

BAILEY DUQUETTE P.C.
800 FIFTH AVENUE, SUITE 101-800
SEATTLE, WASHINGTON 98104
T 206.225.2250 | F 888.233.5869