HONORABLE KYMBERLY K. EVANSON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

CYMBIDIUM RESTORATION TRUST,

        Plaintiff,

   v.

AMERICAN HOMEOWNER PRESERVATION TRUST SERIES AHP SERVICING; ITS TRUSTEE, U.S. BANK TRUST N.A.; AHP CAPITAL MANAGEMENT, LLC; AMERICAN HOMEOWNER PRESERVATION SERIES 2015A+; ITS TRUSTEE, U.S. BANK TRUST NATIONAL ASSOCIATION; AHP SERVICING, LLC; AND JORGE NEWBERY,

        Defendants.

AMERICAN HOMEOWNER PRESERVATION TRUST SERIES AHP SERVICING.; AHP CAPITAL MANAGEMENT, LLC; AMERICAN HOMEOWNER PRESERVATION SERIES 2015A+; and; AHP SERVICING, LLC,

        Counter-Plaintiffs,

   v.

CYMBIDIUM RESTORATION TRUST,

        Counter-Defendant.

Case No.  2:24-cv-00025-KKE

DEFENDANT / COUNTER-PLAINTIFFS' OPPOSITION TO CYMBIDIUM'S MOTION TO COMPEL DELIVERY OF MORTGAGE LOAN DOCUMENTS

**NOTED FOR: JUNE 22, 2026**

DEFENDANT / COUNTER-PLAINTIFFS' OPPOSITION TO CYMBIDIUM'S MOTION TO COMPEL DELIVERY OF MORTGAGE LOAN DOCUMENTS – Page 1

BAILEY DUQUETTE P.C.
800 FIFTH AVENUE, SUITE 101-800
SEATTLE, WASHINGTON 98104
T 206.225.2250 | F 888.233.5869

**TABLE OF CONTENTS**

I. INTRODUCTION ……………………………………………………………………………..1

II. RELEVANT BACKGROUND .................................................................................3

III. ARGUMENT ............................................................................................5

   A. There Is No Enforceable Mandate to Enforce: The Order Is Interlocutory
      and Commands Nothing. ........................................................................ 5

   B. The Relief Cymbidium Seeks Is an Injunction in Disguise That Fails Every
      Applicable Standard. ............................................................................ 7

   C. Enjoining AHP's State-Court Conduct Would Violate the Anti-Injunction Act. 10

   D. AHP's Positions Are Consistent With the Order Because Reversion and
      "Payment in Full" Are Reserved for Trial. ................................................. 12

   E. AHP's State Court Filings Are Consistent With the Order and the Accounting
      Framework ...................................................................................... 13

   F. The Document Demand Cannot Be Resolved on This Motion: Delivery Is
      Genuinely Disputed and the Demand Is Fatally Unparticularized. ...................... 14

IV. CONCLUSION ......................................................................................... 16

DEFENDANT / COUNTER-PLAINTIFFS'
OPPOSITION TO CYMBIDIUM'S MOTION TO
COMPEL DELIVERY OF MORTGAGE LOAN
DOCUMENTS – Page 2

BAILEY DUQUETTE P.C.
800 FIFTH AVENUE, SUITE 101-800
SEATTLE, WASHINGTON 98104
T 206.225.2250 | F 888.233.5869

## I. INTRODUCTION

Cymbidium's Motion to Compel is premised on a narrative of AHP's "defiance" of this Court's May 4, 2026 Order on Motions for Partial Summary Judgment (Dkt. 274) (the "Order"). That narrative inverts reality. It is Cymbidium's motion that is inconsistent with the Order. By asking this Court to issue a mandatory turnover directive and a sweeping anti-assertion injunction, Cymbidium is attempting to obtain—through a "motion to compel"—exactly what the Order did not grant, what a trial is required to adjudicate, and what the Anti-Injunction Act independently forbids. The motion substitutes its own gloss about what the Order "means" for what the Order actually says. In substance,  Cymbidium seeks to convert a partial summary judgment ruling into a final determination of ownership by asking the Court—under the guise of enforcement—to decide the very "payment in full" and reversion questions that the Court expressly reserved for trial.

The Order resolved limited questions of contract interpretation. What the Order did not do was convert those contract-interpretation holdings into a mandatory delivery directive or prohibitory injunction. The Order expressly reserved for trial the question of "whether a failure to provide documents resulted in damages." Dkt. 274 at 11. It made no findings about which specific documents AHP currently controls, which documents were previously delivered, or which documents are held by custodians, servicers, counterparties, or other parties. The Court identified no loans or documents, imposed no deadline, required no certification, and entered no injunction. The Order's

DEFENDANT / COUNTER-PLAINTIFFS'
OPPOSITION TO CYMBIDIUM'S MOTION TO
COMPEL DELIVERY OF MORTGAGE LOAN
DOCUMENTS – Page 1

BAILEY DUQUETTE P.C.
800 FIFTH AVENUE, SUITE 101-800
SEATTLE, WASHINGTON 98104
T 206.225.2250 | F 888.233.5869

partial adjudication of Cymbidium's contract claims establishes the legal framework for trial. It is not a substitute for trial.

That distinction is dispositive. Cymbidium identifies no language in the Order directing AHP to deliver any particular document by any particular date. It points to no operative command that AHP has violated. It does not move for contempt because the Order contains no specific and definite directive capable of supporting contempt. Instead, Cymbidium asks the Court to treat what it itself characterized as a "discrete"[1] contract-interpretation ruling as the functional equivalent of a mandatory injunction. That would allow Cymbidium to bypass trial on its specific-performance claim and obtain through procedural relabeling relief that Rule 65, *Winter v. Natural Resources Defense Council*, 555 U.S. 7 (2008), and the Anti-Injunction Act, 28 U.S.C. § 2283, require it to establish on an appropriate record. That is not enforcement of the Order. It is an attempt to enlarge it.

Cymbidium's motion fails for five independent reasons.

1.    **There is no mandate to enforce**. The Order is an interlocutory adjudication of contract issues; it commands no present performance.

2.    **The requested relief is injunctive.** Cymbidium seeks both mandatory and prohibitory injunction without satisfying the requirements for either.

3.    **The anti-assertion relief is impermissible.** An Order directing AHP to stop making arguments in state-court proceedings would violate the Anti-Injunction

---

[1] *See* Dkt. 233 (Plaintiff's Motion for Partial Summary Judgment); Dkt. 268 (Plaintiff's Reply).

DEFENDANT / COUNTER-PLAINTIFFS'
OPPOSITION TO CYMBIDIUM'S MOTION TO
COMPEL DELIVERY OF MORTGAGE LOAN
DOCUMENTS – Page 2

BAILEY DUQUETTE P.C.
800 FIFTH AVENUE, SUITE 101-800
SEATTLE, WASHINGTON 98104
T 206.225.2250 | F 888.233.5869

Act, 28 U.S.C. § 2283, and the principles of federalism and comity the Court recognized at the June 11, 2026 hearing on AHP's Motion for Revision.

4.    **AHP's positions are consistent with the Order.** These positions rest on the unresolved "payment in full" and reversion issues that the Court expressly reserved for trial.

5.    **The document demand is fatally unparticularized**. An order requiring delivery of "all" unidentified documents would provide no ascertainable standard of compliance and cannot support coercive enforcement on the present record.

The appropriate course is the one this Court established: a neutral accounting, followed by a trial on the claims and issues the Court expressly reserved or did not rule on, including Cymbidium's request for specific performance. AHP urges the Court to deny the motion in its entirety.

## II. RELEVANT BACKGROUND

In October 2022, Cymbidium and AHP entered into the Mortgage Loan Sale Agreement With Repurchase Obligation, later modified by a First Amendment effective March 15, 2023 ("Amended MLSARO"). Dkt. 274 at 2–3. The Amended MLSARO eliminated AHP's repurchase obligation, conveyed additional loans, and established a "waterfall" governing distribution of loan proceeds. *Id*. at 3. Critically, the contract provides that once the waterfall priorities are paid in full, any remaining loans and their proceeds revert to AHP. *Id*. at 3, 13. Cymbidium's own operative complaint confirms this reversionary structure: "Upon payment of those amounts in

DEFENDANT / COUNTER-PLAINTIFFS'
OPPOSITION TO CYMBIDIUM'S MOTION TO
COMPEL DELIVERY OF MORTGAGE LOAN
DOCUMENTS – Page 3

BAILEY DUQUETTE P.C.
800 FIFTH AVENUE, SUITE 101-800
SEATTLE, WASHINGTON 98104
T 206.225.2250 | F 888.233.5869

full, any then-remaining loans or other assets … were to be assigned and transferred back to the AHP Sellers." Dkt. 264, ¶ 13.

On the parties' cross-motions for partial summary judgment, the Court granted partial relief to each side. As relevant here, the Court concluded that the MLSARO did not contain a pledging restriction, rejected AHP's position regarding the effect of its determination that the waterfall had been satisfied, and recognized that the contract provides "once the waterfall has been satisfied, the Mortgage Loans were to revert back to AHP." Dkt. 274 at 13. The Court expressly limited the issues it resolved. It held that "[w]hether a failure to provide documents resulted in damages is a separate issue to be resolved at trial." *Id.* at 11. And it found that the Amended MLSARO "does not set forth a definitive method for determining whether 'payment in full' has occurred," reserving that question—and the accounting needed to resolve it—for trial. *Id.* at 13 n.6; *see also id.* at 13–16.

After the Order was issued, AHP moved for clarification, seeking confirmation that the Order did not resolve whether repayment of any particular "waterfall" amount necessarily results in lender release and practical reconveyance, and did not purport to authorize Cymbidium or its affiliates to undertake certain actions that would effectively render reconveyance impracticable if the accounting ultimately shows "payment in full." Dkt. 285. Although the Court denied the motion, the Court indicated at the June 11, 2026 hearing that the Order speaks for itself and expressed reluctance to

DEFENDANT / COUNTER-PLAINTIFFS'
OPPOSITION TO CYMBIDIUM'S MOTION TO
COMPEL DELIVERY OF MORTGAGE LOAN
DOCUMENTS – Page 4

BAILEY DUQUETTE P.C.
800 FIFTH AVENUE, SUITE 101-800
SEATTLE, WASHINGTON 98104
T 206.225.2250 | F 888.233.5869

issue rulings that would govern the parties' conduct in proceedings pending before other courts.

Cymbidium's motion rests on two sets of out-of-court events. By letter dated May 13, 2026, Cymbidium demanded delivery of "all" Mortgage Loan Documents and confirmation of compliance by May 15. Dkt. 290 (Molina Decl.), ¶ 2, Ex. 1. AHP responded on May 20, 2026, explaining that Cymbidium had misread the Court's Order and that its demand nonetheless did not identify, on a loan-by-loan and document-by-document basis, which materials it contends were not previously delivered. *Id.*, ¶ 4, Ex. 2. The remaining factual assertions concern AHP's litigation positions pertaining to a Nassau County, New York foreclosure action and a Michigan real property. Both proceedings are addressed in Section D of the Argument below.

## III. ARGUMENT

### A. There Is No Enforceable Mandate to Enforce: The Order Is Interlocutory and Commands Nothing.

Cymbidium invokes the Court's inherent power to enforce its orders and Rule 70. But that power presupposes the very thing missing here—an order that commands performance. Cymbidium's own brief grounds that power in "the interest of the judicial branch in seeing that an unambiguous mandate is not blatantly disregarded." Dkt. 289 at 8 (quoting *Anglers Conservation Network v. Ross*, 387 F. Supp. 3d 87, 93 (D.D.C. 2019), and *Int'l Ladies' Garment Workers' Union v. Donovan*, 733 F.2d 920, 922 (D.C. Cir. 1984)). The premise of that doctrine is an existing "mandate." The Order

DEFENDANT / COUNTER-PLAINTIFFS'
OPPOSITION TO CYMBIDIUM'S MOTION TO
COMPEL DELIVERY OF MORTGAGE LOAN
DOCUMENTS – Page 5

BAILEY DUQUETTE P.C.
800 FIFTH AVENUE, SUITE 101-800
SEATTLE, WASHINGTON 98104
T 206.225.2250 | F 888.233.5869

contains none. It directs AHP to deliver nothing by any date and to refrain from nothing. One cannot "blatantly disregard" a command that was never issued.

Rule 70 confirms the point. It applies only where "a judgment requires a party to … perform [a] specific act" and the party "fails to comply." Fed. R. Civ. P. 70(a). The contempt provision, Rule 70(e), likewise reaches only a "judgment." Here, there is no judgment—final or otherwise—requiring AHP to perform any specific act. A court in this circuit will not hold a party in contempt of an order that did not unambiguously command the conduct at issue. *See In re Dual-Deck Video Cassette Recorder Antitrust Litig.,* 10 F.3d 693, 695 (9th Cir. 1993) (a party may be held in contempt of court if it violates a "specific and definite court order."); *Stone v. City & Cnty. of San Francisco*, 968 F.2d 850, 856 n.9 (9th Cir. 1992) (court order must be "specific and definite" to support contempt).

Cymbidium's remaining authorities involve enforcement of existing judgments or specific mandates. *Peacock v. Thomas* addressed ancillary jurisdiction to enforce a money judgment. 516 U.S. 349, 356 (1996). *Chambers v. NASCO* describes the inherent power to manage cases and sanction bad-faith conduct, not a license to issue mandatory and prohibitory injunctions absent the required showings. 501 U.S. 32, 44 (1991). *Horn & Hardart Co. v. National Rail Passenger Co.* enforced a specific lease obligation already adjudicated. 843 F.2d 546, 548 (D.C. Cir. 1988). None authorizes a court to convert an interlocutory contract-interpretation ruling into a mandatory turnover order or anti-assertion injunction.

DEFENDANT / COUNTER-PLAINTIFFS'
OPPOSITION TO CYMBIDIUM'S MOTION TO
COMPEL DELIVERY OF MORTGAGE LOAN
DOCUMENTS – Page 6

BAILEY DUQUETTE P.C.
800 FIFTH AVENUE, SUITE 101-800
SEATTLE, WASHINGTON 98104
T 206.225.2250 | F 888.233.5869

Cymbidium's reliance on Rule 56(g) and the law-of-the-case doctrine (Dkt 289 at 7–8, citing *Carr v. O'Leary*, 167 F.3d 1124 (7th Cir. 1999), and *Christianson v. Colt Industries*, 486 U.S. 800 (1988)), similarly misses the mark. Rule 56(g) permits the Court to treat undisputed facts as "established in the case" for trial purposes; it does not transform a partial summary judgment ruling into a mandatory injunction or other coercive order enforceable by contempt, and it expressly reaches only issues "not genuinely in dispute," Fed. R. Civ. P. 56(g)—not the contested damages and compliance questions the Court reserved. Law of the case is a discretionary doctrine governing whether the Court will revisit its own rulings later in this litigation; it is not a vehicle for affirmative, coercive relief. It binds neither nonparties nor other courts. The Order itself recognizes its provisional character: an interlocutory partial summary judgment ruling is revisable under Rule 54(b) and "generally is not appealable." Dkt. 274 at 5.

**B. The Relief Cymbidium Seeks Is an Injunction in Disguise That Fails Every Applicable Standard.**

Strip away the "motion to compel" label and what Cymbidium requests is unmistakably injunctive: a mandatory order compelling AHP to turn over documents on a deadline, and a prohibitory order forbidding AHP from making specified arguments in other forums. A party cannot escape the requirements for injunctive relief by relabeling its request as enforcement of an existing order. Because no existing order commands this conduct (Section III.A *supra*), the motion can only be understood as a request for a new injunction—and it must satisfy the standard for one.

DEFENDANT / COUNTER-PLAINTIFFS'
OPPOSITION TO CYMBIDIUM'S MOTION TO
COMPEL DELIVERY OF MORTGAGE LOAN
DOCUMENTS – Page 7

BAILEY DUQUETTE P.C.
800 FIFTH AVENUE, SUITE 101-800
SEATTLE, WASHINGTON 98104
T 206.225.2250 | F 888.233.5869

This is not the first time Cymbidium has sought extraordinary interim relief designed to control the disposition of the Mortgage Loans before final adjudication. Cymbidium previously sought appointment of a Special Master empowered to determine whether loans could be transferred, compel delivery of documents, and otherwise enforce the MLSARO pending resolution of the parties' claims. Judge Whitehead denied that request, holding that such relief would require adjudication of the parties' competing contractual and ownership claims. Dkt. 64 at 6–8. Although packaged differently, the present motion seeks many of the same practical outcomes through another procedural mechanism. As before, granting that relief would require the Court to resolve issues intertwined with the parties' disputed contractual rights before trial.

In this regard, Cymbidium does not mention, much less satisfy, the four factors governing injunctive relief: likelihood of success on the merits, irreparable harm, the balance of equities, and the public interest. *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008). The mandatory character of the first branch of relief—compelling affirmative acts rather than maintaining a status quo—makes the showing more demanding still. A mandatory injunction is subject to heightened scrutiny and should not be issued "unless the law and facts clearly favor" the moving party. *Garcia v. Google, Inc.*, 786 F.3d 733, 740 (9th Cir. 2015) (internal quotation omitted).

More fundamentally, Cymbidium cannot show irreparable harm. Its asserted injuries—diverted proceeds, clouded title, and impaired ability to monetize—are

DEFENDANT / COUNTER-PLAINTIFFS'
OPPOSITION TO CYMBIDIUM'S MOTION TO
COMPEL DELIVERY OF MORTGAGE LOAN
DOCUMENTS – Page 8

BAILEY DUQUETTE P.C.
800 FIFTH AVENUE, SUITE 101-800
SEATTLE, WASHINGTON 98104
T 206.225.2250 | F 888.233.5869

economic and compensable by money damages. The Ninth Circuit has made clear that economic harm that can "be compensated by a damage award" is not irreparable. *Los Angeles Memorial Coliseum Comm'n v. Nat'l Football League*, 634 F.2d 1197, 1202 (9th Cir. 1980).[2] The Order reinforces that conclusion: the Court expressly reserved for trial the question of "whether a failure to provide documents resulted in damages" to trial, the Court implicitly recognized that a damages remedy exists for any breach—precisely the condition that forecloses a finding of irreparable harm. Trial on Cymbidium's breach-of-contract and specific-performance claims is currently scheduled for July 27, 2026. A remedy, expressly reserved by this Court for a trial proceeding set to begin shortly, is an adequate remedy at law.

The balance of equities also weighs against the relief sought. AHP's claimed reversionary rights depend on the unresolved "payment in full" question reserved for trial. If the purportedly undelivered documents are turned over and then used by Cymbidium or its affiliates to effect downstream transfers, pledges, foreclosures, or other dispositions before the accounting and trial are complete, the parties' practical positions could be materially altered before the Court determines their respective rights. The Mortgage Loan Documents at issue—deeds, assignments, allonges, notes— are not neutral instruments; they are the tools through which ownership and control

---

[2] Indeed, when considering requests for comparable interim relief earlier in this litigation, Judge Whitehead concluded that alleged losses arising from the parties' competing claims to mortgage loans, loan proceeds, and related properties were economic injuries recoverable through money damages and therefore did not constitute irreparable harm. *See* Dkt. 37 at 7–9.

DEFENDANT / COUNTER-PLAINTIFFS'
OPPOSITION TO CYMBIDIUM'S MOTION TO
COMPEL DELIVERY OF MORTGAGE LOAN
DOCUMENTS – Page 9

BAILEY DUQUETTE P.C.
800 FIFTH AVENUE, SUITE 101-800
SEATTLE, WASHINGTON 98104
T 206.225.2250 | F 888.233.5869

are exercised. Compelling their wholesale delivery now could substantially prejudice AHP's claimed reversionary interests before the Court determines whether reversion has occurred or which defenses otherwise apply.[3]

Finally, Cymbidium bypassed Rule 65's procedural requirements, including the specificity requirement of Rule 65(d) and the security bond of Rule 65(c). These protections exist precisely to prevent parties from obtaining coercive injunctive relief through procedural shortcuts. That Cymbidium's Amended Complaint already pleads a specific-performance claim seeking delivery of "all Mortgage Loan Documents" (Dkt. 264, Prayer ¶ 2) underscores the point: the orderly path to that relief is adjudication of that claim at trial, not a truncated motion that skips the required showings and eliminates AHP's right to present evidence of delivery, possession, and prior performance.

## C. Enjoining AHP's State-Court Conduct Would Violate the Anti-Injunction Act.

Cymbidium's request that the Court "direct AHP to cease asserting" ownership and proceeds claims in New York, Michigan, and "elsewhere" (Mot. 2, 9–11) runs headlong into the Anti-Injunction Act. Section 2283 bars a federal court from enjoining state-court proceedings except in three narrow circumstances: where expressly authorized by Act of Congress, where necessary in aid of the Court's jurisdiction, or to protect or effectuate its judgments. 28 U.S.C. § 2283. An order forbidding a litigant from

---

[3] As AHP previously noted, Cymbidium's affiliates have already used the Order to further encumber at least one Mortgage Loan post-Order. Dkt. 299.

DEFENDANT / COUNTER-PLAINTIFFS'
OPPOSITION TO CYMBIDIUM'S MOTION TO
COMPEL DELIVERY OF MORTGAGE LOAN
DOCUMENTS – Page 10

BAILEY DUQUETTE P.C.
800 FIFTH AVENUE, SUITE 101-800
SEATTLE, WASHINGTON 98104
T 206.225.2250 | F 888.233.5869

advancing positions in pending state actions is an injunction against those proceedings in all but name; the Act cannot be evaded by directing the injunction at the party rather than the court. *See Blalock Eddy Ranch v. MCI Telecomms. Corp.*, 982 F.2d 371, 375 (9th Cir. 1992) (federal injunction directed at party that effectively restrains state proceedings falls within § 2283's prohibition).

None of the exceptions applies. The only conceivably relevant one—the relitigation exception, which permits an injunction to "protect or effectuate" a federal judgment—does not apply here. That exception requires a final federal judgment actually deciding the precise issue to be relitigated in state court, and it is construed narrowly, with doubts resolved against issuing the injunction. *Smith v. Bayer Corp.*, 564 U.S. 299, 306–07 (2011). The Order here is interlocutory, not final. It expressly declined to resolve the "payment in full" question that determines whether AHP currently owns the loans. The Court also declined to expressly rule for or against AHP's motion that the Amended MLSARO did not constitute a "true sale" but effectively operated as a secured financing arrangement. *See* Dkt. 236 at 28-36. There is no final judgment to protect, and no precise issue that was actually and finally decided.

At the June 11, 2026, hearing, AHP's recollection is that the Court expressed concern regarding requests that could affect proceedings in other state courts. That concern is reinforced by the Anti-Injunction Act and the principles of federalism and comity that underlie it.

DEFENDANT / COUNTER-PLAINTIFFS'
OPPOSITION TO CYMBIDIUM'S MOTION TO
COMPEL DELIVERY OF MORTGAGE LOAN
DOCUMENTS – Page 11

BAILEY DUQUETTE P.C.
800 FIFTH AVENUE, SUITE 101-800
SEATTLE, WASHINGTON 98104
T 206.225.2250 | F 888.233.5869

**D. AHP's Positions Are Consistent With the Order Because Reversion and "Payment in Full" Are Reserved for Trial.**

Cymbidium's "defiance" narrative depends on conflating two distinct questions: (1) whether the Amended MLSARO contained a pledging restriction, and (2) whether the loans have since reverted to AHP because the waterfall has been satisfied. The Order decided the first and expressly reserved the second for trial.

The "free and clear" language the motion repeatedly invokes appears in the Court's analysis of whether the Amended MLSARO imposed a restriction on Cymbidium's ability to transfer or pledge the loans. Dkt. 274 at 9–10. The Court held it did not. But that holding says nothing about whether reversion has since occurred by operation of the contract's waterfall. To the contrary, the Court found that the contract provides for reconveyance: "once the waterfall has been satisfied, the Mortgage Loans were to revert back to AHP." *Id*. at 13. And it found that the contract supplies no "definitive method for determining whether 'payment in full' has occurred," reserving that issue—and the accounting needed to resolve it—for trial. *Id*. at 13 n.6.

AHP's position in this litigation and in other proceedings is straightforward and entirely consistent with the Order: AHP contends that it has paid the waterfall in full and that reversion has therefore occurred by operation of the contract's own terms. Whether AHP is correct is the precise question the Court reserved for trial. AHP's assertion of that position—here and in other proceedings—is advocacy on a live, undecided issue, not defiance of a ruling. Indeed, AHP's operative pleading continues to assert, as a surviving affirmative defense, that AHP "complied with and satisfied all

DEFENDANT / COUNTER-PLAINTIFFS'
OPPOSITION TO CYMBIDIUM'S MOTION TO
COMPEL DELIVERY OF MORTGAGE LOAN
DOCUMENTS – Page 12

BAILEY DUQUETTE P.C.
800 FIFTH AVENUE, SUITE 101-800
SEATTLE, WASHINGTON 98104
T 206.225.2250 | F 888.233.5869

terms, conditions, duties, and obligations" of the contract. Dkt. 270, Sixth Affirmative Defense.

Cymbidium effectively concedes the point. Its motion acknowledges that "the accounting and the 'payment in full' question" are "reserved for trial" and represents that it does not ask the Court to adjudicate them. Dkt. 289 at 11. But AHP's present ownership of the loans turns entirely on those reserved questions. The requested relief would decide the reserved issue under the guise of enforcement.

### E. AHP's State Court Filings Are Consistent With the Order and the Accounting Framework

Cymbidium mischaracterizes AHP's litigation positions in other proceedings—including the Nassau County foreclosure action and the Michigan proceeding concerning the Prescott property.

The accompanying Declaration of Jorge Newbery ("Newbery Decl.") supplies the omitted context. In Nassau County, AHP intervened to prevent Magerick, a non-party, from diverting short-sale proceeds away from AHP, the plaintiff of record, through a law firm that simultaneously represented Magerick adverse to AHP. AHP expressly disclaimed any request to resolve the ownership dispute, and the Nassau court temporarily directed the proceeds into escrow on consent. Any funds AHP receives will be included in the neutral accountant's waterfall calculation. *See* Newbery Decl., ¶¶ 4–15, **Exs. 1-8**.

Likewise, the Michigan action is not a collateral attack on this Court's rulings—it is a state-law challenge to a Claim of Interest Cymbidium recorded against Michigan

DEFENDANT / COUNTER-PLAINTIFFS'
OPPOSITION TO CYMBIDIUM'S MOTION TO
COMPEL DELIVERY OF MORTGAGE LOAN
DOCUMENTS – Page 13

real property that AHP owns, at a time when Cymbidium's operative complaint sought only money damages and identified no Michigan property. That instrument has impaired AHP's ability to sell property it preserved from tax forfeiture at its own expense. The state-court questions—validity of a recorded Michigan instrument, AHP's title to Michigan real property—were not adjudicated by this Court and are governed by Michigan law. *Id.*, ¶¶ 16-22, **Exs. 9-10.**

**F. The Document Demand Cannot Be Resolved on This Motion: Delivery Is Genuinely Disputed and the Demand Is Fatally Unparticularized.**

The Order construed the Amended MLSARO as requiring delivery of the defined "Mortgage Loan Documents" and rejected AHP's interpretation that the document-delivery obligations could be suspended based on AHP's unilateral determination that the waterfall had been satisfied. Dkt. 274 at 10–11. But in the same breath the Court reserved the operative factual question: "[w]hether a failure to provide documents resulted in damages is a separate issue to be resolved at trial." *Id.* at 11. The Court found a contractual obligation; it did not find that AHP failed to deliver any particular document, nor did it order delivery of any specific document.

Whether anything remains undelivered is disputed. In December 2022, at Cymbidium's request, AHP shipped 539 of the 540 Schedule B collateral files to WAB as custodian, across multiple shipments accompanied by bailee letters acknowledging WAB's custodial role. Dkt. 255, ¶ 15; *see also* Dkt. 255-1. AHP also executed transfer instruments Cymbidium requested during the repayment period, and Cymbidium's affiliates later recorded instruments purporting to transfer portfolio assets. Dkt. 255,

DEFENDANT / COUNTER-PLAINTIFFS' OPPOSITION TO CYMBIDIUM'S MOTION TO COMPEL DELIVERY OF MORTGAGE LOAN DOCUMENTS – Page 14

BAILEY DUQUETTE P.C.
800 FIFTH AVENUE, SUITE 101-800
SEATTLE, WASHINGTON 98104
T 206.225.2250 | F 888.233.5869

¶ 17. Dkt. 270, ¶ 23. AHP's May 20 response therefore asked Cymbidium to reconcile its demand with prior deliveries and identify the allegedly missing documents. Dkt. 290, Ex. 2 at 2. Cymbidium did neither. What remains undelivered (if anything), who possesses it, and to whom it should be delivered now are factual questions for trial.

The form of the relief requested makes matters worse. Cymbidium asks the Court to order delivery of "all" Mortgage Loan Documents within ten days, with a sworn certification "identifying each loan and the documents delivered." Dkt. 289 at 9. The demand is unparticularized in two independent and compounding respects.

First, Cymbidium's demand letter identified only 31 loans in Attachment B as a "starting point" and "priority subset" of the portfolio. Dkt. 290, Ex. 1 at 2 & Attach. B. Yet, the relief sought is not limited to those 31 loans. Instead, Cymbidium demands delivery of "all Mortgage Loan Documents" across a portfolio that originally involved more than 800 loans and still encompasses hundreds of loans today. Cymbidium provides no basis for determining which documents are allegedly missing for these other loans.

Second, even for the 31 priority loans, the demand does not identify which specific Mortgage Loan Documents within each loan file are allegedly undelivered; it lists only the existence of a lis pendens, claim of interest, or related instrument—not which of the defined document categories (original note, endorsements, assignment of mortgage, title policy, modification agreements) are purportedly missing. Dkt. 290, Ex. 1, Attach. B. An order to deliver "everything" that names no specific missing document

DEFENDANT / COUNTER-PLAINTIFFS'
OPPOSITION TO CYMBIDIUM'S MOTION TO
COMPEL DELIVERY OF MORTGAGE LOAN
DOCUMENTS – Page 15

is impermissibly vague: it gives AHP no ascertainable standard of compliance, sets AHP up for an impossible certification, and creates a contempt trap over documents that may not exist, were delivered long ago, or are currently held by third parties. Rule 65(d)(1) requires that every restraining order and injunction state its terms specifically and describe in reasonable detail the act required. *See Schmidt v. Lessard*, 414 U.S. 473, 476 (1974) (per curiam).

Additionally, among the 31 loans identified in Attachment B are the two Michigan properties (OIMasterIDs 48051898 and 48051899) for which Cymbidium has recorded Claims of Interest—instruments that a Michigan state court temporarily enjoined in an emergency proceeding filed by AHP. Dkt. 290, Ex. 4; *see also* Newbery Decl., Ex. 10. Compelling document delivery for loans whose status is simultaneously being litigated on an emergency basis in state court is particularly ill-suited to resolution by motion on this record.

The document dispute, like the reversion dispute, belongs at trial on Cymbidium's breach-of-contract and specific-performance claims—where the parties can present evidence of what was delivered, what AHP currently holds, what is in third-party hands, and what (if anything) requires further action.

### IV. CONCLUSION

For the foregoing reasons, AHP respectfully requests that the Court deny Cymbidium's Motion to Compel in its entirety.

DEFENDANT / COUNTER-PLAINTIFFS'
OPPOSITION TO CYMBIDIUM'S MOTION TO
COMPEL DELIVERY OF MORTGAGE LOAN
DOCUMENTS – Page 16

BAILEY DUQUETTE P.C.
800 FIFTH AVENUE, SUITE 101-800
SEATTLE, WASHINGTON 98104
T 206.225.2250 | F 888.233.5869

Respectfully Submitted this 15th day of June 2026.

**BAILEY DUQUETTE P.C.**

By:  */s Hozaifa Y. Cassubhai*
Hozaifa Y. Cassubhai, WSBA #39512
William R. Burnside, WSBA #36002
800 Fifth Ave, Suite 101-800
Seattle, Washington 98104
T: 206.225.2250
E: hozaifa@baileyduquette.com
will@baileyduquette.com
*Attorneys for Defendants/Counter-Plaintiffs*

*This motion contains 3,977 words in compliance with the Local Rules.*

DEFENDANT / COUNTER-PLAINTIFFS'
OPPOSITION TO CYMBIDIUM'S MOTION TO
COMPEL DELIVERY OF MORTGAGE LOAN
DOCUMENTS – Page 17

**CERTIFICATE OF SERVICE**

I hereby certify that on this date, I caused a true and correct copy of the foregoing

Defendants / Counter-Plaintiffs' Opposition to Cymbidium's Motion to Compel

Delivery of Mortgage Loan Documents, as follows:

Bradley S. Keller, WSBA #10665
M. Victoria Molina, WSBA #62109
1000 Second Avenue, 38th Floor                    ☒ Via ECF
Seattle, Washington 98104
Telephone: (206) 622-2000
Facsimile: (206) 622-2522
Email: bkeller@byrneskeller.com
mvmolina@byrneskeller.com

Attorneys for Plaintiff


I declare under penalty of perjury under the laws of the State of Washington that

the foregoing is true and correct.


Dated: June 15, 2026 at Westfield, New Jersey.


/s Hozaifa Y. Cassubhai
Hozaifa Y. Cassubhai, WSBA No. 39512

DEFENDANT / COUNTER-PLAINTIFFS'
OPPOSITION TO CYMBIDIUM'S MOTION TO
COMPEL DELIVERY OF MORTGAGE LOAN
DOCUMENTS – Page 18