HONORABLE KYMBERLY K. EVANSON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

CYMBIDIUM RESTORATION TRUST,

        Plaintiff,

v.

AMERICAN HOMEOWNER
PRESERVATION TRUST SERIES AHP
SERVICING; ITS TRUSTEE, U.S. BANK
TRUST N.A.; AHP CAPITAL
MANAGEMENT, LLC; AMERICAN
HOMEOWNER PRESERVATION SERIES
2015A+; ITS TRUSTEE, U.S. BANK TRUST
NATIONAL ASSOCIATION; AHP
SERVICING, LLC; AND JORGE NEWBERY,

        Defendants.

AMERICAN HOMEOWNER
PRESERVATION TRUST SERIES AHP
SERVICING; AHP CAPITAL
MANAGEMENT, LLC; AMERICAN
HOMEOWNER PRESERVATION SERIES
2015A+; and; AHP SERVICING, LLC,

        Counter-Plaintiffs,

v.

CYMBIDIUM RESTORATION TRUST,

        Counter-Defendant.

Case No.  2:24-cv-0025-KKE

DECLARATION OF JORGE
NEWBERY IN SUPPORT OF
DEFENDANTS / COUNTER-
PLAINTIFFS' OPPOSITION TO
CYMBIDIUM'S MOTION TO
COMPEL DELIVERY OF
MORTGAGE LOAN DOCUMENTS

DECLARATION OF JORGE NEWBERY IN SUPPORT OF
DEFENDANTS / COUNTER-PLAINTIFFS' OPPOSITION TO
CYMBIDIUM'S MOTION TO COMPEL DELIVERY OF
MORTGAGE LOAN DOCUMENTS – Page 1

BAILEY DUQUETTE P.C.
800 FIFTH AVENUE, SUITE 101-800
SEATTLE, WASHINGTON 98104
T 206.225.2250 | F 888.233.5869

I, Jorge Newbery, state as follows based on personal knowledge:

1.      I am a natural person 18 years of age or older. If called to testify as to the following facts, I could do so competently.

2.      I am the manager and chief executive officer for Defendants/Counter-Plaintiffs American Homeowner Preservation Trust Series AHP Servicing, American Homeowner Preservation Trust Series 2015A+, AHP Capital Management, LLC, and AHP Servicing, LLC (collectively, "**AHP**") in this matter and make this declaration based on my personal knowledge and am competent to testify as to the matters set forth herein.

3.      I have reviewed Cymbidium's Motion to Compel Delivery of Mortgage Loan Documents and the accompanying declaration. Dkts. 289, 290. Below, I provide information concerning two state-court proceedings referenced in Cymbidium's filings. This information supplies material context omitted from Cymbidium's account and provides additional factual details concerning those proceedings. The supporting documents are attached as Exhibits 1-9 to this Declaration and identified in the table below.

A. **The Nassau County Foreclosure Proceeding**

4.      The Nassau County proceeding is a residential mortgage foreclosure action, *U.S. Bank Trust National Association as Trustee of American Homeowner Preservation Trust Series AHP Servicing v. Messina*, Index No. 001300/2016 (Sup. Ct., Nassau County) (the "Nassau Action"). That action was originally commenced in

DECLARATION OF JORGE NEWBERY IN SUPPORT OF DEFENDANTS / COUNTER-PLAINTIFFS' OPPOSITION TO CYMBIDIUM'S MOTION TO COMPEL DELIVERY OF MORTGAGE LOAN DOCUMENTS – Page 2

BAILEY DUQUETTE P.C.
800 FIFTH AVENUE, SUITE 101-800
SEATTLE, WASHINGTON 98104
T 206.225.2250 | F 888.233.5869

2016 by JPMorgan Chase Bank against a borrower, Anna Messina, concerning property located at 3183 Nantucket Lane, Oceanside, New York 11572 (the "Nassau Property"). AHP was substituted as the plaintiff of record by court order in November 2022. NYSCEF Dkt. 15. AHP did not commence the Nassau Action; the case had already been pending for approximately six years when AHP was substituted and is now a decade old.

5.      AHP's recent emergency application in the Nassau Action did not arise from any effort to obtain a determination as to whether the waterfall had been satisfied, whether the Mortgage Loans had reverted to AHP, or any other issue reserved for trial in this action. It arose from a specific and imminent threat: Cymbidium's affiliate Magerick LLC ("Magerick"), acting through its servicer Land Home Financial Services, Inc. ("Land Home"), was directing that the proceeds of a pending short sale of the Nassau Property be paid to Magerick rather than to AHP, the plaintiff of record. At the time a short-sale closing was scheduled for May 2026.

6.      Magerick is not a party to the Nassau Action, has never been substituted as plaintiff by any court order, and had filed nothing in that action establishing an entitlement to the proceeds. Compounding those concerns, the law firm directing that the proceeds be paid away from AHP—Fein Such & Crane LLP ("Fein Such")—had appeared in the Nassau Action on AHP's behalf, raising serious questions concerning the firm's authority, agency, and conflicts of interest.

DECLARATION OF JORGE NEWBERY IN SUPPORT OF DEFENDANTS / COUNTER-PLAINTIFFS' OPPOSITION TO CYMBIDIUM'S MOTION TO COMPEL DELIVERY OF MORTGAGE LOAN DOCUMENTS – Page 3

BAILEY DUQUETTE P.C.
800 FIFTH AVENUE, SUITE 101-800
SEATTLE, WASHINGTON 98104
T 206.225.2250 | F 888.233.5869

7. As I understand it, Magerick's asserted entitlement to the sale proceeds rests on a May 16, 2023 Assignment of Mortgage purporting to transfer the Messina mortgage from AHP to Magerick. Oak Harbor Capital LLC ("Oak Harbor") executed that assignment under an April 2023 Limited Power of Attorney (the "April 2023 LPOA"). By its terms, however, the April 2023 LPOA authorized assignments only in two limited circumstances: in connection with a repurchase of a mortgage loan, or in connection with a refinancing transaction. The purported assignment of the Messina mortgage involved neither a repurchase nor a refinancing and therefore was not authorized by the April 2023 LPOA.

8. On October 23, 2023, acting on AHP's behalf, I notified Oak Harbor by email that all powers of attorney between AHP and Oak Harbor, including the April 2023 LPOA, were revoked effective immediately. A formal notice of revocation was executed on November 7, 2023 and recorded on November 8, 2023. I notified Land Home of the revocation on November 14, 2023. By no later than February 8, 2024, I had also expressly notified the Fein Such law firm of AHP's position that Oak Harbor was continuing to misuse revoked powers of attorney to transfer mortgages away from AHP's trusts. Multiple lawyers at Fein Such were copied on that correspondence.

9. Despite that notice, Fein Such appeared in the Nassau Action in May 2025 on behalf of "Plaintiff"—AHP. At the same time, Fein Such was representing Magerick in litigation *against* AHP in the Superior Court of New Jersey,

DECLARATION OF JORGE NEWBERY IN SUPPORT OF DEFENDANTS / COUNTER-PLAINTIFFS' OPPOSITION TO CYMBIDIUM'S MOTION TO COMPEL DELIVERY OF MORTGAGE LOAN DOCUMENTS – Page 4

BAILEY DUQUETTE P.C.
800 FIFTH AVENUE, SUITE 101-800
SEATTLE, WASHINGTON 98104
T 206.225.2250 | F 888.233.5869

captioned *Magerick, LLC v. American Homeowner Preservation Trust Series AHP Servicing, et al.*, Docket No. OCN-L-2937-23. Fein Such did not disclose this conflict to the Nassau County court.

10.     AHP's emergency application expressly disclaimed any request that the Nassau County court resolve the broader ownership dispute between AHP, Cymbidium, and their respective affiliates. AHP's Summary Brief explained that "**[t]he relief sought does not require resolution of the broader dispute … related to the validity of certain mortgage assignments, which is the subject of pending federal litigation**." Exhibit 1 (NYSCEF Dkt. 24 at 2). AHP sought only an order directing that the proceeds be paid to the plaintiff of record or, alternatively, held in escrow pending further order of the Nassau County court. On consent, the court entered an emergency order requiring the proceeds be held in escrow pending further briefing. Exhibit 5 (NYSCEF Dkt. 40).

11.     Last week, the Fein Such law firm filed an untimely response to the Order to Show Cause in the Nassau Action and, in so doing, effectively acknowledged that it represents Magerick—not AHP—and that it had not conducted an adequate conflicts review. *See* Exhibit 6 (Fein Such lawyer's June 9, 2026, email noting "this office represents Magerick LLC"). Yet, Fein Such continues to appear in the Nassau Action as counsel for AHP while advocating that the proceeds be paid to Magerick, a non-party whose interests are adverse to AHP.  Exhibit 7 (Fein Such's response to the Order to Show Cause).

DECLARATION OF JORGE NEWBERY IN SUPPORT OF
DEFENDANTS / COUNTER-PLAINTIFFS' OPPOSITION TO
CYMBIDIUM'S MOTION TO COMPEL DELIVERY OF
MORTGAGE LOAN DOCUMENTS – Page 5

BAILEY DUQUETTE P.C.
800 FIFTH AVENUE, SUITE 101-800
SEATTLE, WASHINGTON 98104
T 206.225.2250 | F 888.233.5869

12. Under these circumstances, and with no other party having intervened in the Nassau Action to assert a claim to the proceeds, AHP has maintained the position that the proceeds should be paid to the plaintiff of record or, at a minimum, preserved in escrow until the proper recipient can be determined.

13. AHP's actions are also consistent with the Court's accounting framework. The Court's accounting order requires the parties to supplement the record to reflect funds received on the Mortgage Loans while the neutral accountant completes his work. AHP's intervention in the Nassau Action was intended to preserve the short-sale proceeds—not to circumvent this Court's process.

14. If the Nassau County court ultimately directs that the proceeds be paid to AHP as the plaintiff of record, the receipt will be reflected in AHP's native general ledger, to which the neutral accountant has access, and will be incorporated into the waterfall calculation directed by this Court. If the proceeds remain in escrow, entitlement to those funds can be resolved through appropriate motion practice in Nassau County or at trial in this case.

15. The Nassau Action does not ask the Nassau court to determine whether the waterfall has been satisfied or whether the Mortgage Loans have reverted to AHP.

## B. The Michigan Proceeding Concerning the Prescott Property

16. Cymbidium's motion also references an AHP lawsuit in Michigan as further evidence of purported "defiance." That characterization misrepresents the nature and purpose of the Michigan action.

DECLARATION OF JORGE NEWBERY IN SUPPORT OF
DEFENDANTS / COUNTER-PLAINTIFFS' OPPOSITION TO
CYMBIDIUM'S MOTION TO COMPEL DELIVERY OF
MORTGAGE LOAN DOCUMENTS – Page 6

BAILEY DUQUETTE P.C.
800 FIFTH AVENUE, SUITE 101-800
SEATTLE, WASHINGTON 98104
T 206.225.2250 | F 888.233.5869

17.     AHP is the owner of real property located at 1724 W. Third Street, Prescott, Michigan (OIMasterID 48051899) (the "Prescott Property"). Cymbidium's motion does not seek adjudication of title to the Prescott Property, which is part of the Amended MLSARO portfolio. The dispute between the parties concerning ownership—including the question of whether it has reverted to AHP under the waterfall—is among the issues reserved for trial before this Court.

18.     In February 2024, Cymbidium recorded a Claim of Interest against the Prescott Property in the applicable Michigan register of deeds. At the time Cymbidium recorded that instrument, the only operative complaint in this Washington action sought money damages arising from alleged contractual and conversion claims. That complaint did not identify the Prescott Property, did not identify any Michigan property, and did not seek relief affecting title to any specific real property in Michigan or elsewhere.

19.     AHP's position is that Cymbidium's later Amended Complaint, filed in March 2026 in this case, does not retroactively validate the previously recorded Claim of Interest. Even the Amended Complaint does not identify the Prescott Property or any Michigan property specifically. The specific-performance claim in the Amended Complaint seeks delivery of mortgage loan documents and a declaration concerning ownership of mortgage loans—not a claim of title to the Prescott Property itself or to Michigan real estate generally. These are different questions.

DECLARATION OF JORGE NEWBERY IN SUPPORT OF DEFENDANTS / COUNTER-PLAINTIFFS' OPPOSITION TO CYMBIDIUM'S MOTION TO COMPEL DELIVERY OF MORTGAGE LOAN DOCUMENTS – Page 7

BAILEY DUQUETTE P.C.
800 FIFTH AVENUE, SUITE 101-800
SEATTLE, WASHINGTON 98104
T 206.225.2250 | F 888.233.5869

20.     The Claim of Interest has materially impaired AHP's ability to market and sell the Prescott Property. It clouds title and has caused prospective purchasers and title insurers to raise concerns about the state of title. In addition, the Prescott Property recently faced tax forfeiture. To my knowledge, the property taxes were not paid by the servicer, Land Home. With only two days remaining before the forfeiture deadline, AHP advanced its own funds and redeemed the delinquent taxes to preserve the property from forfeiture. AHP has thus been required to protect and preserve a property that it claims it owns, at its own expense, while Cymbidium's recorded instrument simultaneously impairs its ability to sell it.

21.     AHP's Michigan lawsuit is a *Verified Civil Complaint for Unlawful Filing of False Documents* (Exhibit 9) seeking removal of the recorded Claim of Interest as a cloud on title. It is not an attempt to relitigate the rulings of this Court or to assert ownership of the Prescott mortgage loan as against Cymbidium in a collateral forum. The Michigan action seeks relief concerning the validity and effect of a recorded Michigan instrument against Michigan real property — issues that were not adjudicated by this Court and that are governed by Michigan law, not by this Court's Order.

22.     Cymbidium's motion repeatedly blurs the distinction between a dispute concerning a mortgage loan and an actual cognizable interest in Michigan real property. Even under the Amended Complaint, Cymbidium seeks a declaration regarding ownership of mortgage loans and possession of mortgage loan

DECLARATION OF JORGE NEWBERY IN SUPPORT OF
DEFENDANTS / COUNTER-PLAINTIFFS' OPPOSITION TO
CYMBIDIUM'S MOTION TO COMPEL DELIVERY OF
MORTGAGE LOAN DOCUMENTS – Page 8

BAILEY DUQUETTE P.C.
800 FIFTH AVENUE, SUITE 101-800
SEATTLE, WASHINGTON 98104
T 206.225.2250 | F 888.233.5869

documents—not title to the Prescott Property itself. The Michigan action exists because Cymbidium nevertheless recorded an instrument against Michigan real estate that has impaired the marketability of title and interfered with AHP's ability to sell property that it owns. Seeking removal of that instrument under Michigan law does not require adjudication of any issue this Court reserved for trial. It is an effort to vindicate AHP's property rights on an issue this Court did not adjudicate.

23. In sum, neither the Nassau proceeding nor the Michigan proceeding was commenced to obtain a ruling regarding whether the waterfall has been satisfied or whether the Mortgage Loans have reverted to AHP. Those issues remain pending before this Court.

In support of the above, attached to this declaration are true and correct copies of the following documents:

| Exhibit | Description |
| --- | --- |
| 1 | May 11, 2026, Summary Brief in Support of Plaintiff's Application for Order to Show Cause, as filed in the matter of *U.S. Bank Trust National Association as Trustee of American Homeowner Preservation Trust Series AHP Servicing v. Anna Messina*, Index No. 001300/2016 (New York Supreme Court, Nassau County) (Nassau Action) |
| 2 | May 11, 2026, Affirmation of Derrick F. Moore, Esq. in Support of Order to Show Cause, as filed in the Nassau Action |
| 3 | May 11, 2026, Affirmation of Jorge Newbery in Support of Order to Show Cause, as filed in the Nassau Action |
| 4 | Exhibits A-L in support of the Application for Order to Show Cause, as filed in the Nassau Action |

DECLARATION OF JORGE NEWBERY IN SUPPORT OF
DEFENDANTS / COUNTER-PLAINTIFFS' OPPOSITION TO
CYMBIDIUM'S MOTION TO COMPEL DELIVERY OF
MORTGAGE LOAN DOCUMENTS – Page 9

BAILEY DUQUETTE P.C.
800 FIFTH AVENUE, SUITE 101-800
SEATTLE, WASHINGTON 98104
T 206.225.2250 | F 888.233.5869

| 5 | May 12, 2026, Order to Show Cause with Temporary Restraining Order, as entered by the Court in the Nassau Action |
| --- | --- |
| 6 | June 9, 2026, email exchange between Derrick Moore, Esq. of Bailey Duquette P.C. and Michael Hanusek, Esq. of Fein Such |
| 7 | June 9, 2026, Affirmation [of Michael Hanusek, Esq.] in Response to Order to Show Cause |
| 8 | June 11, 2026, Reply Affirmation of Derrick F. Moore, Esq. in Support of Order to Show Cause, as filed in the Nassau Action |
| 9 | May 6, 2026, Verified Civil Complaint, as filed in the matter of *AHP Capital Management LLC v. Cymbidium Restoration Trust*, No. 26-____, Circuit Court for Ogemaw County, Michigan ("Michigan Action") |
| 10 | May 8, 2026, Order Granting in Part Plaintiff's Ex Parte Emergency Motion for a Temporary Restraining Order and Preliminary Injunction, as entered in the Michigan Action |

Executed this 15th day of June 2026 at Barrington, Illinois.

By: */s Jorge Newbery*
Jorge Newbery

DECLARATION OF JORGE NEWBERY IN SUPPORT OF
DEFENDANTS / COUNTER-PLAINTIFFS' OPPOSITION TO
CYMBIDIUM'S MOTION TO COMPEL DELIVERY OF
MORTGAGE LOAN DOCUMENTS – Page 10

BAILEY DUQUETTE P.C.
800 FIFTH AVENUE, SUITE 101-800
SEATTLE, WASHINGTON 98104
T 206.225.2250 | F 888.233.5869

**CERTIFICATE OF SERVICE**

I hereby certify that on this date, I caused a true and correct copy of the foregoing Declaration of Jorge Newbery in Support of Defendants / Counter-Plaintiffs' Opposition to Cymbidium's Motion to Compel Delivery of Mortgage Loan Documents, as follows:

Bradley S. Keller, WSBA #10665
M. Victoria Molina, WSBA #62109
1000 Second Avenue, 38th Floor
Seattle, Washington 98104
Telephone: (206) 622-2000
Facsimile: (206) 622-2522
Email: bkeller@byrneskeller.com
mvmolina@byrneskeller.com

☒ Via ECF

Attorneys for Plaintiff

I declare under penalty of perjury under the laws of the State of Washington that the foregoing is true and correct.

Dated: June 15, 2026 at Westfield, New Jersey.

/s Hozaifa Y. Cassubhai
Hozaifa Y. Cassubhai, WSBA No. 39512

DECLARATION OF JORGE NEWBERY IN SUPPORT OF
DEFENDANTS / COUNTER-PLAINTIFFS' OPPOSITION TO
CYMBIDIUM'S MOTION TO COMPEL DELIVERY OF
MORTGAGE LOAN DOCUMENTS – Page 11

BAILEY DUQUETTE P.C.
800 FIFTH AVENUE, SUITE 101-800
SEATTLE, WASHINGTON 98104
T 206.225.2250 | F 888.233.5869