# EXHIBIT 1

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NASSAU

-----------------------------------------------------------------X

|  |  |  |
|---|---|---|
| U.S. BANK TRUST NATIONAL ASSOCIATION AS TRUSTEE OF AMERICAN HOMEOWNER PRESERVATION TRUST SERIES AHP SERVICING | : : : : : : | |
| Plaintiff, | : : | Index No. 001300/2016 |
| - against - | : : : | Mot. Seq. 002 |
| ANNA M. MESSINA a/k/a ANNA MARIE MESSINA a/k/a ANNA MESSINA a/k/a ANNA MARIE FERNICOLA; JAMES HAGNY, | : : : : : : | |
| Defendants. | : : | |

-----------------------------------------------------------------X

### SUMMARY BRIEF IN SUPPORT OF
### PLAINTIFF'S APPLICATION FOR ORDER TO SHOW CAUSE

Plaintiff U.S. Bank Trust National Association, as Trustee for American Homeowner Preservation Trust Series AHP Servicing ("Plaintiff"), respectfully submits this summary letter in support of its application for an Order to Show Cause.[1]

This application arises from a recent and urgent development. In connection with a pending short sale of the subject property, located at 3183 Nantucket Lane, Oceanside, NY 11572 (the "Property"), Land Home Financial Services, Inc. ("Land Home") and the law firm Fein Such Law Group ("Fein Such") have issued communications directing that the proceeds of the sale be paid to Land Home or its principal, Magerick, LLC—entities that are not parties to this action. *See*

---

[1] The factual background and supporting detail are set forth in the Affirmation of Derrick F. Moore, Esq. ("Moore Aff.") and the Affirmation of Jorge Newbery ("Newbery Aff.") (together, the "Affirmations"), to which the Court is respectfully directed for a full record of the events giving rise to this application.

1

Newbery Aff. ¶ 5; Moore Aff. ¶ 13; **Exhibits J & K**. This application is brought in direct response to that directive.

The relief sought does not require resolution of the broader dispute between concerning Plaintiff and Magerick (among others) related to the validity of certain mortgage assignments, which is the subject of pending federal litigation. *See* Newbery Aff. ¶¶ 8-9. The issue presented here is narrower: **where should the proceeds of an imminent sale be directed when the Plaintiff of record remains unchanged since this Court ordered the substitution in November 2022, but non-parties are attempting to divert those funds?**

On the current procedural record, the answer is straightforward: Plaintiff remains the sole party of record. No motion to substitute another plaintiff has been made, and no order has been entered granting such substitution. No entity claiming entitlement to the proceeds has been recognized by this Court as having authority to act in Plaintiff's place. Under these circumstances, directing the proceeds to Plaintiff is the result consistent with the record.

Fein Such purports to act on behalf of Plaintiff in connection with the proposed sale, while simultaneously directing that funds be paid to a non-party that Plaintiff has not authorized and whose interests are adverse to Plaintiff in the related federal and other litigation. *See AHP Capital Management, LLC, et al. v. Oak Harbor Capital, LLC, et al.*, Case No. 25-cv-00171-KKE (W.D. Wash.).[2] No substitution, consent, or other filing establishes that Fein Such is authorized to act on Plaintiff's behalf in this manner.

This concern is not limited to the adverse positions of the entities to whom Fein Such seeks to direct the proceeds. These concerns are further underscored by Fein Such's representation of Magerick and related entities in other matters asserting interests adverse to Plaintiff here. *See,*

---

[2] This case was originally filed in the Eastern District of New York under case no. 24-cv-05419.

Case 2:24-cv-00025-KKE    Document 308-1    Filed 06/15/26    Page 4 of 124

*e.g.*, *Magerick, LLC v. American Homeowner Preservation Trust Series, et al.* (N.J. Sup. Ct., Case No. OCN-L-2937-23); *see also* Newbery Aff. ¶ 24; Moore Aff., ¶ 20; **Exhibits H & I**. While these circumstances appear to implicate Rule 1.7 of the Rules of Professional Conduct and warrant the Court's scrutiny, resolution of those issues is not necessary at this stage. It is sufficient that Fein Such's authority to act on Plaintiff's behalf is directly contested by Plaintiff and is, at best, unclear.

What is clear is that Magerick and Land Home are not parties to this action. They have not been substituted in, no order has been entered recognizing any entitlement to the proceeds, and no entity has been granted authority by this Court to act in Plaintiff's place. *See* Moore Aff. ¶¶ 13-15. And regardless of the merits of the claims that Magerick and Land Home seek to assert through Fein Such, those claims do not provide a basis to bypass the Plaintiff of record and direct funds to non-parties. *See* Newbery Aff. ¶¶ 10-23. Under these circumstances, the appropriate course is to direct that the proceeds of the sale be paid to Plaintiff.

In the alternative, if the Court determines that competing claims warrant interim neutrality, the proceeds should be held in escrow pending further order or agreement between the relevant entities. Such relief maintains the status quo, preserves the funds within the Court's control, and avoids the risk of disbursement to an entity whose entitlement is disputed. By contrast, disbursement to Land Home or Magerick would create a substantial risk that the funds will no longer be within the Court's reach.

In sum, this application does not ask the Court to resolve the underlying ownership dispute. It asks only that the Court ensure that proceeds arising from this action are directed to the Plaintiff of record or, at a minimum, not disbursed to non-parties without authorization. Once disbursed, such funds may be difficult or impossible to recover.

3

Case 2:24-cv-00025-KKE    Document 308-1    Filed 06/15/26    Page 5 of 124

DATED:    New York, NY
          May 11, 2026

              **BAILEY DUQUETTE P.C.**

              By: _____
                  Derrick F. Moore
              104 Charlton, Suite 1-W
              New York, New York 10014
              (202) 289-7963
              *Attorneys for Plaintiff U.S. Bank Trust National Association as Trustee of American Homeowner Preservation Trust Series AHP Servicing*

4

# EXHIBIT 2

Case 2:24-cv-00025-KKE    Document 308-1    Filed 06/15/26    Page 7 of 124

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NASSAU
-------------------------------------------------------------X

U.S. BANK TRUST NATIONAL
ASSOCIATION AS TRUSTEE OF
AMERICAN HOMEOWNER
PRESERVATION TRUST SERIES AHP
SERVICING

                            Plaintiff,

        - against -

ANNA M. MESSINA a/k/a ANNA MARIE
MESSINA a/k/a ANNA MESSINA a/k/a
ANNA MARIE FERNICOLA; JAMES
HAGNY,

                        Defendants.

-------------------------------------------------------------X

Index No. 001300/2016

**AFFIRMATION OF
DERRICK F. MOORE, ESQ.
IN SUPPORT OF
<u>ORDER TO SHOW CAUSE</u>**

Mot. Seq. 002

Derrick F. Moore, pursuant to CPLR 2106 and under penalty of perjury, affirms as follows:

1.      I am Of Counsel to Bailey Duquette, P.C., and admitted to practice law in the State of New York.  Baily Duquette, P.C. represents U.S. Bank Trust National Association as Trustee of American Homeowner Preservation Trust Series AHP Servicing ("AHP" or "Plaintiff").  I have reviewed AHP's relevant files and the pleadings in this matter.  Based on that information, plus my own personal knowledge, I am fully familiar with the facts of this case.

2.      I respectfully submit this affirmation in support of AHP's Order to Show Cause, seeking an order (a) directing the proceeds of the short sale of the property located at 3183 Nantucket Lane, Oceanside, NY 11572 (the "Property"), which is currently scheduled to close on or before May 15, 2026 (the "Sale"), be directed to Plaintiff, (b) in the alternative, ordering that all proceeds from the Sale be directed to a third-party escrow agent, and/or (c) such other and further relief as the Court may deem just, proper and equitable.

1

3.      In addition, AHP requests the Court order that, pending the ultimate determination of this application, no proceeds related to the proposed Sale may be transferred to any non-party other than an escrow agent, including but not limited to Land Home Financial Services, Inc., Magerick, LLC, Oak Harbor Capital, or any related entities.

4.      Finally, AHP requests that the Court order that, pending the ultimate determination of this application, that Fein Such Law Group including Fein, Such, Kahn & Shepard, P.C. and Fein Such & Crane P.C. may restrained from taking further action on behalf of the Plaintiff.

## AFFIRMATION OF EMERGENCY

5.      Counsel for all relevant parties—specifically Fein Such Law Group ("Fein Such") on behalf of Magerick, LLC and Land Home Financial Services, LLC; Richard Gresio of The Law Office of Richard Gresio, on behalf of the purchaser; and Anthony J. Gallo of The Law Firm of Anthony P. Gallo P.C., on behalf of the mortgagor Anna Messina—were properly notified of this order to show cause today, May 11, 2026, pursuant to Uniform Rule 202.8-e.  This notification was made to allow sufficient time for opportunity to be heard and to represent the interests of their clients in this application.  A true copy of the email notifying counsel is attached as **Exhibit L.**

6.      This matter is one of emergency as Plaintiff faces irreparable and immediate harm were the proposed sale to go forward.  (*See* Newbery Aff. ¶¶ 25-26; *see also* ¶¶ 21-33 *infra*). Primarily, Plaintiff requests that the Court direct that the proceeds from the proposed Sale be directed to the Plaintiff of record.

7.      Allowing the Sale to move forward would greatly prejudice AHP. If the proceeds are disbursed to entities whose entitlement is disputed and who are not the plaintiff of record, there is a substantial risk that such funds will not be recoverable, particularly given the broader disputes pending in federal court.

2

## HISTORY OF THIS CASE

8.      JPMorgan Chase Bank National Association ("JPMorgan") commenced this action on or around February 19, 2016 by the filing of a foreclosure summons and complaint.  (NYSCEF Dkt. 1 (the Nassau Clerk Minutes Report prior to conversion to e-filing).)

9.      On October 6, 2022, after the case was converted to e-filing, AHP, represented by the Law Offices of Jeffrey S. Greene, P.C., filed a motion seeking to restore this case to the active calendar and substitute in AHP as the proper plaintiff.  (*See* NYSCEF Dkt. 3).  On or around November 3, 2022, this Court granted the request and the order was entered on or around November 22, 2022 (the "Substitution Order").  (NYSCEF Dkt. 15).

10.      On September 12, 2023, Vallely Law PLLC began to represent "Plaintiff" in this case.  The signatory for the "Plaintiff" on the Consent to Change Attorneys was David Ornelas, Senior Vice President, of "Landhome Financial Services, Inc., Servicer for Plaintiff's Assignee".  (NYSCEF Dkt. 18, p. 2).

11.      On May 30, 2025, after no further activity on the docket, Fein Such began to represent "Plaintiff" in this case.  The signatory for the "Plaintiff" on the Consent to Change Attorneys was Philip Piscitello, Director – Loan Servicing for "Land Home Financial Services, Inc., Servicing Agent for Plaintiff."  (NYSCEF Dkt. 19, p. 2).

12.       In the most recent filings in the case, specifically a "Successive Notice of Pendency of Action Pursuant to RPAPL 1331" and the "Notice to County Clerk CPLR § 8019(c)", both filing made by Victor Spinelli, Esq. of Fein Such, the caption lists JPMorgan as the plaintiff, and none of the signature blocks specify the party that Fein Such purports to represent.  (NYSCEF Dkt. 20, 22).

3

13. Recently, AHP became aware that the Property was scheduled to close in May 2026 and that (1) Fein Such, a law firm that is aware that AHP disputes assignments of mortgages (including the one relevant here) and is representing a party in a litigation *against* AHP, is purportedly representing the plaintiff in this action (*see* April 13, 2026 Letter, attached as **Exhibit J**), (2) that mortgage notes properly owned by AHP were purportedly assigned to a non-party Magerick, LLC, and (3) Magerick's servicer Land Home has indicated to the proposed buyer of the Property that Land Home should receive all the proceeds from the Sale (*see* April 2, 2026 Land Home Letter, attached as **Exhibit K**).  AHP disputes the purported assignment and submits that it is the proper holder of the mortgage note, and thus brings this emergency action to prevent the funds from being improperly directed to Land Home.

14. Fein Such does not have the authority to represent AHP.  No third party has requested to be substituted as plaintiff in the place of AHP.  No documents on the docket explain how Fein Such currently has the authority to represent the Plaintiff of record.  As explained in detail below, not only is Fein Such conflicted from representing AHP, but any purported assignment to a different party would be improper.

15. AHP remains the Plaintiff of record in this action and the holder of the mortgage note.

16. The validity of the May 2023 Assignment of Mortgage is already the subject of a pending federal action originally filed in the Eastern District of New York and now pending in the Western District of Washington, in which AHP has expressly challenged the misuse of powers of attorney and unauthorized transfers of mortgage assets, including the type of transaction at issue here.  This application does not seek a final determination of ownership of the loan, but rather interim relief to preserve the proceeds pending resolution of those claims.

4

Case 2:24-cv-00025-KKE   Document 308-1   Filed 06/15/26   Page 11 of 124

17.     As explained in the Newbery Affidavit, the assignment of the mortgage note, and the ability to service the note, were not authorized.  The sale here is neither a repurchase nor a refinancing, and exceeded the authorities granted in the April 2023 Limited Power of Attorney granted to Oak Harbor Capital.  ("April 2023 POA", **Exhibit A**).  The Power of Attorney has since been revoked, back in October 2023.  (*See* **Exhibits C & D**).

18.     All the relevant companies and their counsel were fully aware of the revocation. Oak Harbor, who was the attorney-in-fact for AHP on the April 2023 POA, was made aware of that POA's revocation on October 23, 2023.  Fein Such, counsel for the "plaintiff" in this action, was made aware directly no later than February 8, 2024.  On that date, Mr. Newbery, on behalf of AHP, sent a letter to Mr. Weinstein expressly stating AHP's position that Oak Harbor was continuing to misuse revoked Powers of Attorney to transfer mortgages away from AHP's trusts. (**Exhibit E**).  Two lawyers from Fein Such—Kelly Neumann and Vincent DiMaiolo, Jr.—were copied on that correspondence, and Mr. Newbery had further correspondence directly with a New York lawyer of Fein Such, who claimed that Fein Such was investigating his concerns.  (**Exhibit G**).

19.     Thus, notwithstanding Fein Such being fully aware of the concerns with Oak Harbor assignments, it entered an appearance on behalf of the "plaintiff" in this case in May 2025.

20.     Of potentially even greater concern, Fein Such is currently representing Magerick, LLC *against* American Homeowner Preservation Trust Series AHP Servicing and U.S. Bank. Newbery Aff. ¶ 24 (citing **Exhibit H** (September 11, 2025 Fein Such Substitution of Attorney); **Exhibit I** (April 2, 2026 Magerick Revised Pre-Trial Exchange filed by Fein Such)).

5

## AHP FACES IRREPARABLE HARM; IMMEDIATE INTERVENTION IS NECESSARY

21.     It is axiomatic that a party cannot transfer rights that it does not own.  Here, there is, at a minimum, a dispute that neither Land Home nor Magerick has any right to the funds from this Sale.  The May 2023 Assignment was improper because it was based on the April 2023 POA, which only allows for assignment under specific circumstances, none of which were present here.  Moreover, the April 2023 POA was revoked in October 2023 regardless.  Thus, neither Magerick nor Land Home may receive any of the proceeds from the Sale pursuant to this assignment.

22.     The Plaintiff of record in this case is AHP, not Land Home nor Magerick.  No one at U.S. Bank or AHP has authorized any proceeds of this sale (or any sale in New York for that matter) to be assigned or otherwise delivered to Magerick, Land Home, Oak Harbor, or any other affiliated entity.  (Newbery Aff. ¶¶ 4-23.)

23.     Moreover, despite being aware of AHP's concerns with conflicts and knowledge of inappropriate use of powers of attorney, Fein Such continues to act on behalf of the Plaintiff of record in this case.

24.     The issuance of an immediate Temporary Restraining Order restraining the funds from the Sale of the Property is required pursuant to CPLR 6313.  AHP can demonstrate (a) a likelihood of success on the merits, (b) irreparable harm without the stay, and **(c)** the balance of equities are in its favor.  *See, e.g., Yedlin v. Lieberman*, 102 A.D.3d 769, 769-70 (2d Dep't 2013) (affirming preliminary injunction); *see also* CPLR 6301.

### A.     Neither Magerick Nor Land Home Is Entitled to the Proceeds from the Sale of the Property

25.     AHP is the Plaintiff of record in this case pursuant to this Court's Substitution Order. (NYSCEF Dkt. 15.)  No other parties have been substituted in the case and there has been

6

no filings that indicate a different party has the authority to bind AHP or that a different party has the rights to the proceeds of the Sale.

26. To the knowledge of AHP, the only document that could provide Magerick or Land Home the rights to the proceeds of the upcoming Sale is the May 2023 Assignment of Mortgage (**Exhibit B**), but that document is the product of an abuse of a Limited Power of Attorney that has since been revoked.

27. Specifically, the May 2023 Assignment of Mortgage was executed based entirely on the April 2023 Limited Power of Attorney (**Exhibit A**, ¶¶, 6-7), which only allows for assignment in the case of repurchase or refinancing. Neither of these situations are present here. (Newbery Aff. ¶¶ 13-15.)

28. Second, even if the 2023 Limited Power of Attorney could provide the appropriate authority, it was properly revoked by AHP less than two months after a "new" Plaintiff's firm had entered an appearance in this case. (Dkt No. 18, Vallely Law PLLC's September 12, 2023 Appearance). On October 23, 2023, Mr. Newbery emailed Oak Harbor to notify the relevant parties of the revocation of multiple Powers of Attorneys. Newbery Aff. ¶ 19; **Exhibit C**. The assignment was formally revoked no later than November 8, 2023. Newbery Aff. ¶ 20; **Exhibit D.**

**B.** **Fein Such Is Conflicted and Does Not Have the Authority to Act on Behalf of AHP**

29. Moreover, AHP has significant concerns that any actions taken by Fein Such in this case on behalf of plaintiff AHP are improper.

30. As explained above, I believe Fein Such is conflicted from representing AHP. Fein Such currently represents Magerick in a litigation against AHP in the Superior Court of New Jersey. *See* Newbery Aff. ¶ 24; **Exhibits G and H**. Moreover, Fein Such was fully aware of AHP's concerns regarding Oak Harbor improperly using Powers of Attorney to transfer mortgages

7

away from AHP. Newbery Aff. ¶¶ 21-22; **Exhibits E, F & G**. Despite both the direct legal conflict and the knowledge of the concerns, Fein Such seemed to have no issue representing AHP, the Plaintiff, in this action without any reservation.

31. Fein Such should never have been the plaintiff's attorney in this case, where the plaintiff is AHP, while simultaneously representing a party that's litigating directly against AHP. Fein Such appears to have a material conflict from representing any of the relevant parties, including U.S. Bank, AHP, Magerick, and Land Home. *See, e.g.*, 22 NYCRR § 1200.0, Rule 1.7: Conflict of Interest.

32. Taking into consideration that the May 2023 Assignment was based on an improper reading of the April 2023 POA, which was ultimately revoked nonetheless, and acknowledging that at least one of the parties that benefits from the wrongful assignment (Magerick) is Fein Such's client in the New Jersey action, all actions performed and/or authorized by Fein Such should be considered to have been made without authority of Plaintiff. Further, the assignment of the mortgage from AHP to Magerick is subject to a bona fide dispute as it appears to fall outside the scope of the limited authority granted under the LPOA.[1]

33. To the extent appropriate, following resolution of the immediate issues regarding control of the action and proceeds, Plaintiff reserves the right to seek further relief, including sanctions, based on what discovery may reveal.

---

[1] Moreover, it appears that Fein Such has not disclosed or obtained waiver of its conflicts. In no filing to this Court has Fein Such clearly stated the party that it is representing, merely referring to "Plaintiff" and/or "Plaintiff's Assignee" repeatedly. Even more confusing, the April 13, 2026 letter from Fein Such regarding the Sale seems to assume that the law firm represents JPMorgan despite it not being a party to this case for over three years.

8

**IN THE ALTERNATIVE, THE COURT SHOULD ORDER THE
SALE TO MOVE FORWARD AND ALL PROCEEDS TO BE
DELIVERED TO A THIRD-PARTY ESCROW AGENT**

34.    If the Court does not wish to grant AHP's request to order all proceeds from the sale to be delivered to AHP, the Plaintiff of record, AHP does not seek to hold up the upcoming sale of the Property.

35.    Undersigned counsel has consulted with counsel for the mortgagor and the buyer, who have indicated that the parties wish to continue to move forward with the sale.  If the Court is not satisfied based on this application that AHP is entitled to the full proceeds, AHP requests, in the alternative, that the Court order the sale to go forward, but all proceeds from the sale be sent to an independent third-party agent that will hold the funds in escrow until this Court orders otherwise.

**NO PRIOR APPLICATIONS FOR RELIEF**

36.    AHP has not made a prior application for this or any other relief and has no other adequate remedy at law.  AHP is proceeding by an order to show cause because of the urgency of this matter.

WHEREFORE, for the reasons set forth herein, the exhibits attached hereto, and in the accompanying affidavit of Jorge Newbery, and all the exhibits attached thereto, and in the Summary Brief in Support of Plaintiff's Application, this Court should order that:

(a) all proceeds of the Sale be directed to Plaintiff of record,

(b) in the alternative, ordering that all proceeds from the Sale be directed to a third-party escrow agent, and/or

(c) such other and further relief as the Court may deem just, proper and equitable.

9

In addition, AHP requests that the Court order that, pending the hearing and determination of this application, no proceeds related to the proposed Sale may be transferred Land Home Financial Services, Inc., Magerick, LLC, Oak Harbor Capital, or any related entities.  Finally, AHP requests that the Court order that, pending the hearing and determination of this application, the Law Firm of Fein Such Law Group including Fein, Such, Kahn & Shepard, P.C. and Fein Such & Crane P.C. may no longer take any action on behalf of the Plaintiff.

I affirm this 11th day of May, 2026, under the penalties of perjury under the laws of New York, which may include a fine or imprisonment, that the foregoing is true, and I understand that this document may be filed in an action or proceeding in a court of law.

_____
Derrick F. Moore

10

# EXHIBIT 3

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NASSAU

-------------------------------------------------------------X

U.S. BANK TRUST NATIONAL
ASSOCIATION AS TRUSTEE OF
AMERICAN HOMEOWNER
PRESERVATION TRUST SERIES AHP
SERVICING

           Plaintiff,

   - against -

ANNA M. MESSINA a/k/a ANNA MARIE
MESSINA a/k/a ANNA MESSINA a/k/a
ANNA MARIE FERNICOLA; JAMES
HAGNY,

          Defendants.

-------------------------------------------------------------X

Index No. 001300/2016

**AFFIRMATION OF
JORGE NEWBERY
IN SUPPORT OF
ORDER TO SHOW CAUSE**

Mot. Seq. 002

Jorge Newbery, pursuant to CPLR 2106 and under penalty of perjury, affirms as follows:

1. I am the Manager of AHP Capital Management LLC, which is the Administrator of American Homeowner Preservation Trust Series AHP Servicing ("AHP"), whose Trustee is U.S. Bank Trust National Association ("U.S. Bank").

2. I submit this affirmation in support of the Order to Show Cause brought by Plaintiff, U.S. Bank Trust National Association as Trustee of American Homeowner Preservation Trust Series AHP Servicing.

3. This application arises from a dispute concerning the proper party entitled to receive proceeds from a pending short sale of the property located at 3183 Nantucket Lane, Oceanside, New York (the "Property"), and the validity of a purported assignment of the underlying mortgage.

4. The mortgage loan at issue (hereinafter the "Messina mortgage") is presently the

1

subject of a foreclosure action in which AHP is the plaintiff of record.

5.     Notwithstanding the foregoing, certain third parties, including Magerick, LLC ("Magerick") and Land Home Financial Services, Inc. ("Land Home"), have asserted that the Messina mortgage was assigned to Magerick and that they are entitled to control or receive the proceeds of the anticipated sale.  AHP disputes those claims.

6.     Magerick—in association with its affiliated entity Oak Harbor Capital LLC ("Oak Harbor")— buy and sell mortgage loans and properties in the State of New York.

7.     Land Home is a lending institution with a license in the State of New York and regularly services assets for Oak Harbor and Magerick. Land Home is also, upon information and belief, a member of Magerick.

8.     In August 2024, in connection with the purported transfer of the Messina mortgage and other transfers or assignments, AHP commenced an action originally filed in the United States District Court for the Eastern District of New York captioned as *AHP Capital Management, LLC, et al. v. Oak Harbor Capital, LLC, et al.*, Case No. 1:24-cv-05419, which was subsequently transferred to the United States District Court for the Western District of Washington (Case No. 2:25-cv-00171), in which AHP disputes, among other things, the validity of certain mortgage assignments, including assignments of the type at issue here. That action is ongoing.

9.     The purported assignment of the Messina mortgage is consistent with the types of transfers challenged in the above federal court action, including allegations that assignments were executed outside the limited scope of applicable powers of attorney provided by AHP and without corresponding repurchase, refinance, or bona fide consideration.  To my knowledge, no consideration was paid to AHP in connection with this transfer.

2

10.     I became aware that the Messina mortgage at issue was purportedly assigned to Magerick, pursuant to a May 2023 Assignment of Mortgage, and that Land Home claims to be servicing the loan and has asserted that it is entitled to direct the proceeds of the anticipated sale. AHP disputes those claims.

11.     To my knowledge, neither Oak Harbor, Magerick, nor Land Home have any authority to direct the proceeds of the anticipated sale to any non-party or to otherwise interfere with the Plaintiff of record's right to receive such proceeds.  Accordingly, any attempts by those entities to direct the proceeds of the anticipated sale to a non-party is without authority.

12.     I have not authorized Fein Such Law Group to act on behalf of Plaintiff in this lawsuit.

13.     To the extent Fein Such, Magerick, or Land Home purport to rely on the May 2023 Assignment of Mortgage, that assignment was purportedly executed pursuant to an April 19, 2023 Limited Power of Attorney (the "April 2023 POA" attached as **Exhibit A**) which, as described below, did not authorize the transaction at issue here.

14.     The April 2023 POA appoints Oak Harbor as AHP's attorney-in-fact and authorizes execution of assignments of security instruments only in two limited circumstances: (i) in connection with the repurchase of a mortgage loan, and (ii) in connection with a refinancing transaction.

15.     The transaction at issue is neither a repurchase nor a refinancing, and thus, neither situation applies.  The April 2023 POA does not authorize Oak Harbor to make an assignment under the circumstances presented here. Further, no consideration was paid to AHP in connection with this transfer.

16.     On May 16, 2023, the mortgage for the Property was purportedly assigned from

3

AHP to Magerick, pursuant to the May 2023 Assignment (attached as **Exhibit B**).

17.     This assignment exceeded the authority granted to Oak Harbor in the April 2023 POA. I neither approved this assignment nor did I authorize anyone at AHP to approve it.  AHP never ratified the assignment.

18.     The signatory on the assignment was Marcelle Hele, who was, upon information and belief, affiliated with Oak Harbor. The assignment purports to transfer all right, title and interest in the mortgage and related payments to Magerick.  **Exhibit B**, p. 2. I did not authorize Marcelle Hele to execute such an assignment.

19.     On October 23, 2023, on behalf of AHP, I informed Oak Harbor through email that, among other things, all Powers of Attorney between AHP entities  and Oak Harbor were revoked effectively immediately, including the April 2023 POA (email attached as **Exhibit C**).

20.     A formal notice of revocation of the April 2023 POA was executed on November 7, 2023, and recorded on November 8, 2023 (notice attached as **Exhibit D**).

21.     All the relevant parties and their counsel were fully aware of the revocation.  Oak Harbor was notified by the October 23, 2023 email.  Land Home was notified on November 14, 2023 by email (email attached as **Exhibit E**).  Fein Such, counsel for the purported "plaintiff" in this action, was made aware directly no later than February 8, 2024 (email attached as **Exhibit F**).

22.     As set forth in Exhibit F, I expressly stated on AHP's behalf that Oak Harbor was continuing to misuse revoked Powers of Attorney to transfer mortgages away from AHP's trusts. Two lawyers from Fein Such—Kelly Neumann and Vincent DiMaiolo, Jr.—were copied on that correspondence.  I also had correspondence with a New York Fein Such lawyer named David Case in late February 2024 regarding the revoked powers of attorney.  A copy of this correspondence is attached as **Exhibit G.**

4

23.    The February 2024 correspondence was over a year before Fein Such's May 2025 appearance in this action.  Multiple lawyers at Fein Such had been made aware of the concerns with Oak Harbor assignments and thereafter appeared, representing the Plaintiff of record in this action, which was, and still is, AHP. Yet, Fein Such filed its appearance and continues to maintain that appearance.

24.    I also note that Fein Such is currently representing Magerick *against* AHP and U.S. Bank in a case pending in the Superior Court of New Jersey captioned as *Magerick, LLC v. American Homeowner Preservation Trust Series AHP Servicing, et al.*, Docket No. OCN-L-2937-23.  **Exhibit H** (September 11, 2025 Substitution of Attorney); **Exhibit I** (April 2, 2026 Magerick Revised Pre-Trial Exchange filed by Fein Such).

25.    If the proceeds of the anticipated sale are disbursed to parties whose entitlement is disputed, the funds may be forever lost. As noted, AHP is pursuing recovery through ongoing litigation, creating a substantial risk of delay, additional expense, and potential inability to recover the funds.  Once disbursed, such proceeds may be difficult or impossible to recover.

26.    This application is intended to ensure that the proceeds from the sale are directed to the Plaintiff of record or, at a minimum, to preserve the proceeds in escrow pending determination of the proper party entitled to those proceeds.

I affirm this _11th_ day of May, 2026, under the penalties of perjury under the laws of New York, which may include a fine or imprisonment, that the foregoing is true, and I understand that this document may be filed in an action or proceeding in a court of law.

_____
Jorge Newbery

5

# EXHIBIT 4

Case 2:24-cv-00025-KKE   Document 308-1   Filed 06/15/26   Page 24 of 124

# EXHIBIT A

Case 2:24-cv-00025-KKE    Document 308-1    Filed 06/15/26    Page 25 of 124

Recorded: 10/17/2023 10:15:24 AM
Fee Amt: $26.00  Page 1 of 4
Scotland County, NC
L Page Pratt III Register of Deeds
File# 2023-00002558

## BK 1780  PG 436 - 439

Recording requested by, return to:
Tor Midtskog, Weinstein & Riley, P.S.
2001 Western Avenue, Suite 400
Seattle, WA 98121

Document prepared by Shungu Chimbangu
AHP Capital Management LLC
440 S. LaSalle Street, Suite 1110,
Chicago, IL 60605

## LIMITED POWER OF ATTORNEY

**U.S. Bank Trust NA as Trustee of American Homeowner Preservation Trust Series AHP Servicing** having an office at 440 S. LaSalle, Suite 1110, Chicago IL 60605 ("Principal"), hereby constitutes and appoints **Oak Harbor Capital, LLC** having an office at 2003 Western Ave, Seattle, WA 98121 ("OHC"), and in its name, aforesaid Attorney-In-Fact, by and through any authorized representatives to execute and acknowledge in writing or by facsimile stamp all documents customarily and reasonably necessary and appropriate for the tasks described in the items below. This Limited Power of Attorney is being issued in connection with OHC's responsibilities to manage mortgage loans (the "Loans") and REO properties ("REO Properties") owned by Principal. These Loans are comprised of Mortgages, Deeds of Trust, Deeds to Secure Debt and other forms of Security instruments (collectively the "Security Instruments") and the Mortgage Notes secured thereby.

This appointment shall apply to the following enumerated transactions and nothing herein or in the Agreement shall be construed to the contrary:

1.    The execution of loan modification documents or re-recording of Security Instruments, where said modification or re-recording is solely for the purpose of correcting the Security Instruments, to conform same to the original intent of the parties thereto or to correct title errors discovered after such title insurance was issued; provided that (i) said modification or re-recording, in either instance, does not adversely affect the lien of the Security Instruments as insured and (ii) otherwise conforms to the provisions of the Agreement.

Submitted electronically by "Weinstein & Riley, P.S."
in compliance with North Carolina statutes governing recordable documents
and the terms of the submitter agreement with the Scotland County Register of Deeds.

2.      The execution of subordination agreements of the lien of Security Instruments to an easement in favor of a public utility company of a government agency or unit with powers of eminent domain; this section shall include, without limitation, the execution of partial satisfactions/releases, partial re- conveyances or the execution or requests to trustees to accomplish same.

3.      The conveyance of the properties to the mortgage insurer, or the closing of the title to the property to be acquired as real estate owned, or conveyance of title to real estate owned.

4.      The execution of loan assumption agreements, loan modification agreements, and forbearance agreements related to Security Instruments, promissory note, or any other documents related to any Loan.

5.      The full satisfaction/release of Security instruments or full conveyance upon payment and discharge of all sums secured thereby including without limitation the release of the related Mortgage Note.

6.      The assignment of Security Instruments and the related Mortgage Note, in connection with the repurchase of the mortgage loan secured and evidenced thereby.

7.      The full assignment of Security Instruments upon payment and discharge of all sums secured thereby in conjunction with the refinancing thereof, including, without limitation the assignment of the related Mortgage Note.

8.      With respect to Security Instruments, the foreclosure, the taking of a deed in lieu of foreclosure evicting (to the extent allowed by federal, state or local laws), or the completion of judicial or non- judicial foreclosure or termination cancellation or rescission of any such foreclosure, including, without limitation, any and all of the following acts:

    a.      the substitution of trustee(s) serving under a Deed of Trust, in accordance with state law and the Deed of Trust;

    b.      the preparation and issuance of statements of breach or non-performance;

    c.      the preparation and filing of notices of default and/or notices of sale;

    d.      attend the foreclosure auction, execute and enter any foreclosure sale documents;

    e.      the cancellation/rescission of notices of default and/or notices of sale;

    f.      the taking of deed in lieu of foreclosure; and

    g.      the preparation and execution of such other documents and performance of such other actions as may be necessary under the terms of the Security Instruments or state law to expeditiously complete said transactions in paragraphs 8.a. through 8.f above.

9.      With respect to the sale of property acquired through a foreclosure or deed-in lieu of foreclosure, including, without limitation, the execution of the following documentation:

a.    listing agreements;
b.    purchase and sale agreements;
c.    grant/warranty/quit claim deeds or any other deed causing the transfer of title of the property to a party contracted to purchase same;
d.    escrow instructions; and
e.    any and all documents necessary to effect the transfer of property.

10.    Endorse escrow checks received in conjunction with a loss to property. The modification or amendment of escrow agreements established for repairs or restoration of thee the mortgaged property or reserves for replacement of personal property.

All documents and instruments necessary in the appearance and prosecution of suits for possession and unlawful detainer and eviction actions seeking, without limitation possession of any real property acquired through foreclosure and any and all related damages.

The undersigned gives said Attorney-in-Fact full power and authority to execute such instruments and to do and perform all and every act and thing necessary and proper to carry into effect the power or powers granted by or under this Limited Power of Attorney as fully as the undersigned might or could do.

This appointment is to be construed and interpreted as a Limited Power of Attorney. The enumeration of specific items rights, acts or power herein is not intended to, nor does it give rise to, and it is not to be construed as a general power of attorney.

Third parties without actual notice may rely upon the exercise of the power granted under this Limited Power of Attorney; and may be satisfied that this Limited Power of Attorney shall continue in full force and effect and has not been revoked unless an instrument of revocation has been made in writing by the undersigned .

FILED: NASSAU COUNTY CLERK 05/11/2026 02:02 PM

INDEX NO. 001300/2016

NYSCEF DOC. NO. 27

RECEIVED NYSCEF: 05/11/2026

Witness my hand and seal this 19th day of April 2023.

**U.S. Bank Trust NA as Trustee of American Homeowner Preservation Trust Series AHP ServicingBY: AHP Capital Management LLC, Administrator**

By: _____
Jorge Newbery, Manager

Witness: Anais lopez

Witness: Alex Benbonte

State of IL

County of Cook.

On this 19 day of April, 2023, before me the undersigned a Notary Public in and for said County and State, personally appeared JORGE Newbery who is personally known to me (or proved to me on the basis of satisfactory evidence) to be the persons who executed the within instrument as Authorized Representative, respectively of **U.S. Bank Trust NA as Trustee of American Homeowner Preservation Trust Series AHP ServicingBY: AHP Capital Management LLC, Administrator** and acknowledged to me that such Principal executed the within instrument pursuant to its by-laws or a resolution of its Board of Directors.

WITNESS my hand and official seal.
Signature: Narita McClennon
My Commission Expires: 3-2-2027        (SEAL)



NARITA J MCCLENNON
OFFICIAL SEAL
Notary Public, State of Illinois
My Commission Expires
March 02, 2027

# EXHIBIT B



**** Electronically Filed Document ****

Instrument Number: 2023-29498

Recorded As: EX-M23 - ASSIGN MORT

Recorded On: May 18, 2023

Recorded At: 02:29:52 pm          Receipt Number: 2906253

Number of Pages: 3               Processed By: 001 KS

Book-Vl/Pg: Bk-M  Vl-47150  Pg-327

Total Rec Fee(s): $355.00

** Examined and Charged as Follows **

23 - ASSIGN MORTGAGE        $ 55.00      EX-Blocks - Mortgages - $300      $ 300.00

Property Information:

| Section | Block | Lot | Unit | Town Name |
|---------|-------|-----|------|-----------|
| 54 | 516 | 14 | | HEMPSTEAD |

************THIS PAGE IS PART OF THE INSTRUMENT ************

Any provision herein which restricts the Sale, Rental or use of the described REAL PROPERTY
because of color or race is invalid and unenforceable under federal law.

County Clerk Maureen O'Connell

Case 2:24-cv-00025-KKE    Document 308-1    Filed 06/15/26    Page 31 of 124

48046266
Recording requested by, return to:
Tor Midtskog - Weinstein & Riley, P.S.
2001 Western Avenue, Suite 400
Seattle, WA 98121

## ASSIGNMENT OF MORTGAGE

For Value Received, the undersigned U.S. Bank Trust N.A. as Trustee of American Homeowner Preservation Trust Series AHP Servicing, at 440 S. LaSalle Street, Suite 1110, Chicago, IL 60605, hereby conveys, assigns, and transfers to **MAGERICK, LLC**, at 2003 Western Avenue, Suite #340, Seattle, WA 98121, its successors and/or assigns, all right, title and interest together with all moneys due or to become due and all rights accrued or to accrue under that certain Mortgage executed by **Anna Marie Fernicola** to New Century Mortgage Corporation for **$440,950.00** dated **04/27/2006** and recorded on **09-06-2006** in Book **M 30576**, Page **781**, Control # **8978** , Records of **NASSAU** County, NY            Mortgage Number CX 018338

Property Address: **3183 NANTUCKET LANE, OCEANSIDE, NY, 11572**
APN: N2089-54-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-0        Section 0054    Block 00516-00    Lot 00014

This assignment is not subject to requirements of Section 275 of the Real Property Law because it is an assignment within the secondary mortgage market.

U.S. Bank Trust N.A. as Trustee of American Homeowner Preservation Trust Series AHP Servicing by its Attorney-in Fact Oak Harbor Capital, LLC

Dated: May 16, 2023

Name: Marcelle Hele
Title:   Collateral Manager

State of WASHINGTON
County of KING

This Oath is made in accordance with the Laws and Notarial Regulations and Requirements of the State of Washington.

On May 16, 2023 before me, MERCEDEZ LONG, Notary Public, personally appeared Marcelle Hele personally known to me (or proved to me on the basis of satisfactory evidence) to be the person whose name is subscribed to the within instrument, and who, being by me duly sworn, did depose and say that he/she is an Authorized Representative of Oak Harbor Capital, LLC and acknowledged to me that he/she executed said instrument in his/her authorized capacity, and that by his/her signature on the instrument the person, or the entity upon behalf of which the person acted, executed the instrument, and that such individual made such appearance before the undersigned in the City of Seattle, County of King, State of Washington.

WITNESS my hand and official seal.

Signature
Notary Public: Mercedez Long
Commission Expires: 05-08-2026

Notary Public
State of Washington
MERCEDEZ LONG
LICENSE # 23059487
MY COMMISSION EXPIRES
JANUARY 12, 2027

Document prepared by Tor Midtskog, Weinstein & Riley, PS, Seattle, WA 98121
Reference Number: **48046266** / AHP 0000015816 / 1007015730 / FHA 374-4764843-703

Case 2:24-cv-00025-KKE    Document 308-1    Filed 06/15/26    Page 31 of 124

## LEGAL DESCRIPTION

ALL that certain plot, piece or parcel of land, lying and being at Oceanside, Town of Hempstead, County of Nassau and State of New York, known and designated as Lot 14 on a certain map entitled, "map of Property of Ocean Golf Estates, Incorporated, situated at Oceanside, Nassau County, New York, surveyed March 20,1936 by Edwin S. Voorhis and Son Incorporated, Rockville Centre, New York," and filed in the Office of the Clerk of Nassau County on 5/9/36 as Map no. 977, Case No. 2740 and which said lot is more particularly bounded and described as follows:

BEGINNING at a point on the northerly side of Nantucket Lane, distant 170 feet easterly from the corner formed by the intersection of the northerly side of Nantucket Lane with the easterly side of Skillman Avenue; RUNNING THENCE north 14 degrees 07 minutes 30 seconds east, a distance of 100 feet to land now or formerly of Girdell W. Brower; THENCE south 75 degrees 52 minutes 30 seconds east along said last mentioned land a distance of 100 feet; THENCE south 40 degrees 06 minutes 40 seconds west a distance of 114.96 feet to the northerly side of Nantucket Lane; THENCE westerly along the northerly side of Nantucket Lane on an arc of a circle having a radius of 59.40 feet, and a distance of 20 feet; THENCE still along the northerly side of Nantucket Lane, north 75 degrees 52 minutes 30 seconds west, a distance of 30 feet to the point or place of BEGINNING.

48046266

Case 2:24-cv-00025-KKE    Document 308-1    Filed 06/15/26    Page 33 of 124

# EXHIBIT C

**From:** Jorge Newbery <jnewbery@ahpservicing.com>
**Sent:** Monday, October 23, 2023 5:23:11 PM
**To:** William S. Weinstein <wsw@oakharborcapital.com>
**Subject:** Fw: Magerick_AHP transaction

Hi Bill -

We have fulfilled the Cymbidium loan/repurchase agreement and calculate a remaining repurchase price of $11,875.67 based on the reconciliation you provided on 9/29/2023. Further, as that reconciliation was incomplete, we believe that Cymbidium has been overpaid as we are aware of assets sold which were not included.

We require a return of all unsold assets by Wednesday, October 25, 2023. If not returned, we will directly contact LandHome to transfer the assets and Western Alliance Bank to return our collateral.

Further, all Powers of Attorney between AHP entities and Oak Harbor entities are revoked effective immediately, including:

1. U.S. Bank Trust N.A. as Trustee of American Homeowner Preservation Trust Series 2015A+ to Oak Harbor Capital;

2. U.S. Bank Trust N.A. as Trustee of American Homeowner Preservation Trust Series AHP Servicing to Oak Harbor Capital;

3. American Homeowner Preservation LLC to Atlantica LLC dated September 20, 2022.

We look forward to a speedy and amicable conclusion.

Thank you.

**Jorge Newbery**

**FOUNDER AND CEO**

AHP Servicing LLC

440 S. LaSalle St., Suite 1110, Chicago, IL 60605

312.651.4325

jnewbery@ahpservicing.com

ahpservicing.com

NMLS# 1651788





AHP Servicing LLC is a debt collector. Unless you are in bankruptcy or received a bankruptcy discharge of this debt, AHP Servicing is attempting to collect a debt and any information obtained will be used for that purpose. If you are in bankruptcy or received bankruptcy discharge of this debt, this communication is not an attempt to collect the debt against you personally.

This e-mail and any files transmitted with it are confidential and intended solely for the use of the individual or entity to whom they are addressed. If you are not the named addressee, you should not disseminate, distribute or copy this e-mail. Please notify the sender immediately by e-mail if you have received this e-mail by mistake and delete this e-mail from your system. AHP Servicing LLC accepts no liability for any damage caused by any antivirus transmitted by this e-mail.

# EXHIBIT D

TYPE: CONSOLIDATED REAL PROPERTY
Recorded: 11/8/2023 9:40:58 AM
Fee Amt: $26.00 Page 1 of 1
Scotland County, NC
L Page Pratt III Register of Deeds
File# 2023-00002746

**BK 1781 PG 410**

# NOTICE OF REVOCATION OF POWER OF ATTORNEY

AHP Capital Management LLC, as Administrator of U.S. Bank Trust NA as Trustee of American Homeowner Preservation Trust Series AHP Servicing, of 440 S. LaSalle St., Ste 1110, Chicago, Illinois, 60605, hereby revokes the Limited Power of Attorney dated April 19, 2023, naming Oak Harbor Capital, LLC, of 2003 Western Ave., Suite 400 Seattle, WA, 98121 as Attorney-In-Fact and recorded in Scotland County, NC on October 17, 2023 as File # 2023-00002558.

Dated: __11/7/23__

U.S. Bank Trust NA as Trustee of American Homeowner Preservation Trust Series AHP Servicing
BY: AHP Capital Management, LLC, Administrator


By: Jorge Newbery, Manager

State of Illinois          )
                           ) SS
County of Cook             )

On this __7th__ day of __November__, 2023, before me, a notary public, personally appeared Jorge Newberry, who is personally known to me (or proved to me on the basis of satisfactory evidence) to be the person who executed the above instrument as Authorized Representative, respectively of U.S. bank Trust NA as Trustee of American Homeowner Preservation Trust Series AHP Servicing By: AHP Capital Management, LLC, Administrator, and acknowledged to me that such Principal executed the within instrument pursuant to its by-laws or a resolution of its Board of Directors.

Dated: __11/7/23__

_____
Notary Public

My commission expires: __3/2/27__

#394581v1

OFFICIAL SEAL
KAREN E KAMPHAUSEN
Notary Public, State of Illinois
Commission No. 0967667
My Commission Expires
March 02, 2027

Submitted electronically by "Americas Trustee Service"
in compliance with North Carolina statutes governing recordable documents
and the terms of the submitter agreement with the Scotland County Register of Deeds.

Case 2:24-cv-00025-KKE    Document 308-1    Filed 06/15/26    Page 38 of 124

# EXHIBIT E

 Outlook

**AHP's transaction with Cymbidium Restoration Trust**

| | |
|---|---|
| From | Jorge Newbery <jnewbery@ahpservicing.com> |
| Date | Tue 11/14/2023 1:38 PM |
| To | brad.waite@lhfs.com <brad.waite@lhfs.com> |
| Cc | Teji Singh <teji.singh@lhfs.com>; david.waite@lhfs.com <david.waite@lhfs.com>; john.waite@lhfs.com <john.waite@lhfs.com>; deborah.robertson@lhfs.con <deborah.robertson@lhfs.con>; brenda.usher@lhfs.com <brenda.usher@lhfs.com> |
| Bcc | Verria Kelly <vkelly@ahpservicing.com>; Brian Benoit <brian@millerberger.com> |

📎 5 attachments (3 MB)
AHP Letter to Brad Waite 11.14AHP.pdf; AHP recon_10.27.2023–SG w AHP adjustments 11.14.2023.xlsx; AHP adjustments to 10.27.2023 Cymbidium recon 11.14.pdf; Oak Harbor POA (1).pdf; USBTNA–AHPSvcg to OHC – Scotland NC (1).pdf;

Mr. Waite -

Please see the attached correspondence with supporting documentation.

Thanks.

**Jorge Newbery**
FOUNDER AND CEO

AHP Servicing LLC
440 S. LaSalle St, Suite 1110, Chicago, IL 60605
312.651.4325
jnewbery@ahpservicing.com
ahpservicing.com
NMLS# 1651788



  

AHP Servicing LLC is a debt collector. Unless you are in bankruptcy or received a bankruptcy discharge of this debt, AHP Servicing is attempting to collect a debt and any information obtained will be used for that purpose. If you are in bankruptcy or received bankruptcy discharge of this debt, this communication is not an attempt to collect the debt against you personally.

This e-mail and any files transmitted with it are confidential and intended solely for the use of the individual or entity to whom they are addressed. If you are not the named addressee, you should not disseminate, distribute or copy this e-mail. Please notify the sender immediately by e-mail if you have received this e-mail by mistake and delete this e-mail from your system. AHP Servicing LLC accepts no liability for any damage caused by any antivirus transmitted by this e-mail.



November 14, 2023

Brad Waite
President
Land Home Financial Services
Brad.Waite@lhfs.com

**RE:    AHP's transaction with Cymbidium Restoration Trust**

Dear Mr. Waite,

I am writing this with a heavy heart. I have held off contacting you for weeks in hopes that Oak Harbor and William Weinstein would provide an accurate accounting of AHP's transaction with Cymbidium Restoration Trust.  So far, however, Mr. Weinstein has failed to provide an accounting and is unable or unwilling to concede that AHP's obligation to Cymbidium has been fully satisfied. It has become increasingly clear that Mr. Weinstein has engaged in related party transactions to enrich Oak Harbor's investors at the expense of AHP's investors.

Our accounting shows AHP Servicing LLC's $19,750,000 obligation was satisfied in full in September 2023. Despite numerous requests, Mr. Weinstein has refused to provide an accurate accounting. Rather, he has offered assorted excuses as to why a complete accounting and back-up records cannot be provided.  As both Oak Harbor and AHP file our audits with the SEC, all records must be available, and monies properly accounted for. There is little doubt that the SEC will review this transaction.

Mr. Weinstein has threatened to stop returning my calls and alleges that AHP has converted proceeds from dispositions of pledged assets without forwarding to Cymbidium.  Our accounting shows that AHP collected $1,997,501.90 on the Cymbidium assets and wired $1,238,000 to Oak Harbor, a difference of $759,501.90. However, this has been superseded by $26,018,197.05 in payments paid directly to  Cymbidium from loan and REO sales as well as other dispositions. The net effect is that AHP has overpaid Cymbidium by at least $3,356,640.17. Worse, Cymbidium holds millions of dollars in AHP assets and continues to sell those assets by abusing revoked POAs to sell them at below market prices to related parties and keep the gains for themselves. The transaction documents dictate that the excess cash and remaining assets are to be returned to AHP once the obligation is fulfilled.

We have taken Oak Harbor's October 27, 2023 reconciliation and adjusted to reflect transactions that were missed by Oak Harbor. As you will see in the attachments, with the adjustments applied, $3,356,640.17 is due to AHP from Cymbidium. We believe that this is understated as we have prepared our compilation based on limited access to records, plus no adjustment has been made yet for the below market sales to Oak Harbor affiliates.

To corroborate AHP's accounting and/or make any adjustments, AHP has offered to pay for a third-party auditor to compile all financial records in this transaction and evaluate the documents to provide numbers which are audit-ready. Cherry Beckert, the auditor for both Oak Harbor and AHP,

#395538v1



introduced Elliott Davis to assist. Despite AHP's willingness to bear the cost, Mr. Weinstein indicated that such an audit would put too great a burden on Oak Harbor's internal resources. Instead, he shared an analogy that we should both jump together over a crevasse and trust that his numbers are close enough that we would make it to the other side. However, as we have tried to reconstruct the accounting on our own, the evidence suggests that such a jump would be catastrophic for AHP. It would be irresponsible to AHP's investors for me to knowingly agree to an incomplete accounting which would result in unnecessary losses to AHP's investors to the benefit of Oak Harbor, Mr. Weinstein and his investors.  Like many, I once held Mr. Weinstein in high esteem, but my view has changed based on what we have recently discovered:

1.  More than half of the assets AHP pledged were sold to Oak Harbor-affiliated entities at below-market prices. This is despite representations that these were being sold to <u>unrelated</u> third-parties. This is a breach of the March 2023 Amendment which provides that "The Purchaser will exercise best efforts in good faith to maximize the recovery on the (pledged) Mortgage Loans."

    For example, on June 29, Mr. Weinstein emailed "Here is the tape that Paul Birkett and his brother Dara Birkett propose to buy for $10 Million, largely financed by Brad Waite and me." The tape included 231 loans with a total UPB of $14,006,607 and total property values of $33,108,676. I asked that 33 assets with a total UPB of $2,989,533 and total property values of $4,379,000 be removed as they were REO or close to disposition and it did not make sense to sell at a discount.  Weeks later, Mr. Weinstein advised that the 33 loans were removed, but 120 loans were substituted in with a UPB of $6,162,364 and total property values of $12,759,974, almost triple the population which was removed. I objected and Bill responded that "that ship has sailed." He represented that he had no say in this anymore and that I needed to talk to Paul.

    A few weeks ago, I learned that the buyer was really Keydally Capital Ltd., an Oak Harbor affiliate. When my attorney reached out to Mr. Birkett, Mr. Birkett emailed me and Mr. Weinstein to state that Keydally "has nothing to do with me."

2.  Hundreds of thousands of dollars in invoices have been paid or are payable to Oak Harbor-related entities. This is a breach of the March amendment specifically limiting payments to only "unrelated third-party costs and fees."  For example, 313 invoices were paid to Weinstein & Riley.

3.  Hundreds of thousands in REO expenses and management fees were overbilled, double billed, and paid to related parties. Last week, we discovered that a $1,500 management fee has been paid from each AHP REO closing to WWR Management, LLC (an Oak Harbor-affiliated entity); <u>on top of</u> a management fee on each AHP REO to South Watuppa LLC, an entity ran by Mr. Weinstein's associate Cliff Ponte; <u>on top of</u> the agreed-upon 1.75% management fee

#395538v1



to Cymbidium; on top of multiple invoices paid directly to Mr. Ponte, who refuses to provide any explanation of the services rendered or back-up documentation despite multiple requests. To have so many hands grabbing at seller proceeds for purportedly "managing" the same REO sales is highly irregular and unheard of in our industry, especially when a real estate agent is also charging a commission.

For its 1.75% management fee, Cymbidium appears to have looted AHP for over $10 million.

4. We have also identified potential Power of Attorney abuse by Oak Harbor in which the POAs have been utilized for powers unauthorized, including the conveyance of assets to affiliated parties such as Magerick LLC without consideration. To the extent those transfers were effectuated fraudulently, any subsequent conveyances from Magerick LLC are invalid. Hundreds of loans appear to have been conveyed without authority and many of these are now being serviced by Land Home for parties such as Keydally and Magerick who do not appear to have rightful ownership.

Please think about this for a moment: we pledged our assets to Cymbidium and paid them a management fee to "exercise best efforts in good faith to maximize the recovery on the (pledged) Mortgage Loans." Instead, Cymbidium then assigns assets to Magerick for no consideration, which then sells the assets at below-market prices to related parties such as Keydally and Eurostylus and in cozy deals with groups like BBNY and Cliff Ponte. Instead of maximizing the recovery for AHP, Cymbidium maximized the gains for Oak Harbor and affiliates. This amounts to much more than simply a breach of our agreements.

5. The POAs were all revoked on October 23, 2023. Oak Harbor, in spite of the revocations, has continued to execute documents using the revoked POAs, including signing closing documents prepared on October 25 to close the REO sale of 1176 Dials Branch in Hardy KY on October 26 and the sale of 716 W. Silver Springs Pl in Ocala FL on October 31, 2023. Oak Harbor then directed that the seller proceeds be wired to themselves rather than AHP. This could be construed as wire fraud. We believe that both of these REOs are serviced at Land Home.

6. Oak Harbor appears to be repeating history as evidenced by an SEC cease-and-desist order against Ophrys LLC, an Oak Harbor- affiliated entity, in part regarding undisclosed related party transactions between Oak Harbor-affiliated entities:
https://www.sec.gov/files/litigation/admin/2018/ia-5041.pdf

In the end, despite the unauthorized related-party transactions, below-market sales, and excessive expenses, AHP has satisfied the Cymbidium obligation and has requested a return of the remaining assets and excess cash. Thus far, Cymbidium has refused.



In spite of the foregoing, I have shared with Mr. Weinstein that the desire is for all of us to perform on the deal which we agreed to. Thus, we remain ready and willing to pay Elliott Davis or any mutually agreeable accounting firm to audit this transaction.

To assist all involved in the transaction and its accounting, we request the following from Land Home:

1. Copies of all remittances for the Cymbidium_AHP assets;

2. Service transfer of all remaining Cymbidium_AHP assets to Capital Mortgage Services, except for New York assets which are to be transferred to AHP's account at Land Home;

3. Copy of the signed servicing agreement pertaining to the Cymbidium_AHP assets; and

4. Cessation of Land Home's management of foreclosures in the name of AHP entities on behalf of Oak Harbor entities. This is a breach of the October 2022 MLSA, which provides that "Purchaser shall not, without the express written consent of Seller...continue to prosecute any pending legal, collection or enforcement proceeding in the name of Seller or any of its affiliates." Land Home has no authority to manage a foreclosure on an asset vested in any AHP entity, excepting loans held in AHP's Land Home account.

I would like to schedule a call with you, Mr. Weinstein, and/or any other investors in Cymbidium this Thursday, November 16th at 2:00 pm Central in order to review the accounting I have shared, answer any questions, and start working towards a resolution.

Thank you for your consideration.

Sincerely,

*Jorge Newbery*

Jorge Newbery
Chief Executive Officer
AHP Servicing LLC

cc: Teji Singh
David Waite
John Waite
Deboarah Robertson
Brenda Usher

Case 2:24-cv-00025-KKE Document 308-1 Filed 06/15/26 Page 44 of 124

# EXHIBIT F

 Outlook

---

**Unlawful Deed Transfers**

---

**From** Jorge Newbery <jnewbery@ahpservicing.com>

**Date** Thu 2/8/2024 12:30 PM

**To** William S. Weinstein <wsw@oakharborcapital.com>; Cliff Ponte <CPonte@reo-consult.com>

**Cc** jcoury@mortgageconnectlp.com <jcoury@mortgageconnectlp.com>; Katie Meehan <kmeehan@mortgageconnectlp.com>; Maxwell Thornton <MThornton@oakharborcapital.com>; Mercedez Long <MLong@oakharborcapital.com>; David Hartsell <DHartsell@oakharborcapital.com>; paul@automationfinance.com <paul@automationfinance.com>; carleigh.austin@huntrealestate.com <carleigh.austin@huntrealestate.com>; Russell Wilde <rwilde@reo-consult.com>; Brad Waite <brad.waite@lhfs.com>; Teji Singh <teji.singh@lhfs.com>; david.waite@lhfs.com <david.waite@lhfs.com>; john.waite@lhfs.com <john.waite@lhfs.com>; deborah.robertson@lhfs.con <deborah.robertson@lhfs.con>; brenda.usher@lhfs.com <brenda.usher@lhfs.com>; Samantha Schechter <Samantha.Schechter@LHFS.com>; adam.yeazel@westernalliancebank.com <adam.yeazel@westernalliancebank.com>; Glenn Smith <gsmith02@westernalliancebank.com>; Kevin Chai <kevin.chai@westernalliancebank.com>; Linda Gilbert <lgilbert@psettlement.com>; Kelly Neumann <kneumann@fskslaw.com>; Vincent DiMaiolo, Jr., Esq. <vdimaiolo@fskslaw.com>

**Bcc** Brian Benoit <brian@millerberger.com>; Karen Kamphausen <kkamphausen@prereo.com>

---

📎 2 attachments (2 MB)

AHP Letter to William Weinstein Cliff Ponte 2.8.2024_.pdf; 2101 Bellvue_Recorded Deed AHP to MWPNP LLC (2).pdf;

Bill/Cliff – Please see attached correspondence and supporting documentation.

As you are likely aware, similar issues are being litigated in federal courts in Illinois and in Washington.

Regards.

**Jorge Newbery**
FOUNDER AND CEO

AHP Servicing LLC
440 S. LaSalle St., Suite 1110, Chicago, IL 60605
312.651.4325
jnewbery@ahpservicing.com
ahpservicing.com
NMLS# 1651788



  

AHP Servicing LLC is a debt collector. Unless you are in bankruptcy or received a bankruptcy discharge of this debt, AHP Servicing is attempting to collect a debt and any information obtained will be used for that purpose. If you are in bankruptcy or received bankruptcy discharge of this debt, this communication is not an attempt to collect the debt against you personally.

This e-mail and any files transmitted with it are confidential and intended solely for the use of the individual or entity to whom they are addressed. If you are not the named addressee, you should not disseminate, distribute or copy this e-mail. Please notify the sender immediately by e-mail if you have received this e-mail by mistake and delete this e-mail from your system. AHP Servicing LLC accepts no liability for any damage caused by any antivirus transmitted by this e-mail.

Case 2:24-cv-00025-KKE   Document 308-1   Filed 06/15/26   Page 46 of 124



February 8, 2024

Via E-Mail

William Weinstein
President & CEO
Oak Harbor Capital, LLC

Cliff Ponte
Member
MWPNP LLC

**RE: Unlawful Deed Transfers**
**Example #4: 2101 Bellevue, Syracuse NY**
**Example #5: 94-555 Alapoai, Unit 151, Mililani HI**

Dear Bill and Cliff,

We are aware that Oak Harbor and Atlantica are continuing to misuse revoked Powers of Attorney to deed properties out of AHP's Trusts. We have even identified an instance where a deed we legitimately signed and deposited into escrow was somehow recorded without the escrow closing. Please be aware that we are monitoring all assets and will combat all attempts to unlawfully transfer deeds.

Example #4
Last October, we deposited the attached deed from *U.S. Bank Trust National Association as Trustee of American Homeowner Preservation Trust Series AHP Servicing* to *MWPNP LLC* with Mortgage Connect to hold in escrow. This was in conjunction with a $70,000 contract to sell the home to MWPNP LLC. The escrow never closed.

On January 24, 2024, the deed which we deposited with Mortgage Connect was recorded for a sales price of $70,000 without authorization. AHP did not receive any proceeds from the sale.

We contacted Mortgage Connect on February 7, 2024, and their preliminary investigation indicates that they still possess the original deed. Despite not possessing the original deed, someone recorded a copy of the deed through a Simplifile account, which requires that users attest that they possess the original deed in order to record. Mortgage Connect has advised that the deed was not recorded through their Simplifile account. Thus, someone appears to have fraudulently attested to possession of the original deed as part of the unlawful transfer.

Per the Connecticut Secretary of State, Cliff Ponte is a Principal of MWPNP LLC.



Example #5

We recently became aware that *Hudson Watuppa LLC* was attempting to record the deed to 94-555 Alapoai, Unit 151, Mililani HI out of *U.S. Bank Trust National Association as Trustee of American Homeowner Preservation Trust Series AHP Servicing* to themselves. Thus, on February 1, 2024, we contacted Vern Heath, Senior Escrow Officer at Premier Title & Escrow, to advise that the Power of Attorney used to sign the deed to Hudson Watuppa was executed with a revoked and abused Power of Attorney. As a result, the fraudulent deed to Hudson Watuppa was not recorded.

Any conduct to thwart the lawful sale of this asset is actionable under Hawaii common law and HRS § 481A-3.

These two are in addition to Example #2 320 North 10ᵗʰ Street in Pottsville PA and Example #3 11965 Cummings Road, in Cato NY, which I shared in Monday's correspondence. Both of these deeds were executed with abused and revoked POAs. On Example #2, a homebuyer had purchased the property one business day before Fein Such recorded the unlawful deed to Magerick. This prevented Power Settlement Group from recording the deed to the homebuyer. Power reached out to Fein Such, which directed that Power "Please contact CEO of Oak Harbor Capital Bill Weinstein at wsw@oakharborcapital.com if you need anything further" without taking any responsibility for their actions. Power has reached out to you without response, leaving the homebuyer an apparent victim of deed theft.

We will be issuing subpoenas to all parties involved in these transactions and any other transactions in which assets were transferred unlawfully.

Sincerely,

*Jorge Newbery*

Jorge Newbery
Chief Executive Officer

cc:
Jeff Coury
Katie Meehan
Maxwell Thornton
Mercedez Long
David Edens Hartsell
Paul Birkett
Carleigh Austin



Russel Wilde
Brad Waite
Teji Singh
David Waite
John Waite
Deborah Robertson
Brenda Usher
Samantha Schechter
Adam Yeazal
Glenn Smith
Kevin Chai
Linda Gilbert
Kelly Neumann
Vincent DiMaiolo Jr.

Case 2:24-cv-00025-KKE    Document 308-1    Filed 06/15/26    Page 49 of 124

# EXHIBIT G

 Outlook

---

**FW: Unlawful Deed Transfers**

---

**From** David Case <cased@feinsuchcrane.com>
**Date** Mon 2/26/2024 12:25 PM
**To**   Jorge Newbery <jnewbery@ahpservicing.com>

> You don't often get email from cased@feinsuchcrane.com. Learn why this is important

Dear Mr. Newberry,

   I looked into this matter. Allegations of fraud and false attestation are serious ones not to be hurled at someone or taken lightly.

   Fein, Such & Crane, L.L.P., received a referral from a client that we have represented for several years.  The client made certain statements and representations that were in the ordinary course of the work that is ordinarily done in the industry—particularly with the sales of loans and properties in pools of assets from one financial institution or entity to another.  Due to the attorney-client privilege, I cannot disclose the substance of the communications between my firm and our client nor can I disclose the statements and representations made to us by our client (who is not a party to the deed).  I can say that our representation in this matter was limited only to recording a deed.  Our client did send us certain original documents for recording, such as the TP-584 and RP-5217, which are documents that must be recorded with the Deed on the Syracuse property you referenced.

   With respect to the allegation of a false attestation, I watched one of my paralegals record a Referee's Deed, that we received on a matter we were foreclosing for a client, via Simplifile.  At no moment within that electronic filing process was there any pop-up, button, or confirmation that requires the filer to attest, affirm, or in any other way state under the penalties of perjury that an original document was in the filer's possession at the time of the filing.

   In the course of looking into this, I was made aware lawsuits involving you or your company in multiple jurisdictions as well as a contrary position to the one you are taking.  I am not your attorney and cannot give you legal advice.  I believe that you are proverbially sniffing up the wrong tree by asking my firm for anything.  Even if what you allege is true, you reverse and misapply the concepts of the common law of agency.  While a principal may be responsible for the act of the agent, the agent is not responsible for the acts of the principal.  I do not see anything in my file that would lead me to believe that anything was out of the ordinary or that would have put my firm or staff on any sort of notice that something was awry.

   This concludes our communication with you.  Please have a nice day.

Sincerely,
David P. Case, Esq.
Partner, (he/him)

 **FEIN SUCH**
**LAW GROUP**
FEIN SUCH & CRANE, LLP

28 East Main Street, Suite 1800
Rochester, New York 14614
(585) 232-7400, ext. 218
fax: (585) 756-5201* (Evictions and Contested Litigation)
fax: (585) 756-5200* (Settlement Conferences)
fax: (585) 756-5202* (General Foreclosure)
cased@feinsuchcrane.com*

* Not for service of process, papers, or notices.

Licensed to practice law in New York and Vermont.

A member of the Default Attorney Group:



.

**WARNING! WIRE FRAUD ADVISORY: Wire fraud and email hacking/phishing attacks are on the rise! If you receive an email containing Wire Transfer Instructions, DO NOT WIRE FUNDS & DO NOT RESPOND TO THE EMAIL!**

*YOU MUST ALWAYS CALL OUR OFFICE TO VERIFY WIRING INSTRUCTIONS
*WE DO NOT ACCEPT OR REQUEST CHANGES TO WIRING INSTRUCTIONS VIA EMAIL OR FAX

THE CONTENTS AND ANY ATTACHMENTS OF THIS MESSAGE MAY BE PRIVILEGED OR CONFIDENTIAL.  THIS COMMUNICATION MAY CONTAIN INFORMATION THAT IS PRIVILEGED AND CONFIDENTIAL FROM DISCLOSURE OR MAY BE PROTECTED UNDER THE ATTORNEY/CLIENT PRIVILEGE.

THE INFORMATION CONTAINED IN THIS EMAIL MESSAGE IS INTENDED ONLY FOR THE PERSONAL AND CONFIDENTIAL USE OF THE DESIGNATED RECIPIENT(S) NAMED ABOVE. IF THE READER OF THIS MESSAGE IS NOT THE INTENDED RECIPIENT OR AN AGENT RESPONSIBLE FOR DELIVERING IT TO THE INTENDED RECIPIENT, YOU ARE HEREBY NOTIFIED THAT YOU HAVE RECEIVED THIS DOCUMENT IN ERROR, AND THAT ANY REVIEW, DISSEMINATION, DISTRIBUTION, OR COPYING OF THIS MESSAGE IS STRICTLY PROHIBITED. IF YOU HAVE RECEIVED THIS COMMUNICATION IN ERROR, PLEASE NOTIFY US IMMEDIATELY BY RETURN EMAIL OR TELEPHONE AT 585.232.7400

---

**From:** Jorge Newbery <jnewbery@ahpservicing.com>
**Sent:** Friday, February 9, 2024 3:57 PM
**To:** Vincent DiMaiolo, Jr., Esq. <vdimaiolo@fskslaw.com>
**Cc:** Kelly Neumann <kneumann@fskslaw.com>; James E. Shepard, Esq. <jshepard@fskslaw.com>; David Case <cased@feinsuchcrane.com>
**Subject:** Re: Unlawful Deed Transfers

Vince - Thanks for the response.

David - Let me know your availability for a call.

In addition to 2101 Bellvue and 320 N. 10th, we suspect that Fein Such may be responsible for the recording deeds on the following homes:

11965 Cummings Rd., Cato NY
1815 Myrtle St., Erie PA

The Cummings and Myrtle deeds were also executed with revoked Powers of Attorney. There may be additional deeds which we have yet to discover.

We are open to a prompt and amicable resolution which could include:
- Compensation for all transfers;
- Representation as to which, if any, deeds recorded by Fein Such were originals;
- Non-privileged documents directing the recording of the deeds;

- Any other recorded deeds in which MWPNP, LLC, Atlantica, LLC, or Oak Harbor Capital, LLC was the directing party;
- Any communications directing future fraudulent intent to transfer deeds (current or future frauds are not privileged); and
- An off-the record conversation about what's going on.

Thanks.

**Jorge Newbery**
FOUNDER AND CEO

AHP Servicing LLC
440 S. LaSalle St., Suite 1110, Chicago, IL 60605
312.651.4325
jnewbery@ahpservicing.com
ahpservicing.com
NMLS# 1651788



  

AHP Servicing LLC is a debt collector. Unless you are in bankruptcy or received a bankruptcy discharge of this debt, AHP Servicing is attempting to collect a debt and any information obtained will be used for that purpose. If you are in bankruptcy or received bankruptcy discharge of this debt, this communication is not an attempt to collect the debt against you personally.

This e-mail and any files transmitted with it are confidential and intended solely for the use of the individual or entity to whom they are addressed. If you are not the named addressee, you should not disseminate, distribute or copy this e-mail. Please notify the sender immediately by e-mail if you have received this e-mail by mistake and delete this e-mail from your system. AHP Servicing LLC accepts no liability for any damage caused by any antivirus transmitted by this e-mail.

---

**From:** Vincent DiMaiolo, Jr., Esq. <vdimaiolo@fskslaw.com>
**Sent:** Friday, February 9, 2024 2:32 PM
**To:** Jorge Newbery <jnewbery@ahpservicing.com>
**Cc:** Kelly Neumann <kneumann@fskslaw.com>; James E. Shepard, Esq. <jshepard@fskslaw.com>; David Case <cased@feinsuchcrane.com>
**Subject:** RE: Unlawful Deed Transfers

Good afternoon Jorge:

I got your voicemail earlier but have been in meetings all afternoon. My apologies for not responding sooner.

Please be advised that the deed that you forwarded this morning was not handled by my office but rather by our affiliated NY office of Fein Such and Crane. I really have no knowledge and do not do any work on NY files, but upon receipt of your email, forwarded it to David Case, Esq. in the Rochester office for their review. I understand that they are investigating the allegations. Please feel free to contact Mr. Case directly on this matter.

Vince

**Vincent DiMaiolo, Jr., Esq.**
Principal,

<image001.png>

***Please take notice that our address has changed and our new address for all communications is:*

FEIN, SUCH, KAHN & SHEPARD, P.C.
FEIN, SUCH & CRANE, LLP

6 Campus Drive, Suite 304
Parsippany, New Jersey, 07054

Direct Dial: (973) 867-4543        Main Line: (973) 538-4700 Ext.123
vdimaiolo@fskslaw.com              www.fskslaw.com

This firm is a debt collector attempting to collect a debt. Any information we obtain will be used for that purpose. If you have previously received a discharge in bankruptcy, this correspondence is not and should not be construed to be an attempt to collect a debt, but only enforcement of a lien against property.

**NOTICE:** The contents of this message may be **privileged** or **confidential.** If you have received this message in error, please notify the sender of the same immediately and delete this message from your machine. Any unauthorized use or dissemination of this message, in whole or in part, is strictly prohibited. Please note that e-mails are susceptible to change by outside sources. The firm is neither responsible nor liable for any improper or incomplete transmission of the information contained in this e-mail, nor for any delay in its receipt, or damage to your system.

**DISCLAIMER OF TAX ADVICE.** Unless explicitly indicated in the content of this communication, any advice contained in this communication, including attachments and enclosures, is not to be relied upon. Reliable tax advice would require a detailed and careful analysis of the facts and applicable law. Unless explicitly indicated in the content of this communication, we have not made, and have not been engaged to conduct, that type of analysis in connection with any advice given in this communication. Accordingly, any advice rendered in this communication cannot be used for the purposes of avoiding penalties that may be imposed by the IRS. In the event you would like us to perform the requisite analysis and research to render an opinion without the aforementioned disclaimer, please feel free to contact us.

---

**From:** Jorge Newbery <jnewbery@ahpservicing.com>
**Sent:** Friday, February 9, 2024 8:13 AM
**To:** Vincent DiMaiolo, Jr., Esq. <vdimaiolo@fskslaw.com>
**Cc:** Kelly Neumann <kneumann@fskslaw.com>; James E. Shepard, Esq. <jshepard@fskslaw.com>
**Subject:** Re: Unlawful Deed Transfers

> You don't often get email from jnewbery@ahpservicing.com. Learn why this is important

CAUTION: This email originated from outside of the organization. Please use caution before clicking any links or following instructions below. Contact IT Helpdesk if in doubt.

Hi Vincent -

Please see email from Mortgage Connect below. AHP deposited the attached deed with Mortgage Connect as escrow holder as part of a $70,000 sale.

According to Simplifile, your office recorded the deed. AHP did not authorize this recording and did not receive the $70,000 sales proceeds. Further, Mortgage Connect claims to still hold the original deed. If Mortgage Connect holds the original deed and did not authorize the sale, your office wrongfully attested to possession of the original deed, which was an essential component to the execution of this presumably fraudulent transfer.

AHP needs to promptly be made whole on this, along with any similar transactions which your firm may have been involved in which resulted in AHP losing title to assets.

4/16/26, 8:43 PM · Case 2:24-cv-00025-KKE · Document 368-1 · Filed 06/15/26 · Page 52 of 124

Inbox · Jorge Newbery · Outlook

Let me know your availability for a call to discuss.

Thanks.

RE: DEED TO MWPNP LLC RECORDED 1/24/24_2101 BELLVUE, NY

<image002.png>

o   **Katie Meehan** <kmeehan@mortgageconnectlp.com>
o   02/08/2024 at 12:45 PM  Expires: 08/06/2024 at 01:45 PM
o   **To: Jorge Newbery** <jnewbery@ahpservicing.com> Detail

| From: | |
|---|---|
| | Katie Meehan <kmeehan@mortgageconnectlp.com> |

| Sent: | 02/08/2024 at 12:45 PM |
|---|---|

| To: | • Jorge Newbery <jnewbery@ahpservicing.com> |
|---|---|

Display Images

For your security, images are not being displayed. Consider this before displaying them.

Hi Jorge,

We just received word from Simplifile that the firm that recorded the 1/24 deed was the following: Fein, Such & Crane located in Rochester, NY.

I hope this helps. Please let me know if there is anything further you need from me.

Thank you,

Katie

**Katie Meehan**
**Vice President, National Underwriting & Claims Counsel, Assistant Corporate Counsel**
Mortgage Connect
600 Clubhouse Drive
Moon Township, PA 15108
Phone: (866) 789-1814
Auto Attendant: (855) 595-3563 x34529
Fax: (866) 789-1845

**Jorge Newbery**
**FOUNDER AND CEO**

AHP Servicing LLC
440 S. LaSalle St., Suite 1110, Chicago, IL 60605
312.651.4325
jnewbery@ahpservicing.com
ahpservicing.com
NMLS# 1651788

<image003.png>

<image004.jpg>

AHP Servicing LLC is a debt collector. Unless you are in bankruptcy or received a bankruptcy discharge of this debt, AHP Servicing is attempting to collect a debt and any information obtained will be used for that purpose. If you are in bankruptcy or received bankruptcy discharge of this debt, this communication is not an attempt to collect the debt against you personally.

This e-mail and any files transmitted with it are confidential and intended solely for the use of the individual or entity to whom they are addressed. If you are not the named addressee, you should not disseminate, distribute or copy this e-mail. Please notify the sender immediately by e-mail if you have received this e-mail by mistake and delete this e-mail from your system. AHP Servicing LLC accepts no liability for any damage caused by any antivirus transmitted by this e-mail.

**From:** Vincent DiMaiolo, Jr., Esq. <vdimaiolo@fskslaw.com>
**Sent:** Thursday, February 8, 2024 1:55 PM
**To:** Jorge Newbery <jnewbery@ahpservicing.com>; William S. Weinstein <wsw@oakharborcapital.com>; Cliff Ponte <CPonte@reo-consult.com>
**Cc:** Kelly Neumann <kneumann@fskslaw.com>; James E. Shepard, Esq. <jshepard@fskslaw.com>
**Subject:** RE: Unlawful Deed Transfers

Mr. Newbery::

I tried to call you but got your voicemail.  Can you please give me a call so that I may understand the situation better.

I am reaching out to Oak Harbor Capital  as well so that I can investigate the situation..

Thank you.

**Vincent DiMaiolo, Jr., Esq.**
Principal,

<image001.png>

*****Please take notice that our address has changed and our new address for all communications is:**

FEIN, SUCH, KAHN & SHEPARD, P.C.
FEIN, SUCH & CRANE, LLP

6 Campus Drive, Suite 304
Parsippany, New Jersey, 07054
_____

Direct Dial: (973) 867-4543          Main Line: (973) 538-4700 Ext.123

vdimaiolo@fskslaw.com          www.fskslaw.com

This firm is a debt collector attempting to collect a debt. Any information we obtain will be used for that purpose. If you have previously received a discharge in bankruptcy, this correspondence is not and should not be construed to be an attempt to collect a debt, but only enforcement of a lien against property.

**NOTICE:**  The contents of this message may be **privileged** or **confidential**. If you have received this message in error, please notify the sender of the same immediately and delete this message from your machine. Any unauthorized use or dissemination of this message, in whole or in part, is strictly prohibited. Please note that e-mails are susceptible to change by outside sources. The firm is neither responsible nor liable for any improper or incomplete transmission of the information contained in this e-mail, nor for any delay in its receipt, or damage to your system.

**DISCLAIMER OF TAX ADVICE.**  Unless explicitly indicated in the content of this communication, any advice contained in this communication, including attachments and enclosures, is not to be relied upon.  Reliable tax advice would require a detailed and careful analysis of the facts and applicable law.  Unless explicitly indicated in the content of this communication, we have not made, and have not been engaged to conduct, that type of analysis in connection with any advice given in this communication. Accordingly, any advice rendered in this communication cannot be used for the purposes of avoiding penalties that may be imposed by the IRS.  In the event you would like us to perform the requisite analysis and research to render an opinion without the aforementioned disclaimer, please feel free to contact us.

**From:** Jorge Newbery <jnewbery@ahpservicing.com>
**Sent:** Thursday, February 8, 2024 1:31 PM
**To:** William S. Weinstein <wsw@oakharborcapital.com>; Cliff Ponte <CPonte@reo-consult.com>
**Cc:** jcoury@mortgageconnectlp.com; Katie Meehan <kmeehan@mortgageconnectlp.com>; Maxwell Thornton <MThornton@oakharborcapital.com>; Mercedez Long <MLong@oakharborcapital.com>; David Hartsell <DHartsell@oakharborcapital.com>; paul@automationfinance.com; carleigh.austin@huntrealestate.com; Russell Wilde <rwilde@reo-consult.com>; Brad Waite <brad.waite@lhfs.com>; Teji Singh <teji.singh@lhfs.com>; david.waite@lhfs.com; john.waite@lhfs.com; deborah.robertson@lhfs.con; brenda.usher@lhfs.com; Samantha Schechter <Samantha.Schechter@LHFS.com>; adam.yeazel@westernalliancebank.com; Glenn Smith <gsmith02@westernalliancebank.com>; Kevin Chai <kevin.chai@westernalliancebank.com>; Linda Gilbert <lgilbert@psettlement.com>; Kelly Neumann <kneumann@fskslaw.com>; Vincent DiMaiolo, Jr., Esq. <vdimaiolo@fskslaw.com>
**Subject:** Unlawful Deed Transfers

Some people who received this message don't often get email from jnewbery@ahpservicing.com. Learn why this is important

**CAUTION:** This email originated from outside of the organization. Please use caution before clicking any links or following instructions below. Contact IT Helpdesk if in doubt.

Bill/Cliff **-** Please see attached correspondence and supporting documentation.

As you are likely aware, similar issues are being litigated in federal courts in Illinois and in Washington.

Regards.

**Jorge Newbery**
FOUNDER AND CEO

AHP Servicing LLC
440 S. LaSalle St., Suite 1110, Chicago, IL 60605
312.651.4325
jnewbery@ahpservicing.com
ahpservicing.com
NMLS# 1651788

<image003.png>

<image004.jpg>

AHP Servicing LLC is a debt collector. Unless you are in bankruptcy or received a bankruptcy discharge of this debt, AHP Servicing is attempting to collect a debt and any information obtained will be used for that purpose. If you are in bankruptcy or received bankruptcy discharge of this debt, this communication is not an attempt to collect the debt against you personally.

This e-mail and any files transmitted with it are confidential and intended solely for the use of the individual or entity to whom they are addressed. If you are not the named addressee, you should not disseminate, distribute or copy this e-mail. Please notify the sender immediately by e-mail if you have received this e-mail by mistake and delete this e-mail from your system. AHP Servicing LLC accepts no liability for any damage caused by any antivirus transmitted by this e-mail.

Case 2:24-cv-00025-KKE     Document 308-1     Filed 06/15/26     Page 54 of 124

# EXHIBIT H

GREGG P. TABAKIN, ESQUIRE - ATTORNEY I.D. No. 017521980         FILE NO. O194-2

**FEIN, SUCH, KAHN & SHEPARD, P.C.**
6 Campus Drive, Suite 304
Parsippany, New Jersey 07054
Phone: (973) 538-4700
Fax:    (973) 397-2976
*Attorney for Plaintiff, Magerick, LLC*

| | |
|---|---|
| **MAGERICK, LLC**<br><br>Plaintiffs.<br><br>vs.<br><br>**AMERICAN HOMEOWNER PRESERVATION TRUST SERIES AHP SERVICING; U.S. BANK TRUST N.A.; AHP CAPITAL MANAGEMENT, LLC; AMERICAN HOMEOWNER PRESERVATION SERIES 2015A+; U.S. BANK TRUST NATIONAL ASSOCIATION; AHP SERVICING, LLC AND JORGE NEWBERRY,** individually.<br><br>Defendants. | **SUPERIOR COURT OF NEW JERSEY**<br>**LAW DIVISION – OCEAN COUNTY**<br><br>DOCKET No.:OCN-L-2937-23<br><br><u>Civil Action</u><br><br>**SUBSTITUTION OF ATTORNEY** |

The undersigned hereby consents to the Substitution of Gregg P. Tabakin, Esq., Fein, Such, Kahn & Shepard, P.C. as attorney for Plaintiff, Magerick, LLC  in the above entitled action.

FEIN, SUCH, KAHN & SHEPARD, P.C.          SHNAYDER LAW FIRM, LLC

BY:_____          BY:_____
GREGG P. TABAKIN, ESQ.                    JENNIE SHNAYDER, ESQ.
Fein, Such, Kahn & Shepard, P.C.          148 East Street Road, Suite 352
6 Campus Drive, Suite 304                 Feasterville, PA 19053
Parsippany, NJ 07054                      **Withdrawing Attorney**
**Superseding Attorney**

Case 2:24-cv-00025-KKE    Document 308-1    Filed 06/15/26    Page 56 of 124

# EXHIBIT I

GREGG P. TABAKIN, ESQUIRE - ATTORNEY I.D. NO. 017521980          File No. O194-2
**FEIN, SUCH, KAHN & SHEPARD, P.C.**
6 Campus Drive, Suite 304
Parsippany, New Jersey 07054
Phone: (973) 538-4700
Fax:    (973) 397-2976
*Attorney for Plaintiff, Magerick, LLC*

| | |
|---|---|
| **MAGERICK, LLC**<br><br>Plaintiffs.<br><br>vs.<br><br>**AMERICAN HOMEOWNER PRESERVATION TRUST SERIES AHP SERVICING; U.S. BANK TRUST N.A.; AHP CAPITAL MANAGEMENT, LLC; AMERICAN HOMEOWNER PRESERVATION SERIES 2015A+; U.S. BANK TRUST NATIONAL ASSOCIATION; AHP SERVICING, LLC**<br><br>Defendants. | SUPERIOR COURT OF NEW JERSEY<br>LAW DIVISION – OCEAN COUNTY<br><br>DOCKET NO.: OCN-L-2937-23<br><br>CIVIL ACTION<br><br>**REVISED PLAINTIFF'S PRETRIAL EXCHANGE PURSUANT TO R. 4:25-7(b)** |

1. A list of all witnesses (including addresses to be called in the part's case in chief)

   **William S. Weinstein**

2. A list of all exhibits to be offered in the party's case in chief, including all demonstrative exhibits prepared, prior to trial, by any witness, including an expert witness. All such exhibits shall be premarked for identification and shall be described briefly. Each party shall confer in advance of trial to determine if any such exhibits can be admitted into evidence by agreement or without objection.

   P-1.  **"Magerick Agreement" – Mortgage Loan Purchase and Sale Agreement (MLSA)**

   P-2.  **Trimble Mortgage dated 5/21/2003**

   P-3.  **Trimble Mortgage Assignment to Magerick dated 2/23/2023**

   P-4.  **Quitclaim Deed (US Bank to Magerick) dated 5/9/2023**

   P-5.  **Berkowitz Contract of Sale with Magerick dated 10/12/2023**

**P-6.**     **Affidavit of Consideration**

**P-7.**     **Berkowitz Contract of Sale with AHP**

**P-8.**     **Sheriff's Deed to AHP dated 5/2/2022**

**P-9.**     **Secured Participation Agreement dated 10/7/2022**

**P-10.**   **Letter from William S. Weinstein to Gerry Pagano dated 11/22/2023**

**P-11.**   **Letter from Patrick O. Lacsina, Esq. to Daniel Ross, Esq. dated 12/21/2023**

**P-12.**   **Spreadsheet**

**P-13. Mortgage Loan Sale Agreement with Repurchase Obligation dated 10/07/2022**

**P-14. First Amendment to Mortgage Loan Sale Agreement with Repurchase Obligations dated 3/15/2023**

**P-15. Email chain between Jorge Newbery, Karen Kamphausen, Ricardo Juarez, and Tanya Gula, re: 835 Bowman Rd. beginning 11/17/2023 -4/29/2024 with Quitclaim Deed dated 5/9/2023 attached.**

**P-16. Email chain between Karen Kamphausen, Laitim Wong, Cliff Pointe, and Joan Schwarz re: 835 Bowman QCD beginning 4/06/2023-4/07/2023 with Quitclaim Deed dated 4/7/2023 attached.**

**P-17. Email chain between Karen Kamphausen, Nicole Rogalla, Tanya Gula, and Jorge Newbery re: 48068774:2316532 -- 835 Bowman Jackson NJ, 08527 beginning 11/17/2023 -11/20/2023.**

**P-18. Email from Jorge Newbery to Karen Kamphausen re: 835 Bowman Rd. assignment 1/20/2024 with Assignment of Mortgage / Deed of Trust dated 2/23/2023 attached.**

**P-19. Email chain between Karen Kamphausen, Jorge Newbery, Laitim Wong, Cliff Pointe, and Joan Schwarz re: 48068774 -- 835 Bowman Jackson NJ, 08527/2316532 dated 4/06/2023 - 1/20/2024 with Sherriff's Deed dated 5/2/2022 attached.**

**P-20. Email chain between Gennaro "Gerry" Pagano and Jorge Newbery, Karen Kamphausen, Nicole Rogalla, Cliff Pointe, and re: 835 Bowman Jackson NJ, 08527 - 2950690 beginning 11/20/2023 -12/04/2023.**

**P-21. Email between William Weinstein and Jorge Newbery, dated 10/27/2023 with spreadsheet AHP recon_l0.7.2023-SG.xlsx attached.**

3. A list of any proposed deposition or interrogatory reading(s) by page and line number or by question number.

   **None.**

4. Any in limine or trial motions intended to be made at the commencement of trial, with supporting memoranda. Such motions shall not go on the regular motion calendar.

   **None.**

5. A listing of all anticipated problems with regard to the introduction of evidence in each party's case in chief, especially, but without limitation, as to any hearsay problems, and legal argument as to all such anticipated evidence problems.

   **None.**

   FEIN, SUCH, KAHN & SHEPARD, P.C.
   *Attorney for Plaintiff, Magerick, LLC*


   BY: /s/ GREGG P. TABAKIN
   GREGG P. TABAKIN, ESQ.

Dated: April 2, 2026

Case 2:24-cv-00025-KKE     Document 308-1     Filed 06/15/26     Page 60 of 124

# EXHIBIT J

Case 2:24-cv-00025-KKE    Document 308-1    Filed 06/15/26    Page 61 of 124



28 East Main Street, Suite 1800
Rochester, NY 14614
585-226-7310

_____

**REPLY TO:**

6 Campus Drive, Suite 304
Parsippany, NJ 07054

April 13, 2026

RE:    JPMORGAN CHASE BANK BANK, NATIONAL ASSOCIATION vs. ANNA MESSINA, et al.

Property Address: 3183 Nantucket Lane, Oceanside,
New York 11572
Our File No. LHFJN026
Index No: 001300/2016

Dear Sir/Madam:

This office is  in receipt of your correspondence including the short sale approval you received from JPMORGAN CHASE BANK, NATIONAL ASSOCIATION.  Upon confirmation from our client of payment in accordance with the terms of the short sale agreement our office will discontinue the foreclosure action with prejudice, cancel the Lis Pendens and vacate the Judgment of Foreclosure and Sale (if entered), provided the funds are received before any scheduled foreclosure sale.

Please forward this letter to the title agent conducting the closing as our office will not be attending. Please free to contact me with any questions or concerns regarding this matter.

Thank you for your anticipated cooperation.

Very truly yours,
Fein, Such & Crane, LLP


By: Richard A. Gerbino, Esq.

Case 2:24-cv-00025-KKE   Document 308-1   Filed 06/15/26   Page 62 of 124

# EXHIBIT K



**FINANCIAL SERVICES, INC.**
*Your Preferred Community Lender*

3621 South Harbor Blvd, Suite 125
Santa Ana, CA 92704
Phone: (877) 557-9042
https://servicing.lhfs.com/

4/2/2026

ANNA MESSINA

3183 NANTUCKET LANE
OCEANSIDE NY, 11572

**Loan Number:** 5846000152
**Investor:** Magerick, LLC
**Lien Position:** 1st
**Mortgage and Note Dated:** 6/5/2008

**Property Address:**     3183 NANTUCKET LANE
                        OCEANSIDE NY, 11572

**Borrower(s):**     ANNA MESSINA

**Re: SHORT SALE SETTLEMENT AGREEMENT**

Land Home Financial Services Inc. is the servicer of the note/obligation with full authority to enter into this agreement. Land Home Financial Services Inc. agrees to a settlement in full on the above referenced account under the following terms:

SHORT SALE PAYOFF AGREEMENT: **$542000.00** due on or before **5/15/2026**

Land Home Financial Services Inc. will only accept certified funds. Please wire funds for payments to attached wire instructions.

Upon full and final payment of the above agreed payoff amount, the original note will be surrendered with a full reconveyance of the underlying deed of trust. Land Home Financial Services Inc. will issue the release of lien for this Loan and the note associated with this Loan will be considered paid as agreed and no further payment will be required. Land Home Financial Services Inc. and its investors and/or insurers will not pursue a deficiency judgment against the borrower or any guarantor of the amount due under the Loan upon the completion of this payoff transaction and payment in full of the payoff amount.

AGREED AND ACCEPTED:

Bruce Skinner, Director - Loss Mitigation                 Date: 4/2/2026
Signer ID: DMDf5RLSPf4...

BY: Magerick, LLC

LAND HOME FINANCIAL SERVICES INC.

ITS ATTORNEY-IN-FACT

Case 2:24-cv-00025-KKE    Document 308-1    Filed 06/15/26    Page 64 of 124

**WIRE TRANSFER INSTRUCTIONS**

Receiving institution:          **Texas Capital Bank**
                                **1001 E. Lookout Drive**
                                **Suite 400**
                                **Richardson, TX 75082**

Beneficiary Information:         **Land Home Financial Services Inc.**
                                **3621 S Harbor Blvd.**
                                **Suite 125**
                                **Santa Ana, CA 92704**

ABA Routing No.:        REDACTED-
                       FINANCIAL
Account Number:        INFORMATION

**CONTACT OUR OFFICE AT 877-557-9042 BEFORE SENDING ANY WIRE TO VERIFY WIRING INSTRUCTIONS**

**The wire text must be exactly as indicated above**

Servicer will only accept certified funds. Please wire funds for payments to attached wire instructions.

Servicer will only accept certified funds. Please wire funds for payments to attached wire instructions. This Agreement may be terminated by the Servicer if: Borrower fails to comply with the terms of this Agreement, no acceptable offer is received by the expiration date, or the Borrower files bankruptcy or transfers property without Servicer approval.

IF YOU ARE A CUSTOMER IN BANKRUPTCY OR A CUSTOMER WHO HAS RECEIVED A BANKRUPTCY DISCHARGE OF THIS DEBT: PLEASE BE ADVISED THAT THIS NOTICE IS TO ADVISE YOU OF THE STATUS OF YOUR MORTGAGE LOAN. THIS NOTICE CONSTITUTES NEITHER A DEMAND FOR PAYMENT NOR A NOTICE OF PERSONAL LIABILITY TO ANY RECIPIENT HEREOF, WHO MIGHT HAVE RECEIVED A DISCHARGE OF SUCH DEBT IN ACCORDANCE WITH THE APPLICABLE BANKRUPTCY LAWS OR WHO MIGHT BE SUBJECT TO THE AUTOMATIC STAY OF SECTION 362 OF THE UNITED STATES BANKRUPTCY CODE. HOWEVER, IT MAY BE A NOTICE OF POSSIBLE ENFORCEMENT OF THE LIEN AGAINST THE COLLATERAL PROPERTY, WHICH HAS NOT BEEN DISCHARGED IN YOUR BANKRUPTCY. IF YOU HAVE A QUESTION, PLEASE CONTACT US AT 877-557-9042

If you are currently or have within the last twelve (12) months, been in the military services please notify this office immediately. You may be entitled to some protections under the Service Members Civil Relief Act. You will be required to provide this office with proof as to your military status.

# EXHIBIT L

Case 2:24-cv-00025-KKE    Document 308-1    Filed 06/15/26    Page 66 of 124

| | |
|---|---|
| **From:** | Derrick Moore |
| **To:** | rgerbino@fskslaw.com; nyfc@fskslaw.com; AJ Gallo; gresiolaw@aol.com |
| **Cc:** | NasSupOSC@nycourts.gov; Hozaifa Cassubhai |
| **Bcc:** | Will Burnside |
| **Subject:** | U.S. Bank as Trustee for AHP v. Anna M. Messina, et al. - No. 001300/2016 |
| **Date:** | Monday, May 11, 2026 1:34:43 PM |
| **Attachments:** | 2026.05.11_AHP-Messina Proposed OSC.pdf |

Counsel and Nassau County OSC Clerk:

The undersigned is counsel for U.S. Bank Trust National Association, as Trustee for American Homeowner Preservation Trust Series AHP Servicing ("AHP"). We are providing notice on behalf of our client the plaintiff AHP that we will be e-filing on NYSCEF shortly an application requesting: (1) all proceeds of the proposed sale of the referenced property in this case (3183 Nantucket Lane, Oceanside, NY 11572) be directed to the Plaintiff of record, (2) an order that pending the determination of this application, the sale of the property may proceed, but no proceeds from the sale shall be transferred to any non-parties, other than an escrow agent, (3) an order that pending the hearing and determination of this application, the Law Firm of Fein Such Law Group may no longer take any action on behalf of our client AHP, and (4) for any other and further relief as the Court may deem just, proper and equitable.

A copy of the proposed Order to Show Cause is attached. Upon filing the papers in support of the OSC on NYSCEF, we will provide copies to all parties that do not receive NYSCEF notifications.

--Derrick

**Derrick F. Moore**
BAILEY DUQUETTE P.C.
104 Charlton Street, Suite 1W
New York, NY 10014
derrick@baileyduquette.com
202-289-7963

# EXHIBIT 5

FP-2

At **34** Part of the Supreme Court of the State of New York, held in and for the County of Nassau, at the Courthouse located at 100 Supreme Ct. Dr., Mineola, NY on the _12th_ day of _May_ , 2026.

Hon. Anna M. Grimaldi, AJSC/ST

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NASSAU
------------------------------------------------------------X

U.S. BANK TRUST NATIONAL
ASSOCIATION AS TRUSTEE OF
AMERICAN HOMEOWNER
PRESERVATION TRUST SERIES AHP
SERVICING

                                    Plaintiff,

- against -

ANNA M. MESSINA a/k/a ANNA MARIE
MESSINA a/k/a ANNA MESSINA a/k/a
ANNA MARIE FERNICOLA; JAMES
HAGNY,

                                    Defendants.
------------------------------------------------------------X

MOTION SEQUENCE # _002_

ORIGINAL RETURN DATE _6/11/2026_

RELIEF _OTRO_

Index No. 001300/2016

**ORDER TO SHOW CAUSE
WITH TEMPORARY
RESTRAINING ORDER**

Mot. Seq. 002

Upon the annexed Affirmation of Derrick F. Moore, of Moore Law PLLC, dated May 11, 2026, and the exhibits attached thereto, and the Affirmation of Jorge Newbery, dated May 11, 2026, and all exhibits attached thereto, and the Summary Brief in Support of Plaintiff's Application, and upon all other proceedings heretofore had herein, and to prevent irreparable harm arising from the improper disbursement of disputed proceeds:

Let all other interested parties show cause before this Court at Part __FP-2__ at the

FP-2

Supreme Court, Nassau County, at the courthouse located at 100 Supreme Ct Dr, Mineola, NY

11501, on the __11th__ day of ___June____, 2026, at __10:30__ a.m./p̶m̶.̶, or as soon thereafter as counsel can be heard, why an Order should not be entered:

(a) Directing that the proceeds of the short sale of the property located at 3183 Nantucket Lane, Oceanside, NY 11572 (the "Property"), which is currently scheduled to close on or before May 15, 2026 (the "Sale") be paid to the Plaintiff of Record, U.S. Bank Trust National Association as Trustee of American Homeowner Preservation Trust Series AHP Servicing (*see* NYSCEF No. 15); or

(b) At minimum, ordering that the Sale may move forward and all proceeds from the Sale be directed to a neutral third-party escrow agent to be held pending further order of this Court; and/or

(c) Such other and further relief as the Court may deem just, proper, and equitable including, without limitation, relief necessary to preserve and control the proceeds of the Sale pending further order of this Court.

IT IS HEREBY ORDERED, that pending the hearing and determination of this application, the Property may be sold, but the proceeds of the Sale shall not be disbursed t̶o̶ ̶a̶n̶y̶ ̶n̶o̶n̶-̶p̶a̶r̶t̶y̶,̶ ̶a̶n̶d̶ to any party or non-party entities but are to be held in escrow by Anthony Gallo, Esq. attorney for seller to act as s̶h̶a̶l̶l̶ ̶e̶i̶t̶h̶e̶r̶ ̶(̶i̶)̶ ̶b̶e̶ ̶p̶a̶i̶d̶ ̶t̶o̶ ̶P̶l̶a̶i̶n̶t̶i̶f̶f̶ ̶o̶f̶ ̶r̶e̶c̶o̶r̶d̶ ̶o̶r̶ ̶(̶i̶i̶)̶ ̶b̶e̶ ̶h̶e̶l̶d̶ ̶b̶y̶ ̶a̶ ̶n̶e̶u̶t̶r̶a̶l̶ ̶t̶h̶i̶r̶d̶-̶p̶a̶r̶t̶y̶ escrow agent, on consent pending further order of this Court; a̶n̶d̶ ̶s̶h̶a̶l̶l̶ ̶n̶o̶t̶ ̶b̶e̶ ̶t̶r̶a̶n̶s̶f̶e̶r̶r̶e̶d̶ ̶t̶o̶ ̶L̶a̶n̶d̶ ̶H̶o̶m̶e̶ ̶F̶i̶n̶a̶n̶c̶i̶a̶l̶ ̶S̶e̶r̶v̶i̶c̶e̶s̶,̶ ̶I̶n̶c̶.̶,̶ ̶M̶a̶v̶e̶r̶i̶c̶k̶,̶ ̶L̶L̶C̶,̶ ̶O̶a̶k̶ ̶H̶a̶r̶b̶o̶r̶ ̶C̶a̶p̶i̶t̶a̶l̶ ̶o̶r̶ ̶a̶n̶y̶ ̶o̶t̶h̶e̶r̶ ̶n̶o̶n̶-̶p̶a̶r̶t̶y̶ ̶e̶n̶t̶i̶t̶i̶e̶s̶,̶ ̶i̶n̶c̶l̶u̶d̶i̶n̶g̶ ̶a̶n̶y̶ ̶p̶a̶y̶o̶f̶f̶,̶ ̶s̶a̶t̶i̶s̶f̶a̶c̶t̶i̶o̶n̶,̶ ̶o̶r̶ ̶r̶e̶l̶e̶a̶s̶e̶ ̶o̶f̶ ̶t̶h̶e̶ ̶m̶o̶r̶t̶g̶a̶g̶e̶.̶

IT IS FURTHER ORDERED, that pending the hearing and determination of this application, including the question regarding whether the law firms of Fein Such Kahn & Shepard, P.C. and Fein Such & Crane, LLP (together, the "Fein Such Law Group") have authority to represent the Plaintiff, Fein Such Law Group is restrained from taking any further action o̶n̶ ̶b̶e̶h̶a̶l̶f̶

2

~~in this matter purporting to act~~ on behalf of Plaintiff absent further order of this Court pending determination of the proper party authorized to act on behalf of Plaintiff in this matter; However, Fein Such Law Group may appear and submit papers on this application; and it is further

IT IS FURTHER ORDERED, that service of a copy of this Order to Show Cause, together with all the supporting papers upon which it is based, shall be good and sufficient if delivered on or before the __19th__ day of __May__, 2026, to the following parties and by the following methods:

Victor Spinelli and Richard A. Gerbino of Fein Such Law Group by NYSCEF and ~~email~~ overnight mail;

and

Magerick, LLC, Land Home Financial Services, and Oak Harbor Capital via Fein Such Law Group by NYSCEF and ~~email~~ overnight mail; and directly to the parties, to the extent known; and

The purchaser via Richard Gresio of the Law Offices of Richard Gresio by email and ~~certified~~ overnight mail; and

The seller, Anna Messina, via AJ Gallo, Esq. of AJ Gallo Associates, PC by email and ~~certified~~ overnight mail.

IT IS FURTHER ORDERED, that answering papers, if any, shall be served via __NYSCEF and Overnight Mail__ upon the undersigned, the attorneys for Plaintiff U.S. Bank Trust National Association as Trustee of American Homeowner Preservation Trust Series AHP Servicing, on or before __2nd__ day of __June__, 2026.

IT IS FURTHER ORDERED, that Plaintiff U.S. Bank Trust National Association as Trustee of American Homeowner Preservation Trust Series AHP Servicing may submit and serve reply papers to any answering papers via __NYSCEF and Overnight Mail__ no later than __9th__ day of __June__, 2026.

All Affidavits of Service shall be filed by June 9, 2026.

_____
~~HON.~~ ANNA M. GRIMALDI, A.J.S.C.

3

# EXHIBIT 6

## Hozaifa Cassubhai

| | |
|---|---|
| **From:** | Derrick Moore |
| **Sent:** | Tuesday, June 9, 2026 2:48 PM |
| **To:** | Michael S. Hanusek, Esq. |
| **Cc:** | Melissa Cicero; Richard Gerbino, Esq; Hozaifa Cassubhai |
| **Subject:** | RE: US BANK TRUST V MESSINA OTSC INDEX NO 001300/2026 (OUR FILE LHFJN026) |
| **Attachments:** | 3183 Nantucket AHP Short Sale Approval Ltr.pdf; 3183 Nantucket Fein Such Ltr of Undertaking.pdf |

Michael:

Thank you for your email.

First, please extend our condolences to your colleague and his family.

Under the circumstances, however, we cannot consent to an adjournment.  The Order to Show Cause was entered nearly a month ago and established a briefing schedule that has now expired. The application concerns the disposition of disputed sale proceeds and the authority of various parties to act in connection with this foreclosure. Those issues remain unresolved and continue to require prompt attention.

Moreover, Fein Such has been aware of this proceeding for some time. The Court expressly permitted Fein Such to appear and submit papers on the application and a Fein Such attorney appeared at the hearing where the Court clearly stated that answering papers were due by June 2.  In addition, just yesterday Fein Such issued a Letter of Undertaking in connection with the subject property, referring to "our client" and continuing to take action relating to the foreclosure and proposed sale.  For reference, attached is the operative Short Sale Settlement Agreement from AHP and Fein Such's Letter of Undertaking dated yesterday.

Your email raises an additional concern. The Order to Show Cause was prompted in substantial part by the question of who Fein Such purports to represent in this matter and whether it has authority to act on behalf of the Plaintiff of record. In your email, however, you state that Fein Such "represents Magerick LLC."  As you know, Magerick is not the plaintiff in this action, has never been substituted into this action, and its interests are directly adverse to AHP in pending (and other) litigation. Yet Fein Such has simultaneously appeared in this foreclosure matter on behalf of AHP while purporting to direct proceeds away from AHP, the Plaintiff of record.

Accordingly, before any further discussion, please clarify:

1. Whether Fein Such contends it represents U.S. Bank Trust National Association as Trustee of American Homeowner Preservation Trust Series AHP Servicing in this action;
2. Whether Fein Such contends it represents Magerick LLC in this action;
3. Whether Fein Such contends it represents both;
4. If Fein Such contends it represents the Plaintiff, the basis upon which it claims authority to do so and the identity of the person or entity that retained it; and
5. If Fein Such contends it represents only Magerick, the basis upon which it seeks relief in a foreclosure action where Magerick is not a party and has never been substituted for the Plaintiff of record.

Given the posture of the matter and the expired deadlines, we do not consent to the requested adjournment.

--Derrick

**Derrick F. Moore, Esq.**
BAILEY DUQUETTE P.C.
O: 202-289-7963
derrick@baileyduquette.com

1

**From:** Michael S. Hanusek, Esq. <mhanusek@fskslaw.com>
**Sent:** Tuesday, June 9, 2026 11:56 AM
**To:** Derrick Moore <derrick@baileyduquette.com>
**Cc:** Melissa Cicero <mcicero@fskslaw.com>; Richard Gerbino, Esq <rgerbino@fskslaw.com>
**Subject:** US BANK TRUST V MESSINA OTSC INDEX NO 001300/2026 (OUR FILE LHFJN026)

> You don't often get email from mhanusek@fskslaw.com. Learn why this is important

Counselor,

This office represents Magerick LLC. There is an Order to Show Cause in the above matter on for 6/10/2026. I respectfully request consent to an adjournment thereof.

1)  Our office misread the Judge's Order as to the deadlines to respond as the deadlines refer to the Plaintiff twice and

2)  The attorney on the file had a death in the family (his mother) and some further personal family business immediately thereafter and he was out of the office for considerable time and has come back to a trial.

Please let me know either way as soon as possible.

Thank you for your consideration..

**Michael S. Hanusek, Esq.**
Principal and Managing Attorney, Contested



***Please take notice that our address has changed and our new address for all communications is:***

FEIN, SUCH, KAHN & SHEPARD, P.C.
FEIN, SUCH & CRANE, LLP

6 Campus Drive, Suite 304
Parsippany, New Jersey, 07054
_____

Direct Dial: (973) 867-4503        Main Line: (973) 538-4700 Ext.121        Fax: (973) 867-4552
mhanusek@fskslaw.com        www.fskslaw.com

**NOTICE:** The contents of this message may be **privileged** or **confidential**. If you have received this message in error, please notify the sender of the same immediately and delete this message from your machine. Any unauthorized use or dissemination of this message, in whole or in part, is strictly prohibited. Please note that e-mails are susceptible to change by outside sources. The firm is neither responsible nor liable for any improper or incomplete transmission of the information contained in this e-mail, nor for any delay in its receipt, or damage to your system.

**DISCLAIMER OF TAX ADVICE.** Unless explicitly indicated in the content of this communication, any advice contained in this communication, including attachments and enclosures, is not to be relied upon. Reliable tax advice would require a detailed and careful analysis of the facts and applicable law. Unless explicitly indicated in the content of this communication, we have not made, and have not been engaged to conduct, that type of analysis in connection with any advice given in this communication. Accordingly, any advice rendered in this communication cannot be used for the purposes of avoiding penalties that may be imposed by the IRS. In the event you would like us to perform the requisite analysis and research to render an opinion without the aforementioned disclaimer, please feel free to contact us.

# EXHIBIT 7

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NASSAU
LHFJN026

---

U.S. BANK TRUST NATIONAL ASSOCIATION
AS TRUSTEE FOR AMERICAN HOMEOWNER
PRESERVATION TRUST SERIES AHP
SERVICING,

**AFFIRMATION IN RESPONSE
TO ORDER TO SHOW CAUSE**

Index No.  001300/2016

Plaintiff,

-vs-

ANNA M. MESSINA A/K/A ANNA MARIE
MESSINA A/K/A ANNA MESSINA F/K/A ANNA
MARIE FERNICOLA; et al.

Defendants.

---

MICHAEL S. HANUSEK, ESQ., affirms under penalties of perjury the truth of the following:

1.  I am an attorney in the law firm of Fein, Such & Crane, LLP, attorneys of record for the Plaintiff in this action and am duly admitted to practice law in New York State. I have knowledge of the facts stated herein based on a review of the files maintained by my office. I am personally familiar with the relevant facts and circumstances of this matter, particularly the pleadings filed and proceedings conducted herein.

**A. Fein Such & Crane LLP did not act wrongfully or in bad faith.**

2.  I submit this Affirmation in response to the Order to Show Cause filed by U.S. BANK TRUST NATIONAL ASSOCIATION AS TRUSTEE FOR AMERICAN HOMEOWNER PRESERVATION TRUST SERIES AHP SERVICING ("U.S. BANK"). (NYSCEF Doc No 40)

3.  Fein Such & Crane LLP received this foreclosure file from Land Home Financial Services in 2025 along with a number of other files in various stages of foreclosure litigation, with prior

Case 2:24-cv-00025-KKE    Document 308-1    Filed 06/15/26    Page 76 of 124

counsel being the firm of Vallely Mitola Ryan LLC. (NYSCEF Doc No 19). When the Vallely Firm restored the action, the Plaintiff was changed to U.S. BANK TRUST NATIONAL ASSOCIATION AS TRUSTEE FOR AMERICAN HOMEOWNER PRESERVATION TRUST SERIES AHP SERVICING. (NYSCEF Doc No. 22). We understood that we were to be representing the "Plaintiff". A conflict check was run as to the Defendants, not as to the Plaintiff U.S. BANK. We intended to change the Plaintiff to MAGERICK LLC at the next motion milestone in the foreclosure. Meanwhile, we proceeded in accord with CPLR 1018, which provides that the action may continue in the name of the original plaintiff without requiring court-ordered substitution of the new owner.

4.  Land Home Financial Services and MAGERICK  LLC at no time raised the fact that MAGERICK LLC was suing U.S. BANK in the Superior Court of New Jersey, Ocean County Law Division Docket No. OCN-L-2937-23 and that a different part of the Fein Such Law Group was handling that matter in a different court in a different state.  Default in that action was entered against U.S. BANK on March 21, 2024. (See, **Exhibit A** annexed).

5.  At no time did Fein Such & Crane LLP take any action in the foreclosure matter contrary to the interests of U.S. BANK.  While we were aware of a potential short sale, this Order to Show Cause was in fact a surprise to Fein Such & Crane LLP.

**B.  The short sale closing funds are the subject of pending, contested litigation.**

6.  U.S. BANK TRUST NATIONAL ASSOCIATION AS TRUSTEE FOR AMERICAN HOMEOWNER PRESERVATION TRUST SERIES AHP SERVICING wants the Court to decide in its favor and against MAGERICK LLC on the papers in this Order to Show Cause in what is essentially a short cut around the pending litigation in Ocean County New Jersey related to the loan purchase agreement that included the New Jersey mortgage and the one in the case at bar.

7.  Copies of the Amended Complaint and the Answer and Counterclaim and Reply thereto

are annexed as **Exhibit B.**

8.   Defendants' Motion to Dismiss the Complaint for failure to state a claim was denied by the Court. (**Exhibit C** annexed)

9.   The Ocean County case is on for Trial on July 27, 2026. (See **Exhibit D** annexed).

10.   Regardless, there is a recorded Assignment of Mortgage into MAGERICK LLC from the Plaintiff. (**Exhibit E**)  Further, MAGERICK LLC possesses the original Note, which is currently in our Firm's possession. (See attorney certified copy of original Note with *unattached Allonge* to Plaintiff and Bailee letter annexed as **Exhibit F**.)  Plaintiff does not possess the original Note and the Mortgage is assigned out of Plaintiff. It's standing to obtain the funds from any short sale is at least in question.

11.   Thus, there are significant issues that cannot be decided on the papers on this Order to Show Cause.

I affirm this 9th day of June, 2026  under the penalties of perjury under the laws of New York, which may include a fine or imprisonment, that the foregoing is true, and I understand that this document may be filed in an action or proceeding in a court of law

*/s/ Michael S. Hanusek*

_____

MICHAEL S. HANUSEK ESQ.
FEIN, SUCH & CRANE, LLP
Attorneys for Plaintiff
Office and P.O. Address
28 EAST MAIN ST., SUITE 1800
ROCHESTER, NY  14614
Telephone No. 585/226-7310

## CERTIFICATION

MICHAEL S. HANUSEK ESQ. of fully age certifies and says:

The foregoing Affirmation  was prepared on a computer.

The total number of words in the Affirmation is 1,537.

Dated: June 9, 2026

*/s/ Michael S. Hanusek*

_____

MICHAEL S. HANUSEK, ESQ.
FEIN, SUCH & CRANE, LLP

# EXHIBIT 8

Case 2:24-cv-00025-KKE    Document 308-1    Filed 06/15/26    Page 80 of 124

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NASSAU

-------------------------------------------------------------X

U.S. BANK TRUST NATIONAL
ASSOCIATION AS TRUSTEE OF
AMERICAN HOMEOWNER
PRESERVATION TRUST SERIES AHP
SERVICING

                                Plaintiff,

           - against -

ANNA M. MESSINA a/k/a ANNA MARIE
MESSINA a/k/a ANNA MESSINA a/k/a
ANNA MARIE FERNICOLA; JAMES
HAGNY,

                          Defendants.

-------------------------------------------------------------X

Index No. 001300/2016

**REPLY AFFIRMATION OF
DERRICK F. MOORE, ESQ.
IN FURTHER SUPPORT OF
ORDER TO SHOW CAUSE**

Mot. Seq. 002

Derrick F. Moore, pursuant to CPLR 2106 and under penalty of perjury, affirms as follows:

1.       I am Of Counsel to Bailey Duquette, P.C., and admitted to practice law in the State of New York. Bailey Duquette, P.C. represents U.S. Bank Trust National Association as Trustee of American Homeowner Preservation Trust Series AHP Servicing ("AHP"). I have reviewed AHP's relevant files and the pleadings in this matter, and previously prepared by own affirmation and filed the relevant opening briefing and documentation in support of this Order to Show Cause. Based on that information, plus my own personal knowledge, I am fully familiar with the facts of this case.

2.       I respectfully submit this reply affirmation in further support of AHP's Order to Show Cause, seeking an order (a) directing the proceeds of the short sale of the property located at 3183 Nantucket Lane, Oceanside, NY 11572 (the "Property") be directed to the Plaintiff of record, (b) in the alternative, ordering that all proceeds from the Sale be directed to a third-party

1

escrow agent, and/or (c) such other and further relief as the Court may deem just, proper and equitable.

## I. Timing of Answer Papers

3.      As an initial matter, as noted in AHP's Notice of Rejection, which is being filed concurrently with this reply affirmation, the Court's Order to Show Cause (NYSCEF Doc. No. 40) required answering papers to be filed no later than June 2, 2026, and reply papers by June 9, 2026. The Affirmation in Response to Order to Show Cause filed by Michael S. Hanusek ("Hanusek Affirmation" or "Hanusek Aff.") was filed after business hours on June 9, 2026—seven days after the answering deadline—and provides no explanation for the late filing.

4.      There can be no serious dispute that Fein Such and relevant parties, including Magerick LLC and Land Home, had notice of the application.  AHP properly served all the documents pursuant to the Order to Show Cause (*see* Affidavits of Service, Doc. Nos. 41, 42), and one of Fein Such's own lawyers appeared at, and participated in, the emergency virtual hearing held on May 12, 2026 where this Court stated the briefing schedule.

5.      Thus, AHP submits this Court may consider AHP's application on default as no answering papers were timely submitted and no good cause has been offered for the delay.

## II. At Minimum, the Closing Funds Should Remain in Escrow

6.      Even if the Court considers the late-filed Hanusek Affirmation and accepts its factual recitation for purposes of this motion (however incorrect and misguided), the submission still does not explain why the proceeds from the Property sale should not continue to be held in escrow, which is AHP's alternative requested relief.

7.      Thus, at a bare minimum, the Court should order the closing funds to remain in the trust fund of the seller's attorney, AJ Gallo, Esq. of AJ Gall Associates, PC.

2

**III.    The Hanusek Affirmation Does Not Establish Any Entitlement to the Sale Proceeds**

8.    Even accepting the Hanusek Affirmation at face value, it does not establish any entitlement to sale proceeds.  Fein Such's arguments rely principally on (a) the existence of litigation in New Jersey that has ***nothing*** to do with the question before this Court—i.e., who is entitled to the proceeds from the Sale of the Property at issue here; and (b) an Assignment of Mortgage whose validity and scope remain disputed.

*A.    The New Jersey Action Does Not Concern the Property or Proceeds at Issue*

9.    The Hanusek Affirmation references the New Jersey action as support for withholding proceeds from AHP.  However, AHP referenced that action solely for purposes of identifying Fein Such's conflict issues (*see infra* ¶¶ 18-21; Moore Aff. [NYSCEF Doc. No. 25] ¶¶ 29-33), not because the litigation affects ownership of the Property proceeds.

10.    First, Mr. Hanusek claims that AHP's Order to Show Cause in this case "is essentially a short cut around the pending litigation in Ocean County New Jersey related to the loan purchase agreement that included the New Jersey mortgage and the one in the case at bar." But the Second Amended Complaint in the New Jersey action seeks relief concerning a different property entirely--835 Bowman Road, Jackson, New Jersey 08527—and seeks quiet title and related damages concerning that property alone.  (Hanusek Ex. B, Doc No. 45, ¶ 1.)

11.    Neither Exhibit B nor any other exhibit attached to the Hanusek Affirmation supports the notion that the New Jersey action concerns the Messina mortgage, the Nassau foreclosure, the May 16, 2023 Assignment of Mortgage, or entitlement to the proceeds at issue before this Court.  Notably, Fein Such did not submit the January 31, 2023 Mortgage Loan Purchase and Sale Agreement or the Mortgage Loan Schedule that would be necessary to establish the connection it repeatedly claims exists between the Ocean County litigation and the Nassau mortgage.  AHP's review of those materials indicates that the Messina/Nantucket mortgage does

3

not appear among the assets identified therein, directly undermining the suggestion that the Ocean County litigation concerns the mortgage at issue before this Court.

B.    *The Assignment of Mortgage Does Not Resolve Entitlement*

12.    Mr. Hanusek's second argument appears to be that Magerick's claimed entitlement to the proceeds arises from the May 16, 2023 Assignment of Mortgage. However, that document raises separate and substantial defects independent of the authority issues identified in AHP's opening papers.

13.    Specifically, AHP previously demonstrated that the May 16, 2023 Assignment of Mortgage was based entirely on the April 2023 Limited Power of Attorney, which: (1) authorized assignments only in connection with repurchase or refinancing transactions, neither of which applies here; and (2) was revoked in October/November 2023. *See* Moore Aff. ¶¶ 27–28; Newbery Aff. ¶¶ 13–21. The Hanusek Affirmation does not address either point.

14.    Moreover, the complaint in this case itself alleges that the operative indebtedness is <u>not</u> the original 2006 mortgage, but the consolidated obligation created through the June 5, 2008 Consolidation, Extension and Modification Agreement, together with the Consolidated Note for $580,239. The complaint expressly alleges that references to the Note and Mortgage refer to the consolidated instruments. (*See* Doc No. 10.)

15.    Thus, even assuming arguendo that authority existed to execute the May 16, 2023 Assignment of Mortgage (it does not), substantial questions remain as to whether the Assignment transferred the operative Consolidated Mortgage and Consolidated Note at all. The Assignment of Mortgage does not reference the Consolidation Agreement, Consolidated Mortgage, Consolidated Note, or later modification documents. Indeed, the Assignment appears to transfer

4

Case 2:24-cv-00025-KKE    Document 308-1    Filed 06/15/26    Page 84 of 124

only the original 2006 mortgage, while the foreclosure complaint expressly alleges that the debt being enforced is the later Consolidated Mortgage and Consolidated Note.

16.     In short, the Hanusek Affirmation does not establish entitlement to the sale proceeds. The New Jersey litigation concerns different property and different claims, and the Assignment itself raises unresolved questions regarding authority and scope. Those circumstances provide no basis for diverting proceeds away from Plaintiff of record and support directing the proceeds to Plaintiff or, at minimum, maintaining them under Court control pending further order.

**IV.    The Hanusek Affirmation Raises Additional Concerns—If Not Outright Admissions—Concerning Fein Such's Conflicts and Authority**

17.     The Hanusek Affirmation not only fails to resolve the concerns raised in AHP's opening papers, but in several respects confirms them. Rather than clarifying Fein Such's authority or identifying the client on whose behalf it appears, the affirmation raises additional questions concerning conflicts of interest, authority to act, and the basis upon which Fein Such continues to appear in this action. The explanations raise serious questions concerning compliance with professional and ethical rules and duties. Among other things:

(a)     Fein Such admits that it did not run a proper conflicts check on this matter, running a check only with the parties on one side of the case. (Hanusek Aff. ¶ 3.)

(b)     Fein Such claims they were representing a generic "plaintiff", notwithstanding that (i) AHP had long been identified as Plaintiff in this action, even before Fein Such came into the case (see NYSCEF Doc No. 22), and (ii) electronic filings would have required Fein Such's attorney to consent in NYSCEF to represent AHP—not a generic "plaintiff".

5

(c)    Fein Such somehow attributes the absence of disclosure concerning the New Jersey litigation to its client Magerick, despite the fact *that its own firm represents Magerick in the New Jersey Action*. (*See id.* ¶ 4.)

(d)    Fein Such attempts to explain away its significant concurrent conflict by suggesting that a "different part" of the same firm is representing Magerick in the New Jersey Action against AHP. (*Id.* ¶ 4.) AHP is unaware of any authority that treats other offices or parts of a firm as separate entities for purposes of a conflict of interest.

(e)    Fein Such continues to appear in this case on behalf of "Plaintiff" in this case (*see* Hanusek Aff. signature page) while separately communicating, as of this week, that it "represents Magerick LLC."

18.    The Hanusek Affirmation asserts that "at no time did Fein Such & Crane LLP take any action in the foreclosure matter contrary to the interests of U.S. BANK." (Hanusek Aff. ¶ 5.) However, Fein Such is actively advocating that funds not be released to AHP/U.S. Bank and instead remain available for claims asserted by Magerick and related parties. Fein Such cannot claim it is not taking any action contrary to AHP/U.S. Bank. Furthermore, Fein Such fully admits that it is actively representing a client that is suing AHP in New Jersey state court. At minimum, that admission confirms the adversity that gave rise to AHP's application and underscores why the authority issue identified by the Court remains unresolved.

19.    And regardless, Mr. Hanusek's claim that New York's office of Fein Such was unaware that "a different part" of Fein Such is conflicted with AHP is belied by the documents that were already filed in this case by AHP. Among other things, in February 2024, AHP's principal Jorge Newbery communicated directly with no less than four lawyers from Fein Such

6

regarding, *inter alia*, unauthorized transfers, deeds recorded through Fein Such, transfers to Magerick, and AHP's position that the underlying authority was defective. (AHP Ex. G, NYSCEF Doc. No. 33.) Vincent DiMaiolo, of Fein Such's New Jersey office, responded by acknowledging receipt, and referred Mr. Newbery to David Case, Esq. in Fein Such's New York office, who responded directly to Mr. Newbery. (*Id.*) Fein Such cannot seriously claim it was not informed of the conflict with AHP.[1]

20.     AHP also noted in its opening papers the concern that Fein Such has never "clearly stated the party that it is representing, merely referring to 'Plaintiff' and/or 'Plaintiff's Assignee' repeatedly." The Hanusek Affirmation only heightens this concern. Nowhere in the Hanusek Affirmation does he state who the affirmation is written on behalf of. He defends Fein Such. He defends Magerick. The filing was made on behalf of AHP in the NYSCEF e-filing system. Mr. Hanusek's signature notes Fein Such represents "Plaintiff," which currently is AHP. Nowhere does Hanusek attempt to clarify this concern by, *inter alia*, stating the name of Fein Such's client, or under what or whose authority Fein Such originally appeared, and continues to appear, in this case. Fein Such still has not withdrawn from representing AHP in this case despite the fact that the Court made it clear that Fein Such cannot continue to take any further action on behalf of AHP. (*See* NYSCEF Doc. 40 at p. 2.) The continued failure to identify the client on whose behalf Fein Such appears is particularly significant because the Court's Order to Show Cause expressly raised the issue of authority.

---

[1] It also should be noted that Mr. Hanusek's own profile on the Fein Such website (https://feinsuch.com/our-people/michael-s-hanusek/) states that he is personally located both in the New Jersey and New York office.

WHEREFORE, for the reasons set forth herein, and in AHP's opening brief, affirmations, and exhibits, this Court should order that:

(a) all proceeds of the Sale be directed to Plaintiff of record,

(b) in the alternative, ordering that all proceeds from the Sale remain in trust with the Seller's attorney unless otherwise ordered by this Court, and/or

(c) such other and further relief as the Court may deem just, proper and equitable.

I affirm this 11th day of June, 2026, under the penalties of perjury under the laws of New York, which may include a fine or imprisonment, that the foregoing is true, and I understand that this document may be filed in an action or proceeding in a court of law.

_____
Derrick F. Moore

8

# EXHIBIT 9

STATE OF MICHIGAN
IN THE CIRCUIT COURT FOR THE COUNTY OF OGEMAW

AHP CAPITAL MANAGEMENT LLC, as
Administrator of American Homeowner
Preservation Trust Series 2015A+,

      Plaintiff,

v.

CYMBIDIUM RESTORATION TRUST,

      Defendant.

Case No. 26-    -
Hon.

CARA M. SWINDLEHURST (P79953)
Gordon Rees Scully Mansukhani
*Attorneys for Plaintiff*
37000 Woodward Ave., Suite 225
Bloomfield Hills, MI 48304
(313) 600-7232
cswindlehurst@grsm.com
fbeer@grsm.com (Assistant)



## VERIFIED CIVIL COMPLAINT FOR UNLAWFUL FILING OF FALSE DOCUMENTS

Plaintiff, AHP Capital Management LLC, as Administrator of American Homeowner Preservation Trust Series 2015A+ ("Plaintiff"), by and through undersigned counsel, hereby files this Complaint against Defendant CYMBIDIUM RESTORATION TRUST ("Cymbidium" or "Defendant") and alleges as follows:

### I.    PARTIES, JURISDICTION, AND VENUE

1.    This is an action for damages and equitable relief within the jurisdictional limits of this Court, exclusive of interest, costs, and attorney's fees.

1

2. American Homeowner Preservation Trust Series 2015A+ is a Delaware Statutory Trust with its principal place of business in Cook County, Illinois (the "Trust").

3. AHP Capital Management LLC is an Ohio limited liability company, acting on behalf of the Trust as the authorized Administrator.

4. Defendant CYMBIDIUM RESTORATION TRUST is a Delaware Statutory Trust with its principal place of business in King County, Washington.

5. This action concerns an unlawful Claim of Interest recorded against real property located at 1724 W Third St., Prescott, MI 48756 in Ogemaw County, legally described as: Lot 49, Silver Creek Subd No. 4, as recorded in Liber 3 of Plats, on page 1 in the Ogemaw County Records (the "Property").

6. Venue and jurisdiction are proper pursuant to MCL 600.605 and .1605 where the property subject to this action is located within Ogemaw County, Michigan and all causes of action arose in Ogemaw County, Michigan.

7. In addition, jurisdiction is proper in this court as Plaintiff seeks the equitable remedy of specific performance in addition to any legal damages to which it may be entitled.

8. Plaintiff reserves the right to amend this Complaint to add additional parties, including those acting as agents or counsel, upon completion of discovery or further investigation.

## II.  GENERAL ALLEGATIONS
### The Property

9. This action concerns unlawful and fraudulent documents creating clouds of title on property located at 1724 W Third St., Prescott MI 48756 in Ogemaw County, Michigan.

10. According to the official records of Ogemaw County, Michigan, U.S. Bank Trust National Association as Trustee of American Homeowner Preservation Trust Series 2015A+ is the record owner of the Property.

2

11.    At the time of the unlawful recording, Plaintiff held a property interest in the Property.

**The Washington Action and Resulting Claim of Interest**

12.    On November 17, 2023, Defendant Cymbidium initiated a civil action by filing a Complaint in the Superior Court of Washington in and for King County (the "Washington Action"). A true and correct copy of the Complaint is attached hereto as Exhibit A.

13.    In the Complaint, Defendant asserts claims for breach of contract, conversion, and related relief arising out of a mortgage loan sale transaction against Plaintiff and Cymbidium. Exhibit A at 6.

14.    The only relief specifically requested in the Complaint is for an award of money damages in excess of $2,000,000.00, together with interest and attorneys fees. *Id.* at 6–7.

15.    The Washington Action does not assert any claim directly affecting title to or possession of any specific real property located in Michigan, nor is any real property whatsoever described in the Complaint.

16.    The record owner of the Property was not joined in the Washington Action.

17.    Despite the above, on February 20, 2024, Defendant caused a Claim of Interest to be recorded in Ogemaw County, Michigan, with the Washington Action case style affixed on it (the "Claim of Interest"). A true and correct copy of the Claim of Interest is attached hereto as Exhibit B.

18.    Cymbidium directed its agents and counsel to prepare and record the Claim of Interest, in addition to several other claims of interest in the State of Michigan. Cymbidium directed attorneys to record lis pendens or comparable instruments in other jurisdictions as party of a coordinated nationwide effort to cloud title, interfere with property transactions, and create leverage in unrelated litigation.

3

19. The Claim of Interest is not based on any recorded instruments anywhere in the State of Michigan, including in the records of Ogemaw County.

20. The underlying Complaint does not support the Claim of Interest as it seeks only money damages.

21. Furthermore, the Claim of Interest is fatally defective because the Property is not described in the Complaint.

22. The invalidity of the Claim of Interest was apparent on its face at the time of recording. The underlying Washington Complaint does not describe the Property, does not seek any relief affecting real property, and does not name the Property owner. Despite these defects, Defendant caused the Claim of Interest to be recorded to create the false appearance of an encumbrance.

23. The Claim of Interest is also entirely without a lawful basis because the titleholders of the subject properties are not named in the Washington Action.

24. The Claim of Interest is therefore false, fraudulent, and invalid as a matter of law.

25. Cymbidium acted through its agents and counsel in preparing, directing, and causing the recording of the Claim of Interest.

26. Cymbidium further directed that the Claim of Interest be recorded, with knowledge of its falsity and facial invalidity, and with intent to defraud, harass, and/or interfere with Plaintiff's valid property interests in the Property.

27. With knowledge of Michigan law, and with the intent to encumber the Property, cloud title, and prevent or delay any sales of the property in order to diminish property value and defraud, harass and interfere with Plaintiff's interests in the Property, Cymbidium through its agents and counsel filed and recorded the false, fraudulent, and facially invalid Claim of Interest.

4

28.    The Defendant together intended to harass the Plaintiff by using the Claim of Interest to interfere with Plaintiff's assets and transactions, create leverage in the Washington Action, and to further Cymbidium's objective to "incinerate" Plaintiff through litigation.

29.    The recording of the Claim of Interest created false public claims of encumbrance, casting a cloud on title, preventing and/or delaying financing or sale, diminishing property value, and damaging Plaintiff.

30.    Plaintiff incurred special damages, including lost economic opportunities, impairment of title and resulting diminution in value of the collateral, delay in recovering value of the mortgage and interference with Plaintiff's ability to transfer and/or assign interest, including but not limited to interference with a pending sale of the Property scheduled to close in May 2026, as well as attorney's fees and costs to remove the clouds.

31.    Plaintiff has no adequate remedy at law and requires equitable relief.

32.    Plaintiff has retained counsel and is obligated to pay reasonable attorneys' fees.

33.    The Claim of Interest cannot be discharged by the court in the Washington Action, as Washington courts do not have in rem jurisdiction over the relevant Michigan properties. *See In re Marriage of Kowalewski*, 182 P.3d 959, 961 (Wash. 2008) ("a court in one state does not have power directly to affect title to real property located outside the state.") (citing *Brown v. Brown*, 281 P.2d 850 (Wash. 1955)).

34.    In yet another attempt to create an illusion of the Claim of Interest's validity and to continue or renew the cloud on title, Cymbidium filed an Amended Complaint in the Washington Action on March 13, 2026, to bring an additional claim against Plaintiff for specific performance and declaratory judgment regarding ownership over a number of mortgages, including Plaintiff's property interest in the Property. A true and correct copy of the Amended Complaint is attached hereto as Exhibit C.

5

35.     However, the Amended Complaint does not cure any of the defects in the Claim of Interest as recorded, as it still does not describe any real property whatsoever, does not join the record owners of the Property to the action, and does not establish any nexus whatsoever to the Property. Nor can the Amended Complaint operate to retroactively validate the Claim of Interest recorded almost two years prior to its filing.

**The Nationwide Pattern**

36.     Defendant has duplicated the unlawful acts described herein throughout a number of jurisdictions across the country using the Washington Action as an improper basis for the filing and recording of a number of lis pendens/claims of interest creating false clouds on titles of real property in a number of counties in the state of Michigan as well as other states including Florida, New Jersey and Texas.

37.     Defendant has recorded these unlawful lis pendens and/or claims of interest against properties which Plaintiff has property interest in, regardless of the record property owners, whether Plaintiff's interest had been assigned prior to the recording of the lis pendens and/or claims of interest, and in all instances with the intent to harass and defraud the Plaintiff.

38.     Defendant engaged in this coordinated national effort in order to halt or delay property sales, foreclosures, assignments, and other real property transactions between Plaintiff and third parties, to deter parties from transacting with Plaintiff, to diminish the values of Plaintiff's interests in the properties.

39.     Defendant is attempting to leverage the perpetual clouds on title created by their unlawful lis pendens and/or claims of interest in efforts to unlawfully extract payments from innocent third parties in exchange for releases.

**COUNT I - SLANDER OF TITLE (MCL 600.2907a and Common Law)**

6

40.    Plaintiff realleges and reincorporates paragraphs 1–37 above as if fully set forth herein.

41.    Defendant knowingly prepared, executed, and caused to be filed in the Official Records of Ogemaw County the Claim of Interest on February 20, 2024, which recorded on February 22, 2024.

42.    The Claim of Interest contains materially false and fraudulent statements and representations, including that Cymbidium has a valid claim affecting title to the relevant properties and referencing a Washington Action which has no nexus to the Michigan property whatsoever, seeks only money damages in connection with breach of contract and conversion claims against Plaintiff, and fails to identify or describe the properties or join the record property owners as parties.

43.    Defendant Cymbidium acted with knowledge of the falsity of the Claim of Interest or, at a minimum, with reckless disregard for its truth or validity, as no reasonable party could conclude that a complaint seeking only monetary damages, describing no real property, and naming no property owner could support a claim affecting title to Michigan real estate. Defendant Cymbidium therefore caused the Claim of Interest to be recorded with malice and intent to defraud, harass, or interfere with Plaintiff's rights in the Property.

44.    Defendant Cymbidium, acting through its agents and counsel, likewise acted with knowledge of the falsity of the Claim of Interest or, at a minimum, with reckless disregard for its truth or validity, as no reasonable attorney could conclude that a complaint seeking only monetary damages, describing no real property, and naming no property owner could support a claim affecting title to Michigan real estate. Through such agents and counsel, Defendant prepared and recorded the Claim of Interest with intent to defraud, harass, or interfere with Plaintiff's rights in the Property.

7

45.    Plaintiff has been adversely affected by the filing of this instrument, including lost economic opportunities, impairment of marketability of title diminishing the value of the collateral securing Plaintiff's property interest in the Property at the time of recording, interference with Plaintiff's ability to transfer or assign its property interest, and the expenses incurred to clear title.

46.    Plaintiff is entitled to recover its actual and punitive damages because it has been adversely affected by Defendant' recording the Claim of Interest with the intent to defraud and harass Plaintiff under  MCL 600.2907a. Plaintiff's actual consequential damages include without limitation damages arising from impairment of Plaintiff's property interest in the Property and interference with Plaintiff's disposition of that interest, and the diminution in value of the collateral and Plaintiff's property interest in the Property caused by the Claim of Interest, including any reduction.

47.    Defendant is liable for all costs incurred in bringing this action, including actual attorney fees and all damages Plaintiff may have sustained as a result of the filing of the Notice of Claim, and exemplary damages.

**WHEREFORE**, Plaintiff, AHP Capital Management LLC, as Administrator of American Homeowner Preservation Trust Series 2015A-h, respectfully requests this Court enter a judgment in its favor and against Defendant, CYMBIDIUM RESTORATION TRUST, awarding the following relief:

A.    A determination under MCL 600.2932 that the instrument is null and void ab initio and of no legal effect;

B.    An order to seal the instrument from the official record and remove it from any electronic database used for indexing or locating instruments in the official record;

8

C.    An order enjoining the Defendant from filing or directing a person to file an instrument in the official records without prior review and approval for filing by a circuit or county court judge;

D.    A finding that Defendant intended to defraud or harass the Plaintiff;

E.    An award of Plaintiff's actual damages, punitive damages, and civil penalty as by the statute;

F.    An award of Plaintiff's compensatory damages;

G.    An award of Plaintiff's reasonable attorneys' fees and costs as provided by statute, together with all applicable interest; and

H.    Such further relief as the Court deems just and proper.

## COUNT II – QUIET TITLE (MCL 600.2932)

48.    Plaintiff realleges and reincorporates paragraphs 1–45 above as if fully set forth herein.

49.    Plaintiff has a legal property interest in the Property.

50.    Defendant's Washington complaint does not allege any interest in the Property, and the Claim of Interest is facially deficient to establish an interest in the Property.

51.    Defendant Cymbidium does not have any legal interest in the Property.

52.    Plaintiff's property interest is superior to Defendant Cymbidium's deficient interest.

53.    The Claim of Interest must be discharged or otherwise removed from the Property's title and/or register of deeds.

**WHEREFORE**, Plaintiff, AHP Capital Management LLC, as Administrator of American Homeowner Preservation Trust Series 2015A+, respectfully requests this Court enter a judgment in its favor and against Defendant, CYMBIDIUM RESTORATION TRUST, awarding the

9

following relief:

    A.    A determination under MCL 600.2932 that the instrument is null and void ab initio and of no legal effect;

    B.    An order to seal the instrument from the official record and remove it from any electronic database used for indexing or locating instruments in the official record;

    C.    An order enjoining the Defendant from filing or directing a person to file an instrument in the official records without prior review and approval for filing by a circuit or county court judge;

    D.    A finding that Defendant intended to defraud or harass the Plaintiff;

    E.    An award of Plaintiff's actual damages, punitive damages, and civil penalty as by the statute;

    F.    An award of Plaintiff's compensatory damages;

    G.    An award of Plaintiff's reasonable attorneys' fees and costs as provided by statute, together with all applicable interest; and

    H.    Such further relief as the Court deems just and proper.

## COUNT IV – DECLARATORY RELIEF

54.    Plaintiff realleges and reincorporates paragraphs 1–51 above as if fully set forth herein.

55.    Defendant has no legal or equitable interest in the Property.

56.    Defendant has improperly clouded the title and must be permanently enjoined from asserting a Claim of Interest on the Property.

10

57. Plaintiff is damaged and will continue to be damaged unless the Court permanently enjoins Defendant from asserting a Claim of Interest on the Property.

**WHEREFORE**, Plaintiff, AHP Capital Management LLC, as Administrator of American Homeowner Preservation Trust Series 2015A+, respectfully requests this Court enter a judgment in its favor and against Defendant, CYMBIDIUM RESTORATION TRUST, awarding the following relief:

A. A determination under MCL 600.2932 that the instrument is null and void ab initio and of no legal effect;

B. An order to seal the instrument from the official record and remove it from any electronic database used for indexing or locating instruments in the official record;

C. An order enjoining the Defendant from filing or directing a person to file an instrument in the official records without prior review and approval for filing by a circuit or county court judge;

D. A finding that Defendant intended to defraud or harass the Plaintiff;

E. An award of Plaintiff's actual damages, punitive damages, and civil penalty as by the statute;

F. An award of Plaintiff's compensatory damages;

G. An award of Plaintiff's reasonable attorneys' fees and costs as provided by statute, together with all applicable interest; and

H. Such further relief as the Court deems just and proper.

Respectfully submitted,

11

GORDON REES SCULLY MANSUKHANI, LLP

/s/ Cara M. Swindlehurst

Cara M. Swindlehurst (P79953)
*Attorney Plaintiff*
37000 Woodward Ave. Suite 225
Bloomfield Hills, MI 48034

Dated: May 6, 2026

12

## VERIFICATION

I, Jorge Newbery, am the Manager and CEO of Plaintiff, AHP Capital Management LLC, as Administrator of American Homeowner Preservation Trust Series 2015A+. Under penalties of perjury, I declare that I have read the foregoing VERIFIED CIVIL COMPLAINT and that the facts stated in it are true.

JORGE NEWBERY

13

# Exhibit A

SUPERIOR COURT OF WASHINGTON IN AND FOR KING COUNTY

CYMBIDIUM RESTORATION TRUST,

Plaintiff,

v.

AMERICAN HOMEOWNER
PRESERVATION TRUST SERIES AHP
SERVICING; its Trustee, U.S. BANK TRUST
N.A.; AHP CAPITAL MANAGEMENT, LLC;
AMERICAN HOMEOWNER
PRESERVATION SERIES 2015A+; its Trustee,
U.S. BANK TRUST NATIONAL
ASSOCIATION; AHP SERVICING, LLC; and
JORGE NEWBERY,

Defendants.

No.

COMPLAINT FOR BREACH OF
CONTRACT AND CONVERSION

Plaintiff Cymbidium Restoration Trust, through its attorneys, for its Complaint against defendants, alleges as follows:

## I.   PARTIES

1.      Plaintiff Cymbidium Reformation Trust ("Cymbidium") is a Delaware Statutory Trust. Its principal place of business is in King County, Washington.

2.      Defendant American Homeowner Preservation Trust Series AHP Servicing ("AHP Trust Servicing") is a Delaware Statutory Trust. Its principal place of business is in Chicago, Illinois. Defendant U.S. Bank Trust N.A. is the Trustee of AHP Trust Servicing; it is named as a defendant in its nominal Trustee capacity.

COMPLAINT FOR BREACH OF CONTRACT
AND CONVERSION - 1

BYRNES ♦ KELLER ♦ CROMWELL LLP
38TH FLOOR
1000 SECOND AVENUE
SEATTLE, WASHINGTON 98104
(206) 622-2000

3.    Defendant American Homeowner Preservation Series 2015A+ ("AHP 2015A+"), is a Delaware Statutory Trust with a principal place of business in Chicago, Illinois.  Defendant U.S. Bank Trust National Association is the Trustee of AHP 2015A+; it is named as a defendant in its nominal Trustee capacity.

4.    Defendant AHP Servicing, LLC ("AHP Servicing") is a limited liability company with its principal place of business in Chicago, Illinois.

5.    Defendant Jorge Newbery is an individual who resides in the Chicago-area of Illinois.  He is the Chief Executive Officer ("CEO") of AHP Servicing; he is the Manager and CEO of AHP 2015A+; and he is the Manager and CEO of defendant AHP Capital Management LLC, an entity that acted as the administrator of and on behalf of defendant AHP Trust Servicing.

## II.    JURISDICTION AND VENUE

6.    This court has subject matter jurisdiction pursuant to RCW 2.08.010.

7.    Venue is proper pursuant to RCW 4.12.025 in that (i) the contracts the defendant corporations breached, which have Washington choice of law provisions, were made in part in King County, and (ii) portions of the torts alleged herein were committed in and had direct impacts in King County.

8.    By entering into the contractual agreements described below, and by engaging in the tortious conduct alleged below, defendants transacted business within, and committed tortious acts within, the state of Washington such that they are subject to personal jurisdiction under RCW 4.28.185.

## III.    FACTUAL ALLEGATIONS

A.    Cymbidium, AHP Trust Servicing, and AHP 2015A+ Enter Into a Contract Regarding the Sale of Mortgage Loans.

9.    Effective October 7, 2022, plaintiff Cymbidium, as purchaser, entered into an agreement with defendant AHP Trust Servicing and defendant AHP 2015A+ (collectively the

COMPLAINT FOR BREACH OF CONTRACT
AND CONVERSION - 2

BYRNES ♦ KELLER ♦ CROMWELL LLP
38TH FLOOR
1000 SECOND AVENUE
SEATTLE, WASHINGTON 98104
(206) 622-2000

"AHP Sellers"). In the agreement, which is titled Mortgage Loan Sale Agreement With Repurchase Obligation ("Mortgage Sale Agreement"), the AHP Sellers sold and conveyed and assigned to Cymbidium a designated group of mostly non-performing residential loans and the mortgage or other lien interests securing those loans. The Mortgage Sale Agreement provided, among other things, that ownership of the loans being sold and assigned (and their related mortgages or other liens) was transferred to Cymbidium (Mortgage Sale Agreement, Section 2); that Cymbidium was entitled to receive any payments or other recoveries with respect to those loans (*id.*); that if the transaction is deemed to be a loan, Cymbidium had a security interest in each of the loans (*id.* at Section 6); and that AHP Sellers represented and warranted, among other things, that they had good title to, and were the sole owner and holder of the loans, that they had not altered, modified, satisfied, cancelled, or released the borrowers or the residential property liens securing the loans, and that the Mortgage Loan Schedule attached to the Mortgage Sale Agreement was true and correct (*id.* at Sections 8.1 (vi), (vii) and (x)).

10. Under the terms of the Mortgage Sale Agreement, the AHP Sellers also were obligated to repurchase certain of the conveyed loans at a pre-determined price on or prior to January 7, 2023. On that date, the AHP Sellers' repurchase obligation was over $19.75 million, which the AHP Sellers did not pay when due.

**B.    The Parties Enter Into the First Amendment.**

11. When the AHP Sellers did not repurchase the loans on or before January 7, 2023, as had been agreed, Cymbidium and the AHP Sellers amended the Mortgage Loan Agreement by entering into an agreement entitled: First Amendment to Mortgage Loan Sale Agreement With Repurchase Obligations ("First Amendment"). The First Amendment, among other things, eliminated the AHP Sellers repurchase obligations; conveyed additional designated loans (and their related mortgages or other security liens) to Cymbidium; and it provided that Cymbidium would endeavor to collect or realize a recovery on the loans, with

BYRNES ♦ KELLER ♦ CROMWELL LLP
38TH FLOOR
1000 SECOND AVENUE
SEATTLE, WASHINGTON 98104
(206) 622-2000

the recoveries first going to all amounts AHP Sellers owed Cymbidium, to pay unrelated third-party costs and other fees Cymbidium incurred managing the loans, to pay a 16 percent Applicable Pricing Rate, to pay a 1.75 percent Management Fee, and to pay certain other items. Upon payment of those amounts in full, any then-remaining loans or other assets, including any excess cash recovered by Cymbidium, were to be assigned and transferred back to the AHP Sellers. Cymbidium also agreed to exercise best efforts in good faith to maximize the recovery on the mortgage loans, with the AHP Sellers acknowledging that Cymbidium would need to dispose of or resolve the loans in a manner that would enable Cymbidium and its affiliates to meet their obligations to their lender; and that Cymbidium's disposition of the loans acquired could be either in "bulk" or through individual transactions with borrowers or others, but that such resolutions or dispositions would not require approval by the AHP Sellers (First Amendment ¶ 6).

## C.    AHP Servicing Provides a Guaranty.

12.    As part of the Mortgage Sale Agreement and the First Amendment transactions, defendant AHP Servicing provided an unconditional and irrevocable guaranty of the AHP Sellers' obligations under those agreements.

## D.    Other Pertinent Contract Provisions.

13.    The Mortgage Sale Agreement (Section 14) provides that it shall be construed in accordance with the laws of the state of Washington without regard to conflicts of law, and that the parties' obligations, rights and remedies shall be determined in accordance with Washington law. That agreement also provides that the parties agree to act reasonably, in good faith, and to do all things necessary to effect the transaction including, without limitation, complying with all reasonable requests by the other relating to the transactions (Section 23). The AHP Sellers also agreed to take such further or other actions as shall reasonably be necessary to perform their obligations under the agreement (*id.*). These provisions continued in effect under the First Amendment (First Amendment ¶ 12).

COMPLAINT FOR BREACH OF CONTRACT
AND CONVERSION - 4

BYRNES ♦ KELLER ♦ CROMWELL LLP
38TH FLOOR
1000 SECOND AVENUE
SEATTLE, WASHINGTON 98104
(206) 622-2000

**E.    The AHP Sellers Breach the Contract; All Defendants Convert Plaintiff's Funds and Other Property.**

14.    The AHP Sellers breached the Mortgage Sale Agreement and the First Amendment (collectively the "Agreement"), and all defendants converted funds and other assets belonging to Cymbidium by, among other things:

a.    Over 200 of the loans purportedly sold to Cymbidium on October 7, 2022, were no longer outstanding as of that date.  The AHP Sellers had previously collected, compromised, or obtained some other recovery regarding those loans such that they no longer were outstanding.  Put simply, the AHP Sellers sold and assigned to Cymbidium over 200 loans that no longer existed.  Nor did the AHP Sellers turn over to plaintiff the proceeds they (or Newbery or his affiliated entities) realized from those loans.  Instead, at defendant Newbery's direction, those proceeds were retained by the AHP Sellers and/or utilized by Newbery to pay expenses regarding other affiliated entities he controlled.

b.    After the First Amendment, the AHP Sellers obtained recoveries related to loans and mortgages that they had conveyed to plaintiff, and at defendant Newbery's direction, those funds also were not turned over to plaintiff as was required under the Agreement.  Instead, the mortgages and the funds were converted by defendants and used by defendants to, among other things, pay expenses related to Newbery-affiliated companies.

c.    The AHP Sellers failed to provide assignments and allonge and other documentation needed to permit Cymbidium to complete property sales so it could receive the proceeds from those sales to apply those proceeds against amounts the AHP Sellers owed under the Agreement.

COMPLAINT FOR BREACH OF CONTRACT
AND CONVERSION - 5

BYRNES ♦ KELLER ♦ CROMWELL LLP
38TH FLOOR
1000 SECOND AVENUE
SEATTLE, WASHINGTON 98104
(206) 622-2000

d.      The AHP Sellers have not paid all amounts still owed plaintiff under this Agreement.

## IV.      CAUSES OF ACTION

### A.      Breach of Contract.

15.     Plaintiff realleges, as if fully set forth, each of the allegations in paragraphs 1-14 above.

16.     Based upon the foregoing allegations, the AHP Sellers have breached the provisions of the Agreement.  The remaining unpaid amounts that are owed under the Agreement exceed $2 million, and plaintiff has been damaged in that amount by the AHP Sellers breaches of the Agreement.

17.     Pursuant to the Guaranty Agreement, defendant AHP Servicing guaranteed and is therefore liable for the damages resulting from the AHP Sellers' breaches.

### B.      Conversion.

18.     Plaintiff realleges, as if fully set forth, each of the allegations in paragraphs 1-17 above.

19.     The funds defendants recovered on loans sold to Cymbidium were discrete and segregated funds that should have been turned over to Cymbidium.  The mortgages and other lien security interests that were sold and assigned belonged to plaintiff.  Newbery, the AHP Sellers, and other entities controlled by Newbery, converted those funds and liens and wrongfully used them for their own purposes.  Plaintiff sustained damages in an amount exceeding $2 million as a result of defendants' conversion of plaintiff's property.

## V.      PRAYER FOR RELIEF

Wherefore, plaintiff requests the following relief:

1.      An award of money damages in an amount to be determined at trial but believed to exceed $2 million;

COMPLAINT FOR BREACH OF CONTRACT
AND CONVERSION - 6

BYRNES • KELLER • CROMWELL LLP
38TH FLOOR
1000 SECOND AVENUE
SEATTLE, WASHINGTON 98104
(206) 622-2000

2.    Prejudgment interest and attorneys' fees pursuant to the parties' contracts or otherwise;

3.    Such other or further relief as the court may deem appropriate and warranted.

DATED this 17th day of November, 2023.

BYRNES KELLER CROMWELL LLP


By /s/ Bradley S. Keller
    Bradley S. Keller, WSBA # 10665
    1000 Second Avenue, 38th Floor
    Seattle, Washington 98104
    Telephone: (206) 622-2000
    Facsimile: (206) 622-2522
    Email:    bkeller@byrneskeller.com
***Attorneys for Plaintiff***

COMPLAINT FOR BREACH OF CONTRACT
AND CONVERSION - 7

# Exhibit B



DOC NO: 3185991
02/22/2024 12:29:55 PM    PAGES: 1
CI    FEE: 30.00
DENISE SIMMONS, OGEMAW CO. REGISTER

## CLAIM OF INTEREST

State of Michigan                )
                                 )  SS
County of Oakland                )

I, Steven Jacobs, of Schneiderman & Sherman, P.C. as authorized attorney for Cymbidium Restoration Trust, being duly sworn, state the following:

1.  I am authorized to submit this Claim of Interest in this matter affecting title to real property situated in the Township of Mills, County of Ogemaw, State of MI, described as:

    Lot 49, Silver Creek Subd No. 4, as recorded in Liber 3 of Plats, on page 1, Ogemaw County Records.

    Commonly known as: 1724 W Third St., Prescott, MI 48756
    PIN: 010-360-049-00

2.  I have knowledge of the facts stated herein and am competent to testify concerning such facts in open Court.

3.  This Claim of Interest is filed to give Notice that Cymbidium Restoration Trust claims an interest in the above referenced property pursuant to a Mortgage Loan Sale Agreement With Repurchase Obligation effective October 7, 2022, between Cymbidium Restoration Trust, as purchaser, and AHP Trust Servicing and AHP 2015A+, as sellers. Pending litigation can be found in the Superior Court of Washington in and for King County, 516 Third Avenue, Seattle, WA 98104, Case No 23-2-22911-8 SEA.

FURTHER DEPONENT SAITH NOT.

Date: 2/20/2024

Steven Jacobs of Schneiderman & Sherman P.C.,
duly authorized attorney for Cymbidium
Restoration Trust

The foregoing instrument was subscribed and sworn to by Steven Jacobs, of Schneiderman & Sherman P.C., duly authorized attorney for Cymbidium Restoration Trust before me on the 20th day of February, 2024.

**DRAFTED BY:**
Erica Nichols (P80833)
Schneiderman & Sherman P.C.
23938 Research Dr
Suite 300
Farmington Hills, MI 48335
24-000456

Christina Hedke, Notary Public
Wayne County, State of Michigan
My Commission Expires: 06/21/2025
Acting in Oakland County, Michigan

CHRISTINA HEDKE
NOTARY PUBLIC, STATE OF MI
COUNTY OF WAYNE
MY COMMISSION EXPIRES Jun 21, 2025
ACTING IN COUNTY OF
Oakland

Return To:
One Stop Recording
23938 Research Dr Ste 200
Farmington Hills MI 48335

2/22/2024 10:54:00 AM
Tx:4025900
Claim of Interest Doc1

Page 1 of 1

# Exhibit C

The Honorable Kymberly K. Evanson

SUPERIOR COURT OF WASHINGTON IN AND FOR KING COUNTY

| | |
|---|---|
| CYMBIDIUM RESTORATION TRUST,<br><br>Plaintiff,<br><br>v.<br><br>AMERICAN HOMEOWNER PRESERVATION TRUST SERIES AHP SERVICING; its Trustee, U.S. BANK TRUST N.A.; AHP CAPITAL MANAGEMENT, LLC; AMERICAN HOMEOWNER PRESERVATION SERIES 2015A+; its Trustee, U.S. BANK TRUST NATIONAL ASSOCIATION; AHP SERVICING, LLC; and JORGE NEWBERY,<br><br>Defendants. | No. 2:24-cv-00025<br><br>AMENDED COMPLAINT FOR BREACH OF CONTRACT, SPECIFIC PERFORMANCE, AND CONVERSION |

Plaintiff Cymbidium Restoration Trust, through its attorneys, for its Complaint against defendants, alleges as follows:

## I.   PARTIES

1.   Plaintiff Cymbidium Reformation Trust ("Cymbidium") is a Delaware Statutory Trust. Its principal place of business is in King County, Washington.

2.   Defendant American Homeowner Preservation Trust Series AHP Servicing ("AHP Trust Servicing") is a Delaware Statutory Trust. Its principal place of business is in Chicago, Illinois. Defendant U.S. Bank Trust N.A. is the Trustee of AHP Trust Servicing; it is named as a defendant in its nominal Trustee capacity.

AMENDED COMPLAINT FOR BREACH OF CONTRACT
AND CONVERSION (NO. 2:24-cv-00025-KKE) - 1

BYRNES ♦ KELLER ♦ CROMWELL LLP
38TH FLOOR
1000 SECOND AVENUE
SEATTLE, WASHINGTON 98104
(206) 622-2000

3.    Defendant American Homeowner Preservation Series 2015A+ ("AHP 2015A+"), is a Delaware Statutory Trust with a principal place of business in Chicago, Illinois. Defendant U.S. Bank Trust National Association is the Trustee of AHP 2015A+; it is named as a defendant in its nominal Trustee capacity.

4.    Defendant AHP Servicing, LLC ("AHP Servicing") is a limited liability company with its principal place of business in Chicago, Illinois.

5.    Defendant Jorge Newbery is an individual who resides in the Chicago-area of Illinois. He is the Chief Executive Officer ("CEO") of AHP Servicing; he is the Manager and CEO of AHP 2015A+; and he is the Manager and CEO of defendant AHP Capital Management LLC, an entity that acted as the administrator of and on behalf of defendant AHP Trust Servicing.

## II.    JURISDICTION AND VENUE

6.    This court has subject matter jurisdiction pursuant to RCW 2.08.010.

7.    Venue is proper pursuant to RCW 4.12.025 in that (i) the contracts the defendant corporations breached, which have Washington choice of law provisions, were made in part in King County, and (ii) portions of the torts alleged herein were committed in and had direct impacts in King County.

8.    By entering into the contractual agreements described below, and by engaging in the tortious conduct alleged below, defendants transacted business within, and committed tortious acts within, the state of Washington such that they are subject to personal jurisdiction under RCW 4.28.185.

## III.    FACTUAL ALLEGATIONS

A.    Cymbidium, AHP Trust Servicing, and AHP 2015A+ Enter Into a Contract Regarding the Sale of Mortgage Loans.

9.    Effective October 7, 2022, plaintiff Cymbidium, as purchaser, entered into an agreement with defendant AHP Trust Servicing and defendant AHP 2015A+ (collectively the

AMENDED COMPLAINT FOR BREACH OF CONTRACT
AND CONVERSION (NO. 2:24-cv-00025-KKE)- 2

BYRNES • KELLER • CROMWELL LLP
38TH FLOOR
1000 SECOND AVENUE
SEATTLE, WASHINGTON 98104
(206) 622-2000

"AHP Sellers"). In the agreement, which is titled Mortgage Loan Sale Agreement With Repurchase Obligation ("Mortgage Sale Agreement"), the AHP Sellers sold and conveyed and assigned to Cymbidium a designated group of mostly non-performing residential loans and the mortgage or other lien interests securing those loans. The Mortgage Sale Agreement provided, among other things, that ownership of the loans being sold and assigned (and their related mortgages or other liens) was transferred to Cymbidium (Mortgage Sale Agreement, Section 2); that Cymbidium was entitled to receive any payments or other recoveries with respect to those loans (*id.*); that if the transaction is deemed to be a loan, Cymbidium had a security interest in each of the loans (*id.* at Section 6); and that AHP Sellers represented and warranted, among other things, that they had good title to, and were the sole owner and holder of the loans, that they had not altered, modified, satisfied, cancelled, or released the borrowers or the residential property liens securing the loans, and that the Mortgage Loan Schedule attached to the Mortgage Sale Agreement was true and correct (*id.* at Sections 8.1 (vi), (vii) and (x)). Under the Agreement (Section 7), the AHP Sellers were required to deliver to Cymbidium the complete Mortgage Loan Files, which includes the Mortgage Loan Documents as outlined in Exhibit 1 of the Agreement, for each loan conveyed. Possession of these documents is necessary for Cymbidium to enforce, service, sell, assign, or otherwise monetize the mortgage loans.

10.     Despite having been paid to convey ownership of the mortgage loans, the AHP Sellers have failed and refused to deliver all required Mortgage Loan Documents. This failure has prevented Cymbidium from exercising the rights of ownership expressly transferred under the Agreement and has impaired Cymbidium's ability to enforce, sell, or otherwise realize value from the loans.

11.     The AHP Sellers' refusal to deliver the Mortgage Loan Documents is ongoing and continuing and constitutes a material breach of the Agreement independent of, and in addition to, the monetary breaches alleged herein.

AMENDED COMPLAINT FOR BREACH OF CONTRACT
AND CONVERSION (NO. 2:24-cv-00025-KKE)- 3

BYRNES ♦ KELLER ♦ CROMWELL LLP
38TH FLOOR
1000 SECOND AVENUE
SEATTLE, WASHINGTON 98104
(206) 622-2000

12.     Under the terms of the Mortgage Sale Agreement, the AHP Sellers also were obligated to repurchase certain of the conveyed loans at a pre-determined price on or prior to January 7, 2023.  On that date, the AHP Sellers' repurchase obligation was over $19.75 million, which the AHP Sellers did not pay when due.

**B.     The Parties Enter Into the First Amendment.**

13.     When the AHP Sellers did not repurchase the loans on or before January 7, 2023, as had been agreed, Cymbidium and the AHP Sellers amended the Mortgage Loan Agreement by entering into an agreement entitled:  First Amendment to Mortgage Loan Sale Agreement With Repurchase Obligations ("First Amendment").  The First Amendment, among other things, eliminated the AHP Sellers repurchase obligations; conveyed additional designated loans (and their related mortgages or other security liens) to Cymbidium; and it provided that Cymbidium would endeavor to collect or realize a recovery on the loans, with the recoveries first going to all amounts AHP Sellers owed Cymbidium, to pay unrelated third-party costs and other fees Cymbidium incurred managing the loans, to pay a 16 percent Applicable Pricing Rate, to pay a 1.75 percent Management Fee, and to pay certain other items.  Upon payment of those amounts in full, any then-remaining loans or other assets, including any excess cash recovered by Cymbidium, were to be assigned and transferred back to the AHP Sellers.  Cymbidium also agreed to exercise best efforts in good faith to maximize the recovery on the mortgage loans, with the AHP Sellers acknowledging that Cymbidium would need to dispose of or resolve the loans in a manner that would enable Cymbidium and its affiliates to meet their obligations to their lender; and that Cymbidium's disposition of the loans acquired could be either in "bulk" or through individual transactions with borrowers or others, but that such resolutions or dispositions would not require approval by the AHP Sellers (First Amendment ¶ 6).

AMENDED COMPLAINT FOR BREACH OF CONTRACT
AND CONVERSION (NO. 2:24-cv-00025-KKE)- 4

BYRNES ♦ KELLER ♦ CROMWELL LLP
38TH FLOOR
1000 SECOND AVENUE
SEATTLE, WASHINGTON 98104
(206) 622-2000

## C.   AHP Servicing Provides a Guaranty.

14.   As part of the Mortgage Sale Agreement and the First Amendment transactions, defendant AHP Servicing provided an unconditional and irrevocable guaranty of the AHP Sellers' obligations under those agreements.

## D.   Other Pertinent Contract Provisions.

15.   The Mortgage Sale Agreement (Section 14) provides that it shall be construed in accordance with the laws of the state of Washington without regard to conflicts of law, and that the parties' obligations, rights and remedies shall be determined in accordance with Washington law.  That agreement also provides that the parties agree to act reasonably, in good faith, and to do all things necessary to effect the transaction including, without limitation, complying with all reasonable requests by the other relating to the transactions (Section 23).  The AHP Sellers also agreed to take such further or other actions as shall reasonably be necessary to perform their obligations under the agreement (*id.*).  These provisions continued in effect under the First Amendment (First Amendment ¶ 12).

## E.   The AHP Sellers Breach the Contract; All Defendants Convert Plaintiff's Funds and Other Property.

16.   The AHP Sellers breached the Mortgage Sale Agreement and the First Amendment (collectively the "Agreement"), and all defendants converted funds and other assets belonging to Cymbidium by, among other things:

      a.   Over 70 of the loans purportedly sold to Cymbidium, were no longer outstanding as of October 7, 2022.  The AHP Sellers had previously collected, compromised, or obtained some other recovery regarding those loans such that they no longer were outstanding.  Put simply, the AHP Sellers sold and assigned to Cymbidium over 70 loans that no longer existed.  Nor did the AHP Sellers turn over to plaintiff the proceeds they (or Newbery or his affiliated entities) realized from those

AMENDED COMPLAINT FOR BREACH OF CONTRACT
AND CONVERSION (NO. 2:24-cv-00025-KKE) - 5

BYRNES • KELLER • CROMWELL LLP
38TH FLOOR
1000 SECOND AVENUE
SEATTLE, WASHINGTON 98104
(206) 622-2000

loans. Instead, at defendant Newbery's direction, those proceeds were retained by the AHP Sellers and/or utilized by Newbery to pay expenses regarding other affiliated entities he controlled.

b. After the First Amendment, the AHP Sellers obtained recoveries related to loans and mortgages that they had conveyed to plaintiff, and at defendant Newbery's direction, those funds also were not turned over to plaintiff as was required under the Agreement. Instead, the mortgages and the funds were converted by defendants and used by defendants to, among other things, pay expenses related to Newbery-affiliated companies.

c. The AHP Sellers failed to provide assignments and allonges and other documentation needed to permit Cymbidium to complete property sales so it could receive the proceeds from those sales to apply those proceeds against amounts the AHP Sellers owed under the Agreement.

d. The AHP Sellers have not paid all amounts still owed plaintiff under this Agreement.

## IV.    CAUSES OF ACTION

### A.    Breach of Contract.

17.    Plaintiff realleges, as if fully set forth, each of the allegations in paragraphs 1-14 above.

18.    Based upon the foregoing allegations, the AHP Sellers have breached the provisions of the Agreement. The remaining unpaid amounts that are owed under the Agreement exceed $2 million, and plaintiff has been damaged in that amount by the AHP Sellers breaches of the Agreement.

The AHP Sellers, have also breached the Agreement by failing to deliver all the Mortgage Loan Documents required to effectuate the transfer of ownership of the mortgage

AMENDED COMPLAINT FOR BREACH OF CONTRACT
AND CONVERSION (NO. 2:24-cv-00025-KKE)- 6

BYRNES ♦ KELLER ♦ CROMWELL LLP
38TH FLOOR
1000 SECOND AVENUE
SEATTLE, WASHINGTON 98104
(206) 622-2000

loans to Cymbidium. As a direct and proximate result of these breaches, Cymbidium has suffered damages and has been deprived of the benefit of its bargain, including the ability to exercise the incidents of ownership over the mortgage loans

19.    Pursuant to the Guaranty Agreement, defendant AHP Servicing guaranteed and is therefore liable for the damages resulting from the AHP Sellers' breaches.

**B.    Conversion.**

20.    Plaintiff realleges, as if fully set forth, each of the allegations in paragraphs 1-17 above.

21.    The funds defendants recovered on loans sold to Cymbidium were discrete and segregated funds that should have been turned over to Cymbidium.  The mortgages and other lien security interests that were sold and assigned belonged to plaintiff.  Newbery, the AHP Sellers, and other entities controlled by Newbery, converted those funds and liens and wrongfully used them for their own purposes.  Plaintiff sustained damages in an amount exceeding $2 million as a result of defendants' conversion of plaintiff's property.

**C.    Specific Performance.**

20.    Plaintiff realleges, as if fully set forth, each of the allegations in paragraphs 1-19 above.

21.    The Agreement requires the AHP Sellers to deliver the Mortgage Loan Documents necessary to evidence and effectuate Cymbidium's ownership of the mortgage loans. That obligation is clear, definite, and capable of specific enforcement.

22.    Monetary damages alone are inadequate because, without possession of the Mortgage Loan Documents, Cymbidium cannot enforce, sell, assign, or otherwise monetize the loans, rendering its ownership rights illusory.

23.    Cymbidium has performed, or is excused from performing, all conditions precedent under the Agreement.

AMENDED COMPLAINT FOR BREACH OF CONTRACT
AND CONVERSION  (NO. 2:24-cv-00025-KKE)- 7

BYRNES ♦ KELLER ♦ CROMWELL LLP
38TH FLOOR
1000 SECOND AVENUE
SEATTLE, WASHINGTON 98104
(206) 622-2000

24.     Equity therefore requires an order compelling Defendants to specifically perform their contractual obligations by delivering all Mortgage Loan Documents required under the Agreement.

## V.     PRAYER FOR RELIEF

Wherefore, plaintiff requests the following relief:

1.      An award of money damages in an amount to be determined at trial but believed to exceed $2 million;

2.      An order of specific performance compelling Defendants to deliver all Mortgage Loan Documents required under the Agreement;

3.      A declaratory judgment confirming Cymbidium's ownership of the mortgage loans and its right to possession of the Mortgage Loan Documents;

4.      Prejudgment interest and attorneys' fees pursuant to the parties' contracts or otherwise;

5.      Such other or further relief as the court may deem appropriate and warranted.

DATED this 13th day of March, 2026.

BYRNES KELLER CROMWELL LLP

By /s/ Bradley S. Keller
    Bradley S. Keller, WSBA # 10665

By /s/ M. Victoria Molina
    M. Victoria Molina, WSBA #62109
    1000 Second Avenue, 38th Floor
    Seattle, Washington 98104
    Telephone: (206) 622-2000
    Facsimile: (206) 622-2522
    Email:    bkeller@byrneskeller.com
            mvmolina@byrneskeller.com
*Attorneys for Plaintiff*

AMENDED COMPLAINT FOR BREACH OF CONTRACT
AND CONVERSION (NO. 2:24-cv-00025-KKE) - 8

# EXHIBIT 10

STATE OF MICHIGAN
IN THE CIRCUIT COURT FOR THE COUNTY OF OGEMAW

AHP CAPITAL MANAGEMENT LLC, as
Administrator of American Homeowner
Preservation Trust Series 2015A-,

Case No. 26-653389-CH
Hon. Robert W. Bennett

    Plaintiff,

v.

CYMBIDIUM RESTORATION TRUST,

    Defendant.

CARA M. SWINDLEHURST (P79953)
Gordon Rees Scully Mansukhani
*Attorneys for Plaintiff*
37000 Woodward Ave., Suite 225
Bloomfield Hills, MI 48304
(313) 600-7232
cswindlehurst@grsm.com
fbeer@grsm.com (Assistant)

## ORDER GRANTING IN PART PLAINTIFF'S EX PARTE EMERGENCY MOTION FOR A TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION AND ISSUING TEMPORARY RESTRAINING ORDER FOR 14 DAYS PURSUANT TO MCR 3.310

At a session of said Court,
held in the City of West Branch,
County of Ogemaw, State of Michigan,
On: 5-8-26

Present: _____

HON. Robert W. Bennett

This matter, having come before this Honorable Court pursuant to Plaintiff's Ex Parte

Emergency Motion for a Temporary Restraining Order and Preliminary Injunction Motion, upon

review of the Court, and the Court being fully advised in the premises;

1

**IT IS HEREBY ORDERED** that for the reasons stated on the record, Plaintiff's Motion is GRANTED in part pursuant to MCR 3.310 where Plaintiff has shown an immediate and irreparable injury where Defendant has no interest in the Property, the Claim of Interest is deficient and appears void on its face, Defendant refuses to discharge the Claim of Interest, and the Property is set for closing on or before May 8, 2026. Defendant's actions seek to prejudiciously impact and irreparably harm Plaintiff and the titled owner of the Property where closing is set on the Property's sale for this week, and the improper Notice of Claim was only discovered on Friday May 1, 2026.

**IT IS FURTHER ORDERED** that the Notice of Claim shall be discharged and held ab initio for fourteen (14) days or until a hearing can be held by this Court to determine whether a preliminary injunction is necessary consistent with MCR 3.310(B)(3).

**IT IS FURTHER ORDERED** that discharge of the Claim of Interest will not impair Defendant's ability to pursue any monetary claims asserted in the Washington litigation.

**IT IS FURTHER ORDERED** that this Order shall operate immediately to discharge the Claim of Interest from title and may be recorded with the Ogemaw County Register of Deeds.

**IT IS FURTHER ORDERED** that a hearing on the motion for preliminary injunction or order to show cause why a preliminary injunction should not be issued shall be held on ~~May 21st, 2026 @ 10:00 Am.~~

**IT IS FURTHER ORDERED** that no bond is required consistent with MCR 3.310(D).

**IT IS SO ORDERED**.

*This Order does not resolve all pending claims and does not close this case.*

HON. Robert W. Bennett

2

Prepared by:
CARA M. SWINDLEHURST (P79953)
Gordon Rees Scully Mansukhani
*Attorneys for Plaintiff*
37000 Woodward Ave., Suite 225
Bloomfield Hills, MI 48304
cswindlehurst@grsm.com

3