UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

CYMBIDIUM RESTORATION TRUST,

            Plaintiff/Counter-Defendant,

   v.

AMERICAN HOMEOWNER
PRESERVATION TRUST SERIES AHP
SERVICING, et al.,

       Defendants/Counter-Plaintiffs.

CASE NO. C24-0025-KKE

ORDER DENYING IN PART MOTION TO
COMPEL DELIVERY OF MORTGAGE
LOAN DOCUMENTS

In a prior order on the parties' motions for partial summary judgment, the Court found that in a contract between the parties, Defendants/Counter-Plaintiffs ("AHP") promised to deliver and release to Plaintiff/Counter-Defendant ("Cymbidium") the documents related to each mortgage loan covered by the contract on October 7, 2022. Dkt. No. 274 at 10–11. AHP did not dispute in the partial summary judgment briefing, or at any time subsequent, that the contract required it to deliver loan documents, nor did it or has it argued that it complied with that requirement. *Id*. at 11; Dkt. No. 307. Instead, it has argued that any failure to deliver loan documents did not prevent Cymbidium's monetization of the loans and thus did not cause any damages. *See, e.g.*, Dkt. No. 307 at 16–17.

ORDER DENYING IN PART MOTION TO COMPEL DELIVERY OF MORTGAGE LOAN DOCUMENTS - 1

Cymbidium filed a motion to compel, requesting that the Court order AHP to (1) deliver the mortgage loan documents consistent with the Court's prior order and (2) cease asserting in unrelated state-court litigation that it owns certain mortgage loans covered by the contract at issue in this case. Dkt. No. 289. AHP opposed the motion on multiple grounds, but generally contends that the first issue should be resolved at trial and that the Court lacks jurisdiction to order AHP to do anything in state-court litigation. Dkt. No. 307.

Addressing the second issue first, the Court will deny Cymbidium's motion to address AHP's positions in state-court litigation, as previously explained on the record. Cymbidium remains free to cite the Court's order on partial summary judgment in state-court litigation, but the Court will not involve itself with positions the parties are taking in those proceedings at this time.

Turning back to the first issue: AHP's opposition emphasizes that because the Court will "shortly" address at trial a potential damages remedy for any failure to deliver the loan documents, the Court should not step in to resolve this dispute now. Dkt. No. 307 at 11. AHP's argument would be more persuasive if AHP believed that this case should proceed to trial shortly, as scheduled. Instead, the parties have informed the Court that it is increasingly unlikely that trial can begin as scheduled on July 27, 2026, and AHP believes the trial date should be continued (while Cymbidium hopes to maintain the date if at all possible). *See* Dkt. No. 310. From this vantage point, the Court finds itself in an unenviable holding pattern where the parties continue to dispute the practical import of an order that was intended to set a legal framework for an imminent trial that seems to be less imminent every day.

The Court will therefore DENY IN PART Cymbidium's motion to the extent that it requests that the Court "prevent AHP from using mortgage loan documents to assert ownership or claim proceeds" (Dkt. No. 289 at 10), and DEFERS RULING on the remaining relief requested. In the status report that the parties will file no later than July 2, 2026 (Dkt. No. 310 at 6), the parties

shall address how (if at all) their positions on trial scheduling impact their positions on Cymbidium's motion to compel.

Dated this 30th day of June, 2026.

Kymberly K. Evanson
United States District Judge