UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| CYMBIDIUM RESTORATION TRUST,<br><br>Plaintiff(s),<br>v.<br><br>AMERICAN HOMEOWNER PRESERVATION TRUST SERIES AHP SERVICING, et al.,<br><br>Defendant(s). | CASE NO. C24-0025-KKE<br><br>ORDER DENYING MOTION FOR LEAVE TO DISCLOSE AN EXPERT |

In March 2024, the Court set November 12, 2024, as the deadline for disclosing expert witnesses and reports in this case. Dkt. No. 39. No subsequent order continuing the trial date extended that deadline. Dkt. Nos. 138, 157, 171, 283, 305, 325. No party retained an expert by that date, however, and this fact has been discussed with the Court on multiple occasions, as early as May 2025. Over the subsequent months, the Court expressed concern that the complex accounting issues presented in this case would necessitate assistance from an expert, and thus appointed its own expert in May 2026. Dkt. No. 281. Disputes over the schedule and scope of the Court-appointed expert's assignment occupied the parties and the Court in summer 2026. *See, e.g.*, Dkt. Nos. 282, 304, 310, 312, 313, 315, 316, 318, 319, 322, 323. Trial is set to begin on November 2, 2026. Dkt. No. 325.

On August 3, 2026, the Court ruled on a dispute over the scope of the Court-appointed expert's assignment. Dkt. No. 323. On August 14, 2026, Defendants/Counter-Plaintiffs ("AHP") filed a motion to disclose its own expert, Lorraine Barrick, contending that without its own expert, it would not be able to "prepare for and put on its best case at trial[.]" Dkt. No. 327 at 3. AHP acknowledges that its motion is untimely according to the case schedule, but contends that it was nonetheless diligent in seeking leave as soon as it became apparent (based on the Court's August 3 ruling) that retaining its own expert was needed. AHP offers to cover the court reporter costs of Plaintiff/Counter-Defendant's ("Cymbidium's") deposition of Ms. Barrick. *Id.* at 11. Ms. Barrick's expert report was disclosed on September 4, 2026. Dkt. No. 346.

Federal Rule of Civil Procedure 26(a)(2)(B) requires parties to identify their experts and timely disclose a report setting forth their experts' opinions and qualifications. The parties "must make these disclosures at the times and in the sequence that the court orders." Fed. R. Civ. P. 26(a)(2)(D).

> If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or harmless. In addition to or instead of this sanction, the court, on motion and after giving an opportunity to be heard: (A) may order payment of the reasonable expenses, including attorney's fees, caused by the failure; (B) may inform the jury of the party's failure; and (C) may impose other appropriate sanctions, including any of the orders listed in Rule 37(b)(2)(A)(i)-(vi).

Fed. R. Civ. P. 37(c)(1). Courts in the Ninth Circuit consider a five-factor test before excluding expert evidence as a sanction: "1) the public's interest in expeditious resolution of litigation; 2) the court's need to manage its docket; 3) the risk of prejudice to the [opposing party]; 4) the public policy favoring disposition of cases on their merits; 5) the availability of less drastic sanctions." *Wendt v. Host Intern., Inc.*, 125 F.3d 806, 814 (9th Cir. 1997).

Here, the Court cannot find that AHP was substantially justified in its late disclosure of an expert. This case has been continued numerous times already, and the motion was filed long after the need for an expert should have been plain to AHP. Nothing about the Court's ruling on August 3 materially changed the landscape, and indeed AHP's counsel raised the possibility of needing its own expert before the Court had even ruled. *See* Dkt. No. 334 at 30. At the August 3 hearing, Cymbidium's counsel suspected that AHP had already retained an expert as well. *Id.* at 34.

Nor does Cymbidium's description of the technical knowledge of its fact witnesses during that hearing justify the late disclosure. Cymbidium identified these witnesses over a year ago, emphasized their ability to speak to the evidence months ago (Dkt. No. 213 at 5–6), and AHP deposed them in December 2025 (Dkt. No. 211), and is presumably well aware of their familiarity with the evidence. Under these circumstances, the Court finds AHP's justification for its late disclosure of Ms. Barrick to be disingenuous. Diligent counsel would have anticipated this possibility sooner, in light of the Court's repeated discussions with the parties about this issue, and thus the Court finds that AHP's untimely disclosure of an expert is not substantially justified.

Nor is it harmless. To inject an expert on the eve of trial prejudices Cymbidium's ability to prepare for trial and threatens to upend the current case schedule. The trial date was first set for June 2025, and has been continued five times since then. Dkt. Nos. 39, 138, 157, 171, 283, 325. In the 35 days that remain before the current trial date, the parties have numerous obligations in this case schedule already (Dkt. No. 325), and the efforts Cymbidium would need to undertake, on a severely compressed schedule, in response to AHP's late-disclosed expert would prejudice Cymbidium's ability to prepare for trial. "Such modifications to the court's and the parties' schedules supports a finding that the failure to disclose was not harmless." *Hoffman v. Constr. Prot. Servs., Inc.*, 541 F.3d 1175, 1180 (9th Cir. 2008).

Nor is the harm merely logistical. Cymbidium has repeatedly emphasized to the Court the need to maintain the trial date to avoid incurring ongoing damages—allegedly borne by both Cymbidium and AHP—while issues in this case remain undecided. *See* Dkt. No. 329 at 11–12, Dkt. No. 351 at 10.

AHP has cited no authority where a court has allowed a party to identify an expert this close to trial. It relies on *Galentine v. Holland America Line-Westours, Inc.*, but this case is factually distinguishable. 333 F. Supp. 2d 991 (W.D. Wash. 2004). In *Galentine*, plaintiff timely identified an expert but disclosed the expert's report 11 days after it was due. *Id*. at 994. Defendant chose not to depose the expert before the discovery cutoff, believing that because the report had not been disclosed, plaintiff's witness would not appear after all. *Id*. Nearly three months before the trial date, the *Galentine* court permitted a short, limited extension of the discovery deadline to allow defendant to depose plaintiff's expert, and permitted defendant to inform the jury that plaintiff's expert had access to defendant's expert report before producing his own report. *Id*.

Here, AHP did not timely disclose either its expert's identity or her report, and missed the deadline to do so by more than a year, not a matter of days. Discovery likewise closed a year before AHP first attempted to disclose its expert. Thus, weighing the five factors identified in *Wendt*, the Court exercises its discretion to exclude Ms. Barrick as a sanction for AHP's late disclosure. The first two factors support denying the motion because this matter is on the eve of trial after many continuances, and the public and the Court have an interest in resolving this case on its current schedule. Denying AHP's motion would not deprive it of its ability to present its case at trial, nor preclude the Court from resolving this case on its merits. Revising the case schedule to allow for the work necessitated by AHP's late disclosure would not be possible while

maintaining the current trial date,[1] which would prejudice Cymbidium and increase damages to both sides. At this point in the litigation, the Court finds that exclusion of Ms. Barrick is a proper sanction for AHP's untimely attempt to disclose her as an expert witness.

Thus, the Court DENIES AHP's motion. Dkt. No. 327.

Dated this 28th day of September, 2026.

Kymberly K. Evanson
United States District Judge

[1] Although Cymbidium strongly opposed AHP's motion to disclose Ms. Barrick, in its opposition brief, Cymbidium proposed an alternative in the event the Court granted AHP's motion that involved Cymbidium retaining a rebuttal expert at AHP's expense. Dkt. No. 329 at 12. In reply, AHP urged the Court to reject Cymbidium's proposal. Dkt. No. 342 at 9–10. When the Court asked Cymbidium's counsel about the feasibility of its alternative proposal at oral argument, recognizing that a month had passed between the filing of the opposition brief and the hearing, counsel acknowledged that the alternative proposal was not realistic in light of the remaining time left for trial preparation and reiterated the prejudice caused by the late disclosure and any further continuance of the trial date.