UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| CYMBIDIUM RESTORATION TRUST,<br><br>Plaintiff(s),<br>v.<br><br>AMERICAN HOMEOWNER PRESERVATION TRUST SERIES AHP SERVICING, et al.,<br><br>Defendant(s). | CASE NO. C24-0025-KKE<br><br>ORDER GRANTING IN PART AND DENYING IN PART THE MOTION TO AMEND |

In November 2023, Plaintiff/Counter-Defendant Cymbidium Restoration Trust ("Cymbidium") filed this lawsuit in King County Superior Court, bringing claims for breach of contract and conversion. Dkt. No. 1-2.[1] AHP removed the suit to this Court in January 2024 and filed counterclaims for breach of contract, conversion, and an accounting against Cymbidium. Dkt. Nos. 1, 5. The operative versions of the pleadings were filed in March and April 2026. Dkt. Nos. 264, 270. AHP now seeks to consolidate this action with the Related Actions[2] and file an amended consolidated answer/counterclaims. Dkt. No. 328. If the Court permits that, AHP requests that the Court either vacate the trial date and set the consolidated action for a new trial

[1] This order refers to docket entries by their CM/ECF page number.

[2] This order uses "Related Actions" to refer to *AHP Capital Management LLC v. Oak Harbor Capital LLC,* No. C25-0007-KKE (W.D. Wash. 2025); *AHP Capital Management LLC v. Oak Harbor Capital LLC*, No. C25-0171-KKE (W.D. Wash. 2025); and *AHP Capital Management LLC v. Oak Harbor Capital LLC*, No. C25-2445-KKE (W.D. Wash. 2025).

date, or retain the November 2, 2026 trial date for a "phase I" trial on defined issues, and save other issues and additional parties for a later "phase II." *Id*. at 18–19. According to AHP, either of these paths "is preferable to trying one slice of a larger controversy with an incomplete set of parties while the same assets and proceeds remain the subject of parallel cases that collectively drain both party and judicial resources." *Id*. at 5.

Cymbidium opposes consolidation, noting that the Court has rejected attempts to require joinder or consolidation, and that the reasons supporting those decisions continue to apply today. *See* Dkt. Nos. 59, 156, 170.[3] The Court previously found that expanding this litigation to include the related cases would complicate adjudication and that because this case had progressed much farther than the other cases, this case should proceed and resolve some of the threshold issues. *Id*. Cymbidium contends that AHP should not be permitted to file an amended consolidated answer because it would cause undue delay or prejudice, is sought in bad faith or with dilatory motive, or is futile. Dkt. No. 347 at 9. At oral argument, however, Cymbidium's counsel conceded that it does not oppose a limited amendment to join Cymbidium affiliate Magerick LLC as a counterclaim Defendant in this action.

If two cases "involve a common question of law or fact," a court may "consolidate the actions" or "issue any other orders to avoid unnecessary cost or delay." Fed. R. Civ. P. 42(a). "The district court has broad discretion under this rule to consolidate cases pending in the same district." *Investors Res. Co. v. U.S. Dist. Court for Cent. Dist. of Calif.*, 877 F.2d 777, 777 (9th Cir. 1989). Even if two actions share common questions of law or fact, a court considering consolidation must "weigh the saving of time and effort consolidation would produce against any inconvenience, delay or expense that it would cause," and may "consider factors such as disparate

[3] The Court also addressed in its partial summary judgment order a related argument that Cymbidium was not the real party in interest and Magerick LLC should be substituted in its place. *See* Dkt. No. 274 at 6–7.

trial dates or different stages of discovery as weighing against consolidation of the cases." *Single Chip Sys. Corp. v. Intermec IP Corp.*, 495 F. Supp. 2d 1052, 1057 (S.D. Cal. 2007) (citation modified).

AHP has not shown that any of the circumstances that led the Court to previously reject attempts at consolidation or joinder have materially changed. *See* Dkt. No. 156. Just as the Court was, in April 2025, not persuaded that judicial economy would be served by tying this case to another at that point, the Court finds that the widely disparate postures of the Related Cases vis a vis this case continues to weigh against consolidation. This case is on the eve of trial, whereas the Related Cases are in their infancy. Moreover, both Cymbidium and AHP have agreed to stay some of the Related Cases pending trial in this case, to promote judicial economy and efficient allocation of litigation resources. *See, e.g.*, Stipulated Motion, *AHP v. Oak Harbor*, No. C25-2445-KKE (W.D. Wash. May 8, 2026), Dkt. No. 45; Stipulation and Order, *AHP v. Oak Harbor*, No. C25-0171-KKE (W.D. Wash. Nov. 26, 2025), Dkt. No. 58. AHP's motion does not persuade the Court to change its view on consolidation at this point.

Nor has AHP persuaded the Court that this case should be tried in two phases. The Court will have ample opportunity to consider appropriate trial procedures, both in the context of motions practice (see Dkt. No. 343), as well as at a future pretrial conference. Given that Cymbidium does not oppose joining Magerick to this suit, however, the Court will grant AHP's motion in that limited respect. But the Court finds no reason to continue or phase the trial itself to accommodate Magerick's joinder or for any other reason.

Accordingly, the Court GRANTS IN PART and DENIES IN PART AHP's motion. Dkt. No. 328. AHP is granted leave to amend its answer to join Magerick as an additional counterclaim Defendant, but all other forms of relief are denied. AHP shall file an amended answer no later than October 2, 2026.

Dated this 28th day of September, 2026.

Kymberly K. Evanson
United States District Judge