UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| CYMBIDIUM RESTORATION TRUST,<br><br>Plaintiff/Counter-Defendant,<br>v.<br><br>AMERICAN HOMEOWNER PRESERVATION TRUST SERIES AHP SERVICING, et al.,<br><br>Defendants/Counter-Plaintiffs. | CASE NO. C24-0025-KKE<br><br>ORDER DENYING MOTION TO BIFURCATE |

In November 2023, Plaintiff/Counter-Defendant Cymbidium Restoration Trust ("Cymbidium") filed this lawsuit in King County Superior Court, bringing claims for breach of contract and conversion. Dkt. No. 1-2.[1] Defendants/Counter-Plaintiffs ("AHP") removed the suit to this Court in January 2024 and filed counterclaims for breach of contract, conversion, and an accounting against Cymbidium. Dkt. Nos. 1, 5. The operative versions of the pleadings were filed in March and April 2026. Dkt. Nos. 264, 270. AHP's most recent answer referenced the prior counterclaims, but did not re-plead them. *See* Dkt. No. 270 at 12–13 n.1. This case is set for trial to start on November 2, 2026.

[1] This order refers to docket entries by their CM/ECF page number.

On September 4, 2026, AHP filed a motion to bifurcate its accounting counterclaim into two phases at trial: in the first phase, AHP must establish its right to an accounting, and if it can do this, then the Court orders the accounting in the second phase. Dkt. No. 343. A claim for an accounting must show either that there is a fiduciary relationship between the parties or that "'the account is so complicated that it cannot conveniently be taken in an action at law.'" *Corbin v. Madison*, 529 P.2d 1145, 1151–52 (Wash. Ct. App. 1974) (emphasis omitted) (quoting *Seattle Nat'l Bank v. Sch. Dist. No. 40*, 55 P. 317, 319 (Wash. 1898)). The plaintiff must have demanded an accounting from the defendant, and the defendant must have refused to render it. *Corbin*, 529 P.2d at 1152.

AHP contends that a two-step procedure is standard in Washington. *See Muscek v. Equitable Sav. & Loan Ass'n*, 171 P.2d 856, 860 (Wash. 1946) ("The established procedure in this jurisdiction in actions for accounting is for the court to first try the question whether an accounting will lie. If that question be answered in the affirmative, the court then enters an interlocutory order that the accounting be had."). Thus, AHP requests that the Court exercise its discretion under Federal Rule of Civil Procedure 42 to bifurcate its accounting claim into two trial phases. In the alternative, AHP requests that the Court resolve a discovery dispute: it contends that Cymbidium failed to produce complete loan-level and source financial records necessary to conduct an accounting, and must produce them before trial. Dkt. No. 343 at 3.

Cymbidium opposes the motion in its entirety. First, Cymbidium contends that AHP improperly incorporated the counterclaims by reference in its current answer, when it should have re-pleaded them. Dkt. No. 360 at 4–5. The Court agrees that re-pleading is the safer course, but will nonetheless consider the counterclaims to have been re-asserted because Cymbidium has not argued that to do so would be prejudicial. *See Wagner v. Choice Home Lending*, 266 F.R.D. 354, 359 (D. Ariz. 2009) (noting that "courts have differed on the issue of whether or not defendants

are required to assert counterclaims when responding to an amended complaint"). The Court will not deny AHP's motion on this basis.[2]

The Court will, however, exercise its discretion to deny AHP's motion under Rule 42. A court may bifurcate trial on claims raised in a single action "[f]or convenience, to avoid prejudice, or to expedite and economize[.]" Fed. R. Civ. P. 42(b). "Bifurcation is particularly appropriate when resolution of a single claim or issue could be dispositive of the entire case." *Karpenski v. Am. Gen. Life Cos., LLC*, 916 F. Supp. 2d 1188, 1190 (W.D. Wash. 2012) (quoting *Drennan v. Maryland Cas. Co.*, 366 F. Supp. 2d 1002, 1007 (D. Nev. 2005)). A court has broad discretion to determine whether bifurcation is appropriate. *Danjaq LLC v. Sony Corp.*, 263 F.3d 942, 961 (9th Cir. 2001). The party seeking bifurcation bears the burden of showing that bifurcation is appropriate. *Karpenski*, 916 F. Supp. 2d at 1190.

AHP has not met its burden here, as it cites no authority to support bifurcation at trial. Although it cites cases referencing the two parts of an accounting claim, it does not necessarily follow that two trials must occur. Moreover, AHP has not shown that the first part of its accounting claim is likely to dispose of the entire case. Instead, it is the second phase that may be determinative—the Court must determine at trial how much, if anything, is still owed on the parties' contract and whether either party has suffered damages for breach of contract. *See* Dkt. No. 274 (summary judgment order explaining what issues remain for trial). The Court is not persuaded that bifurcation would serve judicial economy.

---

[22]For reasons not immediately clear from the docket, it appears that Cymbidium responded only to the original iteration of the counterclaims. *See* Dkt. No. 26. Because AHP will soon be filing an amended answer (*see* Dkt. No. 371), the Court expects Cymbidium will respond to any counterclaims asserted there.

The Court also denies AHP's alternative request for a discovery conference. Discovery closed more than a year ago and this request is untimely and, moreover, does not conform to the Court's standard procedure for resolving discovery disputes. *See* Dkt. No. 112 at 2–3.

For these reasons, the Court DENIES AHP's motion in its entirety. Dkt. No. 343.

Dated this 1st day of October, 2026.

Kymberly K. Evanson
United States District Judge