UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| CYMBIDIUM RESTORATION TRUST,<br><br>Plaintiff,<br>v.<br><br>AMERICAN HOMEOWNER PRESERVATION TRUST SERIES AHP SERVICING, et al.,<br><br>Defendants.<br><br>AMERICAN HOMEOWNER PRESERVATION TRUST SERIES AHP SERVICING, et al.,<br><br>Counter-Plaintiffs/Third-Party Plaintiffs<br><br>v.<br><br>CYMBIDIUM RESTORATION TRUST, et al.,<br><br>Counter-Defendant/Third-Party Defendant. | CASE NO. C24-0025-KKE<br><br>ORDER ON TRIAL SCHEDULING |

On October 26, 2026, the Court disqualified Defendants/Counter-Plaintiffs' ("AHP") co-counsel, and vacated the November 2, 2026 trial date to resolve AHP's motion to reconsider the disqualification order. Dkt. Nos. 396, 401. Now that reconsideration has been denied and the

disqualification order reinstated, the Court must re-set the trial date. Dkt. No. 424. The Court has reviewed the parties' reports on trial availability through February 2027. Dkt. Nos. 426, 427.

According to trial briefs filed by both sides, this long-awaited bench trial is but the first step in the proceedings required to resolve this case in its entirety. *See, e.g.*, Dkt. No. 389 at 13–14, 22–23 (describing a post-trial procedure whereby the Court-appointed expert will recompute damages based on the Court's findings); Dkt. No. 395 at 46, 53–54 (requesting that after the bench trial resolves the "governing contractual questions and the parties' liability" the Court "direct any narrowly necessary arithmetic reconciliation" to the Court-appointed expert). The parties and the Court have devoted significant resources to preparing for trial: trial briefs, deposition designations, and motions in limine have been filed. The Court held a pretrial conference on October 27, 2026. Dkt. No. 399. No additional filings are necessary before trial can begin, and the Court is prepared to rule on all pending motions.

Given the posture of this case, and the multiple scheduling conflicts for witnesses, counsel, and the Court during January and February 2027, the Court finds that the bench trial should proceed in December 2026. Although AHP avers that it will be unable to secure additional counsel—beyond their counsel from the Bailey Duquette PC law firm—before February 15, 2027, it has not described any efforts made in this regard to date nor has it explained why Bailey Duquette is unable to adequately staff this trial. Counsel for AHP is apparently scheduled to try a related case in the next few months (*see, e.g.*, Dkt. No. 427 at 5–6) and it is not clear why this case schedule must be extended when that trial can go forward. Although AHP was instructed to address all scheduling conflicts during December 2026, January 2027, and February 2027, AHP's report did not address whether its one "presently anticipated live fact witness" is available any time before February 15, 2027. Dkt. No. 427 at 5. The Court thus assumes that this witness can make himself available as necessary during the entire period under consideration.

Accordingly, the Court ORDERS that this case be set for a bench trial to begin at 2 p.m. on December 8, 2026. The Court will reserve the following days/times for trial in this matter:

December 8, 2026: 2–4:30 p.m.

December 9, 2026: 9:30 a.m.–noon

December 10, 2026: 1–4:30 p.m.

December 11, 2026: 9:30 a.m.–4:30 p.m.

December 14, 2026: 1–4:30 p.m.

December 15, 2026: 9:30–3 p.m.

December 16–18, 2026: 9:30 a.m.–4:30 p.m.

Dated this 23rd day of November, 2026.

Kymberly K. Evanson
United States District Judge