HONORABLE KYMBERLY K. EVANSON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

CYMBIDIUM RESTORATION TRUST,

Plaintiff,

v.

AMERICAN HOMEOWNER PRESERVATION TRUST SERIES AHP SERVICING; ITS TRUSTEE, U.S. BANK TRUST N.A.; AHP CAPITAL MANAGEMENT, LLC; AMERICAN HOMEOWNER PRESERVATION SERIES 2015A+; ITS TRUSTEE, U.S. BANK TRUST NATIONAL ASSOCIATION; AHP SERVICING, LLC; AND JORGE NEWBERY,

Defendants.

AMERICAN HOMEOWNER PRESERVATION TRUST SERIES AHP SERVICING; AHP CAPITAL MANAGEMENT, LLC; AMERICAN HOMEOWNER PRESERVATION SERIES 2015A+; and; AHP SERVICING, LLC,

Counter-Plaintiffs / Third-Party Plaintiffs

v.

CYMBIDIUM RESTORATION TRUST; MAGERICK, LLC

Counter-Defendant / Third-Party Defendant.

Case No. 2:24-cv-00025-KKE

DECLARATION OF JORGE NEWBERY IN SUPPORT OF DEFENDANTS / COUNTER-PLAINTIFFS' MOTION TO STAY PROCEEDINGS PENDING PETITION FOR WRIT OF MANDAMUS OR, IN THE ALTERNATIVE, FOR A SHORT TRIAL CONTINUANCE OR ADMINISTRATIVE STAY



BAILEY DUQUETTE P.C.
800 FIFTH AVENUE, SUITE 101-800
SEATTLE, WASHINGTON 98104
T 206.225.2250 | F 888.233.5869

I, Jorge Newbery, state as follows based on personal knowledge:

1. I am the manager and chief executive officer for Defendants/Counter-Plaintiffs American Homeowner Preservation Trust Series AHP Servicing, American Homeowner Preservation Trust Series 2015A+, AHP Capital Management, LLC, and AHP Servicing, LLC (collectively, "**AHP**") in this matter.

2. I make this declaration based on my personal knowledge and am competent to testify as to the matters set forth herein.

3. I submit this declaration in support of AHP's motion to stay the December 8, 2026 trial pending appellate review or, alternatively, to continue trial so that AHP has a meaningful opportunity to secure additional counsel or allow sole existing counsel reasonable time to absorb K&L's trial preparation and workstreams.

**A. K&L Gates Was An Essential Part Of AHP's Prepared Trial Team**

4. I first contacted John T. Bender of K&L Gates LLP ("K&L") in or around the fall of 2025 because of his experience in complex financial-fraud, regulatory, forensic-accounting, asset-tracing, and related litigation. Although AHP did not retain K&L at the time, Mr. Bender and I remained in contact because I continued to believe his experience could add substantial value if AHP and K&L could develop a narrower, financially feasible role.

5. When AHP ultimately retained K&L, I was not aware of the existence of the historical mortgage-loan-sale agreement or other prior K&L work that Cymbidium later alleged created a conflict. I first learned of the alleged historical agreement and the claimed connection to K&L's prior work when Cymbidium raised those matters in seeking K&L's disqualification.



BAILEY DUQUETTE P.C.
800 FIFTH AVENUE, SUITE 101-800
SEATTLE, WASHINGTON 98104
T 206.225.2250 | F 888.233.5869

6. I had no access to K&L's former-client files, internal billing records, or historical Oak Harbor legal work at any point. I relied on K&L, a sophisticated international law firm, to perform its own professional conflicts review and advise AHP whether it could properly undertake and continue the representation. I did not knowingly retain conflicted counsel or knowingly assume the risk that K&L would later be disqualified.

7. K&L was not an optional adviser. By the time of the November 2, 2026 trial setting, AHP's contemplated trial team principally consisted of Hozaifa Cassubhai of Bailey Duquette P.C. and Mr. Bender. K&L focused heavily on the accounting and expert work, including the reports and deposition of Court-appointed accountant David Solis, coordination with AHP's consulting accountant, disputed financial transactions, and the organization and management of more than 3,000 trial exhibits.

8. K&L also provided litigation-support infrastructure and back-office capacity that Bailey Duquette does not maintain internally at the same scale. Much of the accumulated trial knowledge cannot be transferred simply by handing over files; it resides in the lawyers and team who developed the accounting analysis, worked with the expert and consultant, organized the exhibits, and prepared those workstreams for trial.

9. K&L became even more important after I learned that William Burnside, Bailey Duquette's Seattle-based lawyer on this matter, would be leaving Bailey Duquette. At the time, I did not view Mr. Burnside's departure as creating a trial crisis because K&L was already fully engaged and preparing for the November 2 trial.

10. With Mr. Burnside gone and K&L disqualified, Mr. Cassubhai is now the only remaining lawyer who has worked across the full record.



BAILEY DUQUETTE P.C.
800 FIFTH AVENUE, SUITE 101-800
SEATTLE, WASHINGTON 98104
T 206.225.2250 | F 888.233.5869

**B. AHP Cannot Realistically Replace K&L By December 8**

11. AHP has already incurred more than [redacted] in K&L fees. Much of the fees were directed to the accounting, expert, exhibit, and trial-preparation workstreams that K&L was expected to present or support at trial. If K&L cannot participate, a substantial portion of the trial-specific value of that work is lost, and replacement counsel would necessarily have to duplicate it. Alternatively, Mr. Cassubhai will need some time to absorb that work.

12. The litigation has already consumed millions of dollars over approximately three years. AHP has financed a substantial portion of that effort through investors, including trying to raise money in 2026 to help get it to trial in the best position possible.

13. The Court's description of the prejudice from K&L's disqualification as "self-inflicted" has caused investors, based on recent communications, to read the phrase as assigning culpability to AHP rather than to K&L's alleged conflict-review failures. I do not believe that is an accurate characterization of AHP's conduct because AHP did not know of the alleged historical agreement or K&L's alleged prior work on it and relied on K&L to perform its own conflicts review.

14. Mr. Cassubhai and I began reaching out to potential replacement or supplemental counsel immediately after the Court denied reconsideration. We did not (and realistically could not) do so earlier for two reasons. First, AHP was still holding out hope that K&L would be reinstated after reconsideration, and it would be economically impractical for us to try to get new counsel engaged and up to speed in parallel while the disqualification issue was pending. Second, AHP could not realistically secure new counsel without knowing what type of schedule it would be working with. AHP was ready to proceed to trial on November 2



BAILEY DUQUETTE P.C.
800 FIFTH AVENUE, SUITE 101-800
SEATTLE, WASHINGTON 98104
T 206.225.2250 | F 888.233.5869

and would have been ready in short order had K&L been reinstated. But, in the present scenario where the Court denied reconsideration and disqualified K&L, AHP expected, respectfully, that the Court would have allowed some reasonable opportunity to allow it to work with existing counsel to secure additional counsel or at least give Mr. Cassubhai additional time to absorb the work that K&L had performed.

15. Over the last week, without waiving privilege, either Mr. Cassubhai or I have contacted four separate potential counsel or firms and have discussed additional possibilities. We have approached both smaller and larger firms that may have the bandwidth and infrastructure necessary to get up to speed quickly.

16. The question prospective counsel seem to almost immediately need answered is when is the trial date. Before the December 8 setting, no potential replacement counsel could responsibly commit without knowing the trial date. Once December 8 was set, the problem became the opposite: approximately two weeks, including Thanksgiving, is not a realistic period to clear conflicts, negotiate an engagement, fund a retainer, assemble a team, and master a three-year factual and accounting record.

17. AHP's request for a trial date in January or February 2027 was not an effort to avoid trial. AHP has been trying to reach trial for a considerable period. The case had already been prepared for an earlier January 2026 setting that ultimately did not occur, and the intervening accounting process and related litigation made the record more complex, not less. Numerous related proceedings around the country have also been stayed or otherwise affected while awaiting resolution of this case.



BAILEY DUQUETTE P.C.
800 FIFTH AVENUE, SUITE 101-800
SEATTLE, WASHINGTON 98104
T 206.225.2250 | F 888.233.5869

18. K&L was therefore an essential component of AHP's effort to put on its best case at the November 2, 2026 trial. With that team now cut substantially in half, significant fees and expenses related to K&L trial preparation impaired, fundraising constrained, and replacement counsel impracticable on the December 8 timetable, AHP's ability to present its best case has been radically compromised.

**C. The December 8 Setting Creates Serious Family Disruption, But I Am Preparing To Appear**

19. I understand that AHP must comply with the Court's orders unless they are stayed or modified. If AHP is unable to secure relief, I will appear at the December 8 trial setting.

20. The setting nevertheless has a major impact on my family. My wife is presently in Arizona receiving treatment for Stage IV pancreatic cancer through a clinical trial. Our twin six-year-old sons are in kindergarten in Illinois.

21. If trial proceeds on December 8, I will be in Seattle while my wife is in Arizona receiving treatment, requiring out-of-state family members to travel to Illinois and care for our sons and keep their school and other routines as stable as possible. We are arranging that on less than two weeks' notice.

22. Our family understands how important resolving this case is, and everyone is doing what is reasonably possible to make the December setting work if all else fails. I do not offer these circumstances as an independent reason to avoid trial. They illustrate the real consequences of setting a complex trial on approximately two weeks' notice after AHP lost a substantial part of the team that had prepared it. Our family had made the same arrangements in advance of the November 2 trial setting, but in that case they had far more advance notice.



BAILEY DUQUETTE P.C.
800 FIFTH AVENUE, SUITE 101-800
SEATTLE, WASHINGTON 98104
T 206.225.2250 | F 888.233.5869

**D. The New Jersey Matter Does Not Show That AHP Can Try This Case On December 8**

23. I understand the Court also referred to a February 1, 2027 New Jersey trial involving Mr. Cassubhai. That matter is materially different. Daniel Cohen and Daniel Stark of A.Y. Strauss have led the New Jersey case since approximately April 2024. Mr. Cassubhai was added only in approximately April 2026, in part because Magerick contended that the New Jersey matter was related to this federal case.

24. Mr. Cohen and Mr. Stark remain the lawyers principally responsible for the New Jersey case. Before the Court entered the November 23 scheduling order here, Mr. Cohen had already advised us that the February 1 New Jersey setting conflicted with his vacation through February 3, and thus I expect that conflict to cause the trial date to be rescheduled. It is for that reason that AHP's trial readiness report indicated that "[t]he feasibility of that setting is still being evaluated."

25. The New Jersey setting therefore does not demonstrate that Mr. Cassubhai can independently prepare and try this case on December 8. Here, after K&L's disqualification, he is the only remaining lawyer who has worked across the record.

**E. Request For Relief**

26. This case is extraordinarily important to AHP. After approximately three years of litigation, millions of dollars in legal expense, and multiple trial settings, AHP asks for a fair opportunity with counsel who have had a meaningful opportunity to absorb the work that K&L performed and the trial-support infrastructure K&L provided and was expected to provide through trial.



BAILEY DUQUETTE P.C.
800 FIFTH AVENUE, SUITE 101-800
SEATTLE, WASHINGTON 98104
T 206.225.2250 | F 888.233.5869

27. In the interest of fairness and equity, I respectfully request that the Court stay the December 8 trial to permit meaningful appellate review or, alternatively, continue the trial long enough for AHP to retain and prepare replacement or supplemental counsel, or to afford Mr. Cassubhai sufficient time to absorb the work that K&L performed. If the Court declines both forms of relief, I respectfully request a short administrative stay sufficient to seek emergency relief from the Ninth Circuit. In considering these requests, and evaluating prejudice and scheduling, I also respectfully ask the Court to distinguish between any shortcomings it attributes to K&L's conflicts investigation and the knowledge and conduct of AHP itself.

Executed this 25th day of November 2026 at Barrington, Illinois.

By: */s Jorge Newbery*
Jorge Newbery



BAILEY DUQUETTE P.C.
800 FIFTH AVENUE, SUITE 101-800
SEATTLE, WASHINGTON 98104
T 206.225.2250 | F 888.233.5869

**CERTIFICATE OF SERVICE**

I hereby certify that on this date, I caused a true and correct copy of the foregoing Declaration of Jorge Newbery in Support of Defendants / Counter-Plaintiffs' Motion to Stay Proceedings Pending Petition for Writ of Mandamus or, in the Alternative, for a Short Trial Continuance or Administrative Stay, as follows:

Bradley S. Keller, WSBA #10665
M. Victoria Molina, WSBA #62109
1000 Second Avenue, 38th Floor
Seattle, Washington 98104
Telephone: (206) 622-2000
Facsimile: (206) 622-2522
Email: bkeller@byrneskeller.com
mvmolina@byrneskeller.com

☒ Via ECF

Attorneys for Plaintiff / Counter-Defendants

I declare under penalty of perjury under the laws of the State of Washington that the foregoing is true and correct.

Dated: November 25, 2026 at Westfield, New Jersey.

/s Hozaifa Y. Cassubhai
Hozaifa Y. Cassubhai, WSBA No. 39512