HONORABLE KYMBERLY K. EVANSON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

CYMBIDIUM RESTORATION TRUST,

Plaintiff,

v.

AMERICAN HOMEOWNER PRESERVATION TRUST SERIES AHP SERVICING; ITS TRUSTEE, U.S. BANK TRUST N.A.; AHP CAPITAL MANAGEMENT, LLC; AMERICAN HOMEOWNER PRESERVATION SERIES 2015A+; ITS TRUSTEE, U.S. BANK TRUST NATIONAL ASSOCIATION; AHP SERVICING, LLC; AND JORGE NEWBERY,

Defendants.

AMERICAN HOMEOWNER PRESERVATION TRUST SERIES AHP SERVICING; AHP CAPITAL MANAGEMENT, LLC; AMERICAN HOMEOWNER PRESERVATION SERIES 2015A+; and; AHP SERVICING, LLC,

Counter-Plaintiffs/Third-Party Plaintiffs,

v.

CYMBIDIUM RESTORATION TRUST; MAGERICK LLC,

Counter-Defendant/Third-Party Defendant.

Case No. 2:24-cv-00025-KKE

DECLARATION OF HOZAIFA Y. CASSUBHAI IN SUPPORT OF AHP DEFENDANTS / COUNTER-PLAINTIFFS' MOTION TO STAY PROCEEDINGS PENDING PETITION FOR WRIT OF MANDAMUS OR, IN THE ALTERNATIVE, FOR A SHORT TRIAL CONTINUANCE OR ADMINISTRATIVE STAY



BAILEY DUQUETTE P.C.
800 FIFTH AVENUE, SUITE 101-800
SEATTLE, WASHINGTON 98104
T 206.225.2250 | F 888.233.5869

I, Hozaifa Y. Cassubhai, state as follows based on personal knowledge:

1. I am a partner with the law firm of Bailey Duquette P.C. I represent Defendants/Counter-Plaintiffs American Homeowner Preservation Trust Series AHP Servicing; AHP Capital Management, LLC; American Homeowner Preservation Series 2015A+; and AHP Servicing, LLC (collectively, "**AHP**"). I make this declaration based on my personal knowledge and am competent to testify as to the matters stated herein.

**A. Bailey Duquette's Staffing of This Matter**

2. Bailey Duquette has represented AHP in this action since approximately October 2025. Bailey Duquette is a small boutique that handles both transactional and litigation matters. It has only a handful of full-time litigators, and each has her or his own caseloads. The firm does not have a dedicated litigation-support staff. The attorneys who staffed this matter were me and William Burnside, the firm's only Seattle-based attorney on the matter.

3. Mr. Burnside left Bailey Duquette effective October 30, 2026. Since his departure, I am the only Washington-licensed attorney at Bailey Duquette and the only attorney at the firm who has worked on the full record in this case.

4. On matters of this scale, Bailey Duquette typically obtains litigation-support functions—including document hosting, exhibit management and database support, trial-presentation technology, and paralegal support—through outside vendors or co-counsel rather than maintaining them internally.

**B. K&L Gates' Role in AHP's Trial Preparation**

5. After John Bender of K&L Gates LLP ("K&L") appeared on August 3, 2026, AHP's contemplated trial team consisted of Mr. Bender and me. We divided principal trial



BAILEY DUQUETTE P.C.
800 FIFTH AVENUE, SUITE 101-800
SEATTLE, WASHINGTON 98104
T 206.225.2250 | F 888.233.5869

workstreams between our firms. K&L was principally involved with the accounting, expert, and exhibit workstreams described below.

6. K&L's accounting and expert work included analyzing Mr. Solis's preliminary and supplemental reports, coordinating with AHP's consulting accountant, Lorraine Barrick, analyzing the disputed financial transactions, and preparing for and taking Mr. Solis's deposition on October 20, 2026. I did not take that deposition.

7. K&L was also principally responsible for assembling, reviewing, and organizing more than 3,000 trial exhibits.

8. K&L also supplied the litigation-support infrastructure for those workstreams, including paralegal and litigation-support personnel. Because K&L supported those functions, Bailey Duquette did not seek to fill those functions on its own through outside help.

**C. Status of Trial Preparation Following Disqualification**

9. Following the Court's October 26 disqualification order, K&L ceased merits and trial-preparation work. K&L thereafter participated only in the reconsideration proceedings while the Court temporarily stayed the disqualification order, and ceased work entirely after the Court's November 18 order.

10. After the Court's initial order disqualifying K&L, my attention was substantially diverted from ordinary trial preparation to the motion for reconsideration, related briefing, preparation for the evidentiary hearing, and the hearing itself. During that period, the November 2 trial date had been vacated, and no new trial date had been set.

11. The Court set trial for December 8 on November 23. To proceed to trial on that schedule I must now absorb within approximately fifteen days—including the



BAILEY DUQUETTE P.C.
800 FIFTH AVENUE, SUITE 101-800
SEATTLE, WASHINGTON 98104
T 206.225.2250 | F 888.233.5869

Thanksgiving holiday—the workstreams K&L had principally handled. That includes becoming sufficiently familiar with the Solis reports and deposition record, assuming responsibility for and mastery over the exhibit set, and completing preparation of witness examination outlines, including for witnesses that Mr. Bender would have otherwise taken—while also addressing any appellate steps necessary to preserve AHP's rights should K&L be unable to handle the mandamus proceeding.

**D. Other Bailey Duquette Attorneys**

12. I understand that Cymbidium/Magerick's counsel has previously referenced other attorneys at Bailey Duquette in connection with the firm's ability to staff this trial. That is not a fair or accurate characterization. Derrick F. Moore, for example, is *of counsel* to Bailey Duquette, maintains his own law firm, and resides in Washington, D.C. His involvement in AHP-related matters has been limited to recent, late-stage appearances in select foreclosure actions in New York state courts. He has not developed the evidentiary record in this case; nor has he worked in substance on the accounting record, the Solis reports, or the final trial exhibits. He is not licensed in Washington State, is not admitted in this District, and based on my understanding, has other competing obligations and is not available to appear in Seattle during the December 8-18 trial period.

13. No other present Bailey Duquette attorney has worked on this matter. Assigning an attorney who has not worked on this litigation would not transfer the knowledge Mr. Bender and his team developed or replace the litigation-support infrastructure K&L supplied.



BAILEY DUQUETTE P.C.
800 FIFTH AVENUE, SUITE 101-800
SEATTLE, WASHINGTON 98104
T 206.225.2250 | F 888.233.5869

**E. Efforts to Retain Replacement or Supplemental Counsel**

14. While AHP's motion for reconsideration was pending, the Court had stayed the effect of its disqualification order and vacated the November 2 trial date. There was no replacement trial date. AHP did not retain another firm during that period because doing so would have required substantial duplicative expense for work that might never have been necessary.

15. Beginning on or about November 19, Mr. Newbery and I started identifying and contacting potential successor counsel or supplemental counsel and, to date, have reached out to four potential counsel or firms. I can submit further information *in camera* regarding those efforts should the Court deem necessary.

16. In each outreach (and I anticipate any prospective outreach), threshold questions included (and will include) when trial will occur and what a retainer will look like. Before November 23, there was no trial date against which prospective counsel could assess the time available to prepare, staffing requirements, or the contemplated engagement. Once the Court set trial for December 8, the preparation period became approximately fifteen days. Based on my experience, it is not practical to expect AHP to find willing new counsel in that period, let alone bring counsel up to speed or have that counsel absorb the work that K&L performed at this scale.

**F. The New Jersey Matter**

17. In its order setting the December 8 trial date, the Court referenced my involvement in *Magerick LLC v. U.S. Bank Trust, et al.*, No. OCN-L-2937-23 (N.J. Super. Ct. Law Div., Ocean Cnty.). For background, I appeared in that matter in approximately April 2026. Daniel Cohen and Daniel Stark of the A.Y. Strauss law firm have led that case



BAILEY DUQUETTE P.C.
800 FIFTH AVENUE, SUITE 101-800
SEATTLE, WASHINGTON 98104
T 206.225.2250 | F 888.233.5869

since approximately April 2024 and remain principally responsible for it. I became involved earlier this year in large part because Magerick's New Jersey counsel had been claiming that the New Jersey matter was related to this action and had sought to delay or stay that matter on that basis.

**G. Hearing Transcript and Conferral**

18. AHP has ordered the transcript of the November 13, 2026 evidentiary hearing and expects to receive it by no later than November 27. I expect AHP will be in position to file any Ninth Circuit mandamus petition by next week.

19. On November 25, 2026, I emailed Brad Keller and Victoria Molina, counsel for Cymbidium Restoration Trust and Magerick LLC, regarding this motion and the requested expedited briefing schedule. Cymbidium/Magerick oppose this motion. A true and correct copy of the email exchange is attached as **Exhibit A**.

Dated this 25th day of November 2026 at Westfield, New Jersey.

By: */s Hozaifa Y. Cassubhai*
Hozaifa Y. Cassubhai



BAILEY DUQUETTE P.C.
800 FIFTH AVENUE, SUITE 101-800
SEATTLE, WASHINGTON 98104
T 206.225.2250 | F 888.233.5869

## CERTIFICATE OF SERVICE

I hereby certify that on this date, I caused a true and correct copy of the foregoing Declaration of Hozaifa Y. Cassubhai in Support of AHP Defendants / Counter-Plaintiffs' Motion to Stay Proceedings Pending Petition for Writ of Mandamus Or, In the Alternative, for a Short Trial Continuance or Administrative Stay, served upon counsel of record herein, as follows:

Bradley S. Keller, WSBA #10665
M. Victoria Molina, WSBA #62109
1000 Second Avenue, 38th Floor
Seattle, Washington 98104
Telephone: (206) 622-2000
Facsimile: (206) 622-2522
Email: bkeller@byrneskeller.com
mvmolina@byrneskeller.com

Via Electronic Service

I declare under penalty of perjury under the laws of the State of Washington that the foregoing is true and correct.

Dated: November 25, 2026 at Westfield, New Jersey.

*/s Hozaifa Y. Cassubhai*
Hozaifa Y. Cassubhai, WSBA No. 39512



BAILEY DUQUETTE P.C.
800 FIFTH AVENUE, SUITE 101-800
SEATTLE, WASHINGTON 98104
T 206.225.2250 | F 888.233.5869

# EXHIBIT A

**Hozaifa Cassubhai**

**From:** Brad Keller <bkeller@byrneskeller.com>
**Sent:** Wednesday, November 25, 2026 12:53 PM
**To:** Hozaifa Cassubhai; mvmolina
**Cc:** bkeller
**Subject:** RE: Cymbidium/AHP - Conferral

Hozaifa—

1) We oppose any further involvement by K&L in these proceedings (trial court or appellate) on behalf of AHP. After two trial court proceedings, including an evidentiary hearing at which both K&L and AHP were allowed to (and did) present evidence, K&L has been disqualified. The disqualification was under RPC 1.9 and was premised on K&L's continuing duties of confidentiality and with respect to conflicts. Those considerations remain equally applicable regarding any continued effort by AHP to further contest the DQ ruling.
2) Our clients oppose any stay or continuance or hearing any motion for such on an "emergency" or expedited basis. The court set the Dec 8 trial date after affording the parties an opportunity to be heard regarding these issues. People also have family plans for the upcoming holiday, and briefing the trial setting issue yet again and on an expedited or "emergency" basis is not part of them.

---

**From:** Hozaifa Cassubhai <hozaifa@baileyduquette.com>
**Sent:** Wednesday, November 25, 2026 7:40 AM
**To:** Brad Keller <bkeller@byrneskeller.com>; Victoria Molina <mvmolina@byrneskeller.com>
**Subject:** Cymbidium/AHP - Conferral

Brad / Victoria –

I'm writing to confer on two filings AHP intends to make today.

1. Clarification regarding K&L. AHP will ask the Court to clarify that its disqualification orders do not prevent K&L from appearing on AHP's behalf in seeking appellate review of those orders, including a mandamus petition and any related stay motion in the Ninth Circuit. K&L would have no role in proceedings in this Court, and its nondisclosure obligations would remain unchanged. Will your side stipulate to, or not oppose, that request?

2. AHP also intends to file a motion to stay proceedings pending its mandamus petition or, alternatively, to continue the December 8 trial date. We plan to ask the Court for expedited consideration, with any response due November 30 and any reply due by noon on December 1. I do not expect you to agree, but I wanted to confer as the rules may require. Please let us know your position.

We are aiming to get these papers on file by approx. noon today. Please let me know if you are available for a call this morning - or simply confirm your position on each by email.

Thanks.

Hozaifa

**Hozaifa Y. Cassubhai**
**BAILEY DUQUETTE P.C.**
D: (908) 315-0253 | O: (206) 225-2250 | F: (866) 233-5869 | E: hozaifa@baileyduquette.com
www.baileyduquette.com

Confidentiality Notice: This message is being sent by or on behalf of a lawyer. It is intended exclusively for the individual or entity to which it is addressed. This communication may contain information that is proprietary, privileged or confidential or otherwise legally exempt from disclosure. If you are not the named addressee, you are not authorized to read, print, retain, copy or disseminate this message or any part of it. If you have received this message in error, please notify the sender immediately by e-mail and delete all copies of the message.